Mary Helen Beatificato, Esq. (State Bar No. 220936)
mh@nsightrecovery.com
Insight Psychology and Addiction, Inc.
4000 Birch Street, Suite 112
Newport Beach, CA 92660
Telephone:  (949) 216-3851
Facsimile:   (949) 467-9945

Attorneys for Plaintiff
INSIGHT PSYCHOLOGY AND ADDICTION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF COSTA MESA, a municipal corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 8:20-cv-00504 JVS (JDEx)<br><br>HONORABLE JAMES V. SELNA<br>COURTROOM 10C<br><br>**PLAINTIFF INSIGHT PSYCHOLOGY AND ADDICTION, INC.'S REQUEST FOR HEARING ON CITY OF COSTA MESA'S MOTION TO DISMISS**<br><br>Hearing Date:　May 11, 2020<br>Time:　　　　　1:30 p.m.<br>Courtroom:　　 10C<br><br>Date Action Filed:　March 12, 2020<br>Trial Date:　　　　　None Set |

TO ALL PARTIES AND ATTORNEYS OF RECORD:

Plaintiff Insight Psychology and Addiction, Inc. ("Insight") thanks the Court for its thorough Tentative Ruling and for continuing its civil law and motion calendar during the COVID-19 pandemic.  Pursuant to the Tentative Ruling, Insight respectfully requests a hearing (or in the alternative, an opportunity to submit supplemental briefing if that is the Court's preference) on Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) on the narrow issue of the

legal standard applicable to Insight's substantive **failure to accommodate** claim.[1] (Tentative Ruling, pgs. 11-12.) Citing *Cinnamon Hills Youth Crisis Center, Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012) ("*Cinnamon Hills*"), the Tentative Ruling proposes to determine that Insight "failed to state a claim for reasonable accommodations under its substantive challenge" because:

> [W]hen there is no comparable housing opportunity for non-disabled people, the failure to create an opportunity for disabled people cannot be called necessary to achieve equality of opportunity in any sense. So, for example, a city need not allow the construction of a group home for the disabled in a commercial area where nobody, disabled or otherwise, is allowed to live.

(Tentative Ruling, p. 11, quoting *Cinnamon Hills*, at 923.)

*Cinnamon Hills* turned on very unusual facts, and without more context, the excerpt quoted in the Tentative Ruling has the potential to be misconstrued to create a nearly impossible standard for zoning-related reasonable accommodation claims. In *Cinnamon Hills*, the operator of a residential treatment facility sought a zoning variance to establish its treatment program on the top floor of a local motel while the ground floor continued to serve as a motel open to the traveling public. *Cinnamon Hills*, at 919. Not surprisingly, the City of Saint George's zoning regulations did not allow for this kind of "unusual plan" (i.e., a mix of motel and residential treatment uses in the same building), and there was nothing of its kind elsewhere in the city. *Id.* at 919, 923-24. Unlike *Cinnamon Hills*, Insight is not asking Costa Mesa to allow it to provide housing in a zone where no housing is allowed (like a commercial zone) or allow a type of land use that the City has never allowed before anywhere in its jurisdiction (like a mix of hotel and residential treatment). Costa Mesa already allows high density housing in its multi-family zones. Insight is not asking the City to create

---

[1] Insight asserted this claim under the Fair Housing Act (42 U.S.C. § 3064(f)(3)(B)) ("FHA"), the Americans with Disabilities Act (28 C.F.R. § 35.120(b)(1)(7) and 35.150(a)(3); *McGary v. City of Portland*, 386 F.3d 1259, 1264 (9th Cir. 2004)) ("ADA"), the Rehabilitation Act (*Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008)), California's Fair Employment and Housing Act (Cal. Gov. Code § 12927(c)(1)) ("FEHA"), and California Government Code Section 11135(b).

an opportunity for its disabled residents that is not available to non-disabled people.

In that vein, it is problematic to classify Insight's request as unreasonable or unnecessary purely on the basis that Insight's supporting housing is subject to "stringent" restrictions while boarding houses for non-disabled persons are subject to "even more stringent" requirements. (Tentative Ruling, p. 11.) This comparison overlooks the fact that, for people who do not have the kind of disabilities that Insight serves, group housing is a *choice*. For Insight's residents, group housing is a *necessity*. Using the language in the Tentative Ruling, Costa Mesa could deny a wheelchair-bound person's request to relax zoning regulations to allow a wheelchair ramp at her residence on the basis that "nobody, disabled or otherwise, is allowed" to have wheelchair ramps. Or to draw a more direct analogy to this case, it is akin to a city denying a request for a wheelchair ramp on the basis that the city's wheelchair ramp regulations for disabled people are less stringent than its wheelchair ramp regulations for non-disabled people. Of course, non-disabled people don't need wheelchair ramps (just as they do not need supportive housing), so the test of whether the accommodation is "reasonable" or "necessary" ends up having nothing to do with whether people with disabilities have equal access to housing. But as written, the language in the Tentative Ruling could be read to shield those kinds of denials from a failure to accommodate claim.

Insight's request for relief from the group home separation requirement is much more analogous to the kinds of accommodations *Cinnamon Hills* recognized as reasonable and necessary, such as exempting a blind woman's seeing eye dog from a "no pets" policy or allowing a paraplegic to live on the first floor because he cannot climb stairs. *Id.*, at 923; *see also McGary*, 386 F.3d at 1262-65 (AIDS patient's request for an extension on deadline to clean up his yard during period of hospitalization was a reasonable and necessary accommodation). For Insight's residents, a supportive housing environment (e.g., on-site support staff, rules, structure, etc.) is just as necessary as a seeing eye dog for a blind person or a

wheelchair ramp for a paraplegic person. If the City's group home regulations do not allow (or create insurmountable hurdles) for those who would provide supportive housing (like Insight), then Insight's residents have ***no opportunity*** to live in the City. In these circumstances, relaxing the separation requirement is the only way to provide an ***equal opportunity*** for Insight's residents to obtain housing. *Cinnamon Hills* and the Ninth Circuit cases Insight cited in its opposition papers confirm that this is exactly what the fair housing and antidiscrimination laws require. *Id.*, at 923 ("the object of the statute's necessity requirement is a level playing field in housing for the disabled").

To be clear, Insight has no objection to amending its complaint to supplement the ***facts*** supporting its reasonable accommodation claim (and it will certainly do so). However, the Tentative Ruling has language that could be misconstrued to create a nearly impossible ***legal standard*** for these kinds of claims (or rather, a loophole that would allow public entities to easily shield themselves from liability for failure to accommodate by simply imposing "even more stringent" restrictions on non-disabled people). For this reason, Insight respectfully requests oral argument, or if the Court prefers, an opportunity to provide supplemental briefing on the appropriate legal standard for its substantive failure to accommodate claim.

If, however, the Court has not yet made any determination on the appropriate legal standard for Insight's accommodation claim and does not intend to do so until after the complaint is amended, then this request for a hearing or supplemental briefing may be premature. Insight submits this request in an abundance of caution to call the Court's attention to language in the Tentative Ruling that could be misconstrued and inadvertently create confusion for the parties on a going forward basis. If the Court intends to determine the legal standard for Insight's accommodation claim at a later stage of this litigation, then Insight respectfully withdraws this request.

| | |
|---|---|
| 1  Dated: May 12, 2020 | INSIGHT PSYCHOLOGY AND RECOVERY, INC. |
| 2 | MARY HELEN BEATIFICATO |
| 3 | |
| | By: _____ |
| 4 | Mary Helen Beatificato, Esq. |
| | Attorneys for Plaintiff |
| 5 | INSIGHT PSYCHOLOGY AND ADDICTION, INC. |

916/035905-0001
15059196.1 a05/12/20

-5-

Case No. 8:20-cv-00504 JVS (JDEx)
PLAINTIFF'S REQ FOR HEARING ON
CITY'S MOTION TO DISMISS