1

2

3

4

5

6

**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
  severett@everettdorey.com
Samantha E. Dorey, SBN 281006
  sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
  clee@everettdorey.com
18300 Von Karman Avenue, Suite 900
Irvine, California 92612
Phone: 949-771-9233
Fax: 949-377-3110

7

8

9

10

11

12

**JONES & MAYER**
Kimberly Hall Barlow, Esq., SBN 149902
khb@jones-mayer.com
Bruce A Lindsay, Esq., SBN 102794
bal@jones-mayer.com
Monica Choi Arredondo, Esq. SBN 215847
mca@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

13

14

Attorneys for Defendant and Counter-
Plaintiff, CITY OF COSTA MESA

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

15

16

17

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation, and JANE DOE, an individual,<br><br>                    Plaintiffs,<br><br>      vs.<br><br>CITY OF COSTA MESA, a municipal corporation,<br><br>                    Defendant. | **Case No. 8:20-cv-00504 JVS (JDEx)**<br>Assigned to Hon. James V. Selna<br><br>**DEFENDANT AND COUNTER-PLAINTIFF CITY OF COSTA MESA'S THIRD AMENDED ANSWER[1] TO THE FIRST AMENDED COMPLAINT AND THIRD AMENDED COUNTERCLAIM FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17000 *ET SEQ.* AND FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

[1] This amendment is submitted with leave from the Court.  [Doc. 58]

4818-6214-1654.1

SECOND AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT
AND COUNTERCLAIM

CITY OF COSTA MESA, a municipal corporation,

                Counter-Plaintiff,

    vs.

INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation; MARY HELEN BEATIFICATO, an individual; GERALD GROSSO, an individual; and ROES 1-50,

                Counter-Defendants.

Defendant and Counter-Plaintiff City of Costa Mesa (the "City") hereby submits its Third Amended Answer to the First Amended Complaint ("FAC") of Plaintiffs Insight Psychology and Addiction, Inc. ("Insight") and Jane Doe (together, "Plaintiffs") on file herein and sets forth Affirmative Defenses, and submits its Third Amended Counterclaims as follows:

## I.    **INTRODUCTION**

1.      In answer to the allegations of paragraph 1 of the FAC, the City is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the FAC and, therefore, denies such allegations. The City neither admits nor denies the legal conclusions contained in paragraph 1 of the FAC, as legal conclusions are not allegations appropriate for admission or denial. To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 1 of the FAC.

2.      In answer to the allegations of paragraph 2 of the FAC, the City is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the FAC and, therefore, denies such allegations. The City neither admits nor denies the legal conclusions contained in paragraph 2 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

1  To the extent a response is required, the City denies each and every factual
2  allegation and legal conclusion in paragraph 2 of the FAC.

3      3.      The City denies each and every allegation of paragraph 3 of the FAC.
4  The City neither admits nor denies the legal conclusions contained in paragraph 3 of
5  the FAC, as legal conclusions are not allegations appropriate for admission or
6  denial.  To the extent a response is required, the City denies each and every factual
7  allegation and legal conclusion in paragraph 3 of the FAC.

8      4.      The City denies each and every allegation of paragraph 4 of the FAC.
9  The City neither admits nor denies the legal conclusions contained in paragraph 4 of
10 the FAC, as legal conclusions are not allegations appropriate for admission or
11 denial.  To the extent a response is required, the City denies each and every factual
12 allegation and legal conclusion in paragraph 4 of the FAC.

13     5.      The City denies each and every allegation of paragraph 5 of the FAC.
14 The City neither admits nor denies the legal conclusions contained in paragraph 5 of
15 the FAC, as legal conclusions are not allegations appropriate for admission or
16 denial.  To the extent a response is required, the City denies each and every factual
17 allegation and legal conclusion in paragraph 5 of the FAC.

18 **II.    JURISDICTION AND VENUE**

19     6.      The City neither admits nor denies the legal conclusions contained in
20 paragraph 6 of the FAC, as legal conclusions are not allegations appropriate for
21 admission or denial.  To the extent a response is required, the City denies each and
22 every factual allegation and legal conclusion in paragraph 6 of the FAC.

23     7.      The City neither admits nor denies the legal conclusions contained in
24 paragraph 7 of the FAC, as legal conclusions are not allegations appropriate for
25 admission or denial.  To the extent a response is required, the City denies each and
26 every factual allegation and legal conclusion in paragraph 7 of the FAC.

27 **III.   PARTIES**

28     8.      In answer to the allegations of paragraph 8 of the FAC, the City is

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

1  without knowledge or information sufficient to form a belief as to the allegations

2  contained in paragraph 8 of the FAC and, therefore, denies such allegations.  The

3  City neither admits nor denies the legal conclusions contained in paragraph 8 of the

4  FAC, as legal conclusions are not allegations appropriate for admission or denial.

5  To the extent a response is required, the City denies each and every factual

6  allegation and legal conclusion in paragraph 8 of the FAC.

7        9.      In answer to the allegations of paragraph 9 of the FAC, the City is

8  without knowledge or information sufficient to form a belief as to the allegations

9  contained in paragraph 9 of the FAC and, therefore, denies such allegations.  The

10  City neither admits nor denies the legal conclusions contained in paragraph 9 of the

11  FAC, as legal conclusions are not allegations appropriate for admission or denial.

12  To the extent a response is required, the City denies each and every factual

13  allegation and legal conclusion in paragraph 9 of the FAC.

14        10.     In answer to the allegations of paragraph 10 of the FAC, the City is

15  without knowledge or information sufficient to form a belief as to the allegations

16  contained in paragraph 10 of the FAC and, therefore, denies such allegations.  The

17  City neither admits nor denies the legal conclusions contained in paragraph 10 of the

18  FAC, as legal conclusions are not allegations appropriate for admission or denial.

19  To the extent a response is required, the City denies each and every factual

20  allegation and legal conclusion in paragraph 10 of the FAC.

21        11.     In answer to the allegations of paragraph 11 of the FAC, the City is

22  without knowledge or information sufficient to form a belief as to the allegations

23  contained in paragraph 11 of the FAC and, therefore, denies such allegations.  The

24  City neither admits nor denies the legal conclusions contained in paragraph 11 of the

25  FAC, as legal conclusions are not allegations appropriate for admission or denial.

26  To the extent a response is required, the City denies each and every factual

27  allegation and legal conclusion in paragraph 11 of the FAC.

28        12.     In answer to the allegations of paragraph 12 of the FAC, the City is

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the FAC and, therefore, denies such allegations. The City neither admits nor denies the legal conclusions contained in paragraph 12 of the FAC, as legal conclusions are not allegations appropriate for admission or denial. To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 12 of the FAC.

13.    In answer to the allegations of paragraph 13 of the FAC, the City is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the FAC and, therefore, denies such allegations. The City neither admits nor denies the legal conclusions contained in paragraph 13 of the FAC, as legal conclusions are not allegations appropriate for admission or denial. To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 13 of the FAC.

14.    In answer to the allegations of paragraph 14 of the FAC, the City is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the FAC and, therefore, denies such allegations. The City neither admits nor denies the legal conclusions contained in paragraph 14 of the FAC, as legal conclusions are not allegations appropriate for admission or denial. To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 14 of the FAC.

15.    In answer to the allegations of paragraph 15 of the FAC, the City is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the FAC and, therefore, denies such allegations. The City neither admits nor denies the legal conclusions contained in paragraph 15 of the FAC, as legal conclusions are not allegations appropriate for admission or denial. To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 15 of the FAC.

16.    In answer to the allegations of paragraph 16 of the FAC, the City is

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1  without knowledge or information sufficient to form a belief as to the allegations

2  contained in paragraph 16 of the FAC and, therefore, denies such allegations.  The

3  City neither admits nor denies the legal conclusions contained in paragraph 16 of the

4  FAC, as legal conclusions are not allegations appropriate for admission or denial.

5  To the extent a response is required, the City denies each and every factual

6  allegation and legal conclusion in paragraph 16 of the FAC.

7         17.    In answer to the allegations of paragraph 17 of the FAC, the City is

8  without knowledge or information sufficient to form a belief as to the allegations

9  contained in paragraph 17 of the FAC and, therefore, denies such allegations.  The

10  City neither admits nor denies the legal conclusions contained in paragraph 17 of the

11  FAC, as legal conclusions are not allegations appropriate for admission or denial.

12  To the extent a response is required, the City denies each and every factual

13  allegation and legal conclusion in paragraph 17 of the FAC.

14         18.    The City admits the allegations of paragraph 18 of the FAC.

15         19.    The City neither admits nor denies the legal conclusions contained in

16  paragraph 19 of the FAC, as legal conclusions are not allegations appropriate for

17  admission or denial.  To the extent a response is required, the City denies each and

18  every factual allegation and legal conclusion in paragraph 19 of the FAC.

19         20.    The City neither admits nor denies the legal conclusions contained in

20  paragraph 20 of the FAC, as legal conclusions are not allegations appropriate for

21  admission or denial.  To the extent a response is required, the City denies each and

22  every factual allegation and legal conclusion in paragraph 20 of the FAC.

23         21.    The City neither admits nor denies the legal conclusions contained in

24  paragraph 21 of the FAC, as legal conclusions are not allegations appropriate for

25  admission or denial.  To the extent a response is required, the City denies each and

26  every factual allegation and legal conclusion in paragraph 21 of the FAC.

27         22.    The City neither admits nor denies the legal conclusions contained in

28  paragraph 22 of the FAC, as legal conclusions are not allegations appropriate for

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

4818-6214-1654.1

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

1   admission or denial.  To the extent a response is required, the City denies each and

2   every factual allegation and legal conclusion in paragraph 22 of the FAC.

3       23.     The City neither admits nor denies the legal conclusions contained in

4   paragraph 23 of the FAC, as legal conclusions are not allegations appropriate for

5   admission or denial.  To the extent a response is required, the City denies each and

6   every factual allegation and legal conclusion in paragraph 23 of the FAC.

7   **IV.   <u>FACTUAL ALLEGATIONS</u>**

8       24.     The City neither admits nor denies the legal conclusions contained in

9   paragraph 24 of the FAC, as legal conclusions are not allegations appropriate for

10  admission or denial.  To the extent a response is required, the City denies each and

11  every factual allegation and legal conclusion in paragraph 24 of the FAC.

12      25.     The City denies each and every allegation of paragraph 25 of the FAC.

13  The City neither admits nor denies the legal conclusions contained in paragraph 25

14  of the FAC, as legal conclusions are not allegations appropriate for admission or

15  denial.  To the extent a response is required, the City denies each and every factual

16  allegation and legal conclusion in paragraph 25 of the FAC.

17      26.     The City admits that its website states that there are approximately 120-

18  150 homeless individuals who are residents of the City and that residents of the City

19  may become homeless or may be at risk of becoming homeless as a result of mental

20  illness.  The City otherwise denies each and every allegation of paragraph 26 of the

21  FAC.

22      27.     In answer to the allegations of paragraph 27 of the FAC, the City is

23  without knowledge or information sufficient to form a belief as to the allegations

24  contained in paragraph 27 of the FAC and, therefore, denies such allegations.

25      28.     The City admits that one of the goals and objectives that was adopted

26  by the City was to "Create permanent supportive housing and possible access

27  center."  The City otherwise denies each and every allegation of paragraph 28 of the

28  FAC.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233  ♦ FAX 949-377-3110

4818-6214-1654.1

29.     The City admits the allegations of paragraph 29 of the FAC.

30.     The City admits that its zoning code speaks for itself.  The City denies each and every allegation of paragraph 30 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 30 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 30 of the FAC.

31.     The City admits that its zoning code speaks for itself.  The City denies each and every allegation of paragraph 31 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 31 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 31 of the FAC.

32.     The City admits that its zoning code speaks for itself.  The City denies each and every allegation of paragraph 32 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 32 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 32 of the FAC.

33.     The City denies each and every allegation of paragraph 33 of the FAC. The City neither admits nor denies the legal conclusions contained in paragraph 33 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 33 of the FAC.

34.     The City admits that its zoning code speaks for itself.  The City denies each and every allegation of paragraph 34 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 34 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1  response is required, the City denies each and every factual allegation and legal

2  conclusion in paragraph 34 of the FAC.

3      35.    The City admits that its zoning code speaks for itself.  The City denies

4  each and every allegation of paragraph 35 of the FAC.  The City neither admits nor

5  denies the legal conclusions contained in paragraph 35 of the FAC, as legal

6  conclusions are not allegations appropriate for admission or denial.  To the extent a

7  response is required, the City denies each and every factual allegation and legal

8  conclusion in paragraph 35 of the FAC.

9      36.    The City denies each and every allegation of paragraph 36 of the FAC.

10  The City neither admits nor denies the legal conclusions contained in paragraph 36

11  of the FAC, as legal conclusions are not allegations appropriate for admission or

12  denial.  To the extent a response is required, the City denies each and every factual

13  allegation and legal conclusion in paragraph 36 of the FAC.

14      37.    The City denies each and every allegation of paragraph 37 of the FAC.

15  The City neither admits nor denies the legal conclusions contained in paragraph 37

16  of the FAC, as legal conclusions are not allegations appropriate for admission or

17  denial.  To the extent a response is required, the City denies each and every factual

18  allegation and legal conclusion in paragraph 37 of the FAC.

19      38.    The City denies each and every allegation of paragraph 38 of the FAC.

20  The City neither admits nor denies the legal conclusions contained in paragraph 38

21  of the FAC, as legal conclusions are not allegations appropriate for admission or

22  denial.  To the extent a response is required, the City denies each and every factual

23  allegation and legal conclusion in paragraph 38 of the FAC.

24      39.    The City denies each and every allegation of paragraph 39 of the FAC.

25  The City neither admits nor denies the legal conclusions contained in paragraph 39

26  of the FAC, as legal conclusions are not allegations appropriate for admission or

27  denial.  To the extent a response is required, the City denies each and every factual

28  allegation and legal conclusion in paragraph 39 of the FAC.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

40.     The City denies each and every allegation of paragraph 40 of the FAC. The City neither admits nor denies the legal conclusions contained in paragraph 40 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 40 of the FAC.

41.     The City denies each and every allegation of paragraph 41 of the FAC. The City neither admits nor denies the legal conclusions contained in paragraph 41 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 41 of the FAC.

42.     The City denies each and every allegation of paragraph 42 of the FAC.

43.     The City denies each and every allegation of paragraph 43 of the FAC.

44.     The City denies each and every allegation of paragraph 44 of the FAC.

45.     The City denies each and every allegation of paragraph 45 of the FAC.

46.     The City admits that Ordinance 14-13 was enacted on October 21, 2014.  The City otherwise denies each and every allegation of paragraph 46 of the FAC.

47.     The City denies each and every allegation of paragraph 47 of the FAC.

48.     The City admits that Ordinances 15-11 and 15-13 were enacted on November 17, 2015, and that Ordinances 17-05 and 17-06 were enacted in 2017. The City otherwise denies the allegations of paragraph 48 of the FAC.

49.     The City denies each and every allegation of paragraph 49 of the FAC.

50.     The City denies each and every allegation of paragraph 50 of the FAC.

51.     The City denies each and every allegation of paragraph 51 of the FAC.

52.     The City denies each and every allegation of paragraph 52 of the FAC.

53.     The City denies each and every allegation of paragraph 53 of the FAC.

54.     In answer to the allegations of paragraph 54 of the FAC, the City is without knowledge or information sufficient to form a belief as to the allegations

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1  contained in paragraph 54 of the FAC and, therefore, denies such allegations.

2      55.    In answer to the allegations of paragraph 55 of the FAC, the City

3  admits that the Property is located in one of the City's multi-family zones.

4      56.    In answer to the allegations of paragraph 56 of the FAC, the City is

5  without knowledge or information sufficient to form a belief as to the allegations

6  contained in paragraph 56 of the FAC and, therefore, denies such allegations.  The

7  City neither admits nor denies the legal conclusions contained in paragraph 56 of the

8  FAC, as legal conclusions are not allegations appropriate for admission or denial.

9  To the extent a response is required, the City denies each and every factual

10 allegation and legal conclusion in paragraph 56 of the FAC.

11     57.    In answer to the allegations of paragraph 57 of the FAC, the City is

12 without knowledge or information sufficient to form a belief as to the allegations

13 contained in paragraph 57 of the FAC and, therefore, denies such allegations.

14     58.    In answer to the allegations of paragraph 58 of the FAC, the City is

15 without knowledge or information sufficient to form a belief as to the allegations

16 contained in paragraph 58 of the FAC and, therefore, denies such allegations.

17     59.    In answer to the allegations of paragraph 59 of the FAC, the City is

18 without knowledge or information sufficient to form a belief as to the allegations

19 contained in paragraph 59 of the FAC and, therefore, denies such allegations.  The

20 City neither admits nor denies the legal conclusions contained in paragraph 59 of the

21 FAC, as legal conclusions are not allegations appropriate for admission or denial.

22 To the extent a response is required, the City denies each and every factual

23 allegation and legal conclusion in paragraph 59 of the FAC.

24     60.    In answer to the allegations of paragraph 60 of the FAC, the City is

25 without knowledge or information sufficient to form a belief as to the allegations

26 contained in paragraph 60 of the FAC and, therefore, denies such allegations.

27     61.    In answer to the allegations of paragraph 61 of the FAC, the City is

28 without knowledge or information sufficient to form a belief as to the allegations

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

**THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM**

1  contained in paragraph 61 of the FAC and, therefore, denies such allegations.

2     62.   In answer to the allegations of paragraph 62 of the FAC, the City is

3  without knowledge or information sufficient to form a belief as to the allegations

4  contained in paragraph 62 of the FAC and, therefore, denies such allegations.

5     63.   In answer to the allegations of paragraph 63 of the FAC, the City is

6  without knowledge or information sufficient to form a belief as to the allegations

7  contained in paragraph 63 of the FAC and, therefore, denies such allegations.

8     64.   In answer to the allegations of paragraph 64 of the FAC, the City is

9  without knowledge or information sufficient to form a belief as to the allegations

10  contained in paragraph 64 of the FAC and, therefore, denies such allegations.

11     65.   In answer to the allegations of paragraph 65 of the FAC, the City

12  admits that Insight applied for Conditional Use Permit PA-16-63 ("PA-16-63").

13  Save and excepting said admission, the City is without knowledge or information

14  sufficient to form a belief as to the allegations contained in paragraph 65 of the FAC

15  and, therefore, denies such allegations.  The City neither admits nor denies the legal

16  conclusions contained in paragraph 65 of the FAC, as legal conclusions are not

17  allegations appropriate for admission or denial.  To the extent a response is required,

18  the City denies each and every factual allegation and legal conclusion in paragraph

19  65 of the FAC.

20     66.   The City denies each and every allegation of paragraph 66 of the FAC.

21     67.   The City denies each and every allegation of paragraph 67 of the FAC.

22     68.   The City denies each and every allegation of paragraph 68 of the FAC.

23     69.   The City admits that Insight submitted a reasonable accommodation

24  request ("RA-19-06") on August 3, 2018.  Save and excepting said admission, the

25  City denies each and every remaining allegation contained in paragraph 69 of the

26  FAC.  The City neither admits nor denies the legal conclusions contained in

27  paragraph 69 of the FAC, as legal conclusions are not allegations appropriate for

28  admission or denial.  To the extent a response is required, save and excepting said

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

admission, the City denies each and every factual allegation and legal conclusion in paragraph 69 of the FAC.

70.    The City denies each and every allegation of paragraph 70 of the FAC. The City neither admits nor denies the legal conclusions contained in paragraph 70 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 70 of the FAC.

71.    The City denies each and every allegation of paragraph 71 of the FAC. The City neither admits nor denies the legal conclusions contained in paragraph 71 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 71 of the FAC.

72.    The City denies each and every allegation of paragraph 72 of the FAC.

73.    The City admits that its zoning code speaks for itself.  The City neither admits nor denies the legal conclusions contained in paragraph 73 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 73 of the FAC.

74.    The City admits that the Director of Economic and Development Services (the "Director") denied RA-19-06 on April 5, 2019.  Save and excepting said admission, the City denies each and every remaining allegation contained in paragraph 74 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 74 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, save and excepting said admission, the City denies each and every factual allegation and legal conclusion in paragraph 74 of the FAC.

75.    The City denies each and every allegation of paragraph 75 of the FAC. The City neither admits nor denies the legal conclusions contained in paragraph 75

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233  ✦FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

1    of the FAC, as legal conclusions are not allegations appropriate for admission or

2    denial.  To the extent a response is required, the City denies each and every factual

3    allegation and legal conclusion in paragraph 75 of the FAC.

4         76.    The City admits that Insight appealed the Director's denial of RA-19-06

5    on April 12, 2019.  Save and excepting said admission, the City denies each and

6    every remaining allegation contained in paragraph 76 of the FAC.  The City neither

7    admits nor denies the legal conclusions contained in paragraph 76 of the FAC, as

8    legal conclusions are not allegations appropriate for admission or denial.  To the

9    extent a response is required, save and excepting said admission, the City denies

10   each and every factual allegation and legal conclusion in paragraph 76 of the FAC.

11        77.    In answer to the allegations of paragraph 77 of the FAC, the City

12   admits that the City's Planning Commission held a public hearing on August 12,

13   2019, regarding PA-16-63.  Save and excepting said admission, the City is without

14   knowledge or information sufficient to form a belief as to the allegations contained

15   in paragraph 77 of the FAC and, therefore, denies such allegations.

16        78.    In answer to the allegations of paragraph 78 of the FAC, the City is

17   without knowledge or information sufficient to form a belief as to the allegations

18   contained in paragraph 78 of the FAC and, therefore, denies such allegations.

19        79.    In answer to the allegations of paragraph 79 of the FAC, the City is

20   without knowledge or information sufficient to form a belief as to the allegations

21   contained in paragraph 79 of the FAC and, therefore, denies such allegations.

22        80.    The City denies each and every allegation of paragraph 80 of the FAC.

23        81.    In answer to the allegations of paragraph 81 of the FAC, the City is

24   without knowledge or information sufficient to form a belief as to the allegations

25   contained in paragraph 81 of the FAC and, therefore, denies such allegations.

26        82.    The City denies each and every allegation of paragraph 82 of the FAC.

27   The City neither admits nor denies the legal conclusions contained in paragraph 82

28   of the FAC, as legal conclusions are not allegations appropriate for admission or

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1    denial.  To the extent a response is required, the City denies each and every factual

2    allegation and legal conclusion in paragraph 82 of the FAC.

3         83.    In answer to the allegations of paragraph 83 of the FAC, the City

4    admits that the City's Planning Commission upheld the Director's denial of a

5    reasonable accommodation and denied PA-16-63.  The City otherwise denies each

6    and every allegation of paragraph 83 of the FAC.

7         84.    The City denies each and every allegation of paragraph 84 of the FAC.

8    The City neither admits nor denies the legal conclusions contained in paragraph 84

9    of the FAC, as legal conclusions are not allegations appropriate for admission or

10    denial.  To the extent a response is required, the City denies each and every factual

11    allegation and legal conclusion in paragraph 84 of the FAC.

12        85.    The City denies each and every allegation of paragraph 85 of the FAC.

13        86.    In answer to the allegations of paragraph 86 of the FAC, the City is

14    without knowledge or information sufficient to form a belief as to the allegations

15    contained in paragraph 86 of the FAC and, therefore, denies such allegations.

16        87.    In answer to the allegations of paragraph 87 of the FAC, the City is

17    without knowledge or information sufficient to form a belief as to the allegations

18    contained in paragraph 87 of the FAC and, therefore, denies such allegations.

19        88.    The City denies each and every allegation of paragraph 88 of the FAC.

20        89.    The City denies each and every allegation of paragraph 89 of the FAC.

21        90.    The City denies each and every allegation of paragraph 90 of the FAC.

22        91.    In answer to the allegations of paragraph 91 of the FAC, the City is

23    without knowledge or information sufficient to form a belief as to the allegations

24    contained in paragraph 91 of the FAC and, therefore, denies such allegations.

25        92.    In answer to the allegations of paragraph 92 of the FAC, the City is

26    without knowledge or information sufficient to form a belief as to the allegations

27    contained in paragraph 92 of the FAC and, therefore, denies such allegations.

28        93.    The City denies each and every allegation of paragraph 93 of the FAC.

The City neither admits nor denies the legal conclusions contained in paragraph 93 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 93 of the FAC.

94.     In answer to the allegations of paragraph 94 of the FAC, the City admits that the City Council upheld the decision of the Planning Commission and denied a reasonable accommodation and PA-16-63.  The City otherwise denies each and every allegation of paragraph 94 of the FAC.

95.     The City admits the allegations of paragraph 95 of the FAC.

96.     The City denies each and every allegation of paragraph 96 of the FAC. The City neither admits nor denies the legal conclusions contained in paragraph 96 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 96 of the FAC.

97.     The City admits the allegations of paragraph 97 of the FAC.

98.     The City denies each and every allegation of paragraph 98 of the FAC. The City neither admits nor denies the legal conclusions contained in paragraph 98 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 98 of the FAC.

99.     The City denies each and every allegation of paragraph 99 of the FAC.

100.    The City denies each and every allegation of paragraph 100 of the FAC.

101.    In answer to the allegations of paragraph 101 of the FAC, the City is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 101 of the FAC and, therefore, denies such allegations.

102.    In answer to the allegations of paragraph 102 of the FAC, the City is without knowledge or information sufficient to form a belief as to the allegations

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1   contained in paragraph 102 of the FAC and, therefore, denies such allegations.

2       103.   The City denies each and every allegation of paragraph 103 of the

3   FAC.  The City neither admits nor denies the legal conclusions contained in

4   paragraph 103 of the FAC, as legal conclusions are not allegations appropriate for

5   admission or denial.  To the extent a response is required, the City denies each and

6   every factual allegation and legal conclusion in paragraph 103 of the FAC.

7       104.   The City denies each and every allegation of paragraph 104 of the

8   FAC.  The City neither admits nor denies the legal conclusions contained in

9   paragraph 104 of the FAC, as legal conclusions are not allegations appropriate for

10   admission or denial.  To the extent a response is required, the City denies each and

11   every factual allegation and legal conclusion in paragraph 104 of the FAC.

12       105.   The City denies each and every allegation of paragraph 105 of the

13   FAC.  The City neither admits nor denies the legal conclusions contained in

14   paragraph 105 of the FAC, as legal conclusions are not allegations appropriate for

15   admission or denial.  To the extent a response is required, the City denies each and

16   every factual allegation and legal conclusion in paragraph 105 of the FAC.

17       106.   The City denies each and every allegation of paragraph 106 of the

18   FAC.  The City neither admits nor denies the legal conclusions contained in

19   paragraph 106 of the FAC, as legal conclusions are not allegations appropriate for

20   admission or denial.  To the extent a response is required, the City denies each and

21   every factual allegation and legal conclusion in paragraph 106 of the FAC.

22       107.   The City denies each and every allegation of paragraph 107 of the

23   FAC.

24       108.   The City denies each and every allegation of paragraph 108 of the FAC

25   and denies that Plaintiffs have suffered any injury or damages.  The City neither

26   admits nor denies the legal conclusions contained in paragraph 108 of the FAC, as

27   legal conclusions are not allegations appropriate for admission or denial.  To the

28   extent a response is required, the City denies each and every factual allegation and

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

1  legal conclusion in paragraph 108 of the FAC.

2      109.   The City denies each and every allegation of paragraph 109 of the FAC

3  and denies that Plaintiffs have suffered any injury or damages.  The City neither

4  admits nor denies the legal conclusions contained in paragraph 109 of the FAC, as

5  legal conclusions are not allegations appropriate for admission or denial.  To the

6  extent a response is required, the City denies each and every factual allegation and

7  legal conclusion in paragraph 109 of the FAC.

8      110.   The City denies each and every allegation of paragraph 110 of the FAC

9  and denies that Plaintiffs have suffered any injury or damages.  The City neither

10  admits nor denies the legal conclusions contained in paragraph 110 of the FAC, as

11  legal conclusions are not allegations appropriate for admission or denial.  To the

12  extent a response is required, the City denies each and every factual allegation and

13  legal conclusion in paragraph 110 of the FAC.

14  **V.      CLAIMS FOR RELIEF**

15      111.   In response to paragraph 111 of the FAC, the City restates and

16  incorporates herein by reference its responses to each of the preceding paragraphs.

17      112.   The City neither admits nor denies the legal conclusions contained in

18  paragraph 112 of the FAC, as legal conclusions are not allegations appropriate for

19  admission or denial.  To the extent a response is required, the City denies each and

20  every factual allegation and legal conclusion in paragraph 112 of the FAC.

21      113.   The City neither admits nor denies the legal conclusions contained in

22  paragraph 113 of the FAC, as legal conclusions are not allegations appropriate for

23  admission or denial.  To the extent a response is required, the City denies each and

24  every factual allegation and legal conclusion in paragraph 113 of the FAC.

25      114.   The City neither admits nor denies the legal conclusions contained in

26  paragraph 114 of the FAC, as legal conclusions are not allegations appropriate for

27  admission or denial.  To the extent a response is required, the City denies each and

28  every factual allegation and legal conclusion in paragraph 114 of the FAC.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

115.   The City neither admits nor denies the legal conclusions contained in paragraph 115 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 115 of the FAC.

116.   The City neither admits nor denies the legal conclusions contained in paragraph 116 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 116 of the FAC.

117.   The City neither admits nor denies the legal conclusions contained in paragraph 117 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 117 of the FAC.

118.   The City neither admits nor denies the legal conclusions contained in paragraph 118 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 118 of the FAC.

119.   The City denies each and every allegation of paragraph 119 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 119 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 119 of the FAC.

120.   The City neither admits nor denies the legal conclusions contained in paragraph 120 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 120 of the FAC.

121.   The City denies each and every allegation of paragraph 121 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 121 of the FAC, as legal conclusions are not allegations appropriate for

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 121 of the FAC.

122.   The City denies each and every allegation of paragraph 122 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 122 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 122 of the FAC.

123.   The City denies each and every allegation of paragraph 123 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 123 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 123 of the FAC.

124.   The City denies each and every allegation of paragraph 124 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 124 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 124 of the FAC.

125.   The City denies each and every allegation of paragraph 125 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 125 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 125 of the FAC.

126.   In response to paragraph 126 of the FAC, the City restates and incorporates herein by reference its responses to each of the preceding paragraphs.

127.   The City neither admits nor denies the legal conclusions contained in paragraph 127 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 127 of the FAC.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

128.   The City neither admits nor denies the legal conclusions contained in paragraph 128 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 128 of the FAC.

129.   The City neither admits nor denies the legal conclusions contained in paragraph 129 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 129 of the FAC.

130.   The City neither admits nor denies the legal conclusions contained in paragraph 130 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 130 of the FAC.

131.   The City denies each and every allegation of paragraph 131 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 131 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 131 of the FAC.

132.   The City neither admits nor denies the legal conclusions contained in paragraph 132 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 132 of the FAC.

133.   The City neither admits nor denies the legal conclusions contained in paragraph 133 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 133 of the FAC.

134.   The City neither admits nor denies the legal conclusions contained in paragraph 134 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

4818-6214-1654.1

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1    every factual allegation and legal conclusion in paragraph 134 of the FAC.

2        135.    The City neither admits nor denies the legal conclusions contained in

3    paragraph 135 of the FAC, as legal conclusions are not allegations appropriate for

4    admission or denial.  To the extent a response is required, the City denies each and

5    every factual allegation and legal conclusion in paragraph 135 of the FAC.

6        136.    The City neither admits nor denies the legal conclusions contained in

7    paragraph 136 of the FAC, as legal conclusions are not allegations appropriate for

8    admission or denial.  To the extent a response is required, the City denies each and

9    every factual allegation and legal conclusion in paragraph 136 of the FAC.

10        137.    The City denies each and every allegation of paragraph 137 of the

11    FAC.  The City neither admits nor denies the legal conclusions contained in

12    paragraph 137 of the FAC, as legal conclusions are not allegations appropriate for

13    admission or denial.  To the extent a response is required, the City denies each and

14    every factual allegation and legal conclusion in paragraph 137 of the FAC.

15        138.    The City denies each and every allegation of paragraph 138 of the

16    FAC.  The City neither admits nor denies the legal conclusions contained in

17    paragraph 138 of the FAC, as legal conclusions are not allegations appropriate for

18    admission or denial.  To the extent a response is required, the City denies each and

19    every factual allegation and legal conclusion in paragraph 138 of the FAC.

20        139.    In response to paragraph 139 of the FAC, the City restates and

21    incorporates herein by reference its responses to each of the preceding paragraphs.

22        140.    The City neither admits nor denies the legal conclusions contained in

23    paragraph 140 of the FAC, as legal conclusions are not allegations appropriate for

24    admission or denial.  To the extent a response is required, the City denies each and

25    every factual allegation and legal conclusion in paragraph 140 of the FAC.

26        141.    The City neither admits nor denies the legal conclusions contained in

27    paragraph 141 of the FAC, as legal conclusions are not allegations appropriate for

28    admission or denial.  To the extent a response is required, the City denies each and

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

1  every factual allegation and legal conclusion in paragraph 141 of the FAC.

2      142.   The City neither admits nor denies the legal conclusions contained in

3  paragraph 142 of the FAC, as legal conclusions are not allegations appropriate for

4  admission or denial.  To the extent a response is required, the City denies each and

5  every factual allegation and legal conclusion in paragraph 142 of the FAC.

6      143.   The City neither admits nor denies the legal conclusions contained in

7  paragraph 140 of the FAC, as legal conclusions are not allegations appropriate for

8  admission or denial.  To the extent a response is required, the City denies each and

9  every factual allegation and legal conclusion in paragraph 140 of the FAC.

10     144.   The City denies each and every allegation of paragraph 144 of the

11  FAC.  The City neither admits nor denies the legal conclusions contained in

12  paragraph 144 of the FAC, as legal conclusions are not allegations appropriate for

13  admission or denial.  To the extent a response is required, the City denies each and

14  every factual allegation and legal conclusion in paragraph 144 of the FAC.

15     145.   The City neither admits nor denies the legal conclusions contained in

16  paragraph 145 of the FAC, as legal conclusions are not allegations appropriate for

17  admission or denial.  To the extent a response is required, the City denies each and

18  every factual allegation and legal conclusion in paragraph 145 of the FAC.

19     146.   The City neither admits nor denies the legal conclusions contained in

20  paragraph 146 of the FAC, as legal conclusions are not allegations appropriate for

21  admission or denial.  To the extent a response is required, the City denies each and

22  every factual allegation and legal conclusion in paragraph 146 of the FAC.

23     147.   The City neither admits nor denies the legal conclusions contained in

24  paragraph 147 of the FAC, as legal conclusions are not allegations appropriate for

25  admission or denial.  To the extent a response is required, the City denies each and

26  every factual allegation and legal conclusion in paragraph 147 of the FAC.

27     148.   The City neither admits nor denies the legal conclusions contained in

28  paragraph 148 of the FAC, as legal conclusions are not allegations appropriate for

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

4818-6214-1654.1                    -23-      Case No. 8:20-cv-00504 JVS (JDEx)

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

1   admission or denial.  To the extent a response is required, the City denies each and

2   every factual allegation and legal conclusion in paragraph 148 of the FAC.

3       149.   The City neither admits nor denies the legal conclusions contained in

4   paragraph 149 of the FAC, as legal conclusions are not allegations appropriate for

5   admission or denial.  To the extent a response is required, the City denies each and

6   every factual allegation and legal conclusion in paragraph 149 of the FAC.

7       150.   The City neither admits nor denies the legal conclusions contained in

8   paragraph 150 of the FAC, as legal conclusions are not allegations appropriate for

9   admission or denial.  To the extent a response is required, the City denies each and

10  every factual allegation and legal conclusion in paragraph 150 of the FAC.

11      151.   The City denies each and every allegation of paragraph 151 of the

12  FAC.  The City neither admits nor denies the legal conclusions contained in

13  paragraph 151 of the FAC, as legal conclusions are not allegations appropriate for

14  admission or denial.  To the extent a response is required, the City denies each and

15  every factual allegation and legal conclusion in paragraph 151 of the FAC.

16      152.   The City denies each and every allegation of paragraph 152 of the

17  FAC.  The City neither admits nor denies the legal conclusions contained in

18  paragraph 152 of the FAC, as legal conclusions are not allegations appropriate for

19  admission or denial.  To the extent a response is required, the City denies each and

20  every factual allegation and legal conclusion in paragraph 152 of the FAC.

21      153.   In response to paragraph 153 of the FAC, the City restates and

22  incorporates herein by reference its responses to each of the preceding paragraphs.

23      154.   The City neither admits nor denies the legal conclusions contained in

24  paragraph 154 of the FAC, as legal conclusions are not allegations appropriate for

25  admission or denial.  To the extent a response is required, the City denies each and

26  every factual allegation and legal conclusion in paragraph 154 of the FAC.

27      155.   City neither admits nor denies the legal conclusions contained in

28  paragraph 155 of the FAC, as legal conclusions are not allegations appropriate for

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 155 of the FAC.

156.   The City neither admits nor denies the legal conclusions contained in paragraph 156 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 156 of the FAC.

157.   The City denies each and every allegation of paragraph 157 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 157 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 157 of the FAC.

158.   The City denies each and every allegation of paragraph 158 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 158 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 158 of the FAC.

159.   The City denies each and every allegation of paragraph 159 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 159 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 159 of the FAC.

160.   In response to paragraph 160 of the FAC, the City restates and incorporates herein by reference its responses to each of the preceding paragraphs.

161.   The City neither admits nor denies the legal conclusions contained in paragraph 161 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 161 of the FAC.

162.   The City neither admits nor denies the legal conclusions contained in

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

paragraph 162 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 162 of the FAC.

163.   The City neither admits nor denies the legal conclusions contained in paragraph 163 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 163 of the FAC.

164.   The City neither admits nor denies the legal conclusions contained in paragraph 164 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 164 of the FAC.

165.   The City denies each and every allegation of paragraph 165 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 152 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 152 of the FAC.

166.   The City denies each and every allegation of paragraph 166 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 166 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 166 of the FAC.

167.   The City denies each and every allegation of paragraph 167 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 167 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 167 of the FAC.

168.   The City denies each and every allegation of paragraph 168 of the FAC.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

169.   In response to paragraph 169 of the FAC, the City restates and incorporates herein by reference its responses to each of the preceding paragraphs.

170.   The City neither admits nor denies the legal conclusions contained in paragraph 170 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 170 of the FAC.

171.   The City neither admits nor denies the legal conclusions contained in paragraph 171 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 171 of the FAC.

172.   The City denies each and every allegation of paragraph 172 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 172 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 172 of the FAC.

173.   The City neither admits nor denies the legal conclusions contained in paragraph 173 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 173 of the FAC.

174.   The City denies each and every allegation of paragraph 174 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 174 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 174 of the FAC.

175.   The City denies each and every allegation of paragraph 175 of the FAC.

176.   In response to paragraph 176 of the FAC, the City restates and incorporates herein by reference its responses to each of the preceding paragraphs.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

177.   The City neither admits nor denies the legal conclusions contained in paragraph 177 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 177 of the FAC.

178.   The City neither admits nor denies the legal conclusions contained in paragraph 178 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 178 of the FAC.

179.   The City neither admits nor denies the legal conclusions contained in paragraph 179 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 179 of the FAC.

180.   The City denies each and every allegation of paragraph 180 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 180 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 180 of the FAC.

181.   The City denies each and every allegation of paragraph 181 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 181 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 181 of the FAC.

182.   The City denies each and every allegation of paragraph 182 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 182 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 182 of the FAC.

183.   The City denies each and every allegation of paragraph 183 of the

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233  ◆FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

FAC.

184.   In response to paragraph 184 of the FAC, the City restates and incorporates herein by reference its responses to each of the preceding paragraphs.

185.   The City neither admits nor denies the legal conclusions contained in paragraph 185 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 185 of the FAC.

186.   The City neither admits nor denies the legal conclusions contained in paragraph 186 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 186 of the FAC.

187.   The City neither admits nor denies the legal conclusions contained in paragraph 187 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 187 of the FAC.

188.   The City denies each and every allegation of paragraph 188 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 188 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 188 of the FAC.

189.   The City denies each and every allegation of paragraph 189 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 189 of the FAC, as legal conclusions are not allegations appropriate for admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 189 of the FAC.

190.   The City denies each and every allegation of paragraph 190 of the FAC.  The City neither admits nor denies the legal conclusions contained in paragraph 190 of the FAC, as legal conclusions are not allegations appropriate for

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4818-6214-1654.1

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

admission or denial.  To the extent a response is required, the City denies each and every factual allegation and legal conclusion in paragraph 190 of the FAC.

191.   The City denies each and every allegation of paragraph 191 of the FAC.

**PRAYER FOR RELIEF**

The City denies that Plaintiffs are entitled to any relief whatsoever as prayed against the City.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, the City pleads the following Affirmative Defenses to the FAC.  The City reserves the right to plead or to move to amend this Answer to plead additional defenses at such time and to such extent as warranted by discovery and the factual development in this case.

## FIRST AFFIRMATIVE DEFENSE
### (Legitimate Use of Zoning Powers)

1.   The FAC and each alleged claim for relief contained therein are barred because the City at all relevant times properly exercised its zoning powers for legitimate, non-discriminatory reasons.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2.   The FAC and each alleged claim for relief contained therein are barred by the applicable statutes of limitations for each claim.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

3.   The City denies that Plaintiffs occurred any damages, loss, injury or detriment as a direct and proximate result of any culpable act by the City.  However, assuming *arguendo* that Plaintiffs would otherwise be entitled to any relief, the FAC and each alleged claim for relief contained therein are barred by reason of Plaintiff's

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1  failure to reasonably mitigate any claimed damages, loss, injury, detriment or other

2  basis for purported relief.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

5      4.      The FAC and each alleged claim for relief contained therein are barred

6  by Plaintiffs' failure to exhaust all avenues of administrative remedies available to

7  them for their alleged claims.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Present Governmental Claim)

10      5.      The FAC and each alleged claim for relief contained therein are barred

11  by Plaintiffs' failure to present a timely written claim to the City under the

12  California Governmental Claims Act and Plaintiffs are further barred under

13  Government Code § 945.4 from seeking damages in connection with their alleged

14  claims for damages.

### SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

17      6.      The FAC and each alleged claim for relief contained therein are barred,

18  in part or in full, by Plaintiffs' unclean hands.  The City believes and the evidence

19  will show, after a reasonable opportunity to conduct further investigation and

20  discovery, the following:

21      7.      Insight and its owners/operators, including Mary Helen Beatificato and

22  Gerald Grosso, operate an unlicensed purported group home or sober living home in

23  the City where they house and provide care and supervision to purported disabled

24  clients while at the same time providing medical and other treatments to those same

25  clients at other properties either in or out of the City, while billing those clients'

26  health insurance.  The treatments include medical treatments by medically-licensed

27  employees and/or independent contractors of Insight who do not have ownership

28  interests in Insight.  Insight is not appropriately licensed under the Health and Safety

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

4818-6214-1654.1

1    Code to engage in its operations as structured.

2        8.      Essentially, Insight is an illegal and/or unethical business and should

3    not be allowed to operate, and Plaintiffs' Claims, which are all designed to allow

4    Insight to continue to operate such illegal and/or unethical business should be denied

5    and barred, in part or in full.  Specifically, this Affirmative Defense is supported by

6    any and all of the allegations set forth in the Counterclaim below, including that

7    since the creation of Insight in 2013 to the present, Insight and its owners/operators,

8    including Mary Helen Beatificato and Gerald Grosso, have engaged in the following

9    unlawful, unethical, and/or unfair acts:

10       a.      Conduct that would be in violation of the Health and Safety

11   Code §§ 1500 *et seq.* and 11833.05 through 11835 and their attendant regulations.

12   Specifically, Insight and its owners/operators operated and provided care and

13   supervision at all of their properties, including but not limited to assistance with

14   personal hygiene, assistance with taking medication, central storage and/or

15   distribution of medications, arrangement of and assistance with medical care,

16   maintenance of house rules, supervision of client schedules and activities,

17   maintenance of a curfew, assistance in developing social skills and coping

18   mechanisms to enable clients to achieve goals such as resuming their education or

19   going back to work, maintenance and/or supervision of client cash resources or

20   property, monitoring of food intake or special diets, and/or providing of

21   transportation services, without the necessary license(s), including but not limited to

22   a Community Care Facilities Act license;

23       b.      Conduct that would be in violation of the Health and Safety

24   Code §§ 1500 *et seq.* and 11833.05 through 11835 and their attendant regulations.

25   Specifically, Insight and its owners/operators operated an integral facility, including

26   but not limited to housing clients at one or more properties and treating and/or

27   providing licensed services to the same clients at one or more other properties

28   and/or operating one integrated facility at multiple properties (including all of

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

Insight's and its owners'/operators' properties), without the necessary license(s), including but not limited to a Community Care Facilities Act license and/or a Department of Health Care Services license with the necessary integral facility license components;

        c.     Conduct that would be in violation of the Health and Safety Code §§ 1500 *et seq.* and 11833.05 through 11835 and their attendant regulations. Specifically, Insight and its owners/operators represented and/or held themselves out as providing care and supervision, including advertising to clients and to referral partners that they provide services that constitute care and supervision (including those described in sub-paragraph a. above), without the necessary license(s), including but not limited to a Community Care Facilities Act license;

        d.     Conduct that would be in violation of the Health and Safety Code §§ 1500 *et seq.* and 11833.05 through 11835 and their attendant regulations. Specifically, Insight and its owners/operators accepted and/or retained residents who demonstrate the need for care or supervision, including allegedly disabled clients who would suffer injury, relapse, return to emergency rooms or even become homeless, without their services, without the necessary license(s), including but not limited to a Community Care Facilities Act license;

        e.     Conduct that would be in violation of the Health and Safety Code §§ 1500 *et seq.* and 11833.05 through 11835 and their attendant regulations. Specifically, Insight and its owners/operators represented themselves to clients, referral partners, the City, and others, as licensed without the necessary license(s), including but not limited to a Community Care Facilities Act license and/or a Department of Health Care Services license with the necessary integral facility license components;

        f.     Conduct that would be in violation of Insurance Code § 750. Specifically, Insight and its owners/operators engaged in the practice of processing, presenting, or negotiating claims, including claims under policies of insurance, and

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

offering, delivering, receiving, or accepting any rebate, refund, commission, or other consideration, whether in the form of money or otherwise, as compensation or inducement to or from any person for the referral or procurement of clients, cases, patients, or customers, including but not limited to engaging in the exchange of patient referral fees, kickbacks, discounts, free rent, and/or other consideration for the opportunity to bill insurance;

g.   Conduct that would be in violation of Penal Code § 550(a). Specifically, Insight and its owners/operators did the following and/or aided, abetted, solicited, or conspired with any person to: knowingly present or cause to be presented any false or fraudulent claim for the payment of a loss or injury (such as for treatments that were not provided or for treatment that was in connection with an illegal practice such as patient referral payments); knowingly present multiple claims for the same loss or injury with an intent to defraud (such as billing more than once for the same treatment); knowingly prepare, make, or subscribe any writing, with the intent to present or use it, or to allow it to be presented, in support of any false or fraudulent claim (such as false medical notes and orders, including to facilitate illegal practices); knowingly make or cause to be made any false or fraudulent claim for payment of a health care benefit; knowingly submit a claim for a health care benefit that was not used by, or on behalf of, the claimant; knowingly present multiple claims for payment of the same health care benefit with an intent to defraud; and/or knowingly present for payment any undercharges for health care benefits;

h.   Conduct that would be in violation of Penal Code § 550(b). Specifically, Insight and its owners/operators did the following or knowingly assisted or conspired with any person to: present or cause to be presented any written or oral statement as part of, or in support of or opposition to, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains any false or misleading information concerning any material fact (such as

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

for treatments that were not provided or for treatment that was in connection with an illegal practice such as patient referral payments); prepare or make any written or oral statement that is intended to be presented to any insurer or any insurance claimant in connection with, or in support of or opposition to, any claim or payment or other benefit pursuant to an insurance policy, knowing that the statement contains any false or misleading information concerning any material fact (such as false medical notes and orders, including to facilitate illegal practices); and/or conceal, or knowingly fail to disclose the occurrence of, an event that affects any person's initial or continued right or entitlement to any insurance benefit or payment, or the amount of any benefit or payment to which the person is entitled (such as continuing to bill for clients that have left or do not need treatment);

i. Conduct that would be in violation of Penal Code § 186.10. Specifically, Insight and its owners/operators conducted or attempted to conduct a transaction or more than one transaction within a seven-day period involving a monetary instrument or instruments of a total value exceeding five thousand dollars ($5,000), or a total value exceeding twenty-five thousand dollars ($25,000) within a 30-day period, through one or more financial institutions with the specific intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of any criminal activity, or knowing that the monetary instrument represents the proceeds of, or is derived directly or indirectly from the proceeds of, criminal activity (such as paying, receiving, or transferring between accounts, through banks, the proceeds from illegal patient referrals, kickbacks, insurance claims);

j. Conduct that would be in violation of Business and Professions Code §§ 650 *et seq.* Specifically, Insight and its owners/operators offered, delivered, received, or accepted any rebate, refund, commission, preference, patronage dividend, discount, or other consideration, whether in the form of money or otherwise, as compensation or inducement for referring patients, clients, or

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1  customers to any person, including paying and receiving patient referral fees and

2  kickbacks in connection with their clients and facilities;

3       k.    Conduct that would be in violation of Business and Professions

4  Code §§ 650.01 *et seq.*  Specifically, Insight and its owners/operators referred

5  persons for laboratory services to a person or entity in which the referring person

6  has a financial interest, including using their own separate laboratories to treat their

7  other businesses' clients;

8       l.    Conduct that would be in violation of 9 CCR § 10508.

9  Specifically, Insight and its owners/operators operated an integral facility, including

10 but not limited to housing clients at one or more properties and treating and/or

11 providing licensed services to the same clients at one or more other properties

12 and/or operating one integrated facility at multiple properties (including all of

13 Insight's and its owners'/operators' properties), without the necessary license(s),

14 including but not limited to a Community Care Facilities Act license and/or a

15 Department of Health Care Services license with the necessary integral facility

16 license components;

17      m.    Conduct that would be in violation of 9 CCR § 10561.

18 Specifically, Insight and its owners/operators failed upon the occurrence of any

19 event identified in 9 CCR § 10561(b) to make a telephonic report to department

20 licensing staff within one (1) working day, and to follow the telephonic report with a

21 written report within seven (7) days of the event, including failing to report deaths,

22 injuries or communicable diseases of clients;

23      n.    Conduct that would be in violation of 9 CCR § 10562.

24 Specifically, Insight and its owners/operators failed to maintain an annual line item

25 budget which includes all revenues and operation costs necessary to achieve its

26 stated goals and objections and monthly financial operating statements which reflect

27 the revenue and expenditure line items identified in the budget;

28      o.    Conduct that would be in violation of 9 CCR § 10564.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

4818-6214-1654.1

-36-    Case No. 8:20-cv-00504 JVS (JDEx)

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

Specifically, Insight and its owners/operators failed to maintain personnel records for all staff, including program administrators, containing the information required under 9 CCR § 10564(l);

   p. Conduct that would be in violation of 9 CCR § 10565. Specifically, Insight and its owners/operators failed to maintain personnel records for each employee containing the information required under 9 CCR § 10565(a);

   q. Conduct that would be in violation of 9 CCR § 10566. Specifically, Insight and its owners/operators failed to address fees in individual written agreements at the time of admission, and by failed to utilize and maintain admission agreements containing the information required under 9 CCR § 10566(b);

   r. Conduct that would be in violation of 22 CCR § 80061. Specifically, Insight and its owners/operators failed upon the occurrence of any event identified in 22 CCR § 80061(b) to make a report to the licensing agency, to follow the report with a written report within seven (7) days of the event, and to report such events to the client's authorized representative;

   s. Conduct that would be in violation of 22 CCR § 80062. Specifically, Insight and its owners/operators failed to develop and maintain a financial plan which ensures resources necessary to meet operating costs, and to maintain financial records;

   t. Conduct that would be in violation of 22 CCR § 80066. Specifically, Insight and its owners/operators failed to maintain personnel records for each licensee, administrator, employee, and volunteer, containing the information required under 22 CCR § 80066(a) and (b);

   u. Conduct that would be in violation of 22 CCR § 80068. Specifically, Insight and its owners/operators failed to complete an individual written admission agreement with each client and the client's authorized representative containing the information required under 22 CCR §§ 80068(c) and 85068;

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

4818-6214-1654.1

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1          v.    Conduct that would be in violation of 22 CCR §§ 80068.5 and

2    85068.5.  Specifically, Insight and its owners/operators failed to follow required

3    eviction procedures, including by not giving adequate written notice or obtaining

4    prior written approval;

5          w.    Conduct that would be in violation of 22 CCR §§ 80069,

6    85068.2, and 85069.3.  Specifically, Insight and its owners/operators failed to obtain

7    required medical and mental health assessments of clients and needs and services

8    plan for clients;

9          x.    Conduct that would be in violation of 22 CCR § 80069.2.

10   Specifically, Insight and its owners/operators failed to perform a functional

11   capabilities assessment in writing for each client with the required information;

12         y.    Conduct that would be in violation of 22 CCR § 80075.

13   Specifically, Insight and its owners/operators failed to have employees that are

14   correctly trained to assist with self-administration of medications;

15         z.    Conduct that would be in violation of Business and Professions

16   Code §§ 2052 and 2400.  Specifically, Insight and its owners/operators without a

17   medical license engaged in the corporate practice of medicine, including by

18   practicing or attempting to practice, advertising or holding themselves out as

19   practicing, any system or mode of treating the sick or afflicted, by diagnosing,

20   treating, operating and prescribing for clients, and/or by conspiring with or aiding

21   and abetting another person to do the same, including but not limited to providing

22   medical treatments for their clients' physical or mental conditions including through

23   their employees or independent contractors (including psychiatrists) at their

24   facilities;

25         aa.    Failure to pay all required payroll and employment taxes.

26   Specifically, Insight and its owners/operators used the labor of their clients as either

27   unpaid "volunteers" or house-managers, who qualified as employees, without

28   paying payroll or employment taxes;

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

bb.     Failure to pay all required business taxes and business license fees.  Specifically, Insight and its owners/operators under-reported and/or concealed illegal revenues and profits, and/or concealed their business operations from taxing authorities, and/or operated without obtaining and paying for necessary business licenses, including from the City;

cc.     Failure to pay all required state and federal income taxes. Specifically, Insight and its owners/operators under-reported and/or concealed illegal revenues and profits, and/or concealed their business operations from taxing authorities;

dd.     Conduct that would be in violation of Labor Code provisions regarding minimum wage, overtime, meal breaks, rest breaks, and pay stubs. Specifically, Insight and its owners/operators used the labor of their clients as either unpaid "volunteers" or house-managers, who qualified as employees, and employed others without paying minimum wage, overtime, meal breaks, rest breaks, and without providing necessary pay stubs;

ee.     Participation in unfair and/or unlawful patient brokering and patient referral arrangements involving compensation, kickbacks, profit sharing, and financial interests in drug testing, drug testing companies, and laboratories, including but not limited to paying for referrals of clients, offering discounts and rebates, and using their own separate companies to provide services to their other businesses' clients while billing insurance;

ff.     Participation in unfair and/or unlawful medication management. Specifically, Insight and its owners/operators used inadequately trained staff and inadequate procedures to store, handle, monitor, distribute, and/or administer medications to clients that created a risk of injury to said clients;

gg.     Participation in unfair and/or unlawful client inducement practices including discounts, rebates, and offering free goods or services. Specifically, Insight and its owners/operators offered discounts and free rent, meal

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

cards, gift cards, services to clients and referral partners to induce clients to use their services;

hh.     Unfair and/or unlawful accounting, bookkeeping, and financial recordkeeping.  Specifically, Insight and its owners/operators concealed illegal revenues and profits from their accounting, concealed illegal sources or uses of funds in their accounting, misapplied funds, failed to record accurately all revenues, expenses, and income, failed to retain and maintain proper accounting records, and used improper accounting techniques to conceal improper financial activities and transactions;

ii.     Operation of business without necessary permits and business license under the Costa Mesa Municipal Code, as well as maintaining or permitting any condition to occur or conducting any use of property that conflicts with California or Federal law, including as a nuisance *per se*.  Specifically, Insight and its owners/operators failed to obtain a necessary conditional use permit and business operator's permit to operate their business in the City of Costa Mesa.  Additionally, Insight and its owners/operators allowed numerous violations of California and/or Federal law to occur in connection with their property and used their property in their violations of such law, including the violations of law alleged in these sub-paragraphs a-oo;

jj.     Selling articles, products or services, including housing, care, supervision, assistance with sobriety, assistance with mental health, drug testing, counseling, psychiatric care, etc., at less than cost for the purpose of injuring competitors or destroying competition.  Insight and its owners/operators charged their clients and referred clients reduced prices at less than cost for their services in order to induce clients away from competitors.  Insight and its owners/operators will bill clients' insurance but not bill clients or collect from clients for services that are unpaid by insurance;

kk.     Giving away articles, products, or services including housing,

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

care, supervision, assistance with sobriety, assistance with mental health, drug testing, counseling, psychiatric care, etc. for the purpose of injuring competitors or destroying competition.  Insight and its owners/operators gave away free housing and other services in order to induce clients away from competitors;

ll.     Selling or using articles, products, or services, including housing, care, supervision, assistance with sobriety, assistance with mental health, drug testing, counseling, psychiatric care, etc., as a "loss leader."  Insight and its owners/operators will give free or discounted services to their clients or referred clients at their purported group homes or sober living homes in order to be able to bill such clients' insurance at their treatment centers;

mm.   Making secret payment or allowance of rebates, refunds, commissions, or unearned discounts to the injury of a competitor and tending to destroy competition.  Insight and its owners/operators gave secret rebates, refunds, and discounts to their own clients, referred clients and others, providing discounted treatments to their clients, referred clients and those clients of other companies, and providing discounts to their clients and referred clients at their purported group homes or sober living homes in exchange for having those clients treated at their treatment facilities;

nn.     Secretly extending to certain purchasers special services or privileges not extended to all purchasers purchasing upon like terms and conditions to the injury of a competitor and tending to destroy competition.  Insight and its owners/operators gave special privileges to their own clients or referred clients, including lower prices, discounts, housing arrangements, kickbacks, etc. to the exclusion of other companies and clients from other companies.  For example, Insight would always accept and provide services at its treatment centers at special pricing arrangements to its purported group home or sober living home clients with the intent to enrich itself and its owners/operators, but it would not do the same for other companies or clients from other companies; and/or

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

oo.    Soliciting violations of Business and Professions Code §§ 17000 *et seq.*  Insight and its owners/operators solicited the selling or giving away of articles, products, or services, and secret rebates, refunds, discounts, special privileges, from other companies in the industry, including owners and lessors of properties that Insight and its owners/operators used.

9.    There is a sufficient nexus between this Affirmative Defense and Plaintiffs' Claims as both speak to the issue of whether Plaintiffs were operating lawfully within the bounds of the City, which could in turn affect the outcome of Plaintiffs' Claims.  Plaintiffs cannot be heard to complain (as they do in their Claims in this action) that they were wrongfully regulated by the City and that the City tried to shut them down through allegedly discriminatory zoning practice if Plaintiffs were or should be barred from operating in the first place.

10.    Even if this Affirmative Defense is not a complete bar to some Claims, Plaintiffs' wrongdoing "must be taken into account" in determining what remedies, if any, would be appropriate even if liability were established.  See McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 360-61 (1995).

11.    This Affirmative Defense is proper as a matter of law at least to some of Plaintiffs' Claims, if not all, including Plaintiffs' § 1983 Claims.  Ganley v. Cty. of San Mateo, 2007 U.S. Dist. LEXIS 26467, at *13 (N.D. Cal. 2007).

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

12.    The FAC and each alleged claim for relief contained therein are barred because Plaintiffs lack standing.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

13.    The FAC and each alleged claim for relief contained therein are barred by the doctrine of laches.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

## NINTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

14.     The FAC and each alleged claim for relief contained therein are barred because Plaintiffs' requested accommodation would have required a fundamental alteration of the nature of the alleged service, program, or activity.

## TENTH AFFIRMATIVE DEFENSE

### (Benefit)

15.     The FAC and each alleged claim for relief contained therein are barred because the City's zoning code is more beneficial to disabled persons and provides a more than equal opportunity to disabled persons, as compared to similarly-situated non-disabled persons.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Business Is Barred)

16.     The FAC and each alleged claim for relief contained therein are barred, in part or in full, because Plaintiffs' business and operations including but not limited to providing care and supervision, holding themselves out as providing care and supervision, accepting clients that demonstrate the need for care and supervision, and/or holding themselves out as licensed without the necessary license, are barred by State Law, including but not limited to the Health & Safety Code § 1503.5, rendering Plaintiffs' business illegal and Plaintiffs unable to state the claims or obtain the requested relief in the FAC.

17.     There is a sufficient nexus between this Affirmative Defense and Plaintiffs' Claims as both speak to the issue of whether Plaintiffs were operating lawfully within the bounds of the City, which could in turn affect the outcome of Plaintiffs' Claims.  Plaintiffs cannot be heard to complain (as they do in their Claims in this action) that they were wrongfully regulated by the City and that the City tried to shut them down through allegedly discriminatory zoning practice if Plaintiffs were or should be barred from operating in the first place.

18.     Even if this Affirmative Defense is not a complete bar to some Claims, Plaintiffs' wrongdoing "must be taken into account" in determining what remedies, if any, would be appropriate even if liability were established.  See McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 360-61 (1995).

## TWELFTH AFFIRMATIVE DEFENSE

### (Subsequently Discovered Defenses)

19.     The City intends to rely upon such other applicable defenses as may become apparent at subsequent stages of this action and hereby reserve the right to assert any such defenses.

## PRAYER FOR RELIEF ON FIRST AMENDED COMPLAINT

WHEREFORE, having fully answered or otherwise responded to the allegations contained in the FAC, the City prays for relief as follows:

1.     That the FAC be dismissed, with prejudice and in its entirety;

2.     That Plaintiffs take nothing by reason of this FAC and that judgment be entered against Plaintiffs and in favor of the City;

3.     That the City be awarded its reasonable attorney's fees, expenses and costs incurred in defending this action; and

4.     That the City be granted such other and further relief as the Court may deem just and proper.

## THIRD AMENDED COUNTERCLAIMS

1.     Counter-Plaintiff City of Costa Mesa, a municipal corporation organized under the laws of the State of California ("the City") brings these Third Amended Counterclaims against Counter-Defendants Insight Psychology and Addiction, Inc., Mary Helen Beatificato, and Gerald Grosso (collectively, "Counter-Defendants") for violating the California Unfair Trade Practices Act, Business & Professions Code §§ 17000 et seq., and for Declaratory Judgment and Injunctive Relief, and allege the following on information and belief:

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

## **COUNTER-DEFENDANTS**

2.      Counter-Defendant Insight Psychology and Addiction, Inc. ("Insight") is a California corporation with its principal place of business in the City of Newport Beach, California.

3.      Counter-Defendant Mary Helen Beatificato ("Beatificato") is an individual and co-founder, CEO, and corporate counsel of Insight.  Beatificato resides in California.

4.      Counter-Defendant Gerald Grosso ("Grosso") is an individual and co-founder and clinical director of Insight.  Grosso resides in California.

5.      Counter-Defendants ROES 1-50, being sued as fictitious names, participated in some or all of the acts alleged below, and are responsible, in whole or in part, for the violations and conducted alleged below.  The names and identities of ROES 1-50 are unknown to the City, and when they are ascertained, the City will seek leave of Court to amend this Counterclaim to state their names and capacities.

6.      At all relevant times, all Counter-Defendants have each acted as an agent, servant, employee, co-conspirator, aider and abettor, and alter-ego of each of the other Counter-Defendants, and in doing the things alleged below acted within the course and scope of such agency, capacity or alter-ego, and/or in furtherance of the same joint venture.  Each of the Counter-Defendant's acts alleged herein were done with the permission and consent of each of the other Counter-Defendants. Each of the Counter-Defendants acted with full knowledge of their respective wrongful conduct as well as the other Counter-Defendants' wrongful conduct, in order to aid and abet and accomplish the acts outlined in this Counterclaim.

7.      The City believes and the evidence will show, after a reasonable opportunity to conduct further investigation and discovery, that at all relevant times, Beatificato and Grosso were the alter egos of Insight, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Counter-Defendants such that any separateness between them has ceased to exist

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

and adherence to the fiction of the separate existence would sanction a fraud or promote injustice, in that Beatificato and Grosso completely controlled, managed, and operated Insight to suit their convenience, including by commingling funds and assets between the individuals and corporate entities, diverting corporate funds and assets for their own personal use, disregarding legal formalities and failing to maintain arm's length relationships among the corporate entities, inadequately capitalizing Insight, holding themselves out as personally liable for the debts of the corporate entity, using the corporate entity as a mere shell, instrumentality or conduit for individual business, using the corporate entity to conceal ownership, management and financial interests and/or personal business activities, and/or using the corporate entity to shield against personal obligations.

## JURISDICTION AND VENUE

8.      This Court has supplemental jurisdiction over this Counterclaim because the Counterclaims relate to Plaintiffs' federal law Claims, arises out of the transactions or occurrences that are the subject matter of Plaintiffs' Claims, arises out of a common nucleus of operative facts, and/or forms part of the same case or controversy under Article III of the United States Constitution.  Specifically, Plaintiffs' Claims and allegations are essentially that the City is illegally trying to shut down their business and that they should not be subject to regulation and should not be shut down by the City.  This Counterclaim is essentially that Plaintiffs' and Counter-Defendants' business is illegal and/or unfair, that it is subject to injunction and/or is barred from operating in the first place, and that Plaintiffs are barred from making their Claims in this action and cannot obtain the relief they seek in their Claims, and that Plaintiffs' and Counter-Defendants' business is and should be regulated, which regulations they are violating, and that it should be shut down.

9.      Counter-Defendants have transacted business within the State of California, including in the County of Orange, at all times relevant to this Counterclaim.  The unfair business practices and violations of law described below

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

occurred in the County of Orange and/or elsewhere in the State of California.

## FIRST COUNTERCLAIM

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17000 *ET SEQ.***

10.   The City realleges and incorporates herein by reference each preceding paragraph of this Counterclaim.

11.   Counter-Defendants were and are purportedly in the business of providing services to consumers, including but not limited to purportedly providing services at purported group homes, purported sober living homes, and purported treatment centers in and outside of the City of Costa Mesa, such as housing, care, supervision, assistance with sobriety, assistance with mental health, drug testing, counseling, psychiatric services, etc.  Counter-Defendants' business operations are also conducted and facilitated through work done at other properties in and outside of the City of Costa Mesa including their offices.

12.   Pursuant to Business and Professions Code § 17043, "[i]t is unlawful for any person engaged in business within this State to sell any article or product [including a service] at less than the cost thereof to such vendor, or to give away any article or product [including a service], for the purpose of injuring competitors or destroying competition."

13.   Pursuant to Business and Professions Code § 17044, "[i]t is unlawful for any person engaged in business within this State to sell or use any article or product as a 'loss leader' as defined in Section 17030 of this chapter."

14.   Pursuant to Business and Professions Code § 17045, "[t]he secret payment or allowance of rebates, refunds, commissions, or unearned discounts, whether in the form of money or otherwise, or secretly extending to certain purchasers special services or privileges not extended to all purchasers purchasing upon like terms and conditions, to the injury of a competitor and where such payment or allowance tends to destroy competition, is unlawful."

15.   Pursuant to Business and Professions Code § 17047, "[i]t is unlawful

4818-6214-1654.1

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

for any manufacturer, wholesaler, distributor, jobber, contractor, broker, retailer, or other vendor, or any agent of any such person, to solicit any violation of this chapter."

16.     Pursuant to Business and Professions Code § 17048, "[i]t is unlawful for any manufacturer, wholesaler, distributor, jobber, contractor, broker, retailer, or other vendor, or any agent of any such person, jointly to participate or collude with any other such person in the violation of this chapter."

17.     Pursuant to Business and Professions Code § 17049, "[t]he prohibitions of this chapter against locality discrimination and sales below cost embrace any scheme of special rebates, collateral contracts or any device of any nature whereby such discrimination or sale below cost is in substance or fact effected in violation of the spirit and intent of this chapter."

18.     Pursuant to Business and Professions Code § 17002, "[t]his chapter shall be liberally construed that its beneficial purposes may be subserved."

19.     Pursuant to Business and Professions Code § 17070, "[a]ny person or trade association may bring an action to enjoin and restrain any violation of this chapter and, in addition thereto, for the recovery of damages."

20.     Pursuant to Business and Professions Code § 17079, "[t]he court may, in its discretion, include in any injunction against a violation of this chapter such other restraint as it may deem expedient in order to deter the defendant from, and insure against, his committing a future violation of this chapter."

21.     Pursuant to Business and Professions Code § 17082, "[i]n any action under this chapter, it is not necessary to allege or prove actual damages or the threat thereof, or actual injury or the threat thereof, to the plaintiff.  But, in addition to injunctive relief, any plaintiff in any such action shall be entitled to recover three times the amount of the actual damages, if any, sustained by the plaintiff, as well as three times the actual damages, if any, sustained by any person who has assigned to the plaintiff his claim for damages resulting from a violation of this chapter."

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

22.     Pursuant to Business and Professions Code § 17082, "[i]n any action under this chapter in which judgment is entered against the defendant the plaintiff shall be awarded a reasonable attorney's fee together with the costs of suit."

23.     The City believes and the evidence will show, after a reasonable opportunity to conduct further investigation and discovery, that since the creation of Insight in or before 2013, Counter-Defendants at all of their properties in and out of the City of Costa Mesa have engaged in the following acts in violation of Business and Professions Code §§ 17000 *et seq.*:

a.     Selling articles, products or services, including housing, care, supervision, assistance with sobriety, assistance with mental health, drug testing, counseling, psychiatric care, etc., at less than cost for the purpose of injuring competitors or destroying competition.  Insight and its owners/operators charged their clients and referred clients reduced prices at less than cost for their services in order to induce clients away from competitors.  Insight and its owners/operators will bill clients' insurance but not bill clients or collect from clients for services that are unpaid by insurance;

b.     Giving away articles, products, or services including housing, care, supervision, assistance with sobriety, assistance with mental health, drug testing, counseling, psychiatric care, etc. for the purpose of injuring competitors or destroying competition.  Insight and its owners/operators gave away free housing and other services in order to induce clients away from competitors;

c.     Selling or using articles, products, or services, including housing, care, supervision, assistance with sobriety, assistance with mental health, drug testing, counseling, psychiatric care, etc., as a "loss leader."  Insight and its owners/operators will give free or discounted services to their clients or referred clients at their purported group homes or sober living homes in order to be able to bill such clients' insurance at their treatment centers;

d.     Making secret payment or allowance of rebates, refunds,

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1    commissions, or unearned discounts to the injury of a competitor and tending to

2    destroy competition.  Insight and its owners/operators gave secret rebates, refunds,

3    and discounts to their own clients, referred clients and others, providing discounted

4    treatments to their clients, referred clients and those clients of other companies, and

5    providing discounts to their clients and referred clients at their purported group

6    homes or sober living homes in exchange for having those clients treated at their

7    treatment facilities;

8            e.      Secretly extending to certain purchasers special services or

9    privileges not extended to all purchasers purchasing upon like terms and conditions

10   to the injury of a competitor and tending to destroy competition.  Insight and its

11   owners/operators gave special privileges to their own clients or referred clients,

12   including lower prices, discounts, housing arrangements, kickbacks, etc. to the

13   exclusion of other companies and clients from other companies.  For example,

14   Insight would always accept and provide services at its treatment centers at special

15   pricing arrangements to its purported group home or sober living home clients with

16   the intent to enrich itself and its owners/operators, but it would not do the same for

17   other companies or clients from other companies; and/or

18           f.      Soliciting violations of Business and Professions Code §§ 17000

19   *et seq.*  Insight and its owners/operators solicited the selling or giving away of

20   articles, products, or services, and secret rebates, refunds, discounts, special

21   privileges, from other companies in the industry, including owners and lessors of

22   properties that Insight and its owners/operators used.

23           g.      Counter-Defendants have all done the above or at least

24   participated or colluded with each other and others to do the above acts.

25       24.    The City believes and the evidence will show, after a reasonable

26   opportunity to conduct further investigation and discovery, that the above unfair

27   and/or unlawful conduct involves Counter-Defendants themselves, especially

28   Insight as a business as a whole, regardless of and not tethered to any particular

1   property, in and out of the City of Costa Mesa.

2        25.    The City believes and the evidence will show, after a reasonable

3   opportunity to conduct further investigation and discovery, that the above unfair

4   and/or unlawful conduct, to the extent it is connected with real property, involves

5   any and all of the Counter-Defendants' properties, including but not limited to

6   residential treatment centers, detoxification centers, outpatient facilities, offices, and

7   including but not limited to all associated or used properties outside of the City of

8   Costa Mesa, including but not limited to 4000 Birch Street in Newport Beach, and

9   206 W. Sierra Drive in Santa Ana.

10       26.    The City believes and the evidence will show, after a reasonable

11  opportunity to conduct further investigation and discovery, that the unfair and/or

12  unlawful conduct as alleged in this Counterclaim caused injury, including loss of

13  money or property, to Counter-Defendants' clients, clients' insurers, Counter-

14  Defendants' business competitors, local, state, and federal governments, including

15  the City.  Counter-Defendants are liable for a fine of not less than one hundred

16  dollars and no more than one thousand dollars for each single violation.

17       27.    The City has suffered injury in fact as a result of Counter-Defendants'

18  unlawful and/or unfair conduct alleged herein.  Specifically, Counter-Defendants'

19  anti-competitive conduct has injured and destroyed competition, reducing the

20  number of competitors in the market and preventing new competitors from entering

21  the market.  Insight itself alleges that it is the only provider of its kind in Orange

22  County, i.e. that it has a monopoly.  The loss and prevention of additional businesses

23  in the City has resulted in the loss of revenue and funds that the City would

24  otherwise have collected, including permit application fees, business license fees,

25  business taxes and other taxes, and other funds associated with the proliferation of

26  businesses and growth of commerce in the City.  In addition, the existence and

27  operation of Counter-Defendants' illegal and/or unfair business has caused the City

28  to suffer, including but not limited to, loss of tax revenue, diminution of property

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

values in the City, diminution of property tax base, loss of reputation leading to loss of tourism and commerce within the City, loss of funds having to be devoted to the investigation, inspection, abatement, enforcement, and provision of city services (including fire, police, health and safety, public hearings) related to dealing with the illegal and/or unfair business, and loss of funds for the provision of public services to Counter-Defendants' clientele such as when Counter-Defendants bring in clients from out of the City or state, extract fees and insurance proceeds from them, then evict them or "graduate" them out of their programs to leave them homeless or in need of assistance in the City.  The loss of funds, and the inability to utilize those funds in alternative projects to the benefit of the City and its citizens, has irreparably injured them, including but not limited to the loss or preclusion of other beneficial public services (fire, police, health and safety, general welfare) that may even have resulted in loss of life.

28.     The City believes and the evidence will show, after a reasonable opportunity to conduct further investigation and discovery, that the unfair and/or unlawful conduct as alleged in this Counterclaim is so engrained and pervasive in Counter-Defendants' business that the appropriate injunctive relief includes injunction against the operation and continuation of the business in its entirety.

29.     The City did not discover the unfair and/or unlawful conduct as alleged in this Counterclaim until recently, but in no event did they discover the conduct until within four years of the filing of this Counterclaim.  Any statute of limitations for any conduct before the filing of this Counterclaim should be equitably tolled, including by the delayed discovery rule, and continuing violations and continuous accrual theories.

30.     Pursuant to Business and Professions Code § 17082, Counter-Defendants shall be liable for three times actual damages and the City's reasonable attorney's fees and costs of suit.

31.     The City seeks recovery of its attorneys' fees incurred in connection

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

with this Counterclaim and the Complaint.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF (28 U.S.C. §§ 2201 and 2202)

32. The City realleges and incorporates herein by reference each preceding paragraph of this Counterclaim.

33. An actual controversy exists between the City and Counter-Defendants within the meaning of 28 U.S.C. §§ 2201 and 2202, which is of sufficient immediacy and reality to warrant declaratory relief.

34. The Declaratory Judgment Counterclaim concerns the issue of whether Counter-Defendants may pursue their Complaint or similar claims against the City.

35. This Declaratory Judgment Counterclaim also concerns the issue of whether Counter-Defendants are operating an illegal and/or barred business, whether they are barred from operating in the State of California, and whether their conduct constitutes a basis for the City of Costa Mesa to take law enforcement, code enforcement, or civil action against Counter-Defendants, including whether their conduct constitutes a nuisance which is subject to abatement, including for violation of the City's Municipal Code and separately for violation of any State of Federal Laws.

36. Specifically, the City believes and the evidence will show, after a reasonable opportunity to conduct further investigation and discovery, that since the creation of Insight in 2013 to the present, Counter-Defendants have engaged in the following unlawful and/or unfair acts:

a. Conduct that would be in violation of the Health and Safety Code §§ 1500 *et seq.* and 11833.05 through 11835 and their attendant regulations. Specifically, Insight and its owners/operators operated and provided care and supervision at all of their properties, including but not limited to assistance with personal hygiene, assistance with taking medication, central storage and/or

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

1   distribution of medications, arrangement of and assistance with medical care,

2   maintenance of house rules, supervision of client schedules and activities,

3   maintenance of a curfew, assistance in developing social skills and coping

4   mechanisms to enable clients to achieve goals such as resuming their education or

5   going back to work, maintenance and/or supervision of client cash resources or

6   property, monitoring of food intake or special diets, and/or providing of

7   transportation services, without the necessary license(s), including but not limited to

8   a Community Care Facilities Act license;

9         b.      Conduct that would be in violation of the Health and Safety

10   Code §§ 1500 *et seq.* and 11833.05 through 11835 and their attendant regulations.

11   Specifically, Insight and its owners/operators operated an integral facility, including

12   but not limited to housing clients at one or more properties and treating and/or

13   providing licensed services to the same clients at one or more other properties

14   and/or operating one integrated facility at multiple properties (including all of

15   Insight's and its owners'/operators' properties), without the necessary license(s),

16   including but not limited to a Community Care Facilities Act license and/or a

17   Department of Health Care Services license with the necessary integral facility

18   license components;

19         c.      Conduct that would be in violation of the Health and Safety

20   Code §§ 1500 *et seq.* and 11833.05 through 11835 and their attendant regulations.

21   Specifically, Insight and its owners/operators represented and/or held themselves out

22   as providing care and supervision, including advertising to clients and to referral

23   partners that they provide services that constitute care and supervision (including

24   those described in sub-paragraph a. above), without the necessary license(s),

25   including but not limited to a Community Care Facilities Act license;

26         d.      Conduct that would be in violation of the Health and Safety

27   Code §§ 1500 *et seq.* and 11833.05 through 11835 and their attendant regulations.

28   Specifically, Insight and its owners/operators accepted and/or retained residents who

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

1    demonstrate the need for care or supervision, including allegedly disabled clients

2    who would suffer injury, relapse, return to emergency rooms or even become

3    homeless, without their services, without the necessary license(s), including but not

4    limited to a Community Care Facilities Act license;

5             e.      Conduct that would be in violation of the Health and Safety

6    Code §§ 1500 *et seq.* and 11833.05 through 11835 and their attendant regulations.

7    Specifically, Insight and its owners/operators represented themselves to clients,

8    referral partners, the City, and others, as licensed without the necessary license(s),

9    including but not limited to a Community Care Facilities Act license and/or a

10   Department of Health Care Services license with the necessary integral facility

11   license components;

12            f.      Conduct that would be in violation of Insurance Code § 750.

13   Specifically, Insight and its owners/operators engaged in the practice of processing,

14   presenting, or negotiating claims, including claims under policies of insurance, and

15   offering, delivering, receiving, or accepting any rebate, refund, commission, or other

16   consideration, whether in the form of money or otherwise, as compensation or

17   inducement to or from any person for the referral or procurement of clients, cases,

18   patients, or customers, including but not limited to engaging in the exchange of

19   patient referral fees, kickbacks, discounts, free rent, and/or other consideration for

20   the opportunity to bill insurance;

21            g.      Conduct that would be in violation of Penal Code § 550(a).

22   Specifically, Insight and its owners/operators did the following and/or aided,

23   abetted, solicited, or conspired with any person to: knowingly present or cause to be

24   presented any false or fraudulent claim for the payment of a loss or injury (such as

25   for treatments that were not provided or for treatment that was in connection with an

26   illegal practice such as patient referral payments); knowingly present multiple

27   claims for the same loss or injury with an intent to defraud (such as billing more

28   than once for the same treatment); knowingly prepare, make, or subscribe any

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

writing, with the intent to present or use it, or to allow it to be presented, in support of any false or fraudulent claim (such as false medical notes and orders, including to facilitate illegal practices); knowingly make or cause to be made any false or fraudulent claim for payment of a health care benefit; knowingly submit a claim for a health care benefit that was not used by, or on behalf of, the claimant; knowingly present multiple claims for payment of the same health care benefit with an intent to defraud; and/or knowingly present for payment any undercharges for health care benefits;

h.      Conduct that would be in violation of Penal Code § 550(b). Specifically, Insight and its owners/operators did the following or knowingly assisted or conspired with any person to: present or cause to be presented any written or oral statement as part of, or in support of or opposition to, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains any false or misleading information concerning any material fact (such as for treatments that were not provided or for treatment that was in connection with an illegal practice such as patient referral payments); prepare or make any written or oral statement that is intended to be presented to any insurer or any insurance claimant in connection with, or in support of or opposition to, any claim or payment or other benefit pursuant to an insurance policy, knowing that the statement contains any false or misleading information concerning any material fact (such as false medical notes and orders, including to facilitate illegal practices); and/or conceal, or knowingly fail to disclose the occurrence of, an event that affects any person's initial or continued right or entitlement to any insurance benefit or payment, or the amount of any benefit or payment to which the person is entitled (such as continuing to bill for clients that have left or do not need treatment);

i.      Conduct that would be in violation of Penal Code § 186.10. Specifically, Insight and its owners/operators conducted or attempted to conduct a transaction or more than one transaction within a seven-day period involving a

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

monetary instrument or instruments of a total value exceeding five thousand dollars ($5,000), or a total value exceeding twenty-five thousand dollars ($25,000) within a 30-day period, through one or more financial institutions with the specific intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of any criminal activity, or knowing that the monetary instrument represents the proceeds of, or is derived directly or indirectly from the proceeds of, criminal activity (such as paying, receiving, or transferring between accounts, through banks, the proceeds from illegal patient referrals, kickbacks, insurance claims);

j.      Conduct that would be in violation of Business and Professions Code §§ 650 *et seq.*  Specifically, Insight and its owners/operators offered, delivered, received, or accepted any rebate, refund, commission, preference, patronage dividend, discount, or other consideration, whether in the form of money or otherwise, as compensation or inducement for referring patients, clients, or customers to any person, including paying and receiving patient referral fees and kickbacks in connection with their clients and facilities;

k.      Conduct that would be in violation of Business and Professions Code §§ 650.01 *et seq.*  Specifically, Insight and its owners/operators referred persons for laboratory services to a person or entity in which the referring person has a financial interest, including using their own separate laboratories to treat their other businesses' clients;

l.      Conduct that would be in violation of 9 CCR § 10508. Specifically, Insight and its owners/operators operated an integral facility, including but not limited to housing clients at one or more properties and treating and/or providing licensed services to the same clients at one or more other properties and/or operating one integrated facility at multiple properties (including all of Insight's and its owners'/operators' properties), without the necessary license(s), including but not limited to a Community Care Facilities Act license and/or a

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

1   Department of Health Care Services license with the necessary integral facility

2   license components;

3           m.      Conduct that would be in violation of 9 CCR § 10561.

4   Specifically, Insight and its owners/operators failed upon the occurrence of any

5   event identified in 9 CCR § 10561(b) to make a telephonic report to department

6   licensing staff within one (1) working day, and to follow the telephonic report with a

7   written report within seven (7) days of the event, including failing to report deaths,

8   injuries or communicable diseases of clients;

9           n.      Conduct that would be in violation of 9 CCR § 10562.

10   Specifically, Insight and its owners/operators failed to maintain an annual line item

11   budget which includes all revenues and operation costs necessary to achieve its

12   stated goals and objections and monthly financial operating statements which reflect

13   the revenue and expenditure line items identified in the budget;

14          o.      Conduct that would be in violation of 9 CCR § 10564.

15   Specifically, Insight and its owners/operators failed to maintain personnel records

16   for all staff, including program administrators, containing the information required

17   under 9 CCR § 10564(l);

18          p.      Conduct that would be in violation of 9 CCR § 10565.

19   Specifically, Insight and its owners/operators failed to maintain personnel records

20   for each employee containing the information required under 9 CCR § 10565(a);

21          q.      Conduct that would be in violation of 9 CCR § 10566.

22   Specifically, Insight and its owners/operators failed to address fees in individual

23   written agreements at the time of admission, and by failed to utilize and maintain

24   admission agreements containing the information required under 9 CCR § 10566(b);

25          r.      Conduct that would be in violation of 22 CCR § 80061.

26   Specifically, Insight and its owners/operators failed upon the occurrence of any

27   event identified in 22 CCR § 80061(b) to make a report to the licensing agency, to

28   follow the report with a written report within seven (7) days of the event, and to

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1   report such events to the client's authorized representative;

2        s.    Conduct that would be in violation of 22 CCR § 80062.

3   Specifically, Insight and its owners/operators failed to develop and maintain a

4   financial plan which ensures resources necessary to meet operating costs, and to

5   maintain financial records;

6        t.    Conduct that would be in violation of 22 CCR § 80066.

7   Specifically, Insight and its owners/operators failed to maintain personnel records

8   for each licensee, administrator, employee, and volunteer, containing the

9   information required under 22 CCR § 80066(a) and (b);

10        u.    Conduct that would be in violation of 22 CCR § 80068.

11   Specifically, Insight and its owners/operators failed to complete an individual

12   written admission agreement with each client and the client's authorized

13   representative containing the information required under 22 CCR §§ 80068(c) and

14   85068;

15        v.    Conduct that would be in violation of 22 CCR §§ 80068.5 and

16   85068.5.  Specifically, Insight and its owners/operators failed to follow required

17   eviction procedures, including by not giving adequate written notice or obtaining

18   prior written approval;

19        w.    Conduct that would be in violation of 22 CCR §§ 80069,

20   85068.2, and 85069.3.  Specifically, Insight and its owners/operators failed to obtain

21   required medical and mental health assessments of clients and needs and services

22   plan for clients;

23        x.    Conduct that would be in violation of 22 CCR § 80069.2.

24   Specifically, Insight and its owners/operators failed to perform a functional

25   capabilities assessment in writing for each client with the required information;

26        y.    Conduct that would be in violation of 22 CCR § 80075.

27   Specifically, Insight and its owners/operators failed to have employees that are

28   correctly trained to assist with self-administration of medications;

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

z.      Conduct that would be in violation of Business and Professions Code §§ 2052 and 2400.  Specifically, Insight and its owners/operators without a medical license engaged in the corporate practice of medicine, including by practicing or attempting to practice, advertising or holding themselves out as practicing, any system or mode of treating the sick or afflicted, by diagnosing, treating, operating and prescribing for clients, and/or by conspiring with or aiding and abetting another person to do the same, including but not limited to providing medical treatments for their clients' physical or mental conditions including through their employees or independent contractors (including psychiatrists) at their facilities;

aa.      Failure to pay all required payroll and employment taxes. Specifically, Insight and its owners/operators used the labor of their clients as either unpaid "volunteers" or house-managers, who qualified as employees, without paying payroll or employment taxes;

bb.      Failure to pay all required business taxes and business license fees.  Specifically, Insight and its owners/operators under-reported and/or concealed illegal revenues and profits, and/or concealed their business operations from taxing authorities, and/or operated without obtaining and paying for necessary business licenses, including from the City;

cc.      Failure to pay all required state and federal income taxes. Specifically, Insight and its owners/operators under-reported and/or concealed illegal revenues and profits, and/or concealed their business operations from taxing authorities;

dd.      Conduct that would be in violation of Labor Code provisions regarding minimum wage, overtime, meal breaks, rest breaks, and pay stubs. Specifically, Insight and its owners/operators used the labor of their clients as either unpaid "volunteers" or house-managers, who qualified as employees, and employed others without paying minimum wage, overtime, meal breaks, rest breaks, and

4818-6214-1654.1                                  -60-      Case No. 8:20-cv-00504 JVS (JDEx)

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1   without providing necessary pay stubs;

2         ee.   Participation in unfair and/or unlawful patient brokering and

3   patient referral arrangements involving compensation, kickbacks, profit sharing, and

4   financial interests in drug testing, drug testing companies, and laboratories,

5   including but not limited to paying for referrals of clients, offering discounts and

6   rebates, and using their own separate companies to provide services to their other

7   businesses' clients while billing insurance;

8         ff.   Participation in unfair and/or unlawful medication management.

9   Specifically, Insight and its owners/operators used inadequately trained staff and

10  inadequate procedures to store, handle, monitor, distribute, and/or administer

11  medications to clients that created a risk of injury to said clients;

12        gg.   Participation in unfair and/or unlawful client inducement

13  practices including discounts, rebates, and offering free goods or services.

14  Specifically, Insight and its owners/operators offered discounts and free rent, meal

15  cards, gift cards, services to clients and referral partners to induce clients to use their

16  services;

17        hh.   Unfair and/or unlawful accounting, bookkeeping, and financial

18  recordkeeping.  Specifically, Insight and its owners/operators concealed illegal

19  revenues and profits from their accounting, concealed illegal sources or uses of

20  funds in their accounting, misapplied funds, failed to record accurately all revenues,

21  expenses, and income, failed to retain and maintain proper accounting records, and

22  used improper accounting techniques to conceal improper financial activities and

23  transactions;

24        ii.   Operation of business without necessary permits and business

25  license under the Costa Mesa Municipal Code, as well as maintaining or permitting

26  any condition to occur or conducting any use of property that conflicts with

27  California or Federal law, including as a nuisance *per se*.  Specifically, Insight and

28  its owners/operators failed to obtain a necessary conditional use permit and business

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND
COUNTERCLAIM

operator's permit to operate their business in the City of Costa Mesa. Additionally, Insight and its owners/operators allowed numerous violations of California and/or Federal law to occur in connection with their property and used their property in their violations of such law, including the violations of law alleged in these sub-paragraphs a-oo;

jj.    Selling articles, products or services, including housing, care, supervision, assistance with sobriety, assistance with mental health, drug testing, counseling, psychiatric care, etc., at less than cost for the purpose of injuring competitors or destroying competition. Insight and its owners/operators charged their clients and referred clients reduced prices at less than cost for their services in order to induce clients away from competitors. Insight and its owners/operators will bill clients' insurance but not bill clients or collect from clients for services that are unpaid by insurance;

kk.    Giving away articles, products, or services including housing, care, supervision, assistance with sobriety, assistance with mental health, drug testing, counseling, psychiatric care, etc. for the purpose of injuring competitors or destroying competition. Insight and its owners/operators gave away free housing and other services in order to induce clients away from competitors;

ll.    Selling or using articles, products, or services, including housing, care, supervision, assistance with sobriety, assistance with mental health, drug testing, counseling, psychiatric care, etc., as a "loss leader." Insight and its owners/operators will give free or discounted services to their clients or referred clients at their purported group homes or sober living homes in order to be able to bill such clients' insurance at their treatment centers;

mm.   Making secret payment or allowance of rebates, refunds, commissions, or unearned discounts to the injury of a competitor and tending to destroy competition. Insight and its owners/operators gave secret rebates, refunds, and discounts to their own clients, referred clients and others, providing discounted

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ★FAX 949-377-3110

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

treatments to their clients, referred clients and those clients of other companies, and providing discounts to their clients and referred clients at their purported group homes or sober living homes in exchange for having those clients treated at their treatment facilities;

nn. Secretly extending to certain purchasers special services or privileges not extended to all purchasers purchasing upon like terms and conditions to the injury of a competitor and tending to destroy competition. Insight and its owners/operators gave special privileges to their own clients or referred clients, including lower prices, discounts, housing arrangements, kickbacks, etc. to the exclusion of other companies and clients from other companies. For example, Insight would always accept and provide services at its treatment centers at special pricing arrangements to its purported group home or sober living home clients with the intent to enrich itself and its owners/operators, but it would not do the same for other companies or clients from other companies; and/or

oo. Soliciting violations of Business and Professions Code §§ 17000 *et seq.* Insight and its owners/operators solicited the selling or giving away of articles, products, or services, and secret rebates, refunds, discounts, special privileges, from other companies in the industry, including owners and lessors of properties that Insight and its owners/operators used.

37. The City is not trying to enforce any laws that it does not have authority to enforce and that do not provide it a private right of action through this Counterclaim, nor is the City seeking penalties or relief afforded by such laws for violations (i.e. the City does not seek recovery of unpaid wages for Counter-Defendants' labor code violations). Instead, by this Counterclaim, the City seeks declarations from this Court that the Counter-Defendants are operating an illegal business, that Counter-Defendants do not have the right or authority to maintain their Claims in this action and any other similar Claims, that Counter-Defendants are barred from operating in the State of California, and/or that Counter-Defendants'

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

1   conduct constitutes a basis for the City to take law enforcement, code enforcement,

2   or civil action against Counter-Defendants, including that their conduct constitutes a

3   nuisance which is subject to abatement, including for violation of the City's

4   Municipal Code and separately for violation of any State of Federal Laws.  The

5   allegations of violations of various statutes and regulations in this Counterclaim are

6   to support an equitable declaration that Counter-Defendants should be precluded

7   from obtaining the relief sought in this action and that they should be enjoined from

8   operating because they are an illegal business.  They are also to support a finding

9   that Counter-Defendants qualify as a nuisance *per se* under the City's Municipal

10  Code, which defines a nuisance as "Maintaining or permitting any condition to

11  occur, or conducting any use of property that conflicts with California or with

12  Federal law."  [Costa Mesa Municipal Code § 20-12(kk)]

13        38.     The City further seeks a permanent injunction against Counter-

14  Defendants' operation of their business.  The City have suffered an irreparable injury

15  due to Counter-Defendants' conduct.  Specifically, Counter-Defendants' anti-

16  competitive conduct has injured and destroyed competition, reducing the number of

17  competitors in the market and preventing new competitors from entering the market.

18  Insight itself alleges that it is the only provider of its kind in Orange County, i.e. that

19  it has a monopoly.  The loss and prevention of additional businesses in the City has

20  resulted in the loss of revenue and funds that the City would otherwise have

21  collected, including permit application fees, business license fees, business taxes

22  and other taxes, and other funds associated with the proliferation of businesses and

23  growth of commerce in the City.  Further, Counter-Defendants' illegal and unethical

24  conduct, in violation of laws and regulations designed to protect a vulnerable

25  population, and Counter-Defendants' exploitation of their clientele to the detriment

26  and injury of their clientele, has reduced their clientele's participation in, and ability

27  to participate in, commerce in the City to the loss of revenue and sales taxes (i.e.

28  Counter-Defendants' illegal, unethical and exploitative practices prevented clients

1   from getting employment and disposable income, forced clients to seek services

2   outside of the City including at Counter-Defendants' and their referral partners'

3   facilities outside the City, and caused clients to vacate the City after going through

4   Counter-Defendants' exploitative programs without success).  In addition, the

5   existence and operation of Counter-Defendants' illegal and/or unfair business has

6   caused the City to suffer, including but not limited to, loss of tax revenue,

7   diminution of property values in the City, diminution of property tax base, loss of

8   reputation leading to loss of tourism and commerce within the City, loss of funds

9   having to be devoted to the investigation, inspection, abatement, enforcement, and

10  provision of city services (including fire, police, health and safety, public hearings)

11  related to dealing with the illegal and/or unfair business, and loss of funds for the

12  provision of public services to Counter-Defendants' clientele such as when Counter-

13  Defendants bring in clients from out of the City or state, extract fees and insurance

14  proceeds from them, then evict them or "graduate" them out of their programs to

15  leave them homeless or in need of assistance in the City.  The loss of funds, and the

16  inability to utilize those funds in alternative projects to the benefit of the City and its

17  citizens, has irreparably injured them, including but not limited to the loss or

18  preclusion of other beneficial public services (fire, police, health and safety, general

19  welfare) that may even have resulted in loss of life.

20      39.    Remedies at law, such as monetary damages, are inadequate to

21  compensate for the injury to the City.

22      40.    Considering the balance of the hardships between the City and

23  Counter-Defendants, a remedy in equity is warranted including injunctive relief.

24      41.    The public interest would not be disserved, and would indeed be

25  served, by a permanent injunction against Counter-Defendants.

## **PRAYER FOR RELIEF ON COUNTERCLAIM**

27      WHEREFORE, the City prays for judgment and relief as follows on its

28  Counterclaim:

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

1.    That Counter-Defendants, together with their successors and assigns and all persons who act in concert with them or on their behalf, be permanently enjoined from engaging in any of the unfair or unlawful acts and practices alleged in the Counterclaim, and any such other acts in connection therewith, and be required to take such actions and adopt such measures as are necessary to prevent them from engaging in any further such acts or practices;

2.    That Counter-Defendants, together with their successors and assigns and all persons who act in concert with them or on their behalf, be permanently enjoined from operating Insight Psychology and Addiction, Inc. and that it be dissolved;

3.    Declarations from this Court that the Counter-Defendants are operating an illegal business, that Counter-Defendants do not have the right or authority to maintain their Claims in this action and any other similar Claims, that Counter-Defendants are barred from operating in the State of California, and/or that Counter-Defendants' conduct constitutes a basis for the City of Costa Mesa to take law enforcement, code enforcement, or civil action against Counter-Defendants, including that their conduct constitutes a nuisance which is subject to abatement, including for violation of the City's Municipal Code and separately for violation of any State of Federal Laws.

4.    A permanent injunction against Counter-Defendants operating their business or any related business, including but not limited to, a Community Care Facility, any facility required to be licensed under the Community Care Facilities Act, any facility required to be licensed by the Department of Social Services, a supportive housing business, a transitional housing business, an alcohol or drug rehabilitation facility, any facility required to be licensed by the Department of Health Care Services, a detoxification center, a rehabilitation center, a group home for the disabled, or a sober living home, in the State of California.

5.    That the City be awarded costs of suit;

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4818-6214-1654.1

THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

6.      That the City be awarded its reasonable attorney's fees;

7.      That judgment be entered against Counter-Defendants and in favor of the City; and

8.      That the City be granted such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL ON BOTH FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant City of Costa Mesa hereby demands a jury trial on all issues so triable.


DATED:  January 11, 2021            EVERETT DOREY LLP


By: _____
                                    Seymour B. Everett, III
                                    Samantha E. Dorey
                                    Christopher D. Lee
                                    Attorneys for Defendant and Counter-
                                    Plaintiff CITY OF COSTA MESA

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

4818-6214-1654.1

-67-    Case No. 8:20-cv-00504 JVS (JDEx)
THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM

File No. 1029-16

1

# PROOF OF SERVICE

2

**Insight Psychology and Addiction Inc. v. City of Costa Mesa**
**Case No. 8:20-cv-00504-JVS-(JDEx)**

3

## STATE OF CALIFORNIA, COUNTY OF ORANGE

4

5        At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 18300 Von Karman Avenue, Suite 900, Irvine, CA 92612.

6

7        On January 11, 2021, I served true copies of the following document(s) described as:

8

**DEFENDANT AND COUNTER-PLAINTIFF CITY OF COSTA MESA'S THIRD AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND THIRD AMENDED COUNTERCLAIM FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17000 *ET SEQ.* AND FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

9

10

11

12        I served the documents on the interested parties in this action as follows:

13        **SEE ATTACHED SERVICE LIST**

14        **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

15

16

17        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18

19        Executed on January 11, 2021, at Irvine, California.

20

21                                          /s/ Kristal N. Mauro
                                        Kristal N. Mauro

22

23

24

25

26

27

28

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

4818-6214-1654.1

File No. 1029-16

**SERVICE LIST**
**Insight Psychology and Addiction Inc. v. City of Costa Mesa**
**Case No. 8:20-cv-00504-JVS-(JDEx)**

| | |
|---|---|
| 1 | |
| 2 | |

Mary Helen Beatificato, Esq.
INSIGHT PSYCHOLOGY AND
ADDICTION, INC.
4000 Birch Street, Suite 112
Newport Beach, California 92660
Phone: (949) 216-3851
Email: ocesq@mac.com

*Attorneys for Plaintiff and Counter-Defendant* INSIGHT PSYCHOLOGY AND ADDICTION, INC. and Counter-Defendants MARY HELEN BEATIFICATO and GERALD GROSSO

Autumn M. Elliott, Esq. (SBN 230043)
Zeenat Hassan (SBN 294138)
Disability Rights California
350 S Bixel Street, Suite 290
Los Angeles, CA 90017
Telephone: (213) 213-8000
Autumn.Elliott@disabilityrightsca.org
Zeenat.Hassan@disabilityrightsca.org

*Attorneys for Plaintiff*
 JANE DOE

Christopher Brancart
BRANCART & BRANCART
P.O. Box 686
Pescadero, CA 94060
Phone: (650) 879-0141
Email: cbrancart@brancrart.com

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

-2-    Case No. 8:20-cv-00504 JVS (JDEx)

PROOF OF SERVICE