**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
  severett@everettdorey.com
Samantha E. Dorey, SBN 281006
  sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
  clee@everettdorey.com
18300 Von Karman Avenue, Suite 900
Irvine, California 92612
Phone: 949-771-9233
Fax: 949-377-3110

**JONES & MAYER**
Kimberly Hall Barlow, Esq., SBN 149902
khb@jones-mayer.com
Bruce A Lindsay, Esq., SBN 102794
bal@jones-mayer.com
Monica Choi Arredondo, Esq. SBN 215847
mca@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendant and Counter-Plaintiff, CITY OF COSTA MESA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation,<br><br>        Plaintiff,<br><br>      vs.<br><br>CITY OF COSTA MESA, a municipal corporation; and DOES 1-10, inclusive,<br><br>        Defendant. | **Case No. 8:20-cv-00504 JVS (JDEx)**<br>Assigned to the Hon. James V. Selna<br><br>**DEFENDANT CITY OF COSTA MESA'S RESPONSE AND OBJECTIONS TO PLAINTIFF INSIGHT PSYCHOLOGY AND ADDICTION, INC.'S SEPARATE STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed Concurrently with Opposition; Statement of Additional Uncontroverted Facts; Objection to Evidence; and Declaration of Christopher D. Lee]* |

Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110
EVERETT DOREY LLP

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

|  |  |
|---|---|
| Date: | January 24, 2022 |
| Time: | 1:30 p.m. |
| Courtroom: | 10C |
| | |
| Trial Date: | April 5, 2022 |

CITY OF COSTA MESA, a municipal corporation,

Counter-Plaintiff,

vs.

INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation; MARY HELEN BEATIFICATO, an individual; GERALD GROSSO, an individual; and ROES 1-50,

Counter-Defendants.

Pursuant to Federal Rule of Civil Procedure, Rule 56(c)(2), Defendant City of Costa Mesa ("the City") hereby responds and objects to Plaintiff and Counter-Defendant Insight Psychology and Addiction, Inc.'s and Counter-Defendants Mary Helen Beatificato's and Gerald Grosso's Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Partial Summary Judgment or, in the alternative, Summary Adjudication of Issues.  The City respectfully requests that the Court sustain the following objections and strike the evidence referred to below.

## RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| 1.  Since February of 2015, Insight has leased six residential units at 2641 Santa Ana Avenue, Units A-F, Costa Mesa, CA 92626 (the "Property"). | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402. Not a "material fact" and not relevant to the Motion. |

4884-1556-9416.1

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| Ex. 425 (Insight's Lease [CITY000156-157]); Binder Decl., ¶ 10; Beatificato Decl., ¶ 10. | [See City's Separate Objections to Evidence Offered in Support of Insight's Motion for Partial Summary Judgment] |
| 2.  Since February of 2015, Insight has provided housing in the six residential units on the Property.<br><br>Ex. 425 (Insight's Lease [CITY000156-157]); Beatificato Decl., ¶ 34; Grosso Decl., ¶ 21, 27-28. | Undisputed for purposes of this Motion.  However, not relevant to the subject matter. Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion.<br><br>[See City's Separate Objections to Evidence Offered in Support of Insight's Motion for Partial Summary Judgment] |
| 3.  Between February of 2015 early-2016, Insight provided shared housing for individuals recovering from substance use disorders at the Property.<br><br>Ex. 315 [Insight's 10/26/2016 Planning Application, Project Description]; Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 2 [Insight's 2/1/2019 Letter, p. 1] [INS002647]); Ex. 321 (Insight's | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| 8/3/2018 Submittal, p. 3, n. 1 ] [CM000175]); Beatificato Decl., ¶¶ 35-37; Grosso Decl., ¶ 27. | Not a "material fact" and not relevant to the Motion.<br><br>[See City's Opposition at Section III.]<br><br>[See City's Separate Objections to Evidence Offered in Support of Insight's Motion for Partial Summary Judgment] |
| 4.  Since late-2016, Insight has provided shared housing for individuals with a primary mental health diagnosis at the Property.<br><br>Ex. 321 (Insight's 8/3/2018 Submittal, pp. 2 – 14] [CM000174 – 186]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 1 [Planning Application – Project Description] [INS002646]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 2 [Insight's 2/1/2019 Letter, pp. 1-3] [INS002647 – 2649]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 9 [Insight's Resident Rules, preamble] [INS002798]); Ex. 324 (Insight's | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602. Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403. Not a "material fact" and not relevant to the Motion.<br><br>[See City's Opposition at Section III.]<br><br>[See City's Separate Objections to Evidence Offered in Support of |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| 2/4/2019 Submittal, Exhibit 10 [Group Home Rules Compliance Certification Form, pp. 1-3] [INS0002801 – 2803] ["Applicant is not using the subject property for sober living"]); Ex. 427 (Transcript of Planning Commission 8/12/2019 Hearing on Insight Appeal, 74:21 – 77:9 [INS004388 – 4391] [Ms. Doe's testimony]); Grosso Decl., ¶¶ 28-29, 39; Beatificato Decl., ¶¶ 37-38; DiCandia Decl., ¶¶ 16-19; Doe Decl., ¶¶ 3-45. | Insight's Motion for Partial Summary Judgment] |
| 5.  Insight's Costa Mesa housing creates a safe and supportive environment where residents with a primary mental health diagnosis can adjust to the transition from 24-hour residential care to community living.<br><br>Grosso Decl., ¶¶ 23-24, 31-32;Beatificato Decl., ¶ 25, 29; DiCandia Decl., ¶¶ 16-19; Doe Decl., ¶ 24-29; Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 2 [Insight's 2/1/2019 Letter, p. 3] [INS002649]); Ex. 321 (Insight's | Disputed to the extent that the fact is being used to try to prove that Insight's residents are handicapped as defined by state and federal law.<br><br>[See City's Opposition at Section V.A.1.]<br><br>Objection to entire "fact" – Lacks foundation and personal knowledge. Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| 8/3/2018 Submittal, pp. 2 – 14 [CM000174 – 186]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 2 [Insight's 2/1/2019 Letter, p. 3] [INS002649]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 9 [Insight's Resident Rules, preamble] [INS002798]); Ex. 327 (Planning Commission's 8/12/2019 Agenda Report on Insight Appeal, Attached Correspondences [Insight's 8/12/2018 Letter, pp. 2-3 [INS001303 – 1304]); Ex. 427 (Transcript of Planning Commission 8/12/2019 Hearing on Insight Appeal, 71:4 – 72:10, 74:21 – 77:9 [two former residents' testimony]); Ex. 432 (Transcript of City Council 11/5/2019 Hearing on Insight Appeal, 59:11 – 60:12 [former resident's testimony]) | matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>[See City's Separate Objections to Evidence Offered in Support of Insight's Motion for Partial Summary Judgment] |
| 6.  No treatment is provided at the Property.<br><br>Doe Decl., ¶ 25; Grosso Decl., ¶ 21; Beatificato Decl., ¶ 41; Ex. 321 (Insight's 8/3/2018 Submittal, pp. 4-5 | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| [CM000176-177] ["No treatment is provided at the property."]) | probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>The only evidence offered are self-serving statements by the plaintiffs and counter-defendants in this case, which blatantly contradicts the statements made in Insight's own Motion.  [See City's Opposition at Section III.]<br><br>[See City's Separate Objections to Evidence Offered in Support of Insight's Motion for Partial Summary Judgment] |
| 7.  There is no requirement that residents of Insight's Costa Mesa housing receive treatment or services from Insight's outpatient office in the City of Newport Beach.<br><br>Grosso Decl., ¶ 22; Beatificato Decl., ¶ Beatificato Decl., ¶ 41; Ex. 321 | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing |

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| (Insight's 8/3/2018 Submittal, pp. 4-5 [CM000176 – 177] ["No treatment is provided at the property."]) | issues.  Fed. R. Evid. 401, 402, 403. Not a "material fact" and not relevant to the Motion.<br><br>Jane Doe testified that "Yes" it was her "understanding that everyone living at the transitional housing was also going and getting treatment from Insight's clinical building," and "if you lived in transitional living, you were going to the clinical site for services."  [Jane Doe Deposition at 100:19-101:10 attached to the Lee Decl. as Exhibit "D"]<br><br>[See City's Separate Objections to Evidence Offered in Support of Insight's Motion for Partial Summary Judgment] |
| 8. Having a disability is one of the admissions criteria for Insight's Costa Mesa housing.<br><br>Grosso Decl., ¶¶ 25-30, 39; Beatificato Decl., ¶ 43; Ex. 324 (Insight's 2/4/2019 | Disputed. The requirement of the Supreme Court is that Ohio House must submit specific evidence of its clients' specific substantial impairments to major life activities on a case-by-case individualized basis, not |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| Submittal, Exhibit 10 [Resident Rules, preamble] [INS002798] ["NSIGHTs Transitional Housing Facility is a facility which provides transitional housing for persons with a non-chronic mental illness such as post-traumatic stress disorder PTSD anxiety depression bipolar and/or ADHD among other diagnoses. Residents must be between the ages of 18 and 80 and must reside at the property voluntarily rather than as part of a court ordered program."]) | merely a diagnosis. <u>See</u> <u>Toyota Motor Mfg., Ky. v. Williams</u>, 534 U.S. at 198; <u>Oxford Invs., L.P. v. City of Phila.</u>, 21 F.Supp.3d 442, 446 (E.D. Pa. 2014). There is no per se rule that all individuals in a drug rehabilitation program qualify as disabled or protected. [See City's Opposition at Section V.A.1.; See also City's Motion for Summary Judgment at pages 16] The only evidence offered are self-serving statements by the plaintiff and counter-defendants in this case, which provides no evidence to satisfy the Supreme Court's mandate of a case-by-case analysis for disability qualification.  At most, it states an unsupported conclusion that Insight's clients have a mental health diagnosis, which is insufficient as a matter of law. The cited declarations do not provide any evidence as to any individual client of Insight, any substantial impairment to a major life activity, or any record of such impairment. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| | Objection to entire "fact" – Lacks foundation and personal knowledge. Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>[See City's Separate Objections to Evidence Offered in Support of Insight's Motion for Partial Summary Judgment] |
| 9. Insight's Clinical Director screens every potential resident to ensure they have a disability that makes Insight's Costa Mesa housing an appropriate placement.<br><br>Grosso Decl., ¶ 25-26, 39; Beatificato Decl., ¶ 43; Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 11 [Intake Policy] | Disputed. The requirement of the Supreme Court is that Ohio House must submit specific evidence of its clients' specific substantial impairments to major life activities on a case-by-case individualized basis, not merely a diagnosis. See Toyota Motor Mfg., Ky. v. Williams, 534 U.S. at 198; Oxford Invs., L.P. v. City of Phila., 21 |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| [INS002804] [referencing "screening process"]) | F.Supp.3d 442, 446 (E.D. Pa. 2014). There is no per se rule that all individuals in a drug rehabilitation program qualify as disabled or protected. [See City's Opposition at Section V.A.1.; See also City's Motion for Summary Judgment at pages 16]<br><br>The only evidence offered are self-serving statements by the plaintiff and counter-defendants in this case, which provides no evidence to satisfy the Supreme Court's mandate of a case-by-case analysis for disability qualification.  At most, it states an unsupported conclusion that Insight's clients have a mental health diagnosis, which is insufficient as a matter of law. The cited declarations do not provide any evidence as to any individual client of Insight, any substantial impairment to a major life activity, or any record of such impairment.<br><br>Objection to entire "fact" – Lacks foundation and personal knowledge. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| | Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>[See City's Separate Objections to Evidence Offered in Support of Insight's Motion for Partial Summary Judgment] |
| 10. Insight's owner (Ms. Beatificato) signed an affirmation for the City under penalty of perjury that "only residents (other than the house manager) who are handicapped as defined by state and federal law shall reside at the group homes."<br><br>Beatificato Decl., ¶ 44; Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 7 [Insight's Operator's Permit Application, Part 8, p. 3] [INS002768]); | The CMMC submittal requirements for a group home permit require an "affirmation" from the applicant of disability of its clients.  The City only assumed because applicants claimed that their residents were disabled in its application materials.   Not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion, but mischaracterizes the deposition transcript. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| Ex. 444 (Bouwens Killeen Depo., 55:8-10, 131:9 – 132:1) | [See City's Separate Objections to Evidence Offered in Support of Insight's Motion for Partial Summary Judgment] |
| 11. Individuals who are recovering from substance use disorders (i.e., drug and alcohol dependency) have different housing needs than people with a primary mental health diagnosis — these are clinically distinct populations.<br><br>Grosso Decl., ¶ 14, 38, 48; Beatificato Decl., ¶¶ 37-38; DiCandia Decl., ¶¶ 12-15, 37; Ex. 321 (Insight's 8/3/2018 Submittal, pp. 5-6, 10-11 [CM000177 – 178, 182 – 183]); Ex. 321 (Insight's 8/3/2018 Submittal, enclosure [CM000187 – 194]) | Disputed to the extent that the fact is being used to try to prove that Insight's residents are handicapped as defined by state and federal law.<br><br>[See City's Opposition at Section V.A.1.]<br><br>Objection to entire "fact" – Lacks foundation and personal knowledge. Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| | [See City's Separate Objections to Evidence Offered in Support of Insight's Motion for Partial Summary Judgment] |
| 12. From late-2016 onward, virtually all of the residents of Insight's Costa Mesa housing have a primary mental health diagnosis.<br><br>Grosso Decl., ¶¶ 28-29, 39; Beatificato Decl., ¶ 38; DiCandia Decl., ¶¶ 15-19, 39-40; Doe Decl., ¶¶ 3-45; Ex. 321 (Insight's 8/3/2018 Submittal, p. 2 [CM000174] ["Rather than turn away individuals without a substance abuse diagnoses something which it had regularly done in the past, NSIGHT decided to differentiate itself by focusing on the provision of psychiatric and mental health related services. By late 2016 NSIGHT has built a stellar reputation for being one of the only facilities in California that treats | Disputed. The requirement of the Supreme Court is that Ohio House must submit specific evidence of its clients' specific substantial impairments to major life activities on a case-by-case individualized basis, not merely a diagnosis. See Toyota Motor Mfg., Ky. v. Williams, 534 U.S. at 198; Oxford Invs., L.P. v. City of Phila., 21 F.Supp.3d 442, 446 (E.D. Pa. 2014). There is no per se rule that all individuals in a drug rehabilitation program qualify as disabled or protected. [See City's Opposition at Section V.A.1.; See also City's Motion for Summary Judgment at pages 16]<br><br>The only evidence offered are self-serving statements by the plaintiff and |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| primary mental health.”]); Ex. 321 (Insight's 8/3/2018 Submittal, p. 3 [CM000175] [“Ninety-nine percent of its residents have a serious but non-chronic mental illness defined as a mental behavioral or emotional disorder resulting in serious functional impairment which substantially interferes with or limits one or more major life activities. Virtually all of its residents have completed an inpatient psychiatric stay or at least 30 days of residential treatment before coming to reside at the property. Typically, resident diagnoses include post-traumatic stress disorder (PTSD), anxiety, depression, bipolar, and/or ADHD.”]); Ex. 322 (Insight's 11/29/2018 Submittal, p. 2 [INS2023] [reiterating Insight's 8/3/2018 Submittal]); (Transcript of Planning Commission 8/12/2019 Hearing on Insight Appeal, 74:22-24 [INS004388] [“I want to be very clear that I don't drink alcohol. I've never been an alcoholic, and I have never been a drug | counter-defendants in this case, which provides no evidence to satisfy the Supreme Court's mandate of a case-by-case analysis for disability qualification.  At most, it states an unsupported conclusion that Insight's clients have a mental health diagnosis, which is insufficient as a matter of law. The cited declarations do not provide any evidence as to any individual client of Insight, any substantial impairment to a major life activity, or any record of such impairment.  Objection to entire "fact" – Lacks foundation and personal knowledge. Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| addict."]); Ex. 415 (Resident Intake Data). | [See City's Separate Objections to Evidence Offered in Support of Insight's Motion for Partial Summary Judgment] |
| 13.  The residents of Insight's Costa Mesa housing rely on the therapeutic environment created by shared housing.<br><br>Grosso Decl., ¶¶ 30-33; DiCandia Decl., ¶¶ 16-19; Doe Decl., ¶¶ 24-34; Ex. 321 (Insight's 8/3/2018 Submittal, pp. 2-3 [CM000174 – 175] ["This 30 bed supportive community provides an ideal environment to help disabled individuals anticipate and overcome the obstacles encountered in everyday living while at the same time fostering the greatest possible degree of autonomy in the least restrictive environment possible. This therapeutic community is ideal for persons discharging from a psychiatric inpatient or residential stay who are either not well organized enough for independent | Disputed to the extent that the fact is being used to try to prove that Insight's residents are handicapped as defined by state and federal law.<br><br>[See City's Opposition at Section V.A.1.]<br><br>Objection to entire "fact" – Lacks foundation and personal knowledge. Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>The only evidence offered are self-serving statements by the plaintiffs and |

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| living or who are faced with returning to unstable living environments. For the majority of the population served by Applicant supportive-housing is not only recommended but essential."] [emph. added]); Ex. 427 (Transcript of Planning Commission 8/12/2019 Hearing on Insight Appeal, 71:4 – 72:10, 74:21 – 77:9 ["Back in 2009 I went to residential treatment for anorexia and relapsed almost immediately when I went back into the world. The relapse had nothing to do with effort or character or lack of heart. It had everything to do with not having transitional living options because I wasn't an addict. [¶] This is exactly what Nsight gave me this time around. They gave me a fighting chance at the one life I have. All of my doctors, some of whom are the best in the world, said I must do transitional living. ... Nsight gave me the imperative step to step back into life so I could walk in freedom. ... If I didn't have Nsight, I wouldn't be alive."] [emph. added]); | counter-defendants in this case, which provides no evidence to satisfy the Supreme Court's mandate of a case-by-case analysis for disability qualification. [See City's Separate Objections to Evidence Offered in Support of Insight's Motion for Partial Summary Judgment] |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| Ex. 432 (Transcript of City Council 11/5/2019 Hearing on Insight Appeal, 59:11 – 60:12) | |
| 14.  From late-2016 onward, virtually all of the residents of Insight's Costa Mesa housing cannot live and/or would not want to live in a sober living home (SLH).<br><br>Grosso Decl., ¶¶ 38, 48; Beatificato Decl., ¶ 38; DiCandia Decl., ¶¶ 32-36 38; Doe Decl., ¶ 41; Ex. 321 (Insight's 8/3/2018 Submittal, pp. 10-11 [CM000182 – 183] [see section titled "Sober Living Homes Cannot Serve the Special Needs of the Mentally Ill"]); Ex. 326 (Insight's 4/12/2019 Letter, pp. 6-8 [INS002539 – 2541] [see section titled "Sober Living Homes Cannot Serve the Special Needs of the Mentally Ill"]); Ex. 327 (Planning Commission's 8/12/2019 Agenda Report on Insight Appeal, Attached Correspondences [Insight's 8/12/2018 Letter, pp. 2-3 [INS001303 – 1304] [explaining why | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602. Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403. Not a "material fact" and not relevant to the Motion.<br><br>[See also City's Separate Objections to Evidence Offered in Support of Insight's Motion for Partial Summary Judgment] |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| Insight's residents cannot live in sober living homes]); Ex. 427 (Transcript of Planning Commission 8/12/2019 Hearing on Insight Appeal, 76:18-19 [INS004390] ["There are no options for women like me who are not battling addition."]) | |
| 15.  The residents of Insight's Costa Mesa housing do not need (nor want) to live in a state-licensed residential care facility.<br><br>Grosso Decl., ¶¶ 37, 49; Beatificato Decl., ¶ 39; DiCandia Decl., ¶¶ 22-28, 38; Doe Decl., ¶ 39; Ex. 321 (Insight's 8/3/2018 Submittal, p. 8 [CM000180] ["Applicants housing provides individuals with the opportunity to live in a residential setting without the restrictions of residential treatment and with the least amount of support necessary to aid in the transition towards independent living. By providing the least restrictive environment possible Applicants | Objection to entire "fact" – Lacks foundation and personal knowledge. Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>Objection to "Ex. 321" and "Ex. 324" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Lacks authentication.  Fed. R. Evid. 901. Inadmissible hearsay without an exception.  Fed. R. Evid. 802.  Not relevant to the subject matter and any |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| housing helps create a sense of normalcy for residents — the disabled individual is doing the normal tasks that any healthy person would do instead of being taken care of the way they are in a licensed residential or hospital facility."] [emph. added]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 2 [Insight's 2/1/2019 Submittal, p. 3] [INS002649] ["This 30 bed supportive community provides an ideal environment to help disabled individuals anticipate and overcome the obstacles encountered in everyday living while at the same time fostering the greatest possible degree of autonomy in the least restrictive environment possible."] [emph. added]) | probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403. [See also City's Separate Objections to Evidence Offered in Support of Insight's Motion] |
| 16.  Without Insight's housing, its residents are significantly more likely to regress after leaving residential care and end up back in the hospital.<br><br>Grosso Decl., ¶¶ 36; Beatificato Decl., ¶ 40; DiCandia Decl., ¶¶ 29-31, 38; Doe | Objection to entire "fact" – Lacks foundation and personal knowledge. Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| Decl., ¶¶ 40, 42; Ex. 321 (Insight's 8/3/2018 Submittal, p. 3] [CM000175] ["With a supportive family-like atmosphere NSIGHTs supportive housing aids residents in their transition from inpatient care to independent living thereby reducing the likelihood that they will use emergency room departments as a 'revolving door.' For many individuals whose home-life is dysfunctional because of physical or emotional abuse and trauma, a supportive housing environment is the only appropriate setting after residential treatment."]); Ex. 427 (Transcript of Planning Commission 8/12/2019 Hearing on Insight Appeal, 74:21 – 77:9 [INS004388 - 4391] ["If I didn't have Nsight, I wouldn't be alive."] [emph. added]) | of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.  Objection to "Ex. 321" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Lacks authentication.  Fed. R. Evid. 901.  Inadmissible hearsay without an exception.  Fed. R. Evid. 802.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  [See also City's Separate Objections to Evidence Offered in Support of Insight's Motion] |
| 17.  Without access to supportive housing, individuals have died by suicide.  DiCandia Decl., ¶ 30; Doe Decl., ¶¶ 29, | Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| 45; Ex. 427 (Transcript of 8/12/2019 Planning Commission Hearing on Insight's Appeal ["I have a very good friend that -- he recently committed suicide because he had a co-occurring mental health disorder, and you know, addiction issues, and it was the mental health disorder that eventually lead to that demise."] | matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.  [See also City's Separate Objections to Evidence Offered in Support of Insight's Motion] |
| 18.  Orange County does not have any other housing like the housing Insight provides in Costa Mesa, and there are very few options elsewhere for Insight's residents in Southern California.  Grosso Decl., ¶¶ 33-35; Beatificato Decl., ¶¶ 30-32; DiCandia Decl., ¶¶ 20-21, 37-40; Doe Decl., ¶ 23; Ex. 321 (Insight's 8/3/2018 Submittal, p. 6 [CM000178] ["While there is a proliferation of sober living homes in Costa Mesa, to Applicant's knowledge there are no other facilities providing short term supportive housing to the | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.  Mr. Grosso admitted in his deposition of the existence of another provider in Costa Mesa, the "Mental Health House," and also described his research |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| mentally disabled anywhere in Costa Mesa or Orange County."]); Ex. 60 [Moss Joyner Report, p. 53] ["the City has never provided any evidence or data showing that, other than Insight's supportive housing, it has Group Homes which serve those with mental health disabilities, a "clinically distinct population."]); Ex. 60 [Moss Joyner Report, pp. 2-3] [showing distances Insight's residents travel to avail themselves of Insight's housing]); Ex. 60 [Moss Joyner Report, p. 83] ["With the denial of Insight's application for a Group Home for those with mental health disabilities, there are no Group Homes of this type in the region, reducing the supply of beds for this population from approximately 30 to 0."]); Ex. 427 (Transcript of Planning Commission 8/12/2019 Hearing on Insight Appeal, 74:21 – 77:9 ["All of my doctors, some of whom are the best in the world, said I must do transitional living. My heart sank when they told me I had two options in America."] | into whether there are others as simply "talking to other places within the community" and nothing else.  [Grosso Deposition at 190:10-192:21 attached to the Lee Decl. as Exhibit "C"]<br><br>Ms. Beatificato also acknowledged the existence of the "Mental Health House" and also admitted that she did no investigation into whether there are other places and has no personal knowledge or experience – "And so it's not that I need to do any investigation to know that.  I just know, by virtue of working in this industry, that the type of housing does not exist."  [Beatificato Deposition at 248:12-249:21 attached to the Lee Decl. as Exhibit "B"]<br><br>[See City's Opposition Sections III-V.]<br><br>Objection to "Ex. 321" – Lacks foundation and personal knowledge. Fed. R. Evid. 602.  Lacks authentication.  Fed. R. Evid. 901. Inadmissible hearsay without an |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

4884-1556-9416.1

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| [emph. added]); Ex. 432 (Transcript of City Council 11/5/2019 Hearing on Insight Appeal, 59:11 – 60:12 ["... Nsight was my only option if I wanted to be able to continue treatment and be reexposed to reality at the same time."]) | exception.  Fed. R. Evid. 802.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Objection to "Ex. 60" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Ms. Moss Joyner is not qualified as an expert witness.  Fed. R. Evid. 702.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  [See also City's Separate Objections to Evidence Offered in Support of Insight's Motion] |
| 19.  The Property has six units.  Ex. 327 (Planning Commission's 8/12/2019 Agenda Report on Insight | Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| Appeal, pp. 5-6 [INS001281 – 1282]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 5 [Site Plans] [INS002654 – 2664]); Binder Decl., ¶ 6. | Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>Objection to "Ex. 327" and "Ex. 324" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Lacks authentication.  Fed. R. Evid. 901.  Inadmissible hearsay without an exception.  Fed. R. Evid. 802.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  [See also City's Separate Objections to Evidence Offered in Support of Insight's Motion] |
| 20.  Three of the units on the Property (i.e., Units A, B, and C) are detached single family dwellings, the other three units (i.e., Units D, E, and F) are attached multi-family | Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| dwellings (i.e., apartments).<br><br>Ex. 327 (Planning Commission's 8/12/2019 Agenda Report on Insight Appeal, pp. 5-6 [INS001281 – 1282]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 5 [Site Plans] [INS002654 – 2664]); Binder Decl., ¶ 6. | matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>Objection to "Ex. 327" and "Ex. 324" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Lacks authentication.  Fed. R. Evid. 901.  Inadmissible hearsay without an exception.  Fed. R. Evid. 802.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.<br><br>[See also City's Separate Objections to Evidence Offered in Support of Insight's Motion] |
| 21.  The Property has at least 24 rooms (including bedrooms and living rooms):<br>Unit A – 4 rooms<br>Unit B – 3 rooms | Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| Unit C – 3 rooms (not counting office)<br>Unit D – 5 rooms<br>Unit E – 4 rooms<br>Unit F – 5 rooms<br><br>Ex. 327 (Planning Commission's 8/12/2019 Agenda Report on Insight Appeal, p. 6, Table 2 [INS001282]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 5 [Site Plans] [INS002654 – 2664]); Beatificato Decl., ¶ 29. | matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>Objection to "Ex. 327" and "Ex. 324" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Lacks authentication.  Fed. R. Evid. 901.  Inadmissible hearsay without an exception.  Fed. R. Evid. 802.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.<br><br>[See also City's Separate Objections to Evidence Offered in Support of Insight's Motion] |
| 22.  The Property has at least 15 bedrooms:<br>Unit A – 3 bedrooms<br>Unit B – 2 bedrooms<br>Unit C – 2 bedrooms (not | Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| __INSIGHT'S UNDISPUTED FACTS__ | __CITY'S RESPONSE AND OBJECTIONS__ |
|---|---|
| counting office)<br><br>Unit D – 3 bedrooms<br><br>Unit E – 2 bedrooms<br><br>Unit F – 3 bedrooms<br><br>Ex. 327 (Planning Commission 8/12/2019 Agenda Report on Insight Appeal, p. 6, Table 2 [INS001282]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 5 [Site Plans] [INS002654 – 2664]) | matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>Objection to "Ex. 327" and "Ex. 324" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Lacks authentication.  Fed. R. Evid. 901.  Inadmissible hearsay without an exception.  Fed. R. Evid. 802.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.<br><br>[See also City's Separate Objections to Evidence Offered in Support of Insight's Motion] |
| 23.  At full capacity, Insight's Costa Mesa housing could accommodate up to 30 residents.<br><br>Ex. 324 Insight's 2/4/2019 Submittal, | Objection to entire "fact" – Lacks foundation and personal knowledge. Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

| __INSIGHT'S UNDISPUTED FACTS__ | __CITY'S RESPONSE AND OBJECTIONS__ |
|---|---|
| Exhibit 2 [Insight's 2/1/2019 Letter, pp. 3-4] [INS002649 - 2650]); Beatificato Decl., ¶ 20 | matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>Objection to "Ex. 324" – Lacks foundation and personal knowledge. Fed. R. Evid. 602.  Lacks authentication.  Fed. R. Evid. 901. Inadmissible hearsay without an exception.  Fed. R. Evid. 802.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.<br><br>[See also City's Separate Objections to Evidence Offered in Support of Insight's Motion] |
| 24.  The typical occupancy of Insight's Costa Mesa housing is less than 25 residents.<br><br>Beatificato Decl., ¶ 20 | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602. Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not |

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| | relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>[See also City's Separate Objections to Evidence Offered in Support of Insight's Motion] |
| 25.  Insight has never housed more than six residents in any unit on the Property. Three of the units (i.e.,<br>Units A, D, and F) can house up to six people and the other three units (i.e., Units B, C, and E) can house up to four people.<br><br>Beatificato Decl., ¶ 21; Ex. 324 Insight's 2/4/2019 Submittal, Exhibit 2 [Insight's 2/1/2019 Letter, pp. 3-4] [INS002649-2650]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 5 [Site Plans] [INS002654 – 2664]) | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602. Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403. Not a "material fact" and not relevant to the Motion.<br><br>Objection to "Ex. 324" – Lacks foundation and personal knowledge. Fed. R. Evid. 602.  Lacks |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| | authentication.  Fed. R. Evid. 901.  Inadmissible hearsay without an exception.  Fed. R. Evid. 802.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403. [See also City's Separate Objections to Evidence Offered in Support of Insight's Motion] |
| 26.  There are 12 parking spaces on the Property. Ex. 327 (Planning Commission 8/12/2019 Agenda Report on Insight Appeal, p. 6, Table 2 [INS001282]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 5 [Site Plans] [INS002654 – 2664]) | Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. Objection to "Ex. 324" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Lacks |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| | authentication.  Fed. R. Evid. 901.  Inadmissible hearsay without an exception.  Fed. R. Evid. 802.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403. |
| 27.  Most of Insight's residents do not have their own vehicles.<br><br>Beatificato Decl. ¶¶ 23, 64, 73(e); Ex. 427 (Transcript of Planning Commission 8/12/2019 Hearing on Insight Appeal, 39:19-21 [INS004353] ["Yes, it's true Nsight does allow transitional living clients to bring their own vehicles.  Most of them don't."]) | Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion, but mischaracterizes the transcript from those proceedings.<br><br>[See also City's Separate Objections to Evidence Offered in Support of Insight's Motion] |
| 28.  Insight's housing has never had an insufficient number of on-site | Objection to entire "fact" – Lacks foundation and personal knowledge. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| parking spaces for Insight's residents and employees.<br><br>Beatificato Decl. ¶ 23 | Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>[See also City's Separate Objections to Evidence Offered in Support of Insight's Motion] |
| 29.  Insight has a "Good Neighbor Policy" for the residents of its Costa Mesa housing.<br><br>Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 9 [Insight's Good Neighbor Policy] [INS002800]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 9 [Insight's Resident Rules, Rule 3] [INS002798]); Ex. 324 (Insight's 2/4/2019 Submittal, Exhibit 10 [Group Homes House Rules Compliance | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>Objection to "Ex. 324" – Lacks foundation and personal knowledge. Fed. R. Evid. 602.  Lacks authentication.  Fed. R. Evid. 901. Inadmissible hearsay without an exception.  Fed. R. Evid. 802.  Not relevant to the subject matter and any |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

-33-                    8:20-cv-00504 JVS (JDEx)

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| Certification Form, Question 4] [INS002803] ["Applicant does have a Good Neighbor policy. See Exhibit 9"]) | probative value is substantially outweighed by a danger of confusing issues.  Fed. R. Evid. 401, 402, 403. |
| 30.  The last time the City a code enforcement complaint about Insight's Costa Mesa housing was October of 2016.<br><br>Ex. 327 (Planning Commission 8/12/2019 Agenda Report on Insight Appeal, p. 7 [INS001283]); Ex. 371 (Complaint Investigation, p. 3 ["11/07/16: Property is compliant with GH Ordinance 15-11 and all garages are code compliant.  I am closing this case."]); Ex. 447 (Karuga Depo., 116:10-13, 124:18-22). | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact," and therefore, irrelevant, but mischaracterizes the transcript from the deposition. |
| 31.  There are other multi-family apartment buildings directly to the north and south of the Property.<br><br>Ex. 321 (Insight's 8/3/2018 Submittal, p. 4, Figure 2.0 [CM000176]); Ex. 327 (Planning Commission 8/12/2019 Agenda Report on Insight Appeal, p. 2 | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆ FAX 949-377-3110

-34-                    8:20-cv-00504 JVS (JDEx)

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| [INS001278]); Binder Decl., ¶¶ 7-8. | |
| 32.  The City's General Plan land use designation for the Property is Medium Density Residential.  Ex. 327 (Planning Commission 8/12/2019 Agenda Report on Insight Appeal, p. 3 [INS001279]); Ex. 416 (General Plan Land Use Map [INS000783]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |
| 33.  The City's zoning for the Property is R2-MD (i.e., Multiple-Family Residential District, Medium Density).  Ex. 327 (Planning Commission 8/12/2019 Agenda Report on Insight Appeal, p. 3 [INS001279]); Ex. 330 (Zoning Map [INS001147]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |
| 34.  R2-MD (i.e., Multiple-Family Residential District, Medium Density) is one of the City's multifamily residential zoning districts.  Ex. 60 (Moss Joyner 7/26/2021 Report, | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| Appendix B [CityCode 16-17] [CMMC § 13-20]); Ex. 60 (Moss Joyner 7/26/2021 Report, Appendix B [CityCode 30] [CMMC § 13-30(e)]). | |
| 35.  Since before 2015, the City's Zoning Code has permitted single-family dwellings by right in all of its residential zoning districts, including the R2-MD zoning district.<br><br>Ex. 417 (CMMC Table 13-30, Row 1 and n.4 [current Land Use Matrix]); Ex. 418 (CMMC Table 13-30, Row 1 and n.4 [Land Use Matrix as of Mar. 19, 2013]); Ex. 378 [excerpts of Land Use Matrix showing 2015 changes]); Ex. 443 (Le 30(b)(6) Depo., 99:1-8 [no permitting process for "single housekeeping units"]) | Undisputed for purposes of this Motion as to single-family dwellings being used as single housekeeping units. However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403. Not a "material fact" and not relevant to the Motion. |
| 36.  Since before 2015, the City's Zoning Code has permitted multi-family dwellings by right in all of its residential zoning districts, including the R2-MD zoning district. | Undisputed for purposes of this Motion as to multi-family dwellings being used as single housekeeping units. However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403. |

4884-1556-9416.1

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| Ex. 417 (CMMC Table 13-30, Rows 2 and 2.1 and n.4 [current Land Use Matrix]); Ex. 418 (CMMC Table 13-30, Rows 2 & 2.1 and n.4 [Land Use Matrix as of Mar. 19, 2013]); Ex. 378 [excerpts of Land Use Matrix showing 2015 changes]); Ex. 443 (Le 30(b)(6) Depo., 99:1-8 [no permitting process for "single housekeeping units"]) | Not a "material fact" and not relevant to the Motion. |
| 37.  Since before 2015, the City's Zoning Code has defined "single-family dwelling" and "multi-family dwelling" by reference to how many "families" occupy the dwelling(s) (i.e., one family for "single-family" and more than one family for "multi-family").<br><br>Ex. 312 (CMMC § 13-6 [current definitions]); Ex. 418 (CMMC § 13-6 [definitions as of March of 2013]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |
| 38.  Since before 2015, the City's Zoning Code has defined "family" as one or more persons occupying one dwelling unit and living together as a | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, |

4884-1556-9416.1

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| "single housekeeping unit."<br><br>Ex. 312 (CMMC § 13-6 [current definitions]); Ex. 418 (CMMC § 13-6 [definitions as of March of 2013]) | 403.  Not a "material fact" and not relevant to the Motion. |
| 39.  The effective date of Ordinance 13-05 was January 2, 2014.<br><br>Ex. 421 (Ord. 13-05, p. 1, § 5 [CM001294]) | Undisputed for purposes of this Motion. |
| 40.  Prior to January 2, 2014 (i.e., the effective date of Ord. 13-05), the City's Zoning Code defined "single housekeeping unit" as "the functional equivalent of a traditional family, whose members are a nontransient interactive group of persons jointly occupying a single dwelling unit, including the joint use of common areas and sharing household activities and responsibilities such as meals, chores, and expenses."<br><br>Ex. 418 (CMMC § 13-6 [definitions as of March of 2013]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>The City's definitions of "single housekeeping unit" are attempts to encompass true single housekeeping units, which Insight is not. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| 41.  In 2011, the City attempted to enforce a "six or fewer" residents requirement against a residential service facility on Van Buren Avenue.<br><br>Ex. 420 (Planning Commission 10/14/2013 Agenda Report on Ord. 13-05, p. 2 [CM003032] ["In 2011, in response to a complaint received by the City's Code Enforcement Division, the City attempted to enforce the six or fewer requirement against a single-family residence on Van Buren Avenue."]). | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |
| 42.  In 2012, the operator of the facility on Van Buren Avenue filed a civil action against the City.  The Court ruled in favor of the operator and held the City liable for over $10,000 in financial damages.<br><br>Ex. 419 (Plaintiff's Claim and Order to Got to Small Claims Court); Ex. 419 (Notice of Entry of Judgment); Ex. 420 | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| (Planning Commission 10/14/2013 Agenda Report on Ord. 13-05, p. 2 [CM003032] ["The case was referred to the City Attorney for action, and the operator took the City to civil court for the action.  The Court ruled in favor of the operator, and held the City liable for financial damages incurred by the operator."]) | |
| 43.  Effective January 2, 2014, Ordinance No. 13-05 amended the Zoning Code's definition of "single housekeeping unit" to read as follows: "Single housekeeping unit means that the occupants of a dwelling unit have established ties and familiarity with each other, jointly use common areas, interact with each other, share meals, household activities, lease agreement or ownership of the property, expenses, and responsibilities; membership in the single housekeeping unit is fairly stable as opposed to transient, and members have | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>The City's definitions of "single housekeeping unit" are attempts to encompass true single housekeeping units, which Insight is not. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| some control over who becomes a member of the single housekeeping unit."<br><br>Ex. 421 (Ord. 13-05, p. 1, § 1 [CM001294]) | |
| 44.  The City's stated purpose its 2013 amendment the Zoning Code's definition of "single housekeeping unit" was to "allow the City to more effectively enforce the maximum limit of six persons per residential care or residential service facility in an R1 zone and withstand legal scrutiny."<br><br>Ex. 420 (Planning Commission 10/14/2013 Agenda Report on Ord. 13-05, p. 2 [CM003032]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>The City's definitions of "single housekeeping unit" are attempts to encompass true single housekeeping units, which Insight is not. |
| 45.  The effective date of Ordinance No. 14-13 was November 20, 2014.<br><br> Ex. 422 (Ord. 14-13, p. 18, § 6 [INS003136]). | Undisputed for purposes of this Motion. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| 46.  Ever since November 20, 2014 (i.e., the effective date of Ordinance No. 14-13), the Zoning Code's definition of "single housekeeping unit" has read as follows: "Single housekeeping unit means that the occupants of a dwelling unit have established ties and familiarity with each other, jointly use common areas, interact with each other, share meals, household activities, and expenses and responsibilities; membership in the single housekeeping unit is fairly stable as opposed to transient, members have some control over who becomes a member of the household, and the residential activities of the household are conducted on a nonprofit basis. There is a rebuttable presumption that integral facilities do not constitute single housekeeping units. Additional indicia that a household is not operating as a single housekeeping unit include but are not limited to: the occupants do not share a lease agreement or ownership of the | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.

The City's definitions of "single housekeeping unit" are attempts to encompass true single housekeeping units, which Insight is not. |

4884-1556-9416.1

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| property; members of the household have separate, private entrances from other members; members of the household have locks on their bedroom doors; members of the household have separate food storage facilities, such as separate refrigerators." <br><br> Ex. 422 (Ord. 14-13, p. 9, § 1 [INS003127]); Ex. 312 (CMMC § 13-6 [current definitions]). | |
| 47.  Under the City's current definition, a "group home" cannot qualify as a "single housekeeping unit." <br><br> Ex. 312 (CMMC § 13-6 [current definitions]); Ex. 443 (Le 30(b)(6) Depo., 94:4-10 ["By definition, a group home is not a single housekeeping unit."]); Ex. 443 (Le 30(b)(6) Depo., 95:13-25 [group home would not qualify as a "single housekeeping unit" under any circumstances]); Ex. 443 (Le 30(b)(6) Depo., 101:4-10 ["by | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403. <br><br> It is not that a group home cannot qualify as a single housekeeping unit, it |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| definition, the group home isn't a single housekeeping unit"]); Ex. 58 (Criste Report, pp. 3-4); Ex. 442 (Criste Depo., 121:16 – 126:15); Ex. 60 (Moss Joyner Report, pp. 26-29) | is that any true single housekeeping unit (whether a supportive group living arrangement for disabled persons or not) is not subject to the Group Home Regulations.  A true single housekeeping unit (even if a resident-self-run group home like an Oxford House model) simply is not regulated under the Group Home Regulations. But Insight is not a true single housekeeping unit. |
| 48.  Prior to November 20, 2014 (i.e., the effective date of Ordinance No. 14-13), the City did not have regulations for "group homes."<br><br>Ex. 422 (Ord. 14-13, pp. 7-18, §§ 1-3 [INS003125 – 3126]); Ex. 418 (Land Use Matrix of March of 2013 [CM-JG-0014296 – 14313]) | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.<br><br>Boardinghouses (whether they could qualify as a group home or not) always required a use permit under the City's |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| | Zoning.  Declaration of Jennifer Le [Dkt. 140-1] at ¶ 7.  The City's zoning is "excluded unless expressly allowed," which if there really was not group home regulations then they would automatically be excluded and require a special permit to operate. |
| 49.  Effective November 20, 2014, Ordinance No. 14-13 created group homes regulations for the single family residential (R1) zoning district only.<br><br>Ex. 422 (Ord. 14-13, pp. 7-18, §§ 1-3 [INS003125 – 3126]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion.<br><br>Boardinghouses (whether they could qualify as a group home or not) always required a use permit under the City's Zoning.  Declaration of Jennifer Le [Dkt. 140-1] at ¶ 7.  The City's zoning is "excluded unless expressly allowed," which if there really was not group home regulations then they would automatically be excluded and require a special permit to operate. |
| 50.  For the R1 district only, Ordinance No. 14-13 created a | Undisputed for purposes of this Motion.  However, not relevant to the |

4884-1556-9416.1

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| requirement for a small group home (6 or fewer occupants) to obtain a special use permit (SUP). Ex. 422 (Ord. 14-13, pp. 9-13 [CMMC § 13-311] [INS003127 – 3131]) | subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |
| 51.  For the R1 district only, Ordinance No. 14-13 did not permit a group home with 7 or more occupants. Ex. 422 (Ord. 14-13, pp. 9-13 [CMMC § 13-311] [INS003127 – 3131]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |
| 52.  For the R1 district only, Ordinance No. 14-13 prohibited a sober living home from being located within 650 feet, as measured from the closest property lines, of any other sober living home or a state licensed alcoholism or drug abuse recovery or treatment facility. Ex. 422 (Ord. 14-13, p.11 [CMMC § 13-311(a)(10)(i)] [INS003129]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| 53.  For the R1 district only, Ordinance No. 14-13 prohibited "[i]ntegral group home facilities."<br><br>Ex. 422 (Ord. 14-13, p.10 [CMMC § 13-311(a)(7)] [INS003128]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |
| 54.  For the R1 district only, Ordinance No. 14-13 required group homes to have "a house manager who resides at the group home or any multiple of persons acting as a house manager who are present at the group home on a 24- hour basis and who are responsible for the day-to-day operation of the group home."<br><br>Ex. 422 (Ord. 14-13, p.10 [CMMC § 13-311(a)(4)] [INS003128]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |
| 55.  For the R1 district only, Ordinance No. 14-13 required group homes to ensure "[a]ll garage and driveway spaces associated with the dwelling unit shall, at all times, be available for the parking of vehicles." | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| Ex. 422 (Ord. 14-13, p.10 [CMMC § 13-311(a)(5)] [INS003128]) | |
| 56.  For the R1 district only, Ordinance No. 14-13 prohibited residents and the house manager of group homes from storing or parking more than "a single vehicle at the dwelling unit or on any street within 500 feet of the dwelling unit" and required the vehicle to be "operable and currently used as a primary form of transportation for a resident of the group home." <br><br> Ex. 422 (Ord. 14-13, p.10 [CMMC § 13-311(a)(5)] [INS003128]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. |
| 57.  Ordinance No. 14-13 exempted "single housekeeping units" from all of its requirements for "group homes." <br><br> Ex. 422 (Ord. 14-13, p.7 [CMMC § 13-6] [INS003125] ["Group homes shall not include ... any group home that operates as a single housekeeping | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402, 403.  Not a "material fact" and not relevant to the Motion. <br><br> Any true single housekeeping unit (whether a supportive group living arrangement for disabled persons or |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| unit."]) | not) is not subject to the Group Home Regulations. But Insight is not a true single housekeeping unit. |
| 58. The effective date of Ordinance No. 15-11 was December 17, 2015.<br><br>Ex. 424 (Ord. 15-11, p. 10, § 8 [INS003150]). | Undisputed for purposes of this Motion. |
| 59. Prior to December 17, 2015 (i.e., the effective date of Ord. No. 15-11), the City did not have group home regulations for any of its multifamily residential zoning districts, including the R2-MD zoning district.<br><br>Ex. 424 (Ord. 15-11, pp. 6-9, §§ 2-5 [INS003146 – 3149] [text of new regulations for multi-family zones]); Ex. 423 (Planning Commission 10/12/2015 Agenda Report on Ord. 15-11, pp. 6-8 [INS000436 – 438] [summarizing new regulations for multi-family zones]); Ex. 423 (Planning Commission 10/12/2015 Agenda Report | Disputed. Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation. Fed. R. Evid. 602. Improper legal argument and conclusion. Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues. Fed. R. Evid. 401, 402, 403.<br><br>Boardinghouses (whether they could qualify as a group home or not) always required a use permit under the City's Zoning. Declaration of Jennifer Le [Dkt. 140-1] at ¶ 7. The City's zoning is "excluded unless expressly allowed," |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| on Ord. 15-11, pp. 8-9 [INS000439] [explaining alternative to Ord. 15-11 is to continue to allow group homes in multi-family neighborhoods with no separation or CUP requirements]); Ex. 420 (Planning Commission 10/14/2013 Agenda Report on Ord. 13-05, p. 2 [CM003032] ["Per State law, the City is required to treat residential facilities serving six or fewer persons (defined in the Zoning Code above as residential care and residential service facilities), as a single-family residential use ..."]) | which if there really was not group home regulations then they would automatically be excluded and require a special permit to operate. |
| 60.  Effective December 17, 2015, Ordinance No. 15-11 created a requirement for a small group home (6 or fewer occupants) in a multi-family district to obtain a special use permit (SUP).<br><br>Ex. 424 (Ord. 15-11, pp. 6-7, [CMMC § 13-222] [INS003146 – 3147]) | Undisputed for purposes of this Motion.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.<br><br>Boardinghouses (whether they could qualify as a group home or not) always required a use permit under the City's |

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| | Zoning.  Declaration of Jennifer Le [Dkt. 140-1] at ¶ 7.  The Group Home Regulations provide a beneficial exception to the Boardinghouse Regulations for boardinghouses that can qualify as a group home. |
| 61.  Effective December 17, 2015, Ordinance No. 15-11 created a requirement for a large group home (7 or more occupants) in a multi-family district to obtain a conditional use permit (CUP).<br><br>Ex. 424 (Ord. 15-11, pp. 7-8, [CMMC § 13-223] [INS003147 – 3148]) | Undisputed for purposes of this Motion.  Improper legal argument and conclusion. Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.<br><br>Boardinghouses (whether they could qualify as a group home or not) always required a use permit under the City's Zoning.  Declaration of Jennifer Le [Dkt. 140-1] at ¶ 7.  The Group Home Regulations provide a beneficial exception to the Boardinghouse Regulations for boardinghouses that can qualify as a group home. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| 62. Effective December 17, 2015, Ordinance No. 15-11 prohibited a group home from being located within 650 feet of any group home, sober living home or state licensed drug and alcohol treatment facility, as measured from the property line.<br><br>Ex. 424 (Ord. 15-11, pp. 7-8, [CMMC § 13-222(a)(3), § 13-223(b)] [INS003147–3148]) | Undisputed for purposes of this Motion. |
| 63. Effective December 17, 2015, Ordinance No. 15-11 required the operator of a large group home (7 or more occupants) to obtain an operator's permit.<br><br>Ex. 424 (Ord. 15-11, p. 8, [CMMC § 13-223(c)] [INS003148]) | Undisputed for purposes of this Motion. Improper legal argument and conclusion. Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues. Fed. R. Evid. 401, 402, 403.<br><br>Boardinghouses (whether they could qualify as a group home or not) always required a use permit under the City's Zoning. Declaration of Jennifer Le [Dkt. 140-1] at ¶ 7. The Group Home |

-52-                    8:20-cv-00504 JVS (JDEx)
CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| | Regulations provide a beneficial exception to the Boardinghouse Regulations for boardinghouses that can qualify as a group home regardless of whether they need an operator's permit or not. |
| 64.  Prior to December 17, 2015 (i.e., the effective date of Ord. No. 15-11), the City's Zoning Code allowed up to six people per unit without a use permit.  Ex. 423 (Planning Commission 10/12/2015 Agenda Report on Ord. 15-11, p. 2 [INS000432] ["current zoning interpretation allows up to 6-persons per unit, without a use permit, regardless of the unit size"]); Ex. 421 (Planning Commission 10/14/2013 Agenda Report on Ord. 13-05, p. 2 [CM003032] ["Per State law, the City is required to treat residential facilities serving six or fewer persons (defined in the Zoning Code above as residential care and residential service facilities), as a single-family | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.  Insight (a boardinghouse) always required a permit under the City's Zoning.  Declaration of Jennifer Le [Dkt. 140-1] at ¶ 7.  Also, Insight is a 30-person facility, not a under 6 property. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| residential use ..."]) | |
| 65.  Prior to adopting the group home regulations, the City's Zoning Code had a land use category called "residential service facility," which was defined as "[a] residential facility, other than a residential care facility, boardinghouse, or single housekeeping unit, where the operator provides to the residents personal services, in addition to housing." | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403. |
| Ex. 418 (Excerpts of Zoning Code as of March of 2013 [CM-JG-0014258 – 14264] [definitions as of March of 2013]) | For a short period that is not relevant Residential Service Facilities were a category of land use, but Insight admits that it does and did not qualify as such a use – "No services" are offered at the property.  [See Insight's Motion at 4;11-14] |
| 66.  Prior to adopting the group home regulations, the City's Zoning Code permitted residential service facilities of "6 or fewer" by right in all of its residential zones with no separation requirements. | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| Ex. 418 (Excerpts of Zoning Code as of March of 2013 [CM-JG-0014258 – 14296] [Land Use Matrix as of March of 2013]); Ex. 377 (Excerpts of Land Use Matrix prior to Ord. 14-13); Ex. 423 (Planning Commission 10/12/2015 Agenda Report on Ord. 15-11, p. 2 [INS000432] ["current zoning interpretation allows up to 6-persons per unit, without a use permit, regardless of the unit size"]); Ex. 423 (Planning Commission 10/14/2013 Agenda Report on Ord. 13-05, p. 2 [CM003032] ["Per State law, the City is required to treat residential facilities serving six or fewer persons (defined in the Zoning Code above as residential care and residential service facilities), as a single-family residential use ..."]) | any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.  For a short period that is not relevant Residential Service Facilities were a category of land use, but Insight admits that it does and did not qualify as such a use – "No services" are offered at the property.  [See Insight's Motion at 4;11-14]  Also, Insight is a 30-person facility, not a under 6 property. |
| 67.  Prior to December 17, 2015 (i.e., the effective date of Ord. No. 15-11), the City's Zoning Code permitted "up to 6-persons per unit, without a use permit, regardless of the | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| unit size." | Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403. |
| Ex. 423 (Planning Commission 10/12/2015 Agenda Report on Ord. 15-11, p. 2 [INS000432] ["current zoning interpretation allows up to 6-persons per unit, without a use permit, regardless of the unit size"]); Ex. 420 (Planning Commission 10/14/2013 Agenda Report on Ord. 13-05, p. 2 [CM003032] ["Per State law, the City is required to treat residential facilities serving six or fewer persons (defined in the Zoning Code above as residential care and residential service facilities), as a single-family residential use ..."]) | The statements are referring to licensed 6 and under facilities that are precluded by regulation by State law, not just any use.  Insight (a boardinghouse) always required a permit under the City's Zoning.  Declaration of Jennifer Le [Dkt. 140-1] at ¶ 7.  Also, Insight is a 30-person facility, not a under 6 property. |
| 68.  Prior to August of 2016, no one from the City ever told Insight it would need a use permit (e.g., a CUP) for Insight's housing at the Property.

Beatificato Decl., ¶ 45; Ex. 371 (Complaint Investigation, p. 2 [CM000356]) | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| | the issues.  Fed. R. Evid. 401, 402, 403.  The Zoning Code "told" Insight that it would need a permit.  Just because Insight operated illegally and secretly without informing the City of its illegal operations does not mean that the City would not have told it that it needed a permit from the beginning. |
| 69.  Ordinance 14-13 referenced "complaints from residents about the proliferation of sober living homes."  Ex. 422 (Ord. 14-13, p. 2, last recital [INS003120]); Ex. 424 (Ord. 15-11, p. 4, fourth full recital [INS003144]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402. Not a "material fact" and not relevant to the Motion. |
| 70.  The City has a Nuisance Ordinance.  Ex. 341 (CMMC Title 20, Chapter III, §§ 20-11, et seq.); Ex. 58 (Criste Report p. 6) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402. Not a "material fact" and not relevant to the Motion.  Of course cities can address concerns through multiple procedures. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| 71.  The City has a Noise Ordinance.<br><br>Ex. 449 (CMMC Title 20, Chapter XIII, §§ 13-277, et seq.); Ex. 58 (Criste Report p. 6) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion.<br><br>Of course cities can address concerns through multiple procedures. |
| 72.  Ordinances 14-13 and 15-11 referenced concerns about group homes' impacts to traffic, parking, noise, smoking, and City services (sewer, water, parks, libraries, transportation infrastructure, fire and police).<br><br>Ex. 422 (Ord. 14-13, pp. 5-6, last recital [INS003123 - 3124]); Ex. 424 (Ord. 15-11, p. 4, fourth full recital [INS003144]) | Undisputed for purposes of this Motion that one of the legitimate non-discriminatory purposes of the Group Home Regulations included addressing such secondary impacts. |
| 73.  The City did no impact studies or other technical analysis to evaluate the tangible impacts of its existing group homes before adopting Ordinances 14-13 and 15-11. | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| Ex. 443 (Le 30(b)(6) Depo, 56:14-22); Ex. 60 (Moss Joyner Report, pp. 76-78 [City's separation requirement and "overconcentration" standards are "arbitrary"]) | any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.

Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir. 2002) ('[C]ourts only require that [a defendant] honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless.').  See Kawaoka v. City of Arroyo Grande, 796 F.Supp. 1320, 1328 (C.D. Cal. 1992) ("City legislative acts, including the general plan update, are presumed valid.  [Citation]  The city is not required to justify its actions with specific evidence or documented reports.  'Although such planning and study are doubtless desirable, due process does not require a legislative body to perform any particular studies or prepare any particular analysis to justify its decisions.'  [Citation]."). |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| 74.  One of the stated purposes of Ordinances 14-13 and 15-11 was to address the perceived "overconcentration" of group homes.<br><br>Ex. 60 (Moss Joyner Report, pp. 16-17); Ex. 422 (Ord. 14-13, p. 3, second recital [INS003121] ["the number of sober living homes in the City of Costa Mesa is rapidly increasing, leading to an overconcentration of sober living homes in the City' s R1 neighborhoods"]); Ex. 424 (Ord. 15-11, p. 2, last recital [INS003142] ["it is reasonable to infer that unlicensed sober living homes are locating in the City at a higher concentration than in nearby communities"]); Ex. 424 (Ord. 15-11, p. 3, first recital [INS003143] ["over the last decade the number of sober living homes in the City of Costa Mesa is rapidly increasing, leading to an overconcentration of sober living homes in certain of the City' s residential neighborhoods"]); Ex. 424 (Ord. 15-11, p. 5, first recital [INS003145] | Undisputed for purposes of this Motion that one of the legitimate non-discriminatory purposes of the Group Home Regulations was to prevent overconcentration. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| [regulations will lessen the "secondary impacts from over concentration of both group homes in a neighborhood and large numbers of unrelated adults residing in a single facility in an individual home"]) | |
| 75.  Since 2014 (i.e., the year Ordinance 14-13 went into effect), the City's data reported that the City has only approved one CUP for a large group home (12 beds).<br><br>Ex. 60 (Moss Joyner Report, p. 19); Ex. 437 (Smartsheet - City Approved Sober Living/Group Homes WEB [INS004296]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion. |
| 76.  Since 2014 (i.e., the year Ordinance 14-13 went into effect), the City's data reported that the City has only approved 10 SUPs  for small group homes (66 beds).<br><br>Ex. 60 (Moss Joyner Report, p. 19); Ex. 437 (Smartsheet - City Approved Sober Living/Group Homes WEB | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| [INS004296]) | |
| 77.  As of April of 2021, the City's data reported that at least 83 group homes had closed (a loss of more than 563 beds).<br><br>Ex. 60 (Moss Joyner Report, p. 22-24); Ex. 435 (Smartsheet - Closed Operations WEB [INS004306]) | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.<br><br>See Declaration of Jennifer Le [Dkt. 140-1] at ¶ 16: The chart that the City published of "Operations that have closed" does not reflect actual group homes serving actual disabled persons, how many, or why they closed or when – the City had no knowledge that the listed operators were actually operating in the first place (many were based on unsubstantiated citizen complaints), or that they were serving any actual disabled persons or how many, or whether they actually closed |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| | instead of relocating in the City. Further, the City has no knowledge of when the operators actually started operating or stopped, if they did. Lastly, the City does not have knowledge that any listed closures were caused by anything the City did or whether from any other reason. |
| 78.  As of April of 2021, the City's data reported that the City has issued administrative citations to more than 60 group homes.<br><br>Ex. 436 (Smartsheet - Group Homes Cited WEB with Highlighting [INS004299 - 4305] [highlighting shows group homes that have closed according to Ex. 435]); Ex. 435 (Smartsheet - Closed Operations WEB [INS004306]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion. |
| 79.  Adopted in November of 2015, Ordinance 15-11 reported the City had 107 unlicensed group homes, providing 600 beds. | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| Ex. 424 (Ord. 15-11, p. 2, second to last recital [INS003142]) | Not a "material fact" and not relevant to the Motion. |
| 80.  As of April of 2021, the City's data reported that it had 16 City-approved unlicensed group homes, providing 177 beds.<br><br>Ex. 437 (Smartsheet - City Approved Sober Living/Group Homes WEB) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion. |
| 81.  Since December of 2015, group homes that are not state-licensed and/or City-approved are subject to code enforcement by the City.<br><br>Ex. 333 (City's 11/14/2019 Letter requesting Insight cease operations); Ex. 436 (Group Homes Cited WEB with Highlighting [INS004299 - 4305] [highlighting shows group homes that have closed according to Ex. 435]); Ex. 435 (Smartsheet - Closed Operations WEB [INS004306]); Ex. 441 (Moss Joyner Depo., 113:9 – 115:12]) | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.<br><br>Any property in violation of City codes are "subject to code enforcement by the City" and were so at all relevant times, not just "since December 2015." |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| 82.  Adopted in November of 2015, Ordinance 15-11 reported the City had "44 licensed residential facilities/ certified alcohol and drug programs in residential zones, providing 411 beds." <br><br> Ex. 424 (Ord. 15-11, p. 2, second to last recital [INS003142]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion. |
| 83.  As of April of 2021, the City's data reported that the City has 44 DHCS-licensed facilities, providing 331 beds. <br><br> Ex. 438 (Smartsheet - DHCS facilities WEB [INS004297 - 4298]) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion. |
| 84.  Adopted in November of 2015, Ordinance 15-11 reported the City had one state-licensed facility, providing 76 beds. <br><br> Ex. 424 (Ord. 15-11, p. 2, second to last recital [INS003142]) | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| | Mischaracterizes the evidence, which actually says that the City had 1586 beds including 44 licensed residential facilities and 1 additional facility on two separate parcels providing 76 beds in a non-residential zone. |
| 85.  Insight retained an expert to study and analyze the statistical impacts of the City's regulations of non-institutional group quarters (i.e., boardinghouses and group homes).<br><br>Ex. 60 (Moss Joyner Report); Ex. 441 (Moss Joyner Depo., 33:10-13) | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.<br><br>Ms. Joyner's opinions are ungrounded, irrelevant and plainly incorrect as shown by her deposition.  See Opposition Section IV. and Joyner Deposition attached to the Lee Decl. as Exhibit "A." |
| 86.  Residents of non-institutional group quarters (like group homes and | Disputed.  Objection to entire "fact" – Lacks foundation and personal |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| boardinghouses) are much more likely to have disabilities than the general population.<br><br>Ex. 60 (Moss Joyner Report, pp. 14-15) | knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.<br><br>Ms. Joyner's opinions are ungrounded, irrelevant and plainly incorrect as shown by her deposition.  See Opposition Section IV. and Joyner Deposition attached to the Lee Decl. as Exhibit "A." |
| 87.  In August of 2016, Insight received a citation notice from the City informing it that Insight's housing was a "sober living/group home" that required a conditional use permit ("CUP") and an operator's permit.<br><br>Beatificato Decl., ¶ 45; Ex. 352 (Citation Notice); Ex. 355 (Citation) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402. Not a "material fact" and not relevant to the Motion. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| 88.  On or about October 26, 2016, Insight submitted an application for a CUP and operator's permit.<br><br>Beatificato Decl., ¶¶ 48, 51; Ex. 315 (Insight's 10/26/2016 CUP Application) | Undisputed for purposes of this Motion. |
| 89.  In or around March of 2018, the City discovered an apparent separation conflict for Insight's housing — Insight's housing was located within 650' of certain state-licensed drug and alcohol treatment facilities in unincorporated Orange County (the "County facilities").<br><br>Ex. 319 (City's March 2018 Email Chain) | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.<br><br>Insight was required to obtain a CUP from its inception.  Had it properly applied for and obtained a CUP then, it would not have needed a new CUP under the Group Home Regulations. Insight was operating illegally and cannot complain that its illegal |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
| --- | --- |
| | operation caused it to be disqualified for a CUP later on. |
| | Further, of course the City can take into account County facilities when the City regulates within the City – the County facilities still contribute to all of the secondary effects (overcrowding, institutionalization, change of neighborhood, parking, traffic, noise, smoke, etc.) to the residents of the City near the border, regardless of the fact that the County facilities happen to be across the border.  The City should be able to protect and benefit its neighborhoods of the City on the borders just like it can for the neighborhoods deeper within the City.  Why would the City not be able to take the County facilities into account when deciding whether to allow another group home operator that would exacerbate the same issues for the same residents? |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| 90.  On or about July 2, 2018, the City informed Insight of the apparent separation conflict — Insight's housing was located within 650' of the County facilities.<br><br>Beatificato Decl., ¶ 52; Ex. 320 (City's 7/2/2018 Letter) | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.<br><br>Insight was required to obtain a CUP from its inception.  Had it properly applied for and obtained a CUP then, it would not have needed a new CUP under the Group Home Regulations. Insight was operating illegally and cannot complain that its illegal operation caused it to be disqualified for a CUP later on.<br><br>Further, of course the City can take into account County facilities when the City regulates within the City – the County facilities still contribute to all of the secondary effects |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| | (overcrowding, institutionalization, change of neighborhood, parking, traffic, noise, smoke, etc.) to the residents of the City near the border, regardless of the fact that the County facilities happen to be across the border.  The City should be able to protect and benefit its neighborhoods of the City on the borders just like it can for the neighborhoods deeper within the City.  Why would the City not be able to take the County facilities into account when deciding whether to allow another group home operator that would exacerbate the same issues for the same residents? |
| 91.  According to state licensing records, the County facilities opened more than a year after Insight started providing housing in Costa Mesa.

Beatificato Decl., ¶ 53 | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| | the issues.  Fed. R. Evid. 401, 402, 403. |
| | Insight was required to obtain a CUP from its inception.  Had it properly applied for and obtained a CUP then, it would not have needed a new CUP under the Group Home Regulations. Insight was operating illegally and cannot complain that its illegal operation caused it to be disqualified for a CUP later on. |
| | Further, of course the City can take into account County facilities when the City regulates within the City – the County facilities still contribute to all of the secondary effects (overcrowding, institutionalization, change of neighborhood, parking, traffic, noise, smoke, etc.) to the residents of the City near the border, regardless of the fact that the County facilities happen to be across the border.  The City should be able to protect and benefit its neighborhoods |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| | of the City on the borders just like it can for the neighborhoods deeper within the City.  Why would the City not be able to take the County facilities into account when deciding whether to allow another group home operator that would exacerbate the same issues for the same residents? |
| 92.  If the City had approved a CUP for Insight's housing before the County facilities opened, there is nothing the City could have done to prevent the County facilities from opening.<br><br>Ex. 444 (Bouwens-Killeen Depo., 80:12-22); Ex. 443 (Le 30(b)(6) Depo., 67:1-10) | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.<br><br>Insight was required to obtain a CUP from its inception.  Had it properly applied for and obtained a CUP then, it would not have needed a new CUP under the Group Home Regulations.  Insight was operating illegally and |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| | cannot complain that its illegal operation caused it to be disqualified for a CUP later on. |
| | Further, of course the City can take into account County facilities when the City regulates within the City – the County facilities still contribute to all of the secondary effects (overcrowding, institutionalization, change of neighborhood, parking, traffic, noise, smoke, etc.) to the residents of the City near the border, regardless of the fact that the County facilities happen to be across the border.  The City should be able to protect and benefit its neighborhoods of the City on the borders just like it can for the neighborhoods deeper within the City.  Why would the City not be able to take the County facilities into account when deciding whether to allow another group home operator that would exacerbate the same issues for the same residents? |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

4884-1556-9416.1

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233  ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| 93.  City staff told Insight they would recommend denial of Insight's CUP unless Insight was able to obtain approval of a "reasonable accommodation."<br><br>Ex. 320 (City's 7/2/2018 Letter); Beatificato Decl., ¶ 54. | Undisputed for purposes of this Motion that Insight did not qualify for a CUP. Since Insight did not qualify for a CUP, it would need a reasonable accommodation (but it also did not end up qualifying for that either). |
| 94.  On or about August 3, 2018, Insight submitted an application for a Reasonable Accommodation asking the City to either: (1) waive the 650' separation requirement for Insight's housing; or (2) determine that Insight's housing is not within the purview of the City's group home regulations.<br><br>Beatificato Decl., ¶ 55; Ex. 321 (Insight's 8/3/2018 RA Submittal) | Undisputed for purposes of this Motion. |
| 95.  In response to requests from the City, Insight supplemented its submittals on or about September 28, 2018, November 29, 2018 and February 4, 2019. | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion. |

4884-1556-9416.1

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| Beatificato Decl., ¶¶ 56-58; Ex. 426 (Insight's 9/28/2018 Supplemental Submittal); Ex. 322 (Insight's 11/29/2018 Supplemental Submittal); Ex. 324 (Insight's 2/4/2019 Supplemental Submittal) | |
| 96.  On or about April 5, 2019, the City's Director of Economic and Development Services ("Director") denied Insight's Reasonable Accommodation request.<br><br>Beatificato Decl., ¶¶ 59-61; Ex. 325 (City's 4/5/2019 Director Denial Letter) | Undisputed for purposes of this Motion. |
| 97.  The Planning Commission directed staff to not relax the 650-foot separation requirement for group homes.<br><br>Ex. 445 (Vander Dussen Depo., 124:9 – 127:9); Ex. 444 (Bouwens-Killeen Depo., 182:25 – 183:5 ["So in order to get relief from the separation requirement, what findings would need | Undisputed for purposes of this Motion that a 650 foot separation requirement was required to obtain a CUP.  The separation requirement is fundamental to the City's zoning and not relaxing it is what fundamental means.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| to be made?" ... "That she was 650 feet away from another group home"], 71:8-19, 101:10 – 104:25, 108:23 – 110:22, 112:5 – 113:3, 137:6-23, 144:15-20, 146:9-25, 147:12 – 148:13, 191:14 – 192:22, 193:12-21); Ex. 443 (Le 30(b)(6) Depo., 68:17 – 69:5, 87:8-11, 103:21 – 104:6, 124:14-22, 125:19-24, 127:6-18) | |
| 98.  Insight appealed the Director's denial of Insight's Reasonable Accommodation Request to the City's Planning Commission.<br><br>Beatificato Decl., ¶ 62-63; Ex. 326 (Insight's 4/12/2019 Letter) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion. |
| 99.  On or about August 12, 2019, the Planning Commission held a noticed public hearing on Insight's appeal.<br><br>Beatificato Decl., ¶¶ 64-67; Ex. 431 (Agenda Report for 8/12/2019 Planning Commission Appeal Hearing); Ex. 427 (Certified Transcript of 8/12/2019 | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| __INSIGHT'S UNDISPUTED FACTS__ | __CITY'S RESPONSE AND OBJECTIONS__ |
|---|---|
| Planning Commission Appeal Hearing) | |
| 100.  The Planning Commission adopted a Resolution upholding the Director's denial of Insight's Reasonable Accommodation Request and denying Insight's CUP<br><br>Ex. 428 (Planning Commission Denial Resolution) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402. Not a "material fact" and not relevant to the Motion. |
| 101.  Insight appealed the Planning Commission's denial of Insight's Reasonable Accommodation Request and CUP to the City Council.<br><br>Beatificato Decl., ¶ 68; Ex. 430 (Insight's 8/13/2019 Application for Review) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter. Fed. R. Evid. 401, 402. Not a "material fact" and not relevant to the Motion. |
| 102.  On or about November 5, 2019, the City Council held a noticed public hearing on Insight's appeal.<br><br>Beatificato Decl., ¶¶ 69-71; Ex. 431 (Agenda Report for 11/5/2019 City Council Appeal Hearing); Ex. 432 | Undisputed for purposes of this Motion.  However, not relevant to the subject matter. Fed. R. Evid. 401, 402. Not a "material fact" and not relevant to the Motion. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

4884-1556-9416.1

-78-

8:20-cv-00504 JVS (JDEx)

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| (Certified Transcript of 11/5/2019 City Council Appeal Hearing) | |
| 103.  The City put the burden on Insight to prove the City could make all eight of the findings the City's Zoning Code (CMMC § 13-200.62(f)) requires for a Reasonable Accommodation.<br><br>Beatificato Decl., ¶¶ 60-61, 67, 72, 73(a); Ex. 325 (Director Denial Letter); Ex. 428 (Planning Commission Denial Resolution); Ex. 434 (City Council Denial Resolution); Ex. 444 (Bouwens-Killeen Depo., 185:6-19, 186:4-19); Ex. 443 (Le 30(b)(6) Depo., 109:12-19); Ex. 380 (CMMC § 13-200.62); Ex. 60 (Moss Joyner Report, pp. 68-69 ["language in the City's enforcement of its Reasonable Accommodation Policy creates additional obstacles to the provision of housing for the disabled in the way it has been applied to the Group Home Reasonable Accommodation applications submitted by Insight for its | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.<br><br>The City does not improperly shift burdens.  The City provides an opportunity for an applicant to provide whatever information and evidence they want to try to meet the requirements or satisfy the findings for their application.  If the applicant chooses not to provide anything, the City will rely on what information it has and make a finding.  If the City makes a finding that one of the requirements was not met based on the |

EVERETT DOREY LLP<br>Attorneys at Law<br>18300 VON KARMAN AVENUE, SUITE 900<br>IRVINE, CALIFORNIA 92612<br>TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| 2641 Santa Ana Avenue, Units A-F"], pp. 78-88 [discussing problems with City's reasonable accommodation procedure]) | information, or lack thereof, presented, an applicant that refused to take advantage of the opportunity to provide any information to support their application cannot reasonably complain.  For example, the City has made an assessment that overcrowding of group homes will fundamentally alter the purpose of the zoning scheme, and if an overcrowded applicant provides nothing to contradict such an assessment, then the City will make a finding of fundamental alteration and also that the applicant did nothing to justify a different finding. |
| 104.  The Planning Commission and City Council rejected Insight's offers to stipulate to conditions of approval that would alleviate the City's stated concerns about parking and occupancy.  Beatificato Decl.,  ¶¶ 67, 72, 73(e), (f); Ex. 444 (Bouwens-Killeen Depo., 175:18 – 176:19 [parking]; 179:3 – | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

4884-1556-9416.1

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| 182:7 [occupancy], 198:12 – 199:3) | Insight did not qualify for a CUP regardless of whether it offered to reduce the number of people or cars. |
| 105.  The City Council cut off Insight's owner (Ms. Beatificato) midway into her presentation.<br><br>Beatificato Decl.,  ¶ 71; Ex. 432 (Transcript of City Council Hearing, 25:21-25, 37:15, 41:13-14, 41:23, 42:5-6, 43:6-7 – 44:15) | Disputed.  Objection to entire "fact" – Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.  No one is allowed to speak excessively at any City Council hearing and whether Ms. Beatificato was "cut off" is not a "material fact" and not relevant to the Motion. |
| 106.  After making a motion to adopt the Resolution denying Insight's appeal, Mayor Pro Tem Stephens said the basis for his motion was that he was "very confused with what services are provided by this Applicant" and that he "couldn't tell you at this point – based on the information I have and the presentation tonight, what exactly the nature of the illnesses are that the residents have and what type of | Undisputed that such statement was made for purposes of this Motion.  Objection to entire "fact" – Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| treatment they're receiving and so forth." <br><br> Ex. 432 (Transcript of City Council Hearing, 66:10 – 68:8) | |
| 107.  Councilmember Genis explained the basis for her vote as follows: "Is it appropriate land use at this location under our ordinances? Under our ordinances the answer is clearly no. It doesn't meet the separation requirement. We cannot make the findings required under our ordinance. Plain and simple it does not meet the land use criteria." <br><br> Ex. 432 (Transcript of City Council Hearing, 70:12-17); Ex. 60 (Moss Joyner Report, pp. 85-87 [highlighting "tautological" reasoning for City's denial of Insight's reasonable accommodation request — "'Granting the accommodation to consider this facility as exempt from the requirements of Ordinance 15-11 would | Undisputed that such statement was made for purposes of this Motion. Objection to entire "fact" and "evidence" – Improper legal argument and conclusion.  Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403. |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| prevent the City from applying any zoning regulations applicable to a group home operation.' [quoting City Council Agenda Report] This is untrue, and negates the entire purpose of a Reasonable Accommodation."]) | |
| 108. The City Council adopted a Resolution upholding the Planning Commission's denial of Insight's Reasonable Accommodation Request and denying Insight's CUP.<br><br>Ex. 434 (City Council Denial Resolution) | Undisputed for purposes of this Motion. |
| 109. There are no alternate sites in Costa Mesa where Insight could feasibly relocate its housing.<br><br>Beatificato Decl., ¶¶ 73(m), 78-82; Binder Decl., ¶¶ 12-23; Grosso Decl., ¶¶ 42-43; Ex. 444 (Bouwens-Killeen Depo., 215:24 – 218:10 ["I think it's very hard to find properties just about anyplace in the United States and also internationally."]) | Disputed. Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation. Fed. R. Evid. 602. Improper legal argument and conclusion. Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues. Fed. R. Evid. 401, 402, 403. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

4884-1556-9416.1

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| | When asked: "Did Insight ever task anybody with that, to go find an alternative property that could work?" Mr. Grosso testified: "No." [Grosso Deposition at 77:14-17 attached to the Lee Decl. as Exhibit "C"]<br><br>Ms. Beatificato, as 30(b)(6) representative of Insight, testified that she is "not sure" why she cannot find alternative housing, and she provided no basis for her statements about alternative housing other than she does not know of any at the time. [Beatificato Deposition at 214:3-219:10 attached to the Lee Decl. as Exhibit "B"] |
| 110.  On November 14, 2019, the City sent Insight a letter requesting Insight "cease operations of the subject group home by December 14, 2019."<br><br>Ex. 333 (City's 11/14/2019 Letter) | Undisputed for purposes of this Motion. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| 111.  Insight has continued providing its housing while this action has been pending.<br><br>Beatificato Decl., ¶ 76 | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion. |
| 112.  The City is aware that Insight has continued providing its housing the while this action has been pending.<br><br>Ex. 447 (Karuga Depo., 106:8-12, 107:1-24, 111:13-17) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion. |
| 113.  The City has not served a notice of violation, issued a citation, or opened a code enforcement case to stop Insight from operating while this litigation is pending.<br><br>Beatificato Decl., ¶ 76; Ex. 447 (Karuga Depo., 111:13-17, 116:10-13, 122:11 – 124:22) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402.  Not a "material fact" and not relevant to the Motion. |
| 114.  If Insight stops providing housing at the Property, the six units on the Property will return to being leased as apartment rentals with no City | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| restrictions on their occupancy, the number of vehicles tenants can have, the length of the tenants' lease terms, or whether the tenants are "good neighbors."<br><br>Binder Decl., ¶¶ 16-19; Ex. 444 (Bouwens-Killeen Depo., 194:12-22 [length of tenancy], 204:13 – 205:16 [occupancy], 207:5 – 208:6 [occupancy, number of vehicles, smoking, loud music, good neighbor policies]); Ex. 443 (Le 30(b)(6) Depo., 99:1-8 [no permits required]; 119:7-11 [occupancy]); Ex. 58 (Criste Report). | and conclusion.  Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.<br><br>This "fact" is purely improper speculation on potential future events. |
| 115.  If Insight does not prevail in this action (i.e., if the Court upholds the City's actions with respect to Insight), and if the City's group home regulations are still in effect (e.g., they haven't been repealed or determined through another legal action to be unenforceable), then Insight will stop providing housing at the Property. | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge, calls for speculation.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701. Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| INSIGHT'S UNDISPUTED FACTS | CITY'S RESPONSE AND OBJECTIONS |
|---|---|
| Beatificato Decl., ¶ 77 | Such conclusory statement does not obviate the need for a declaration/injunction/order by this Court. |
| 116.  Other than Insight continuing  to provide housing without a CUP and operator's permit while this litigation is pending, the City have no facts to support its claim that Insight's housing is a nuisance.<br><br>Ex. 443 (Le 30(b)(6) Depo., pp 73-78, 88-92 [doesn't have facts to support City's nuisance claim and was instructed not to answer questions about whether City is investigating Insight for nuisance-related violations]); Ex. 444 (Bouwens-Killeen Depo., 46:6-11 ["Do you think Insight's housing . . . is a nuisance under the City's code?" "I did not compare to the nuisance section.  I could not say."], 57:4-17 ["Do you have any facts that support a contention that | Disputed.  Objection to entire "fact" – Lacks foundation and personal knowledge.  Fed. R. Evid. 602.  Improper legal argument and conclusion.  Fed. R. Evid. 701.  Answers to deposition legal contention questions by lay witnesses are not evidence of a lack of evidence or facts by the City.  Not relevant to the subject matter and any probative value is substantially outweighed by a danger of confusing the issues.  Fed. R. Evid. 401, 402, 403.  Not a "material fact," and therefore, irrelevant, but mischaracterizes the deposition transcripts. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| Insight is violating these laws?"  "This was not something I took a look at, so I can't say." "...You're not going to be able to help us understand where the City is getting any of these allegations?" "That is correct"]; 61:4-68 ["Are you able to offer any facts to support the contentions in this interrogatory response?" "No."], pp. 66-67); Ex. 445 (Vander Dussen Depo., 216:1-17 [has nothing negative to say about Insight or its owners]); Ex. 446 (Tucker Depo., pp. 94-95 [inspected Insight's Property and closed code enforcement case in 2016]; p. 97, 99-106 [left code enforcement in 2017 and has no knowledge of any further code enforcement activity on Insight's Property]); Ex. 447 (Karuga Depo., p. 116 [no ongoing investigation of Insight by the City's code enforcement department], pp. 120-121 [no knowledge of any facts alleged in City's response to Interrogatory No. 1]); Ex. 448 (Gamboa Depo., pp. 104-106 [not aware of any nuisance conditions at | |

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

| **INSIGHT'S UNDISPUTED FACTS** | **CITY'S RESPONSE AND OBJECTIONS** |
|---|---|
| Insight's property], pp. 112-118 [no knowledge of any facts alleged in City's response to Interrogatory No. 1]); Ex. 314 (City's Response to Interrogatories No. 1-3); Ex. 316 (Verification for City's Responses to Interrogatories, signed by Ms. Bouwens-Killeen, even though she testified she'd never seen the responses before her deposition – see Ex. 444 [Bouwens-Killeen Depo., pp. 63-64]) | |
| 117.  The City receives financial assistance from the Federal Government.

Ex. 440 (City's Supp. Response to RFA No. 1) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402. Not a "material fact" and not relevant to the Motion. |
| 118.  The City receives financial assistance from the State of California.

Ex. 440 (City's Supp. Response to RFA No. 2) | Undisputed for purposes of this Motion.  However, not relevant to the subject matter.  Fed. R. Evid. 401, 402. Not a "material fact" and not relevant to the Motion. |

Respectfully submitted,

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

1    DATED:  December 27, 2021          EVERETT DOREY LLP

2

3

4                                      By:  _____

5                                            Seymour B. Everett, III
                                             Samantha E. Dorey
6                                            Christopher D. Lee
                                             Attorneys for Defendant and Counter-
7                                            Plaintiff CITY OF COSTA MESA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

File No. 1029-16

# PROOF OF SERVICE

**Insight Psychology and Addiction Inc. v. City of Costa Mesa**
**Case No. 8:20-cv-00504-JVS-(JDEx)**

## STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 18300 Von Karman Avenue, Suite 900, Irvine, CA 92612.

On December 27, 2021, I served true copies of the following document(s) described as:

**CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 27, 2021, at Irvine, California.

_____
Leslie Hernandez

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆ FAX 949-377-3110

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

File No. 1029-16

**SERVICE LIST**
**Insight Psychology and Addiction Inc. v. City of Costa Mesa**
**Case No. 8:20-cv-00504-JVS-(JDEx)**

| | |
|---|---|
| Mary Helen Beatificato, Esq.<br>INSIGHT PSYCHOLOGY AND<br>ADDICTION, INC.<br>4000 Birch Street, Suite 112<br>Newport Beach, California 92660<br>Phone: (949) 216-3851<br>Email: mh@nsightrecovery.com | *Attorney for Plaintiff*<br>INSIGHT PSYCHOLOGY AND<br>ADDICTION, INC. |

Alisha Patterson
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:  714-641-5100
apatterson@rutan.com

Autumn M. Elliott, Esq. (SBN 230043)          *Attorneys for Plaintiff*
Zeenat Hassan (SBN 294138)                         JANE DOE
Disability Rights California
350 S Bixel Street, Suite 290
Los Angeles, CA 90017
Telephone: (213) 213-8000
Autumn.Elliott@disabilityrightsca.org
Zeenat.Hassan@disabilityrightsca.org

Christopher Brancart
BRANCART & BRANCART
P.O. Box 686
Pescadero, CA 94060
Phone: (650) 879-0141
Email: cbrancart@brancrart.com
mdahl@brancart.com

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

4884-1556-9416.1

CITY'S RESPONSE AND OBJECTIONS TO INSIGHT'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW