**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
 severett@everettdorey.com
Samantha E. Dorey, SBN 281006
 sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
 clee@everettdorey.com
18300 Von Karman Avenue, Suite 900
Irvine, California 92612
Phone: 949-771-9233
Fax: 949-377-3110

**JONES & MAYER**
Kimberly Hall Barlow, Esq., SBN 149902
khb@jones-mayer.com
Bruce A Lindsay, Esq., SBN 102794
bal@jones-mayer.com
Monica Choi Arredondo, Esq. SBN 215847
mca@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendant and Counter-Plaintiff, CITY OF COSTA MESA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF COSTA MESA, a municipal corporation; and DOES 1-10, inclusive,<br><br>Defendant.<br><br>CITY OF COSTA MESA, a municipal corporation,<br><br>Counter-Plaintiff,<br><br>vs. | **Case No. 8:20-cv-00504-MEMF-JDE**<br><br>Assigned to the Hon. Maame Ewusi-Mensah Frimpong<br><br>**DEFENDANT CITY OF COSTA MESA'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO CITY'S MOTION FOR SUMMARY JUDGMENT [DKT. 192]**<br><br>Action Filed: March 12, 2020<br>Trial Date: To Be Determined |

4881-8722-1402.1

-1-   8:20-cv-00504-MEMF-JDE

CITY'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation; MARY HELEN BEATIFICATO, an individual; GERALD GROSSO, an individual; and ROES 1-50,

        Counter-Defendants.

Pursuant to this Court's December 28, 2023 Order (Dkt. 191), Defendant and Counter-Plaintiff City of Costa Mesa ("the City") hereby opposes Plaintiff Insight Psychology and Addiction, Inc.'s ("Insight") Request for Judicial Notice (Dkt. 192).

## I. JUDICIAL NOTICE IS IMPROPER REGARDING HCD'S TECHNICAL ADVISORY AND NOVEMBER 29, 2023 LETTER

Federal Rule of Evidence 201 allows the Court to take judicial notice of indisputable facts. Judicial notice is for authenticity, not the truth of the matters therein. See e.g., Hornish v. King County, 899 F.3d 680, 702-03 (9th Cir. 2018) ("[W]e can take judicial notice only of the *filing* of the documents, and not of the truth of the documents' contents."). The fact that a state executive agency issued a non-controlling, non-authoritative "technical advisory" and sent a demand letter of "technical assistance" to the City has no legal bearing on the determination of the issues before this Court. Instead of wanting notice of the *existence* of these documents, Insight wants the Court to take the *truth* of these documents as an indisputable fact, which is improper. As stated in United States v. Bychak, 2021 U.S. Dist. LEXIS 35674, at *9-11 (S.D. Cal. Feb. 25, 2021): "A court can therefore 'take judicial notice of matters of public record,' but 'cannot take judicial notice of disputed facts contained in such public records.' Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019). 'Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially

noticeable for its truth.' Khoja, 899 F.3d at 999. That is true of court documents. See GemCap Lending, LLC v. Quarles & Brady, LLP, 269 F. Supp. 3d 1007, 1019 (C.D. Cal. 2017), aff'd sub nom. GemCap Lending I, LLC v. Quarles & Brady, LLP, 787 F. App'x 369 (9th Cir. 2019) (finding that a court may 'take judicial notice of the existence of another court's opinion or of the filing of pleadings in related proceedings; the Court may not, however, accept as true the facts found or alleged in such documents.'). It is also true of other government documents. See In re UnumProvident Corp. Sec. Litig., 396 F. Supp. 2d 858, 875-76 (E.D. Tenn. 2005) (taking judicial notice of forms filed with the SEC, but noting '[i]t would be improper for the Court to rely upon these documents to determine disputed factual issues and by taking judicial notice of these documents at this time the Court in no way intends to make any determination as to the truth of any of the facts alleged or otherwise asserted in the documents themselves')."

Furthermore, judicial notice cannot be used to advise the Court on the interpretation of the law. "Rule 201 authorizes the court to take notice only of 'adjudicative *facts*,' not legal determinations." Taylor v. Charter Med. Corp., 162 F.3d 827, 831 & n.21 (5th Cir. 1998) (citing Charles Alan Wright & Kenneth W. Graham, Federal Practice & Procedure: Evidence § 5103 at 472-73 (1977)); accord Stiel v. Heritage Numismatic Auctions, Inc., 816 F. App'x 888, 892 (5th Cir. 2020). Notably, the Technical Advisory even on its face disclaims use for interpretation of law, as it cautions: "The [HCD Advisory] is intended to provide general informational guidance only. It does not constitute legal advice." [Attachment 2, page 44, fn. 6]

Furthermore, HCD's views of the law are far from indisputable—they are legal questions at the center of this case. Although this Court can take judicial notice of the existence of a document, it cannot take judicial notice of a document's contents if they are disputed in the proceeding. Makaeff v. Trump Univ., LLC, 715 F.3d 254, 259 n.2 (9th Cir. 2013); VIRAG, S.R.L. v. Sony Computer Ent. Am. LLC,

EVERETT DOREY LLP
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

699 F. App'x 667, 668 n.2 (9th Cir. 2017).

Not only are HCD's views of the law not facts subject to judicial notice, and not only are they non-controlling and non-authoritative, but they are wrong as a matter of the most current law on the subject. The current legal opinion about the legal validity of the City's regulations, and the invalidity of claims against the City (that are identical to the claims Plaintiffs are making in this case) are the unanimous jury verdict for the City in the Ohio House matter, the Court's Opinion and Order denying Ohio House's Government Code § 65008 Claim, and the Final Judgment in the Ohio House matter for the City. These are actually legally persuasive under stare decisis unlike an executive agency's statement on the law. If this Court were to take judicial notice of anything, it should be the recent legal opinion that the City's regulations are valid, non-discriminatory and do not support liability for the Claims at issue here.

## II. ACTUAL RELEVANT AND PERSUASIVE LEGAL AUTHORITY THAT TRUMPS AND HCD TECHNICAL ADVISORY OR NOVEMBER 29, 2023 LETTER

Legal opinions, which are meant to be considered for legal determination of the issues include this District Court's (through Judge Selna) rulings as a matter of law that Ohio House's Government Code § 65008 Claim failed, which was based on the same arguments (including facial discrimination) as Plaintiffs base their Claims on here.

Specifically, Judge Selna held that:

The Group Home Regulations were justified in their explicitly differential treatment of the disabled.

The operations of a group or sober living home satisfy the Cost Mesa Municipal Code's current definition of a boardinghouse and the current definition does not expressly exclude group or sober living homes.

Any group or sober living home that rents out rooms under two or more

> separate agreements satisfies the City's current definition of boardinghouse . . . .
>
> Group and sober living home operators may apply for a CUP as a boardinghouse and their applications would be processed as such.
>
> . . .
>
> The required separation between boardinghouses (1,000 feet) is greater than that which is required between group homes (650 feet). Under the City's group home ordinances, boardinghouses must be 1,000 feet from other boardinghouses *or* group homes. In contrast, group homes must be 650 feet from other group homes, but not boardinghouses.
>
> The facially discriminatory provision actually advances the housing opportunities of persons with disabilities.
>
> Any benefit that facially discriminatory provision provides to disabled persons in their housing opportunities clearly outweighs any burden that provision places on them.

<u>Ohio House LLC v. City of Costa Mesa</u>, 2022 U.S. Dist. LEXIS 160866, *16-17 (C.D. Cal. August 26, 2022). Judge Selna further held that "the jury could have reasonably concluded that the Group Home Regulations were justified in their explicitly differential treatment of the disabled," and further that "[w]hile the jury's verdict on the Government Code claim is only advisory, it is consonant with the Court's independent conclusion that the City did not violate Government Code § 65008." <u>Id.</u> at *46-49.

In the context of Ohio House's Renewed Motion for Judgment as a Matter of Law, Judge Selna further held:

> The Court concludes that the foregoing evidence constitutes more than simply "worse treatment." It is true that these opportunities were not afforded to boardinghouses, so in that sense, boardinghouses could not avail themselves of the "benefit" of operating in a single-family zone or

> 1 renting unlimited rooms.  But Ohio House fails to identify what it
> 2 believes would have been necessary for group homes to have
> 3 "benefitted," if not receiving the foregoing opportunities.  Nor
> 4 does Ohio House dispute that these opportunities are "better" than those
> 5 provided to boardinghouses.  In the end, the Court finds that asserting
> 6 that the undisputed facts as merely the lesser of "worse treatment of
> 7 others" reduces to a semantic ploy advanced to obscure the facts.  Ohio
> 8 House has rights which other did not enjoy: That is a benefit.
>
> . . .
>
> The City's regulations provided group homes like Ohio House with a
> choice: it could seek an opportunity to operate within a single-family
> residential district, which came with strings attached, or forgo that
> opportunity and comply with the boardinghouse regulations.  Based on
> both the text of the regulation and the evidence provided at trial
> demonstrating that Ohio House had such a choice, the jury could have
> reasonably concluded that seeking a boardinghouse conditional use
> permit was more burdensome than seeking the requirements to operate
> as a group home.  In other words, it could have found that these
> regulations advanced housing opportunities of disabled persons by
> providing the greater opportunity to operate within a single-family
> residential zone without any limits to occupancy or rooms rented.

Ohio House, LLC v. City of Costa Mesa, 2022 U.S. Dist. LEXIS 236015, *10-11, 13 (C.D. Cal. November 16, 2022).

With respect to "fundamental alteration" element of the reasonable accommodation claim, Judge Selna held:

> Substantial evidence was presented to allow the jury to conclude that
> deviating from the 650-foot limitation would have constituted a
> fundamental change in the character of the community. . . .  The City

1 wanted to reduce these effects to prevent the "institutionalization" of
2 residential neighborhoods and the degradation of the residential nature
3 to benefit all residents—including the residents at sober living homes.
4 The separation requirement "was fundamental" to alleviate these
5 secondary effects which were the underlying purpose of the regulations.
6 The jury could have concluded that the 650-feet requirement was
7 fundamental to the character of the community and that 650 feet was
8 the least restrictive means of accomplishing such goals. Thus, Ohio
9 House's request for judgment as a matter of law on this [failure to grant
10 a reasonable accommodation] claim fails.

11 Id. at *26-27.

12 These rulings by a Court are the state of the law (and do not need judicial
13 notice to be considered), while some executive agency statements are not the law.
14 Deference to executive agency interpretations are only relevant, if at all, under
15 Chevron when there is no actual case law authority on the subject and the courts are
16 left to create new law on a novel issue that the executive agency has been involved
17 in for significantly longer than courts. This is not the case here, the case law is
18 developed and in favor of the City, rendering any executive interpretation irrelevant.

19 **III. THE NINTH CIRCUIT SOCAL OPINION IS THE LAW ON THE**
20 **STANDARD OF EVIDENCE NEEDED TO PROVE DISABILITY**
21 **QUALIFICATION BUT DOES NOT ADDRESS OR TRUMP THE**
22 **LAWS OF EVIDENCE PLAINTIFFS' LACK OF EVIDENCE**

23 While the Ninth Circuit's opinion in Socal represents a new standard for
24 collective proof requirements for disability qualification, the Ninth Circuit did not
25 change, overrule or even address the other relevant issues of evidence at play here.
26 Namely, the City filed Objections to Plaintiffs' inadmissible evidence (Dkts. 153,
27 154), the City argued that under the controlling Ninth Circuit law on "sword and
28 shield" conduct that Plaintiffs' attempts to introduce only the evidence that they

want while withholding the rest is barred as a matter of law and renders all of their evidence inadmissible and not to be considered for these Motions, and the City argued that Plaintiffs lacked sufficient admissible evidence to create an issue of material fact (regardless of the new Ninth Circuit standard for disability qualification). Quite notably, in Insight's Request for Judicial Notice, while describing the changed legal standard, Insight fails to cite or refer to any evidence in the record that would actually meet such changed legal standard.

While the law for what evidence is required to prove collective disability qualification might have changed, Plaintiffs still lack evidence to meet the new standard, are still barred from attempting to rely on evidence as both a "sword and shield," and lack evidence as to all of the other material facts and issues besides disability qualification that warrant summary judgment in favor of the City here.

DATED: January 4, 2024             EVERETT DOREY LLP

By: _____
Seymour B. Everett, III
Samantha E. Dorey
Christopher D. Lee
Attorneys for Defendant and Counter-Plaintiff, CITY OF COSTA MESA

File No. 1029-16

# PROOF OF SERVICE

**Insight Psychology and Addiction Inc. v. City of Costa Mesa**
**Case No. 8:20-cv-00504-JVS-(JDEx)**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of .  My business address is 18300 Von Karman Avenue, Suite 900, Irvine, CA 92612.

On January 4, 2024, I served true copies of the following document(s) described as

**DEFENDANT CITY OF COSTA MESA'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO CITY'S MOTION FOR SUMMARY JUDGMENT [DKT. 192]**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 4, 2024, at Irvine, California.

_Nydia Shannon_
Nydia Shannon

EVERETT DOREY LLP
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4881-8722-1402.1

PROOF OF SERVICE

File No. 1029-16

# SERVICE LIST
**Insight Psychology and Addiction Inc. v. City of Costa Mesa**
**Case No. 8:20-cv-00504-JVS-(JDEx)**

| | |
|---|---|
| Mary Helen Beatificato, Esq.<br>INSIGHT PSYCHOLOGY AND ADDICTION, INC.<br>4000 Birch Street, Suite 112<br>Newport Beach, California 92660<br>Phone: (949) 216-3851<br>Email: mh@nsightrecovery.com | ***Attorney for Plaintiff***<br>INSIGHT PSYCHOLOGY AND ADDICTION, INC. |
| Alisha Patterson<br>RUTAN & TUCKER, LLP<br>18575 Jamboree Road, 9th Floor<br>Irvine, CA 92612<br>Telephone: 714-641-5100<br>apatterson@rutan.com | ***Attorney for Plaintiff***<br>ADDICTION, INC |
| Autumn M. Elliott, Esq. (SBN 230043)<br>Zeenat Hassan (SBN 294138)<br>Disability Rights California<br>350 S Bixel Street, Suite 290<br>Los Angeles, CA 90017<br>Telephone: (213) 213-8000<br>Autumn.Elliott@disabilityrightsca.org<br>Zeenat.Hassan@disabilityrightsca.org | ***Attorneys for Plaintiff***<br>JANE DOE |
| Christopher Brancart<br>BRANCART & BRANCART<br>P.O. Box 686<br>Pescadero, CA 94060<br>Phone: (650) 879-0141<br>Email: cbrancart@brancrart.com<br>mdahl@brancart.com | |

EVERETT DOREY LLP
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4881-8722-1402.1

PROOF OF SERVICE