1  Mary Helen Beatificato, Esq. (State Bar No. 220936)
   Insight Psychology and Addiction, Inc.
2  4000 Birch Street, Suite 112
   Newport Beach, CA 92660
3  Telephone:  (949) 216-3851
   Facsimile:  (949) 467-9945
4
   Alisha Patterson (State Bar No. 274630)
5  apatterson@rutan.com
   RUTAN & TUCKER, LLP
6  18575 Jamboree Road, 9th Floor
   Irvine, CA 92612
7  Telephone:  714-641-5100
   Facsimile:  714-546-9035
8
   Attorneys for Plaintiff and Counter-Defendant
9  INSIGHT PSYCHOLOGY AND ADDICTION,
   INC. and Counter-Defendants MARY HELEN
10 BEATIFICATO and GERALD GROSSO

11 [Additional Attorneys Listed on Next Page]

12               UNITED STATES DISTRICT COURT

13       CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| 14  INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation, and JANE DOE, an individual, | Case No. 8:20−cv−00504−MEMF−JDE |
| 15 | Judge:  Honorable Maame Ewusimensah Frimpong |
| 16 | Ctrm:  8B |
| 17  Plaintiffs, | **JOINT REPORT FOR CIVIL TRIAL ORDER [ECF 197]** |
| 18  vs. | |
| 19  CITY OF COSTA MESA, a municipal corporation; and DOES 1-10, inclusive, | Date Action Filed:  March 12, 2020 |
| 20  Defendants. | Trial Date:  February 24, 2025 |
| 21 | |
| 22  CITY OF COSTA MESA, a municipal corporation, | |
| 23  Counter-Plaintiff, | |
| 24  vs. | |
| 25  INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation; MARY HELEN BEATIFICATO, an individual; GERALD GROSSO, an individual; and ROES 1-50, | |
| 26 | |
| 27 | |
| 28  Counter-Defendants. | |

# Additional Attorneys of Record

Autumn M. Elliott, SBN 230043
Zeenat Hassan, SBN 294138
DISABILITY RIGHTS CALIFORNIA
350 S. Bixel Street, Suite 290
Los Angeles, CA 90017
Tel.: (213) 213-8000
Fax: (213) 213-8001
Autumn.Elliott@disabilityrightsca.org
Zeenat.Hassan@disabilityrightsca.org

Christopher Brancart, SBN 128475
BRANCART & BRANCART
P. O. Box 686
Pescadero, CA 94060
Tel.: (650) 879-0141
Fax: (650) 879-1103
cbrancart@brancart.com

Attorneys for PLAINTIFF JANE DOE


EVERETT DOREY LLP
Seymour B. Everett, III, (SBN 223441)
severett@everettdorey.com
Samantha E. Dorey (SBN 281006)
sdorey@everettdorey.com
Christopher D. Lee (SBN 280738)
clee@everettdorey.com
2030 Main Street, Suite 1200
Irvine, California 92614
(949) 771-9233; (949) 377-3110 fax

JONES & MAYER
Kimberly Hall Barlow (SBN 149902)
khb@jones-mayer.com
Bruce A. Lindsay (SBN 102794)
bal@jones-mayer.com
Monica Choi Arredondo (SBN 215847)
mca@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
(714) 446-1400; (714) 446-1448 fax

Attorneys for Defendant and Counter-Plaintiff
CITY OF COSTA MESA

In accordance with the Court's Civil Trial Order filed on June 17, 2024 (Electronic Case File ["ECF"] 197), Plaintiff and Counter-Defendant Insight Psychology and Addiction, Inc. ("Insight"), Counter-Defendant Mary Helen Beatificato ("Ms. Beatificato"), Counter-Defendant Gerald Grosso ("Dr. Grosso"), Plaintiff Jane Doe ("Ms. Doe"), and Defendant and Counter-Plaintiff City of Costa Mesa ("City") (collectively, the "Parties") submit the following Joint Report.

The Civil Trial Order states:

> Plaintiffs and Counter-Defendants request bifurcation of the case to separately address "remaining issues that are not decided by a jury." Rule 26f Report at 12. Among those remaining issues, Plaintiffs and Counter-Defendants list "other purely legal issues." *Id.* It is unclear what those "purely legal issues" are and whether they are amenable to a motion for summary judgment or some other type of motion. And given the City's objection to bifurcation, it is unclear on what basis the City objects to a separate motions practice or bench trial on issues that are not for the jury to decide.
>
> **The parties are ORDERED to meet and confer and attempt to reach agreement on the following: (1) which of the remaining issues remain for the jury; (2) which, if any, issues remain for the Court to decide on a bench trial; (3) when any such bench trial occur—(a) in advance of the jury trial, (b) simultaneous with the jury trial (if it involves only the evidence that would otherwise be presented to the jury), or (c) subsequent to the jury trial; and (4) what remaining "purely legal issues" remain and when should they be decided. The**

**parties are to submit a joint report setting forth any**
**stipulations and outlining the legal basis for any areas**
**of disagreement within 14 days of this Order.**
**Accordingly, the Court has kept the last day for**
**dispositive motions deadline in the schedule for now,**
**subject to the parties' responses to the questions above.**

(ECF 197, pp. 2:15 – 3:4.)

### A. Brief Summary of the Parties' Position on Bifurcation Generally

The Subsections A.1 and A.2 below briefly summarize the Parties' positions on bifurcation generally.

#### 1. Plaintiffs' and Counter-Defendants' Position

With cooperation of the Parties and concurrence of the Court, this action could be fully resolved without the need for a jury trial or a bench trial. The Court's partial summary judgment ruling has already established liability on Plaintiffs' failure to accommodate claim. (ECF 194, pp. 41:10–44:2.) Plaintiffs have offered to stipulate that, if the Court grants full equitable relief on their failure to accommodate claim, Plaintiffs will dismiss all of their other claims,[1] which seek the same relief based on different theories of liability.

Similarly, Plaintiffs anticipate that the Parties can resolve Insight's modest demand for compensatory damages without a jury trial — Insight is only seeking the costs it incurred pursuing a conditional use permit, operator's permit, and reasonable accommodation from the City (approximately $19,000). Insight is not inclined to spend hundreds of thousands of dollars litigating a damages claim that is worth less than $20,000. To that end, Insight has offered to stipulate that it will only seek these compensatory damages for its failure to accommodate claim if there is a jury trial on one or more other legal issues (i.e., Plaintiffs' other claims or the City's

---

[1]   Plaintiffs would dismiss their other claims once the ruling on equitable relief was final (i.e., any appeal periods had expired or the ruling had been upheld on appeal).

1  Counterclaim).

2      This litigation has spanned more than four years, and between attorneys' fees,

3  expert witness fees, and other costs, Plaintiffs have already spent more than $1 million

4  fighting to preserve their housing. Bifurcating this action to decide equitable relief on

5  Plaintiffs' failure to accommodate claim *before* holding a jury and/or bench trial on

6  Plaintiffs' other claims (which may never need to be adjudicated) is a pragmatic,

7  efficient, and cost-effective way to resolve this action.

8      Plaintiffs and Counter-Defendants propose the Court bifurcate this action as

9  follows:

10  • Phase 1:

11      ○ Motion for injunctive relief on Plaintiffs' request for equitable

12      relief for Plaintiffs' failure to accommodate claim (for which

13      liability has already been established).

14      ○ Motion (or cross motions) for partial summary judgment on the

15      City's remaining affirmative defenses (except the City's "failure

16      to mitigate" defense, which only applies to Insight's request for

17      compensatory damages), the City's Counterclaim, and Counter-

18      Defendants' affirmative defenses.[2]

19      ○ Proposed Hearing Date – November 14, 2024 (as set forth in the

20      Court's Civil Trial Order [ECF 197]).

21  • Phase 2:

22      ○ If Plaintiffs have not obtained the relief they are seeking in Phase

23      1 and therefore have not dismissed their remaining claims, jury

24      trial on Plaintiffs' remaining claims, Plaintiffs' request for

25      compensatory damages, and the City's "failure to mitigate"

26  _____

[2]  The Court's Civil Trial Order noted "It is unclear … whether [the Parties] are
27  amenable to a motion for summary judgment or some other type of motion." (ECF
197, p. 2:17-19.) Plaintiffs and Counter-Defendants are amenable to this and view it
28  as a pragmatic and cost-effective way to either fully resolve this litigation or narrow
the issues for trial.

1    defense to Plaintiffs' request for compensatory damages.

2    o If needed, concurrent bench trial on any issues that were not

3    decided in Phase 1.

4    o If needed, post-trial motion for injunctive relief on Plaintiff's

5    remaining claims.

6    o Proposed Trial Date – February 24, 2025 (as set forth in the

7    Court's Civil Trial Order [ECF 197]).

8    Plaintiffs' proposed approach has been used in other fair housing and disability

9    discrimination actions to efficiently resolve the litigation after a Court grants partial

10   summary judgment. See, e.g., Bassilios v. City of Torrance (C.D. Cal., Jan. 22, 2016,

11   No. CV1403059ABJEMX) 2016 WL 1273167, at *1 (granting motion for preliminary

12   injunction after order granting partial summary judgment); Huezo v. Los Angeles

13   Community College Dist. (C.D. Cal. 2008) 672 F.Supp.2d 1045 (same).

14   **2.    City's Position**

15   The City opposes bifurcation for the reasons set forth below and in Section E

16   below.

17   **a)    The Right To Jury Trial Shall Not Be Curtailed**

18   "Maintenance of the jury as a fact-finding body is of such importance and

19   occupies so firm a place in our history and jurisprudence that any seeming curtailment

20   of the right to a jury trial should be scrutinized with the utmost care." Beacon

21   Theatres v. Westover, 359 U.S. 500, 501, 79 S. Ct. 948, 952 (1959) (citing

22   Dimick v. Schiedt, 293 U.S. 474, 486). "As this [Supreme] Court said

23   in Scott v. Neely, 140 U.S. 106, 109-110: 'In the Federal courts this [jury] right cannot

24   be dispensed with, except by the assent of the parties entitled to it, nor can it be

25   impaired by any blending with a claim, properly cognizable at law, of a demand

26   for equitable relief in aid of the legal action or during its pendency." Id. at 510.

27   Once a demand has been made for a jury trial by any party, it cannot be

28   withdrawn without stipulation by all parties. "Rules 38 and 39 of the Federal Rules

1  of Civil Procedure establish procedures for invoking right to trial by jury.  Rule 38(a)

2  states:  'The right of trial by jury as  declared  by  the Seventh  Amendment to  the

3  Constitution . . . is preserved to the parties inviolate.' Fed. R. Civ. P. 38(a). 'A proper

4  demand may be withdrawn only if the parties consent.' Fed. R. Civ. P. 38(d). . . .

5  Here, Defendant has not consented to the withdrawal of Plaintiff's jury trial demand.

6  Rules 38(d) and 39(a) dictate that Defendant's demand  for  a jury  trial  must,

7  therefore, be preserved." <u>Infor Glob. Sols. (Mich.), Inc. v. St. Paul Fire & Marine Ins.</u>

8  <u>Co.</u>, 2009 U.S. Dist. LEXIS 125795, at *6-7 (N.D. Cal. Apr. 2, 2009).

9      Here, both Plaintiffs and the City have demanded a jury trial.  Therefore, the

10  right to jury trial cannot be curtailed and must be preserved.

11        **b)        At Least Some, If Not All, Of Plaintiff's Claims Come**

12        **With The Right To A Jury Trial**

13      "There is no question that the FHA entitles [the parties] to a jury trial for []

14  discrimination claim[s].  <u>See</u> <u>Curtis v. Loether</u>, 415 U.S. 189, 195, 39 L. Ed. 2d 260,

15  94 S. Ct. 1005 (1974)." <u>United States v. Cal. Mobile Home Park Mgmt. Co.</u>, 107 F.3d

16  1374, 1377 (9th Cir. 1997).  In <u>Curtis</u>, the Supreme Court held that a claim for

17  compensatory damages under the FHA was "an action to enforce 'legal rights' within

18  the meaning of our Seventh Amendment decisions," meaning that there was a right to

19  trial by jury.  <u>Curtis</u>, 415 U.S. at 195.

20      "The Seventh Amendment guarantees a jury trial 'in suits at common law,

21  where the value in controversy shall exceed $ 20.00. . . ." <u>Smith v. Barton</u>, 914 F.2d

22  1330, 1336-37 (9th Cir. 1990).  In <u>Smith</u>, the Ninth Circuit held that "[b]ecause money

23  damages were sought in this case, and because that remedy is available in the Ninth

24  Circuit, we conclude that the Seventh Amendment does entitle plaintiffs to a jury trial

25  on their claims under § 504" of the Rehabilitation act for discrimination, despite the

26  fact that equitable injunctive relief was also being sought. <u>Id.</u> at 1337-38.

27      Here, given that Plaintiffs are making claims for damages, including

28  compensatory and monetary damages, in addition to any claims for equitable and/or

injunctive relief, the Seventh Amendment guarantees a right to trial by jury.

### c) In Mixed Equitable And Legal Claims, A Jury Trial Must Be Conducted First Before Equitable Relief Is Granted

"It is equally well settled . . . that as Plaintiffs had also sought damages on their discrimination claims, they were entitled to a jury trial.  See e.g. Curtis v. Loether, 415 U.S. 189, 195, 94 S. Ct. 1005, 39 L. Ed. 2d 260 (1974) (holding that an action for damages under the FHA is an action to enforce 'legal rights' within the meaning of the Seventh Amendment that requires a jury trial if demanded); LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 426 (2d Cir. 1995) ('On a claim for damages under the FHA, either party is entitled, under the Seventh Amendment, to demand a jury trial.') (citing Curtis, 415 U.S. at 192).  In the present case, because Plaintiffs sought both compensatory damages and equitable relief, they were entitled to a jury trial on their claim for damages **before** the Court considered their claims for declaratory and/or injunctive relief.  See e.g. LeBlanc-Sternberg, 67 F.3d at 426 (finding that if a claim for damages under the FHA 'is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact.' (quoting Curtis, 415 U.S. at 196 n.11)).  See also Dairy Queen, Inc. v. Wood, 369 U.S. 469, 473 n.8, 82 S. Ct. 894, 8 L. Ed. 2d 44 (1962) (instructing that **it makes 'no difference' if the equitable claims presented clearly outweigh the legal claims - even if the 'the basic issue of the case taken as a whole is equitable" . . . '[A]s long as any legal cause is involved the jury rights it creates control.'**)."  Homebuilders Ass'n of Miss., Inc. v. City of Brandon, 640 F.Supp.2d 835, 839-40 (S.D. Miss. 2009) (emphasis added).

"When a lawsuit involves both legal and equitable claims, **the legal claims must be decided by the jury before the court resolves the equitable claims**.  This ordering of events is required so that the judge's decision with respect to the equitable claims does not bind the jury's decisionmaking ability with regard to factual issues common to both the legal and equitable claims, thereby undermining the guarantees

of the Seventh Amendment.  See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 334, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).  This ordering of events, designed to prevent the jury from being bound by the judge's factual findings, creates situations in which the judge may be bound by the jury's factual findings.  Indeed, this court has held that when common issues are simultaneously tried to both a judge and a jury, the jury's findings with respect to those common issues are binding upon the judge.  (alterations in original)(citations omitted).  See also Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1473 (9th Cir. 1993) (explaining that 'in a case where legal claims are tried by a jury and equitable claims are tried by a judge, and the claims are 'based on the same facts,' in deciding the equitable claims 'the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.' (quoting Miller v. Fairchild Indus., 885 F.2d 498, 507 (9th Cir. 1989), cert. denied, 494 U.S. 1056, 110 S. Ct. 1524, 108 L. Ed. 2d 764 (1990)))." Homebuilders Ass'n, 640 F.Supp.2d at 839-40 (emphasis added); see also Intervention911 v. City of Palm Springs, 2017 U.S. Dist. LEXIS 225786, at *2-5 (C.D. Cal. Mar. 28, 2017) (Upholding the "general rule that legal issues for which there is a jury trial right must be tried before the Court decides any overlapping equitable issues" and rejecting the request by the defendant for the court to enter judgment on the equitable issues first.); Davis v. Phillips 66, 2018 U.S. Dist. LEXIS 106890, at *2 (N.D. Cal. June 26, 2018) ("When a plaintiff brings both legal and equitable claims 'based on the same facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations in deciding the legal claim.' Miller v. Fairchild Industries, Inc., 885 F.2d 498, 507 (9th Cir. 1989); see also United States SEC v. Jensen, 835 F.3d 1100, 1111 (9th Cir. 2016) ('. . . the right to a jury trial exists only for legal and not equitable claims, but the jury serves as the finder of fact for 'issues common to both claims.' (quoting Tull v. United States, 481 U.S. 412, 425, 107 S. Ct. 1831, 95 L. Ed. 2d 365 (1987)).  Accordingly, in rendering its decision on the remaining equitable claim, this Court looks to and will not disturb the implicit or

1  explicit factual determinations made by the jury in deciding the legal claims tried to

2  it.").

3      The proper procedure for mixed equitable and legal claims is for a jury trial to

4  be held first to serve as the fact finder for all issues common to both claims, and then

5  the Court is bound by the implicit or explicit factual determinations of the jury in

6  deciding equitable issues after the jury trial.  This is exactly how Judge Selna handled

7  the jury trial first and determination of the equitable claim under Government Code §

8  65009 in the Ohio House matter, and how this Court should handle this action.

9          **d)    Bifurcation Is Improper To Circumvent The Above**

10            **Law**

11     "Bifurcation . . . is the exception, not the norm as a single proceeding will

12  generally be a more efficient and reasonable means of resolving the action." Martinez

13  v. Cty. of Alameda, 2023 U.S. Dist. LEXIS 196363, at *5 (N.D. Cal. Nov. 1, 2023)

14  (citations omitted).   "Courts 'consider several factors in determining whether

15  bifurcation is appropriate, including separability of the issues, simplification of

16  discovery and conservation of resources, and prejudice to the parties.'" Id. (citations

17  omitted). "The party seeking bifurcation bears the burden of showing that bifurcation

18  is justified in the given circumstances." Id. (citations omitted).

19     In Martinez, the plaintiff sought bifurcation of her discrimination claim into

20  two phases, the first being a jury trial on liability and the second only to determine

21  "what equitable relief would be appropriate." Id. at *3-5.   The court denied

22  bifurcation.  First the court found that the issues were not separable as "'[w]hen the

23  legal and equitable issues overlap and the evidence is intertwined,' however, 'the

24  district court must take care not to impinge on the right to a jury.' [Citation.] For that

25  reason, in cases involving overlapping legal and equitable claims, 'the legal claims

26  involved in the action must be determined prior to any final court determination of

27  the equitable claims.'" Id. at *5-6 (citing Dairy Queen, Inc. v. Wood, 369 U.S. 469,

28  479, 82 S. Ct. 894, 8 L. Ed. 2d 44 (1962)).

1    The court further found that it was not judicially economical and any prejudice

2 to the plaintiff from the jury hearing issues related to the equitable relief issues, if any,

3 could be easily cured by a jury instruction.  Id. at *9-11.  More importantly, the court

4 found that "in making its determination, the Court must also consider prejudice to

5 Defendants." Id. at *11-12 (citing Houseman v. U.S. Aviation Underwriters, 171 F.3d

6 1117, 1121 (7th Cir. 1999) ("Next, the Court must be satisfied that the decision to

7 bifurcate does not unfairly prejudice the non-moving party.") and Angelo v.

8 Armstrong World Indus., 11 F.3d 957, 964 (10th Cir. 1993)).  The delay, costs and

9 increased time from potentially two trials associated with the bifurcation was unfairly

10 prejudicial to the defendants.  Id.  Therefore, the court denied bifurcation.  Id. at *14.

11           e)    **A Court Sitting In Equity Must Consider All**

12                 **Circumstances And Equities Before Granting Equitable**

13                 **Relief**

14    Here, Plaintiffs are seeking permanent injunctive relief against the City.

15 "While '[t]he decision to grant or deny permanent injunctive relief is an act of

16 equitable discretion by the district court,' the 'traditional principles of equity' demand

17 a fair weighing of the factors listed above, taking into account the

18 unique circumstances of each case.  [Citations.]  It is important to consider the totality

19 of circumstances bearing on whether a permanent injunction is appropriate equitable

20 relief."  La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V., 762 F.3d 867, 880

21 (9th Cir. 2014) (citations omitted).

22    "When sitting in equity . . . courts must consider the entirety of the

23 circumstances that bear upon the equities.  This includes considering the status and

24 actions of all parties involved, including whether an innocent party may be harmed

25 by granting the desired relief." Rugged Oaks Inv. v. Nelson, 2016 U.S. Dist. LEXIS

26 130489, at *20 (D. Nev. Sep. 23, 2016) (citation omitted).

27    "A court granting equitable relief should weigh the equities involved,

28 including equity to the public.  U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513

U.S. 18, 26, 115 S. Ct. 386, 130 L. Ed. 2d 233 (1994) ('As always when federal courts contemplate equitable relief, our holding must also take account of the public interest.')." Goldsmith Enters., Ltd. Liab. Co. v. U.S. Bank, N.A., 2017 U.S. Dist. LEXIS 152652, at *9 (D. Nev. Sep. 20, 2017).

Recently, the Supreme Court has held that "a party's inequitable conduct can make equitable relief inappropriate.   When a party seeking equitable relief 'has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him.' Keystone Driller Co. v. General Excavator Co., 290 U. S. 240, 245, 54 S. Ct. 146, 78 L. Ed. 293, 1934 Dec. Comm'r Pat. 639 (1933) (quoting J. Pomeroy, Equity Jurisprudence §397 (4th ed. 1918)).  These well-worn principles of equity apply in capital cases just as in **all** others." Ramirez v. Collier, 595 U.S. 411, 434, 142 S. Ct. 1264, 1282 (2022) (emphasis added).

The jury hearing the full picture of Plaintiffs' claims and their conduct is in the best position to make factual findings as to the facts and circumstances that must be taken into account by this Court in fashioning appropriate equitable relief, if any.  This includes Plaintiffs' own inequitable conduct, pursuant to recent Supreme Court law, the public interest at large, and the risk of harm to individuals.  For instance, Plaintiffs' inequitable conduct in violating statutory law that would bar their operations, which law is specifically designed to protect the vulnerable population that inequitable actors prey upon, and Plaintiffs' other harmful conduct towards their clients inherent in their business operations, must be first factually determined by the jury and then taken into account by this Court before any permanent injunction is issued.  Plaintiffs will wrongfully argue that the City's affirmative defense of unclean hands was stricken, but the Order and case law that it is based upon, the Supreme Court in McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 360-61 (1995), held only that unclean hands is not a complete defense, but the Supreme Court expressly recognized that "[t]hat does not mean, however, the [plaintiff's] own misconduct is irrelevant to all

the remedies otherwise available under the statute."  In fact, the Supreme Court stated that the plaintiff's "wrongdoing **must be taken into account**" in order to "take due account of . . . the corresponding equities . . . ."  Id. at 361 (emphasis added).

Given that detailed and complex factual issues about Plaintiffs' business operations, clientele, effect of operation on the public and their own clientele, their own inequitable conduct, and more all must be taken into account by this Court before granting any equitable relief, and given that a right to jury trial is present and inviolable, the only reasonable, economical and effective procedure is to have a jury determine all such facts and issues in one jury trial.

### f)      Plaintiffs' Two Cited Cases Dealing With Preliminary Injunctions Are Inapposite

Plaintiffs cite to Huezo v. L.A. Cmty. Coll. Dist., 672 F.Supp.2d 1045, 1050 (C.D. Cal. 2008), as an example of where partial summary judgment was granted as to liability and then a motion for a permanent injunction was filed and granted. However, Plaintiffs omit the fact that in Huezo, the plaintiff was granted summary judgment on liability as to **all** of his claims "leaving only his request for compensatory damages to be adjudicated at a subsequent stage," but that "[f]ollowing entry of the order granting [plaintiff's] motion for partial summary judgment, . . . the parties reached an agreement on [plaintiff's] claims for damages . . . ."  Id. at 1046-47. Therefore, the only issue left was the determination of equitable relief.  There was no issue of whether there was a right to a jury trial, whether other claims still needed to be adjudicated, whether damages claims remained, etc.  In actuality, Huezo supports the City's position, as the determination of equitable relief came only **after** all other issues were already resolved.

The other case that Plaintiffs cite, Bassilios v. City of Torrance, 2016 U.S. Dist. LEXIS 46251, at *1 (C.D. Cal. Jan. 22, 2016), has no analysis whatsoever, it merely consists of two short paragraphs of purely procedural recitation and an injunction order listing out the terms of the injunction.  It is not relevant or persuasive as to the

issues outlined herein.

**B.     Brief Summary of the Parties' Positions on Remaining Issues**

The table below briefly summarizes the Parties' positions on the remaining issues in this action. Stipulations and the legal basis for any areas of disagreement are set forth in Sections C and D below.

| Plaintiffs' Claim For Which Liability Has Been Established | | |
|---|---|---|
| **Issue** | **Ps' & CDs' Position**[3] | **City's Position**[4] |
| 1.  **Ps' Failure to Accommodate Claim** | **Global** – Resolving Ps' request for equitable relief on this claim will likely resolve this action in its entirety. If the Court grants full equitable relief on this claim, and the City's Counterclaim is dismissed or denied, Ps will dismiss their other claims, which seek the same relief based on other theories of liability.[1] | **Global** – The City disagrees. See Section A.2 above and Section E below. |
| | **Liability** – Not a remaining issue. The Court has determined the City is liable under the FHA, ADA, § 504, | **Liability** – The City agrees. |

---

[3]    In this chart, Plaintiffs (Insight and Ms. Doe) is abbreviated as "Ps" and Counter-Defendants (Insight, Ms. Beatificato, and Dr. Grosso) is abbreviated as "CDs."
[4]    The City declined to provide responses on an issue-by-issue basis, so counsel for the other Parties have filled in the City's column of this chart based on the City's response in Sections A.2 above and Section E below.

| Plaintiffs' Claim For Which Liability Has Been Established | | |
|---|---|---|
| **Issue** | **Ps' & CDs' Position[3]** | **City's Position[4]** |
| | FEHA, and § 11135. (ECF 194.) | |
| | **Damages** – Jury trial. Insight will only seek damages for this claim if there is a jury trial on one or more of Ps' other claims or on the City's counterclaim. | **Damages** – The City agrees that a jury trial is required on compensatory damages. |
| | **Equitable Relief** – Should be resolved by motion for injunctive relief before any jury trial. | **Equitable Relief** – The City disagrees. See Section A.2 above and Section E below. |

| Plaintiffs' Claims For Which Liability Has Not Been Established | | |
|---|---|---|
| **Issue** | **Ps' & CDs' Position[3]** | **City's Position[4]** |
| 2. **Ps' Disparate Treatment Claim** | **Liability** – Jury trial *(if needed[1])*. | **Liability** – The City agrees. |
| | **Damages** – Jury trial *(if needed[1])*. | **Damages** – The City agrees. |
| | **Equitable Relief** – Motion for injunctive relief after jury trial *(if needed[1])*. | **Equitable Relief** – The City agrees. |
| 3. **Ps' Methods of Administration Claim** | **Liability** – Jury trial *(if needed[1])*. | **Liability** – The City agrees. |
| | **Damages** – Jury trial *(if* | **Damages** – The City agrees. |

| Plaintiffs' Claims For Which Liability Has Not Been Established | | |
|---|---|---|
| **Issue** | **Ps' & CDs' Position[3]** | **City's Position[4]** |
| | *needed[1])*. | |
| | **Equitable Relief** – Motion for injunctive relief after jury trial *(if needed[1])*. | **Equitable Relief** – The City agrees. |
| 4. **Ps' Disparate Impact Claim** | **Liability** – Jury trial *(if needed[1])*. | **Liability** – The City agrees. |
| | **Damages** – Jury trial *(if needed[1])*. | **Damages** – The City agrees. |
| | **Equitable Relief** – Motion for injunctive relief after jury trial *(if needed[1])*. | **Equitable Relief** – The City agrees. |
| 5. **Ps' § 1983 Equal Protection Claim** | **Liability** – Jury trial *(if needed[1])*. | **Liability** – The City agrees. |
| | **Damages** – Jury trial *(if needed[1])*. | **Damages** – The City agrees. |
| | **Equitable Relief** – Motion for injunctive relief after jury trial *(if needed[1])*. | **Equitable Relief** – The City agrees. |
| 6. **Ps' § 1983 Due Process Claim** | **Liability** – Jury trial *(if needed[1])*. | **Liability** – The City agrees. |
| | **Damages** – Jury trial *(if needed[1])*. | **Damages** – The City agrees. |
| | **Equitable Relief** – Motion for injunctive relief after jury trial *(if needed[1])*. | **Equitable Relief** – The City agrees. |

| City's Affirmative Defenses | | |
| --- | --- | --- |
| **Issue** | **Ps' & CDs' Position[3]** | **City's Position[4]** |
| 7. **City's Legitimate Use of Zoning Powers Affirmative Defense** | Pre-trial motion. This is a purely legal issue. | The City disagrees. See Section A.2 above and Section E below. |
| 8. **City's Statute of Limitations Affirmative Defense** | Pre-trial motion. This is a purely legal issue. | The City disagrees. See Section A.2 above and Section E below. |
| 9. **City's Failure to Mitigate Affirmative Defense** | Jury Trial. This defense only applies to Ps' compensatory damages claim. | The City disagrees. See Section A.2 above and Section E below. |
| 10. **City's Failure to Exhaust Affirmative Defense** | Pre-trial motion. This is a purely legal issue. | The City disagrees. See Section A.2 above and Section E below. |
| 11. **City's Failure to Present a Government Claim Affirmative Defense** | Pre-trial motion. This is a purely legal issue. | The City disagrees. See Section A.2 above and Section E below. |

| City's Affirmative Defenses | | |
|---|---|---|
| **Issue** | **Ps' & CDs' Position[3]** | **City's Position[4]** |
| 12. **City's Unclean Hands Affirmative Defense** | Not a remaining issue. This defense has been stricken. (ECF 88.) | The City agrees. |
| 13. **City's Lack of Standing Affirmative Defense** | For Ms. Doe – Not a remaining issue. The Court previously determined Ms. Doe has standing. (ECF 38.) For Insight – Pre-trial motion. This is a purely legal issue. | The City disagrees. See Section A.2 above and Section E below. |
| 14. **City's Laches Affirmative Defense** | Pre-trial motion. This is a purely legal issue. | The City disagrees. See Section A.2 above and Section E below. |
| 15. **City's Fundamental Alteration Affirmative Defense** | Not a remaining issue. This defense only applies to Ps' failure to accommodate claim for which liability has been established. (ECF 194.) The Court previously found the City presented no evidence of fundamental alteration, so this defense is inapplicable to the remainder of this action. | The City's response in Sections A.2 and E does not dispute this. |

| City's Affirmative Defenses | | |
|---|---|---|
| Issue | | Ps' & CDs' Position[3] | City's Position[4] |
| | | (ECF 194, p. 34:1-11.) | |
| 16. | **City's Benefit the Disabled Affirmative Defense** | Not a remaining issue. This defense only applies to the disparate treatment claim to the extent it is based on facial discrimination, and the Court previously determined the City's evidence at best demonstrated over-discrimination with respect to this claim. (ECF, pp. 24:23 – 25:5.) As a result, this defense is not available to the City. | The City disagrees. See Section A.2 above and Section E below. |
| 17. | **City's Business is Barred Affirmative Defense** | Not a remaining issue. This defense has been stricken. (ECF 88.) | The City agrees. |

| City's Counterclaims | | |
|---|---|---|
| Issue | | Ps' & CDs' Position[3] | City's Position[4] |
| 18. | **City's Unfair Practices Act** | Not a remaining issue. This counterclaim has been | The City disagrees. See Section A.2 above and |

| City's Counterclaims | | |
|---|---|---|
| **Issue** | **Ps' & CDs' Position[3]** | **City's Position[4]** |
| **Counterclaim** | dismissed. (ECF 88 & 90.) | Section E below. |
| 19. **City's Declaratory Judgments Act Counterclaim (28 U.S.C. §§ 2201 & 2202 ["DJA"])** | **Liability** – Pre-trial motion. This is a purely legal issue. The Court previously narrowed this claim to the City's claim that Insight's housing is a nuisance because it does not have the conditional use permit that that the City denied. (ECF 88 & 90.) | **Liability** – The City disagrees. See Section A.2 above and Section E below.<br><br>Sections A.2 and E do not dispute that this Counterclaim has been narrowed to a claim that Insight's housing is a nuisance because it does not have the permits that that the City denied. (ECF 88 & 90.) |
| | **Damages** – Not a remaining issue. The DJA does not allow for recovery of damages, and the City did not request damages on this counterclaim. (ECF 59.) | **Damages** – The City's response in Sections A.2 and E does not dispute this. |
| | **Equitable Relief** – Pre-trial motion. This is a purely legal issue. | **Equitable Relief** – The City disagrees. See Section A.2 above and Section E below. |

| Counter-Defendants' Affirmative Defenses | | |
|---|---|---|
| Issue | Ps' & CDs' Position[3] | City's Position[4] |
| 20. **CDs' Failure to State a Cause of Action Affirmative Defense** | Pre-trial motion. This is a purely legal issue. | The City disagrees. See Section A.2 above and Section E below. |
| 21. **CDs' Ripeness Affirmative Defense** | Pre-trial motion. This is a purely legal issue. | The City disagrees. See Section A.2 above and Section E below. |
| 22. **CDs' Lawful Nonconforming Use Affirmative Defense** | Pre-trial motion. This is a purely legal issue. | The City disagrees. See Section A.2 above and Section E below. |
| 23. **CDs' Unclean Hands Affirmative Defense** | Pre-trial motion. This is a purely legal issue. | The City disagrees. See Section A.2 above and Section E below. |
| 24. **CDs' Laches Affirmative Defense** | Pre-trial motion. This is a purely legal issue. | The City disagrees. See Section A.2 above and Section E below. |

| Counter-Defendants' Affirmative Defenses | | |
|---|---|---|
| **Issue** | **Ps' & CDs' Position[3]** | **City's Position[4]** |
| 25. **CDs' Lack of City Council Authorization for Counterclaim Affirmative Defense** | Pre-trial motion. This is a purely legal issue. Judicially noticeable facts establish the City's legal counsel did not obtain City Council authorization for the City's Counterclaims until March 16, 2021 (i.e., approximately 3.5 months after the City's legal counsel filed the Counterclaims). | The City disagrees. See Section A.2 above and Section E below. |
| 26. **Ps' Claim for Attorneys' Fees and Costs** | Post-judgment motion. | The City's response in Sections A.2 and E does not dispute this. |
| 27. **City's Claim for Attorneys' Fees and Costs** | Not a remaining issue. There is no statutory basis for the City to recover attorneys' fees on its DJA counterclaim. | The City's response in Sections A.2 and E does not dispute this. |

/ / /

/ / /

/ / /

/ / /

/ / /

## C.   <u>Stipulations</u>

The Parties have stipulated[5] to the following:

1.     Liability has been established on Plaintiffs' failure to accommodate claim under the FHA, ADA, § 504, FEHA, and § 11135 through the Court's summary judgment ruling. (ECF 194.)

2.     The City's "unclean hands" and "business is barred" affirmative defenses have been stricken. (ECF 88.)

3.     The City's Unfair Practices Act Counterclaim has been dismissed. (ECF 88 & 90.)

4.     The City's Declaratory Judgments Act Counterclaim has been narrowed to a claim that Insight's housing is a nuisance because it does not have the permits that that the City denied. (ECF 88 & 90.)

5.     The City is not seeking damages on its Declaratory Judgments Act Counterclaim. (ECF 59.)

6.     If they need to be adjudicated, a jury trial is required for all of the following issues:

a.     Liability on Plaintiffs' disparate treatment claim (FHA, ADA, § 504, FEHA, and § 11135 ), methods of administration claim (FHA, ADA, § 504, FEHA, and § 11135 ), disparate impact claim (FHA, ADA, § 504, FEHA, and § 11135), equal protection claim (§ 1983), and due process claim (§ 1983); and

b.     Insight's request for compensatory damages for all of Insight's claims (FHA, ADA, § 504, FEHA, § 11135, and § 1983).

7.     On all of Plaintiffs' claims for which liability has not been established (i.e., disparate treatment, methods of administration, disparate impact, equal protection, and due process), equitable relief should be determined by the Court

---

[5] The City agrees that the below facts are accurate, but does not stipulate that the outcomes are correct and does not waive any arguments against such facts in this action and on appeal.

1  through a post-trial motion if liability on any claim is established by a jury.

2  **D.   Legal Basis for Areas of Disagreement**

3  The Parties disagree on the following issues:

4  1.   Whether bifurcation is appropriate to allow the Court to fully resolve

5  Plaintiffs' failure to accommodate claim (FHA, ADA, § 504, FEHA, and § 11135)

6  for which liability has been established before proceeding to a jury trial on Plaintiffs'

7  other claims and remedies.

8  2.   Whether the City is entitled to a jury trial on Plaintiffs' request for

9  equitable relief on Plaintiffs' failure to accommodate claim (for which liability has

10  been established).

11  3.   Whether any of the City's affirmative defenses to Plaintiffs' remaining

12  claims present factual disputes that need to be resolved by a jury.

13  4.   Whether the City is entitled to a jury trial on its Declaratory Judgments

14  Act Counterclaim, its request for equitable relief on that Counterclaim, and Counter-

15  Defendants' affirmative defenses to the Counterclaim.

16  **1.   Plaintiffs' and Counter-Defendants' Position**

17  **a)   Bifurcation is Appropriate Here**

18  Rule 42(b) of the Federal Rules of Civil Procedure grants the Court broad

19  authority to bifurcate (or hold "separate trials") on "one or more separate issues,

20  claims, crossclaims, counterclaims, or third-party claims" for "convenience, to avoid

21  prejudice, or to expedite and economize." See, e.g., Danjaq LLC v. Sony Corp., 263

22  F.3d 942, 961–63 (9th Cir. 2001) ("Danjaq") (district judge did not abuse its

23  discretion bifurcating equitable issue (laches) from liability and deciding equitable

24  issue first); Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 170 (9th Cir.

25  1989) ("Dollar Systems") ("the district judge acted within his authority in bifurcating

26  the legal and equitable claims pursuant to Fed.R.Civ.P. 42, and in trying Avcar's

27  equitable claims for rescission to the court"). Rule 39(a) of the Federal Rules of Civil

28  Procedure also allows a Court "on motion or on its own" to find "there is no federal

right to a jury trial" on some or all of the issues. <u>See, e.g.</u>, <u>Cherry v. City Coll. of San Francisco</u>, No. C 04-04981 WHA, 2006 WL 249519, at *1 (N.D. Cal. Jan. 31, 2006) ("there is no right to a jury trial, because only declaratory relief, injunctive relief, and attorney's fees remain, all equitable issues"). Provided there are no "common issues" between legal and equitable claims, and provided the right to a jury trial is preserved for any legal claims, a Court has discretion to bifurcate proceedings to decide equitable claims before legal claims. <u>See, e.g.</u>, <u>Danjaq</u>, 263 F.3d at 961–63; <u>Dollar Systems</u>, 890 F.2d at 170.

This is not a situation where any Party's right to a jury trial will be lost through prior determination of equitable claims. <u>See, e.g.</u>, <u>Dairy Queen, Inc. v. Wood</u>, 369 U.S. 469, 473 (1962) (improperly striking demand for jury trial in its entirety because Court deemed legal claims "incidental" to equitable claims). Under Plaintiffs' bifurcation proposal, each Party would retain their right to a jury trial, if needed, on any remaining legal claims (which are limited to liability on Plaintiffs' remaining claims and liability for and amount of Insight's compensatory damages). The City has no right to a jury trial on the merits of Plaintiffs' failure to accommodate claim — liability has been established through summary judgment. (ECF 194, pp. 41:10–44:2.) As discussed below, none of the Parties have a right to a jury trial on Plaintiffs' request for equitable relief on Plaintiffs' failure to accommodate claim (or any other claim) (see Section D.1.b), nor the City's Declaratory Judgments Act Counterclaim (which only seeks equitable relief) (see Section D.1.c).

Here, in deciding Plaintiffs' equitable relief on their failure to accommodate claim, the Court would not need to make any factual determinations that are "common" to any of the remaining legal claims. In fact, critically absent from the City's briefing is any example of a "common fact" that would need to be adjudicated to resolve both equitable and legal claims. That is because all of the factual determinations necessary for resolution of Plaintiffs' equitable relief have already been established by this Court's summary judgment ruling and are now undisputed

1   facts. (ECF 194, pp. 14:16–19:4.) As in <u>Danjaq</u>, 263 F.3d at 961–63, the Court can
2   conduct a hearing on equitable issues that is "sensitive of counterclaimants' right to a
3   jury trial" on any remaining legal issues. <u>See, e.g.</u>, <u>Bassilios v. City of Torrance</u> (C.D.
4   Cal., Jan. 22, 2016, No. CV1403059ABJEMX) 2016 WL 1273167, at *1 ("<u>Bassilios</u>")
5   (granting motion for preliminary injunction after order granting partial summary
6   judgment); <u>Huezo v. Los Angeles Community College Dist.</u> (C.D. Cal. 2008) 672
7   F.Supp.2d 1045 ("<u>Huezo</u>") (same).

8          In Section A.2.f above, the City contends this action should proceed in the same
9   sequence as <u>Ohio House, LLC v. City of Costa Mesa</u> (USDC Case No. 8:19-cv-
10  01710-JVS-GJS) (currently on appeal — 9th CCA Case No. 22-56181) ("<u>Ohio</u>
11  <u>House</u>") where the Court conducted a jury trial on liability before making
12  determinations on equitable relief. But unlike this action, <u>Ohio House</u> had not
13  established liability on any of its claims through partial summary judgment. (See <u>Ohio</u>
14  <u>House</u> ECF 245 [summary judgment ruling].) Without any liability determination
15  (which needed to be tried by a jury in <u>Ohio House</u>), the Court could not make pre-
16  trial determinations on equitable relief. Unsurprisingly, no one asked the Court to do
17  this.

18         The procedural posture of this case is the same as <u>Bassilios</u>, 2016 WL 1273167
19  (USDC Case No. 2:14-cv-03059-AB-JEM) and <u>Huezo</u>, 672 F.Supp.2d 1045 (USDC
20  Case No. 2:04-cv-09772-MMM-JWJ) where partial summary judgment established
21  liability on at least one of the plaintiffs' claims before trial. In <u>Bassilios</u> (as here), the
22  Court entered partial summary judgment on liability on Ms. Bassilios's failure to
23  accommodate claim. <u>Bassilios</u>, 166 F. Supp. 3d 1061. Before trial, the Court resolved
24  Ms. Bassilios's request for equitable relief (specifically, declaratory and injunctive
25  relief) through a motion hearing. <u>Bassilios</u>, 2016 WL 1273167. After the Court
26  decided equitable relief, it conducted a jury trial on Ms. Bassilios's claim for damages
27  (which was substantially higher than the approximately $19,000 in compensatory
28  damages Insight is seeking here). (<u>Bassilios</u> ECF 164.) <u>Huezo</u> followed the same

sequence, except the parties settled Mr. Huezo's damages claim after the Court granted equitable relief. (Huezo ECF 108.)

The City has not provided any legal authority where a Court denied bifurcation under the procedural posture at issue here — *i.e., an action where partial summary judgment already established liability on at least one claim and a pre-trial ruling on equitable relief could dispose of the action in its entirety*. The cases the City provided (e.g., Martinez v. Cnty. of Alameda, No. 20-CV-06570-TSH, 2023 WL 7194873 (N.D. Cal. Nov. 1, 2023)) all involved situations where liability had not yet been established and bifurcating legal and equitable issues would have lengthened the proceedings unnecessarily, increased costs for all parties, and invited jury confusion.[6]

The opposite is true here. The Ninth Circuit's decision in Dollar Systems, Inc. v. Avcar Leasing Systems, Inc. confirms that there are circumstances (like those present here) where it is appropriate and economical to "bifurcate the trial and determine the equitable issues prior to the legal issues." Dollar Sys., Inc., 890 F.2d at 170-171. The factors set forth in Rule 42(b) of the Federal Rules of Civil Procedure all favor bifurcation — "convenience, to avoid prejudice, or to expedite and economize." "One favored purpose of bifurcation is to accomplish just what the district court sought to do here-avoiding a difficult question by first dealing with an easier, dispositive issue. " Danjaq LLC, 263 F.3d at 961–63.  Here, determining the equitable issue of injunctive relief is likely to resolve the entire action and avoid the need for a jury trial on Plaintiffs' other theories of liability *and* on damages. Again, Plaintiffs have offered to stipulate that, if the Court grants full equitable relief on their

---

[6]   In Martinez, the plaintiff proposed bifurcation of two liability determinations — one that needed to be tried by a jury (proposed Phase 1) and one that arguably could be decided by the Court (proposed Phase 2). This proposal would have resulted in two jury trials (or a jury trial and a bench trial) with "'the same witnesses, the same testimony, the same audio recordings, the same documents, etc." and "would lead to the duplication of evidence, an ineffective use of judicial time and resources, and inconvenience to the parties, their counsel, and the jury." Martinez, 2023 WL 7194873, at *4. Martinez is completely different from the bifurcation proposal here, which would rely on the findings of fact this Court has already made through partial summary judgment to resolve an equitable claim that could dispose of the entire action.

1   failure to accommodate claim, Plaintiffs will dismiss all of their other claims. And
2   Insight is confident the Parties will act rationally and resolve Insight's modest demand
3   for compensatory damages (approximately $19,000) rather than demanding a jury
4   trial on that issue alone (as the parties did in Huezo).

5       Through bifurcation, this action could be fully resolved in a matter of months
6   without the need for a jury trial or a bench trial. If a jury trial is needed on remaining
7   legal issues, those issues would be narrowed, which would streamline and shorten the
8   trial and reduce the risk of jury confusion. In contrast, the City's proposal guarantees
9   that this action cannot be resolved without protracted litigation that will dramatically
10  increase legal costs for all parties, with no benefit to any Party.

11          **b)      There is No Right to a Jury Trial on Plaintiffs' Request**
12                  **for Equitable Relief on Plaintiffs' Failure to Accommodate**
13                  **Claim**

14      As a rule, "[n]either party has a right to a trial by jury on claims for equitable
15  relief." Synoptek, LLC v. Synaptek Corp., No. SACV1601838CJCJCGX, 2018 WL
16  3359017, at *12 (C.D. Cal. June 4, 2018); see, e.g., Anti-Monopoly, Inc. v. Gen. Mills
17  Fun Grp., 611 F.2d 296, 308 (9th Cir. 1979) ("district judge plainly erred in
18  concluding that questions relating to the validity of the MONOPOLY trademark
19  raised legal issues, although both parties sought only equitable relief"); Acad. of
20  Motion Picture Arts & Scis. v. GoDaddy, Inc., No. CV 10-3738-AB (CWX), 2015
21  WL 12697732, at *2 (C.D. Cal. Apr. 10, 2015) ("There is no right to a jury trial for
22  claims that seek only equitable remedies" such as a claim for "injunctive relief");
23  Cherry v. City Coll. of San Francisco, No. C 04-04981 WHA, 2006 WL 249519, at
24  *1 (N.D. Cal. Jan. 31, 2006) ("there is no right to a jury trial, because only declaratory
25  relief, injunctive relief, and attorney's fees remain, all equitable issues"). The City
26  agrees that the Court must determine "appropriate equitable relief, if any" through a
27  motion hearing (rather than a jury trial). (See Section E.2.b below.)

28      The City contends a jury trial is needed to make unspecified "factual

determinations" before the Court can decide equitable relief. (See Section E.2.b below.) But other than vague allegations referencing Plaintiffs' purported "inequitable conduct" (see Section A.2.e above),[7] the City has not provided any examples of a "factual determination" that needs to be made in connection with Plaintiffs' request for equitable relief on their failure to accommodate claim, nor has the City explained why any such determinations could not be made by the Court. Indeed, the City does not point to any triable disputed facts that are relevant and material to Plaintiffs' claim for equitable relief on its failure to accommodate claim, and the Court has already made numerous factual determinations through comprehensive findings of fact in its summary judgment ruling. (ECF 194, pp. 14:16–19:4.)

### c)   There is No Right to a Jury Trial on the City's Counterclaim for Equitable Relief

The City's Declaratory Judgments Act ("DJA") Counterclaim is an equitable claim that solely seeks equitable relief (specifically, declaratory and injunctive relief). (ECF 59, pp. 65:26–67:5.) As such, the City has no right to a jury trial on its DJA Counterclaim. <u>People of the State of California v. Kinder Morgan Energy Partners, L.P.</u>, No. 07CV1883-MMA (WVG), 2016 WL 6269716, at *3 (S.D. Cal. May 16, 2016) ("Because the relief is equitable in nature, Plaintiffs have no right to a jury trial of their public nuisance claim."); <u>People v. One 1941 Chevrolet Coupe</u>, 37 Cal.2d 283 (1951) (no right to jury trial existed at common law in suit to abate nuisance); <u>People</u>

---

[7]   In Section A.2.e above, the City retreads spurious allegations that the Court previously struck relating to the City's speculative and unsubstantiated theory that Insight is "violating statutory law that would bar their operations." Specifically, the Court ruled "the statement 'wrongdoing must be taken into account' cannot withstand the weight that Costa Mesa places upon it" and the "Court will not allow affirmative defenses to stand where their purpose is only to provide relevant information of wrongdoing in the determination of remedies, particularly where the remedies that Plaintiffs seek are a declaration and injunction that will prohibit Costa Mesa from denying Insight's permit and accommodation requests based on disability discrimination, and its damages are limited to recoupment of costs." (See ECF 88, pp. 11-12; see also ECF 129, p. 4 [ruling that the City's "primarily speculative proffers of relevance" on these allegations "bear a close resemblance to improper fishing expeditions"].)

1 ex rel. Feuer v. Superior Court (Cahuenga's the Spot), 234 Cal. App. 4th 1360, 1384

2 (2015) (no right to jury trial in action by the People to abate a public nuisance).

3     The scope of the City's remaining DJA Counterclaim is exceptionally narrow.

4 As framed in the City's Third Amended Counterclaim, the DJA Counterclaim broadly

5 sought declaratory and injunctive relief on:

6             "… whether Counter-Defendants are operating an illegal

7             and/or barred business, whether they are barred from

8             operating in the State of California, and whether their

9             conduct constitutes a basis for the City of Costa Mesa to

10             take law enforcement, code enforcement, or civil action

11             against Counter-Defendants, including whether their

12             conduct constitutes a nuisance which is subject to

13             abatement, including for violation of the City's Municipal

14             Code and separately for violation of any State of Federal

15             Laws."

16 (ECF 59, pp. 53:12-19.) However, the Court determined the City's request for

17 declaratory and injunctive relief "based on the alleged violation of statutes for which

18 Costa Mesa is the inappropriate prosecuting authority" was an "inappropriate use of

19 a DJA Claim" and granted Counter-Defendants' motion to dismiss "the DJA claims,

20 with the exception of the nuisance claim, without leave to amend." (ECF 88, pp. 9-

21 10.)

22     A dispute followed over the scope of the City's remaining nuisance claim —

23 the City contended this claim could continue to be based on violations of state and

24 federal laws (ECF 89-1 [Ex. 1, p. 16]), and Counter-Defendants interpreted the

25 Court's order "to mean that the City's DJA nuisance claim cannot be based on

26 violations of state and federal laws that Court ruled the City 'cannot itself prosecute.'"

27 (ECF 89, p. 5:6-15.) Counter-Defendants then sought clarification that the remaining

28 DJA claim was the ***narrow nuisance claim*** the City had asserted in its Second

Amended Counterclaim, which was solely based on Insight's "[o]peration of business without necessary permits and business license under the Costa Mesa Municipal Code, including as a nuisance *per se*" because "Counter-Defendants failed to obtain a necessary conditional use permit and operator's permit to operate their business in the City of Costa Mesa." (ECF 89, p. 6:4-13, citing ECF 75-3, 36(ii), p. 62.) The Court agreed with Counter-Defendants and entered an order clarifying that the Court had "**dismissed the nuisance claim to the extent that it was based on the violation of state or federal law** for which Costa Mesa is the inappropriate pleading authority." (ECF 90, pp. 1-2.) The Court also confirmed "Insight's understanding that '[t]he Court's ruling therefore indicates that only the narrow DJA nuisance claim from the SACC survives, because only that claim could have been addressed in Plaintiff's prior motion to dismiss,' is correct." (ECF 90, pp. 1-2, citing ECF 89, p. 6 [bold font in original].)

Simply put, the only questions that need to be addressed to resolve the City's DJA Counterclaim are whether Insight is operating its business "without necessary permits and business license under the Costa Mesa Municipal Code" (which the City contends is a nuisance *per se*) and whether Insight "failed to obtain a necessary conditional use permit and operator's permit to operate their business in the City of Costa Mesa." (ECF 89, p. 6:4-13, citing ECF 75-3, 36(ii), p. 62.) There is no need to delay resolution of this Counterclaim until after a jury trial is complete on Plaintiffs' alternate theories of liability and Insight's request for compensatory damages. Counter-Defendants' do not dispute that Insight's housing does not have a conditional use permit or an operator's permit. One of the impetuses for Plaintiffs' claims was the City's denial of Insight's applications for these permits and denial of Insight's request for a reasonable accommodation relating to these permits.

The Parties disagree on whether Insight's action of continuing to provide its housing after the City adopted new ordinances requiring discretionary permits for the housing and then denying Insight's applications for those permits (all of which are

undisputed facts) is a "nuisance *per se*,"[8] but this is a question of law, not a factual dispute. 66 C.J.S. Nuisances § 200 ("Whether an allegedly injurious condition constitutes a nuisance per se is a question of law for the court."); see, e.g., City of Costa Mesa v. Soffer, 11 Cal. App. 4th 378, 382 (1992) (in nuisance abatement action where the City contended a property owner's collection of a large number of wrecked vehicles at his residence was a nuisance *per se* under the City's Municipal Code, the Court's "findings that the vehicles fell within the ambit of the nuisance statute were legal findings," not "factual findings").

### d)   The City's Affirmative Defenses Involve No Questions of Fact

The Court's Civil Trial Order noted "It is unclear … whether [the Parties] are amenable to a motion for summary judgment or some other type of motion." (ECF 197, p. 2:17-19.) Plaintiffs and Counter-Defendants are amenable to this and view it as a pragmatic and cost-effective way to either fully resolve this litigation or narrow the issues for trial. The Court has authority to resolve remaining questions of law before trial. Rule 12(f) of the Federal Rules of Civil Procedure authorizes a Court "on its own" to "strike from a pleading an insufficient defense." Rule 56(f) of the Federal Rules of Civil Procedure authorizes the Court, "[a]fter giving notice and a reasonable time to respond," to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."

"Affirmative defenses are insufficient as a matter of law where '"there are no questions of fact, [ ] any questions of law are clear and not in dispute, and [ ] under no set of circumstances could the defense succeed."'" Hernandez v. Cnty. of Monterey, 306 F.R.D. 279, 284–85 (N.D. Cal. 2015) (internal citations omitted). Where, as here, "affirmative defenses are either implausible or deficient as a matter of law, they must be stricken, as must the [defendant]'s demand for a jury trial" on

---

[8]   Insight has previously stipulated that, if it does not prevail in this action, it will stop providing its housing in the City of Costa Mesa.

1  those affirmative defenses. Ibid. None of the City's affirmative defenses raise triable

2  questions of fact. By adjudicating the City's affirmative defenses through a pre-trial

3  motion for partial summary judgment, the Court could significantly narrow the issues

4  for trial. See, e.g., Danjaq LLC v. Sony Corp., 263 F.3d 942, 961–63 (9th Cir. 2001)

5  (district court did not abuse its discretion bifurcating proceedings so court could

6  decide laches affirmative defense before jury trial on liability for copyright

7  infringement); Hernandez, 306 F.R.D. at 284–93 (striking County's affirmative

8  defenses based on statute of limitations, lack of standing, good faith, equitable

9  estoppel, failure to exhaust administrative remedies, failure to comply with California

10 Government Claims Act, governmental immunity, and laches and striking County's

11 demand for jury trial on those defenses). If this action cannot be resolved without a

12 jury trial, then adjudicating the City's affirmative defenses (for which there are no

13 disputed or triable facts) is a pragmatic and cost-effective way to narrow, streamline,

14 and shorten the trial.

15         **e)      Plaintiffs' and Counter-Defendants' Response to the**

16                **City's Comments on the Preparation of this Joint Report**

17         In Section D.2 below, the City erroneously indicates that Plaintiffs and Cross-

18 Defendants have known which issues the Parties would stipulate to and which issues

19 would be areas of disagreement "for months" and implies that Plaintiffs and Counter-

20 Defendants were dilatory (or worse, tactical) in providing the City with the briefing

21 in this Section D.1. Plaintiffs and Counter-Defendants categorically deny this. Before

22 they started the time, labor, and cost-intensive process of briefing areas of

23 disagreement, Plaintiffs and Counter-Defendants tried meet and confer with the City

24 in good faith to meaningfully explore areas of stipulation. The City declined

25 Plaintiffs'' and Counter-Defendants' repeated requests for a video or telephone

26 conference and did not send its responses on proposed areas of stipulation and

27 disagreement until **nearly 10:00 p.m. on Saturday July 13th**. This left Plaintiffs' and

28 Counter-Defendants' with less than two days (mainly over the weekend) to coordinate

the efforts of three law offices (Rutan & Tucker, LLP, Disability Rights California, and Brancart & Brancart) and Insight's in-house counsel (Ms. Beatificato) to brief the areas of disagreement.

Plaintiffs and Counter-Defendants further dispute the City's contention that the City "expressly detailed fully its disagreements" during the meet and confer process for the first Joint Report (i.e., ECF 196). Plaintiffs and Counter-Defendants have tried to use this second Joint Report to "drill down" on the specific issues that still need to be resolved (e.g., which facts are in dispute, which claims, defenses or remedies those facts relate to, and how those disputes will be decided — i.e., by the Court or by a jury). The City has generally responded with broad, high-level statements (e.g., all remaining disputes must be resolved by a jury, there are no "purely legal issues," etc.). The Parties' different levels of specificity have made it very difficult to determine where the Parties are in agreement and where they are not. Through preparing this Report, the Parties discovered more areas of agreement than they originally expected. (See Section C above outlining the Parties' stipulations.)

Finally, Plaintiffs and Counter-Defendants dispute and are disappointed by the City's contention that counsel for Plaintiffs and Counter-Defendants have used the meet and confer process to "attack and criticize the City." Plaintiffs and Counter-Defendants have used these Joint Reports as an opportunity to look for any possible areas of common ground that could benefit all of the Parties by narrowing and streamlining the rest of this litigation. The email chains attached as **Exhibit 1** (regarding this Joint Report) and **Exhibit 2** (regarding the June 6, 2024 Joint Report [ECF 196]) speak for themselves.

### 2.     City's Position

Plaintiffs and Cross-Defendants did not provide their above legal analysis of the issues for which there are disagreements, even though they have known about such issues and disagreements for months, until 3:06 pm the day this Joint Report is due to be filed on July 15, 2024.  The City's arguments were shared with Plaintiffs'

and Cross-Defendants' counsel first thing on July 10, 2024.  This prejudices the City and prevents it from fully responding to such arguments.  Therefore, if this Court is inclined to consider granting Plaintiffs and Cross-Defendants the relief they seek (including bifurcation and motion practice), the City requests a further opportunity for full briefing, including that Plaintiffs and Cross-Defendants should file a fully noticed motion to bifurcate.  The City's due process rights must be protected, especially in the face of potential curtailment of its Constitutional Seventh Amendment rights.

With respect to the assertion that the City repeatedly declined video or telephone conference, it is exactly due to lengthy telephone/video conference that the parties counsel did have (in May 2024) with respect to the previous Joint Report wherein the City's counsel expressly detailed fully its disagreements and position as to jury trial, bifurcation and no further pre-trial motions, but which Plaintiffs' and Cross-Defendants' counsel are now completely ignoring and disavowing.  Instead of leading to any resolution of issues, the telephone/video meet and confer simply provided Plaintiffs' and Cross-Defendants' counsel another opportunity to gather information about the City's position to their advantage (attack and criticize the City), and then ignore the fact that it occurred completely when preparing this Joint Report to the prejudice of the City.  The same occurrence has happened repeatedly and consistently throughout the years of this litigation.  Thus, there was no need for a repeat telephone/video meet and confer in the context of this Joint Report, wherein the City would have to repeat exactly what it represented months prior in vain and to no effect, as demonstrated by Plaintiffs' and Cross-Defendants' counsel repeated propensity to simply ignore the City's position communicated therein.

Given the inability to address the above arguments directly, as a result of Plaintiffs' and Cross-Defendants' counsel's purposeful decision to not present it until the last minute, the City refers to Section A.2 above and Section E below, and reserves the right for further briefing to address the arguments.

**E.**     **Summaries of Answers To Court's Ordered Issues**

    **1.**     **Which of the Remaining Issues Remain for the Jury**

        **a)**     **Plaintiffs' and Counter-Defendants' Position**

Liability on Plaintiffs' claims for which liability has not yet been established, specifically:

- Disparate treatment (FHA, ADA, § 504, FEHA, and § 11135 );
- Methods of administration (FHA, ADA, § 504, FEHA, and § 11135 );
- Disparate impact (FHA, ADA, § 504, FEHA, and § 11135);
- Equal protection (§ 1983); and
- Due process (§ 1983).

Liability for and amount of Insight's compensatory damages for all of Insight's claims (FHA, ADA, § 504, FEHA, § 11135, and § 1983). As noted above, Insight is only seeking to be reimbursed for the amount of money Insight paid the City and its consultants pursuing the conditional use permit, operator's permit, and reasonable accommodation — approximately $19,000.

        **b)**     **The City's Position**

All of the remaining Plaintiffs' Claims and City's Counterclaims remain for the jury, including liability (except as to reasonable accommodation liability already determined on summary judgment), compensatory damages, and at least the determination of facts and circumstances underlying equitable relief. All of the City's Affirmative Defenses, except those that have been stricken (unclean hands and business is barred), remain for the jury.

    **2.**     **Which, If Any, Issues Remain for the Court to Decide on a Bench Trial**

        **a)**     **Plaintiffs' and Counter-Defendants' Position**

None, unless the Court determines a bench trial is needed rather than a hearing on one or more of the motion(s) outlined below in Section E.3.a, which Insight would not oppose.

**b)     The City's Position**

This Court should not decide any issues on a bench trial.  After a jury trial, this Court should determine on post-trial motions appropriate equitable relief, if any.  This Court should be bound under the Seventh Amendment to the factual determinations of the jury and not be deciding any facts on a bench trial.

**3.     When Any Such Bench Trial (or Pretrial Motions) Occur**

**a)     Plaintiffs' and Counter-Defendants' Position**

Before a Jury Trial:

- Motion for injunctive relief on Plaintiffs' request for equitable relief for Plaintiffs' failure to accommodate claim (for which liability has already been established); and

- Motion (or cross motions) for partial summary judgment on the City's remaining affirmative defenses (except the City's "failure to mitigate" affirmative defense, which only applies to Insight's request for compensatory damages), the City's Declaratory Judgments Act Counterclaim, and Counter-Defendants' affirmative defenses.[2]

Concurrent with Jury Trial: If needed, bench trial on any issues that were not decided through the Motions described above.

After a Jury Trial: If needed, motion for injunctive relief of Plaintiff's request for equitable relief on Plaintiffs' remaining claims for which the jury found liability — specifically, the disparate treatment claim (FHA, ADA, § 504, FEHA, and § 11135), methods of administration claim (FHA, ADA, § 504, FEHA, and § 11135 ), disparate impact claim (FHA, ADA, § 504, FEHA, and § 11135), equal protection claim (§ 1983), and due process claim (§ 1983).

**b)     The City's Position**

There should not be any bench trial.  To the extent the issue requests input as to pre-trial dispositive motions, all parties have had their opportunity and exercised it vigorously to bring dispositive motions.  There is no basis for allowing further

repetitive motion practice at this time.  The only remaining procedure is a trial.

"There is no absolute right to summary judgment.  Schwarzer et al. § 14:338. Although defendants do not have a right to a jury trial on this matter and the case will proceed to a bench trial, the Court has determined that the best course is to empanel an advisory jury nonetheless. . . .  A trial court may deny summary judgment where 'there is reason to believe that the better course would be to proceed to a full trial.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)."  Sakhrani v. City of San Gabriel, 2017 U.S. Dist. LEXIS 40752, at *30 (C.D. Cal. Mar. 20, 2017).  Even when there is no right to jury trial, the prudent procedure is to empanel an advisory jury nonetheless and go to trial instead of dealing with summary judgment motions, especially when the factual issues are complex and all-encompassing as here.

**4.    What Remaining "Purely Legal Issues" Remain and When Should They be Decided**

**a)    Plaintiffs' and Counter-Defendants' Position**

All of the following are purely legal issues that should be decided before a jury trial:

- City's "legitimate use of zoning powers" affirmative defense
- City's "statute of limitations" affirmative defense
- City's "failure to mitigate" affirmative defense
- City's "failure to exhaust" affirmative defense
- City's "failure to present a government claim" affirmative defense
- City's "lack of standing" affirmative defense
- City's "laches" affirmative defense
- City's "benefit the disabled" affirmative defense
- City's Declaratory Judgments Act Counterclaim
- Counter-Defendants' "failure to state a cause of action" affirmative defense

1   • Counter-Defendants' "ripeness" affirmative defense

2   • Counter-Defendants' "lawful nonconforming use" affirmative defense

3   • Counter-Defendants' "unclean hands" affirmative defense

4   • Counter-Defendants' "laches" affirmative defense

5   • Counter-Defendants' "lack of City Council authorization for

6   Counterclaim" affirmative defense

7   **b)      The City's Position**

8   There are not any purely legal issues, as all of the issues, including equitable

9   relief that is within the domain of this Court, are all dependent upon factual issues that

10  the jury should decide.

11  Dated: July 15, 2024                      RUTAN & TUCKER, LLP
                                              ALISHA PATTERSON
12

13                                            By: */s/ Alisha Patterson*
                                              Alisha Patterson
14
                                              Attorneys for Plaintiff and Counter-
15                                            Defendant, INSIGHT
                                              PSYCHOLOGY AND ADDICTION,
16                                            INC. and Counter-Defendants MARY
                                              HELEN BEATIFICATO and
17                                            GERALD GROSSO

18
    Dated: July 15, 2024                      DISABILITY RIGHTS CALIFORNIA
19

20                                            By: */s/ Autumn Elliott (w/ permission)*
21                                            Autumn Elliott
                                              Zeenat Hassan
22
                                              Attorneys for Plaintiff JANE DOE
23
    Dated: July 15, 2024                      EVERETT DOREY LLP
24

25                                            By: */s/ Christopher D. Lee (w/ permission)*
26                                            Seymour B. Everett, III
                                              Samantha E. Dorey
27                                            Christopher D. Lee

28                                            Attorneys for Defendant CITY OF
                                              COSTA MESA