**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
  severett@everettdorey.com
Samantha E. Dorey, SBN 281006
  sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
  clee@everettdorey.com
2030 Main Street, Suite 1200
Irvine, California 92614
Phone: 949-771-9233
Fax: 949-377-3110

**JONES & MAYER**
Kimberly Hall Barlow, Esq., SBN 149902
khb@jones-mayer.com
Bruce A Lindsay, Esq., SBN 102794
bal@jones-mayer.com
Monica Choi Arredondo, Esq. SBN 215847
mca@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendant and Counter-Plaintiff, CITY OF COSTA MESA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF COSTA MESA, a municipal corporation; and DOES 1-10, inclusive,<br><br>        Defendant. | **Case No. 8:20-cv-00504-MEMF-JDE**<br><br>Assigned to the Hon. Maame Ewusi-Mensah Frimpong<br><br>**DEFENDANT CITY OF COSTA MESA'S *EX PARTE* APPLICATION FOR CLARIFICATION ON SCHEDULING ORDER AND REQUEST FOR STAY PENDING NOVEMBER 20, 2024 MEDIATION; URGENCY GIVEN PLAINTIFFS' IMMEDIATE UPCOMING MOTIONS THAT POTENTIALLY VIOLATE THE SCHEDULING ORDER** |
| CITY OF COSTA MESA, a municipal corporation,<br><br>        Counter-Plaintiff, | Action Filed:   March 12, 2020<br>Trial Date:     February 24, 2025 |

vs.

INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation; MARY HELEN BEATIFICATO, an individual; GERALD GROSSO, an individual; and ROES 1-50,

Counter-Defendants.

## I. THE CITY SEEKS CLARIFICATION ON THE SCHEDULING ORDER AND OUTCOME OF MOST RECENT JOINT REPORT

Plaintiffs in this matter have indicated that they intend to file **as early as today, October 3, 2024,**[1] multiple motions, including 1) a motion for injunction (which includes seeking invalidation of certain aspects of the City's group home regulations on the basis of facial challenge/facial attack/facial discrimination, and to transform the liability partial summary judgment ruling on "reasonable accommodation" into a final judgment with relief granted without a trial) thereby comprising or at least the equivalent of a second motion for summary judgment, and 2) a motion for bifurcation to bypass the City's rights to a jury trial or at least have a jury hear and decide numerous issues of fact relevant to the relief Plaintiffs seek.

However, this Court stated in the most recent Order Setting Further Scheduling Conference: "[T]he Court understands that all that remains in the case is trial, the final pretrial, and the pretrial filings." [Dkt. 195 – March 20, 2024 Order Setting Further Scheduling Conference at page 1, lines 23-25]

The parties then filed a first "Joint Report" that led this Court to state in the subsequent Civil Trial Order: "Plaintiffs and Counter-Defendants request bifurcation

---

[1] As explained below, the immediacy of Plaintiffs' intended motions has necessitated *ex parte* immediate relief to avoid prejudice to the City.

of the case to separately address 'remaining issues that are not decided by a jury.' Rule 26f Report at 12. Among those remaining issues, Plaintiffs and Counter-Defendants list 'other purely legal issues.' *Id.* **It is unclear** what those 'purely legal issues' are and **whether** they are amenable to a motion for summary judgment or some other type of motion. And given the City's objection to bifurcation, it is unclear on what basis the City objects to a separate motions practice or bench trial on issues that are not for the jury to decide. **The parties are ORDERED to meet and confer and attempt to reach agreement on the following: (1) which of the remaining issues remain for the jury; (2) which, if any, issues remain for the Court to decide on a bench trial; (3) when any such bench trial occur—(a) in advance of the jury trial, (b) simultaneous with the jury trial (if it involves only the evidence that would otherwise be presented to the jury), or (c) subsequent to the jury trial; and (4) what remaining 'purely legal issues' remain and when they should be decided. The parties are to submit a joint report setting forth any stipulations and outlining the legal basis for any areas of disagreement within 14 days of this Order.** Accordingly, the Court has keep that last day for dispositive motions deadline in the schedule **for now, subject to the parties' responses to the questions above**." [Dkt. 197 – June 17, 2024 Civil Trial Order at page 2, line 15 to page 3, line 4 (emphasis added)]

The parties subsequently submitted a Joint Report in accordance with the Civil Trial Order in which the parties took opposite positions, including that Plaintiffs sought permission to file additional motions and bifurcation, and the City sought no further motions and a jury trial on all matters simultaneously. [Dkt. 203 – July 15, 2024 Joint Report]

The City's understanding of this Court's Orders is that upon submission of the Joint Report, the Court would issue a subsequent Order determining issues of leave to file any further motions, bifurcation, jury or court trial, etc. Further, the City understood that the Court had not already granted leave to Plaintiffs to file the

motions that they were requesting in the Joint Report – otherwise why would the Joint Report and request for leave therein have been necessary if Plaintiffs could simply move forward with what they were seeking permission to do and which this Court has requested the parties' position on?

The City's counsel sought agreement by Plaintiffs' counsel to stay the matter at least until this Court issued a subsequent Order addressing the issues this Court requested the Joint Report on, and ideally to stay the matter until the parties complete their already-scheduled mediation set for November 20, 2024 as the issues may be moot thereafter. The City was and remains willing to compromise and come to a reasonable solution that will preserve all parties' rights and avoid prejudice and unnecessary fees and costs. However, Plaintiffs' counsel completely refused to agree to any stay and instead are moving forward with filing motions outlined above, despite the issues above and having no explicit permission by the Court to do so.

Plaintiffs' counsel's unwillingness to wait and insistence on filing contested motions has resulted in an urgent need for clarification from the Court on scheduling issues outlined above, and thus, this *Ex Parte* Application. Without such clarification (including potentially confirming the City's understanding based on the Court's current Orders that there is no leave to file motions) the City will suffer significant prejudice and be forced to incur fees and costs to oppose potentially improper motions that should not have been filed in the first place.

## II. A STAY PENDING MEDIATION IS PRACTICAL, TO THE BENEFIT OF ALL PARTIES, AND NON-PREJUDICIAL

The parties are scheduled for a full-day mediation with Hon. Glenda Sanders (Ret.) with JAMS on November 20, 2024. The City anticipates that such mediation has a significant chance to fully resolve this matter. The City's counsel sought agreement from Plaintiffs' counsel to stay this action (including extending if necessary motion filing/hearing deadlines and trial) pending the mediation.

Plaintiffs' counsel's stated reasons for not agreeing with a stay was that "they wanted this matter done" and that delays will result in more fees and costs. Plaintiffs' counsel specifically stated that they spent over $90,000 just on the Joint Reports since the MSJ Order in this case. It is unclear, and Plaintiffs' counsel could not explain, how it would be more cost-effective for them to file additional motions, including an equivalent to a motion for summary judgment, which presumably will cost Plaintiffs even more than the $90,000 Joint Reports, and to prepare for trial at the same time as preparing for mediation, as compared to a stay that would obviate the need to incur such fees and costs for the motions and trial preparation. The stated "additional costs" from delays was having to email and call witnesses to coordinate schedules for a new trial date. Therefore, it is clearly more practical and less prejudicial and less costly for a stay as opposed to multiple motions and trial, and Plaintiffs have not shown to the contrary.

A stay is further warranted as opposed to moving forward with the dispositive motion intended by Plaintiff, which includes facial discrimination/challenge issues to invalidate the City's group home regulations, because the same issue(s) are already being decided by the Ninth Circuit in the pending appeal of the Ohio House v. Costa Mesa matter. The Ninth Circuit's decision is most likely to obviate the need for this Court to consider and rule on at least many of the issues Plaintiffs seek to bring in their motions. As of March 2024, the briefing and oral argument in the Ninth Circuit appeal is completed. All that remains is for the Ninth Circuit to issue an Opinion.

Plaintiffs suffer no prejudice from a stay – they are still operating fully their business without impediment as the City is not performing code enforcement against Plaintiffs and has not since this action began. Plaintiffs will be in the same position and still operating throughout any stay of this action. Plaintiff will actually be prejudiced without a stay, as they imply that they will incur hundreds of thousands of dollars in litigation fees and costs moving forward with this litigation between

now and the scheduled mediation. After a copy of this Application was circulated to Plaintiffs' counsel in advance of filing, they stated that the prejudice is "a cloud of uncertainty" and "distress that the uncertainty around Insight's housing has caused."

The City will suffer prejudice from a denial of this Application, as it will be forced to incur significant potentially unnecessary fees and costs to oppose potentially improper motions filed without leave, and to prepare for trial when mediation may very well resolve this matter fully.

### III.  *EX PARTE* NOTICE

Upon Plaintiffs' counsel's insistence to move forward with their motions, they scheduled and the parties participated in a Local Rule 7-3 conference on September 26, 2024. At said conference, the City's counsel gave oral notice of this *Ex Parte* Application to all other counsel, including notice of the substance (clarification and stay of the matter pending mediation) and date (the week of September 30, 2024). Unfortunately, Plaintiffs' counsel attempted to prevent such notice as not the reason for the conference, and to argue that proper notice had not been given because notice of intent to give notice was not given prior to giving notice. As such, the City's counsel is giving additional notice through email and offering to have another phone call before filing this Application, including sending the draft of this Application ahead of time to Plaintiffs' counsel before filing so that they have above and beyond any notice required. After a draft of this Application was sent with all substance already identified (except the two new sentences about subsequent events) and the date of this Application was communicate (October 3, 2024), Plaintiff's still argued that notice of this Application was inadequate.

Unfortunately, it is anticipated that Plaintiffs' counsel will oppose this Application based on irrelevant matters including inaccurate accusations of unprofessionalism (or worse) from the City's counsel (as they immediately sent an inaccurate "recap" email after the most recent conference making such inaccurate accusations against the City's counsel). The City's counsel denies any such

allegations and implores that the parties focus on the actual relevant issues and not alleged character issues of counsel.

DATED: October 3, 2024      EVERETT DOREY LLP

By: _____
Seymour B. Everett, III
Samantha E. Dorey
Christopher D. Lee
Attorneys for Defendant and Counter-Plaintiff, CITY OF COSTA MESA

File No. 1029-16

# PROOF OF SERVICE

**Insight Psychology and Addiction Inc. v. City of Costa Mesa**
**Case No. 8:20-cv-00504-JVS-(JDEx)**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 2030 Main Street, Suite 1200, Irvine, CA 92614.

On October 3, 2024, I served true copies of the following document(s) described as

**DEFENDANT CITY OF COSTA MESA'S *EX PARTE* APPLICATION FOR CLARIFICATION ON SCHEDULING ORDER AND REQUEST FOR STAY PENDING NOVEMBER 20, 2024 MEDIATION; URGENCY GIVEN PLAINTIFFS' IMMEDIATE UPCOMING MOTIONS THAT POTENTIALLY VIOLATE THE SCHEDULING ORDER**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 3, 2024, at Irvine, California.

/s/ Kristal N. Mauro
Kristal N. Mauro

4873-9610-6988.1

-1-    8:20-cv-00504-MEMF-JDE
PROOF OF SERVICE

File No. 1029-16

**SERVICE LIST**
**Insight Psychology and Addiction Inc. v. City of Costa Mesa**
**Case No. 8:20-cv-00504-JVS-(JDEx)**

| | |
|---|---|
| Mary Helen Beatificato, Esq.<br>INSIGHT PSYCHOLOGY AND ADDICTION, INC.<br>4000 Birch Street, Suite 112<br>Newport Beach, California 92660<br>Phone: (949) 216-3851<br>Email: mh@nsightrecovery.com | *Attorney for Plaintiff*<br>INSIGHT PSYCHOLOGY AND ADDICTION, INC. |
| Alisha Patterson<br>RUTAN & TUCKER, LLP<br>18575 Jamboree Road, 9th Floor<br>Irvine, CA 92612<br>Telephone: 714-641-5100<br>apatterson@rutan.com | |
| Autumn M. Elliott, Esq. (SBN 230043)<br>Zeenat Hassan (SBN 294138)<br>Disability Rights California<br>350 S Bixel Street, Suite 290<br>Los Angeles, CA 90017<br>Telephone: (213) 213-8000<br>Autumn.Elliott@disabilityrightsca.org<br>Zeenat.Hassan@disabilityrightsca.org | *Attorneys for Plaintiff*<br>JANE DOE |
| Christopher Brancart<br>BRANCART & BRANCART<br>P.O. Box 686<br>Pescadero, CA 94060<br>Phone: (650) 879-0141<br>Email: cbrancart@brancrart.com<br>mdahl@brancart.com | |

4873-9610-6988.1

-2-　　　8:20-cv-00504-MEMF-JDE

PROOF OF SERVICE