Mary Helen Beatificato, Esq. (State Bar No. 220936)
Insight Psychology and Addiction, Inc.
4000 Birch Street, Suite 112
Newport Beach, CA 92660
Telephone:  (949) 216-3851
Facsimile:  (949) 467-9945

Alisha Patterson (State Bar No. 274630)
apatterson@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff and Counter-Defendant
INSIGHT PSYCHOLOGY AND ADDICTION, INC. and Counter-Defendants MARY HELEN BEATIFICATO and GERALD GROSSO

[Additional Attorneys Listed on Next Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation, and JANE DOE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF COSTA MESA, a municipal corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:20−cv−00504−MEMF−JDE<br><br>Judge: Honorable Maame Ewusi-Mensah Frimpong<br>Ctrm: 8B<br><br>**PLAINTIFFS' JOINT MOTION FOR BIFURCATION**<br><br>[Filed concurrently with Plaintiffs' Joint Motion For Injunctive Relief; Declarations of Mary Helen Beatificato, Jane Doe, and Alisha Patterson in Support of Joint Motions; Request for Judicial Notice in Support of Joint Motions; and Proposed Orders Granting Joint Motions]<br><br>Hearing:<br>Date: November 14, 2024<br>Time: 10:00 a.m.<br>Courtroom: 8B<br><br>Date Action Filed: March 12, 2020<br>Trial Date: February 24, 2025 |
| CITY OF COSTA MESA, a municipal corporation,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation; MARY HELEN BEATIFICATO, an individual; GERALD GROSSO, an individual; and ROES 1-50,<br><br>Counter-Defendants. | |

## **ADDITIONAL ATTORNEYS**

Autumn M. Elliott (State Bar No. 230043)
Zeenat Hassan (State Bar No. 294138)
DISABILITY RIGHTS CALIFORNIA
350 S. Bixel Street, Suite 290
Los Angeles, CA 90017
Tel.: (213) 213-8000
Fax: (213) 213-8001
Autumn.Elliott@disabilityrightsca.org
Zeenat.Hassan@disabilityrightsca.org

Christopher Brancart (State Bar No. 128475)
BRANCART & BRANCART
P. O. Box 686
Pescadero, CA 94060
Tel.: (650) 879-0141
Fax: (650) 879-1103
cbrancart@brancart.com

Attorneys for PLAINTIFF JANE DOE

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on **November 14, 2024**, at **10:00 a.m.**, or as soon thereafter as counsel may be heard in **Courtroom 8B** of the above-captioned Court, located at the United States Courthouse, 350 West First Street, Los Angeles, California, 90012, Courtroom 8B, 8th Floor, Plaintiff and Counter-Defendant Insight Psychology and Addiction, Inc. ("Insight") and Plaintiff Jane Doe ("Ms. Doe") (collectively, "Plaintiffs") will jointly move the Court pursuant to Rules 39(a)(2) and 42(b) of the Federal Rules of Civil Procedure for an Order Bifurcating this Action to Allow Plaintiffs to File a Motion for Injunctive Relief on Plaintiffs' Failure to Accommodate Claim ("Motion").

This Joint Motion is made on the grounds that:

1. Liability has been established through partial summary judgment in favor of Plaintiffs and against Defendant and Counter-Plaintiff City of Costa Mesa (the "City") on Plaintiffs' failure to accommodate claim. ECF No.[1] No. 194, 41:10–44:2.

2. In connection with the partial summary judgement proceedings, the Court made numerous "Findings of Fact." ECF No. 194, 14:16–19:4. These findings of fact cannot be re-adjudicated through a jury trial.

3. None of the Parties have a right to a jury trial on Plaintiffs' claim for equitable relief on Plaintiffs' failure to accommodate claim (for which liability has been established) nor the City's Declaratory Judgments Act Counterclaim (for which the City only seeks equitable relief). To the extent the City disputes this procedural question, Rule 39(a)(2) of the Federal Rules of Civil Procedure allows the Court to determine there is no federal right to a jury trial on either of these claims for equitable relief.

---

[1] Citations to "ECF No." refer to the Court's Case Management/Electronic Case Files system.

4. The City has not identified any "common issues" between the remaining legal claims and equitable claims that would require a jury trial on the remaining legal claims before the Court decides equitable relief on Plaintiffs' failure to accommodate claim.

5. Plaintiffs have offered to stipulate that: (A) if Plaintiffs obtain injunctive relief on their failure to accommodate claim, they will dismiss their other claims (which seek the same remedies based on different theories of liability);[2] and (B) Insight will only pursue its $19,000 compensatory damages claim if a jury trial is required on at least one other issue.

6. The factors outlined in Rule 42(b) of the of the Federal Rules of Civil Procedure all support Plaintiffs' bifurcation proposal, which authorize bifurcation "for convenience, to avoid prejudice, or to expedite and economize." Through Plaintiffs' bifurcation proposal, all of Plaintiffs' claims could be fully resolved in a single motion (which is filed concurrently herewith), instead of requiring a bench and/or jury trial.

This Motion is made following the extensive conferences of counsel in connection with the preparation of the Parties' Rule 26(f) Report (ECF No. 196) and Joint Report (ECF No. 203) and further conference of counsel pursuant to Local Rule 7-3 which took place on September 26, 2024. Declaration of Alisha Patterson in support of Plaintiffs' Joint Motion for Bifurcation and Plaintiffs' Joint Motion for Injunctive Relief ("Patterson Decl."), ¶¶ 14-39, Ex. 2.[3] After thoroughly discussing the substance of the contemplated Motion, the parties were unable to reach a resolution. Id.

---

[2] Plaintiffs would dismiss their other claims once the ruling on equitable relief was final (i.e., any appeal periods had expired or the ruling had been upheld on appeal).

[3] This declaration and other declarations and exhibits in support of this Motion are filed concurrently herewith.

| | | |
|---|---|---|
| Dated: October 3, 2024 | | RUTAN & TUCKER, LLP<br>ALISHA PATTERSON |

By: _/s/ Alisha Patterson_
Alisha Patterson

Attorneys for Plaintiff and Counter-Defendant, INSIGHT PSYCHOLOGY AND ADDICTION, INC. and Counter-Defendants MARY HELEN BEATIFICATO and GERALD GROSSO

Dated: October 3, 2024       DISABILITY RIGHTS CALIFORNIA

By: _/s/ Autumn Elliott (with permission)_
Autumn Elliott
Zeenat Hassan

Attorneys for Plaintiff JANE DOE

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I. INTRODUCTION ............................................................................................ 1

II. BRIEF SUMMARY OF BACKGROUND ..................................................... 1

III. PLAINTIFFS' BIFURCATION PROPOSAL ................................................. 4

IV. ARGUMENT .................................................................................................... 5

    A. There is No Right to a Jury Trial on Any Party's Request for Equitable Relief ............................................................................. 5

    B. Bifurcation is Appropriate Here to Avoid a Difficult Question by First Dealing With an Easier, Dispositive Issue ............................................................................................................ 6

    C. There Are No "Common Issues" Between Legal and Equitable Claims ......................................................................... 7

    D. The Procedural Posture of This Action Lends Itself to Bifurcation .............................................................................. 8

    E. Bifurcation is Warranted For Convenience, to Avoid Prejudice, and to Expedite and Economize Resolution of This Action ............................................................................................ 9

V. CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Acad. of Motion Picture Arts & Scis. v. GoDaddy, Inc.*,
   No. CV 10-3738-AB (CWX), 2015 WL 12697732 (C.D. Cal. Apr. 10, 2015)...5

*Anti-Monopoly, Inc. v. Gen. Mills Fun Grp.*,
   611 F.2d 296 (9th Cir. 1979)................................................................................5

*Bassilios v. City of Torrance*
   (C.D. Cal., Jan. 22, 2016, No. CV1403059ABJEMX) 2016 WL 1273167.....8, 9

*Cherry v. City Coll. of San Francisco*,
   No. C 04-04981 WHA, 2006 WL 249519 (N.D. Cal. Jan. 31, 2006)..................5

*Dairy Queen, Inc. v. Wood*,
   369 U.S. 469 (1962) ............................................................................................7

*Danjaq Ltd. Liab. Co. v. Sony Corp.*,
   263 F.3d 942 (9th Cir. 2001) ...............................................................1, 6, 7, 8

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*,
   890 F.2d 165 (9th Cir. 1989) ..............................................................................7

*Huezo v. Los Angeles Community College Dist.* (C.D. Cal. 2008)
   672 F.Supp.2d 1045.........................................................................................8, 9

*Synoptek, LLC v. Synaptek Corp.*,
   No. SACV1601838CJCJCGX, 2018 WL 3359017 (C.D. Cal. June 4, 2018).....5

**RULES**

Federal Rules of Civil Procedure
   rule 26(f)..............................................................................................................4
   rule 39(c)(1)........................................................................................................6
   rule 39(c)(2)........................................................................................................6
   rule 42.................................................................................................................7
   rule 42(b) ................................................................................................1, 6, 7, 9

**OTHER AUTHORITIES**

*Ohio House, LLC v. City of Costa Mesa* (USDC Case No. 8:19-cv-01710-JVS-GJS)
   (currently on appeal - 9th CCA Case No. 22-56181).........................................8

1 | **MEMORANDUM OF POINTS AND AUTHORITIES**

2 | **I.      INTRODUCTION**

3 |       Rule 42(b) of the Federal Rules of Civil Procedure allows the Court to order
4 | separate trials on one or more separate issues, claims, and counterclaims for any of
5 | the following reasons: "[f]or convenience, to avoid prejudice, or to expedite and
6 | economize." A "favored purpose of bifurcation" is to "avoid[] a difficult question by
7 | first dealing with an easier, dispositive issue." Danjaq Ltd. Liab. Co. v. Sony Corp.,
8 | 263 F.3d 942, 961 (9th Cir. 2001) ("Danjaq"). That is exactly what Plaintiff and
9 | Counter-Defendant Insight Psychology and Addiction, Inc. ("Insight") and Plaintiff
10 | Jane Doe ("Ms. Doe") (collectively, "Plaintiffs") are proposing here. As in Danjaq,
11 | the Parties have an opportunity to fully resolve all of Plaintiffs' remaining claims
12 | through a single motion that will decide an "easier, dispositive issue" (i.e., Plaintiffs'
13 | request for injunctive relief on their failure to accommodate claim) before the Parties,
14 | the Court, and a jury expend significant time and resources deciding a number of more
15 | "difficult questions" (i.e., Plaintiffs' other claims based on alternate theories of
16 | liability, Insight's request for $19,000 in compensatory damages, and Defendant and
17 | Counter-Plaintiff City of Costa Mesa's [the "City"] Counterclaim). Even though the
18 | law and the facts are on Plaintiffs' side, the City holds a vastly superior economic
19 | position to Plaintiffs. As a result, failing to bifurcate the proceedings allows the City
20 | to win this legal battle, not due to any merit in their defense, but simply by waging a
21 | war of attrition. Addressing the easier, dispositive issue first will allow the issues to
22 | be determined based on their merits in this case, and not based on which party can
23 | best weather prolonged litigation.

24 | **II.     BRIEF SUMMARY OF BACKGROUND**

25 |       Since February of 2015, Insight has provided shared housing for adults with
26 | mental health disabilities in a six-unit apartment complex in the City. ECF No.[4] 194,
27 |
28 | ---
[4]   Citations to "ECF No." refer to the Court's Case Management/Electronic Case Files system.

15:2-12. Ms. Doe is a former resident of Insight's shared housing.[5] ECF No. 147-1 (Doe MSJ Decl., ¶¶ 24-29). Starting in December of 2015, the City imposed new zoning and permitting requirements to curb what the City characterized as an overconcentration of "group homes." ECF No. 194, 17:24–18:5. The City contends its new regulations retroactively prohibit Insight's shared housing and has ordered Insight to "cease operations." ECF No. 194, 19:2-4. As a result, Insight has been in a protracted legal battle with the City for almost eight years to save its housing, first through the City's administrative proceedings (October of 2016 through December of 2019) (ECF No. 194, 18:8–19:2) and now through this legal action (March of 2020 to present).

This extended battle has put a tremendous strain on Insight's financial resources and has left Insight and Ms. Doe (collectively, "Plaintiffs") in a constant state of uncertainty about the future of Insight's housing. For Insight, the uncertainty impacts both day-to-day operations and long-term planning. Declaration of Mary Helen Beatificato in support of Plaintiffs' Joint Motion for Bifurcation and Plaintiffs' Joint Motion for Injunctive Relief ("Beatificato Decl."), ¶¶ 23-31. To date, Insight has **nearly $1 million** in legal fees in this action. Id., at ¶ 16. Lenders and business partners are understandably wary about involving themselves with Insight while the future of Insight's housing remains uncertain. Id., at ¶¶ 25. For Ms. Doe, the prospect of the City shuttering Insight's housing, with no comparable housing to replace it, presents an ever-present threat to her well-being and results in a persistent state of anxiety and dread. Declaration of Jane Doe in support of Plaintiffs' Joint Motion for Bifurcation and Plaintiffs' Joint Motion for Injunctive Relief ("Doe Decl.") ¶¶ 12-20; ECF No. 147-1 (Declaration of Jane Doe in Support of Motion for Summary Judgment ["Doe MSJ Declaration"], ¶¶ 13-16).

---

[5] Ms. Doe has survived a long history of trauma and severe sexual abuse that started when she was a small child. ECF No. 147-1 (Declaration of Jane Doe in Support of Motion for Summary Judgment ["Doe MSJ Declaration"], ¶¶ 3-9). She has complex post-traumatic stress disorder (PTSD), anxiety, depression, and anorexia. ECF No. 147-1 Doe MSJ Declaration, ¶¶ 10-12).

In March of 2024, Insight and Ms. Doe (collectively, "Plaintiffs") saw a light at the end of the tunnel when the Court granted partial summary judgment in favor of Plaintiffs. ECF No. 194. In doing so, the Court determined **the City is liable** for failure to provide a disability-related reasonable accommodation to Plaintiffs under the Americans with Disabilities Act ("ADA"), the Fair Housing Act ("FHA") and similar federal and state disability discrimination and fair housing laws. ECF No. 194, 41:10–44:2. Now that the Court has granted partial summary judgment, four categories of issues still need to be adjudicated:

1. **Injunctive relief** for Plaintiffs' failure to accommodate claim (for which the City's liability has been established through partial summary judgment) — this must be determined by **the Court** (not a jury);[6]

2. **Liability for Plaintiffs' other claims** against the City (i.e., disparate treatment discrimination, methods of administration discrimination, disparate impact discrimination, equal protection, and due process) — these claims involve disputes of fact that require a **jury trial** (ECF No. 203, 23:15–24:1 [Stipulations #6.a and #7]);

3. **Compensatory damages** for Insight[7] for any claims for which liability has been established and is later established — this requires **a jury trial** (ECF No. 203, 23:15-22 [Stipulation #6.b]); and

4. **The City's Declaratory Judgments Act Counterclaim** ("DJA Counterclaim") against Insight and Counter-Defendants Mary Helen Beatificato ("Ms. Beatificato") and Gerald Grosso ("Dr. Grosso"),[8] which

---

[6] The City agrees that, for Plaintiffs' other claims (for which liability has not yet been established), injunctive relief "should be determined by the Court" through "a motion on liability." See ECF No. 203, 23:23 – 24:1 (Stipulation #7). However, the City disagrees that the Court can determine injunctive relief on Insight's failure to accommodate claim (for which liability has been established) without a jury trial. See ECF No. 203, 24:4-10 (Areas of Disagreement #1 and #2).

[7] Insight is seeking approximately $19,000 in compensatory damages. Beatificato Decl. ¶ 21.

[8] Ms. Beatificato and Dr. Grosso co-founded Insight. Dr. Grosso retired in September of 2021 and Ms. Beatificato is now Insight's sole owner and also serves at its general counsel.

the Court has narrowed to a nuisance claim based solely on the fact that Insight is providing its housing without the permits the City denied (ECF No. 88 & 90; ECF No. 203, 23:10-12 [Stipulation #4]) — this claim must be determined by **the Court** (not a jury) (see Section IV.A below).

Following its summary judgment ruling, the Court entered an Order Setting Further Status Conference that directed the Parties to file an updated Rule 26(f) Joint Report outlining the remaining issues and the Parties' proposal (or proposals) for resolving those issues. ECF No. 195. The Parties filed their Rule 26(f) Joint Report on June 6, 2024. ECF No. 196. On June 17, 2024, the Court entered a Civil Trial Order that set the jury trial for February 24, 2025 and set November 14, 2024 as the last day to hear motions. ECF No. 197. The Civil Trial Order also directed the Parties to meet and confer on an additional Joint Report elaborating on areas of agreement and disagreement. Id. The Parties filed their additional Joint Report on July 15, 2024. ECF No. 203. In the Joint Report, the City contended that, "if this Court is inclined to consider granting Plaintiffs and Cross-Defendants the relief they seek (including bifurcation and motion practice)," then "Plaintiffs and Cross-Defendants should file a fully noticed motion to bifurcate." ECF No. 203, 35:2-6.

### III. PLAINTIFFS' BIFURCATION PROPOSAL

Plaintiffs' objective is to resolve their claims quickly and cost-effectively. To that end, Plaintiffs have offered the following stipulation:

(A) If Plaintiffs obtain injunctive relief on their failure to accommodate claim (i.e., category #1), they will dismiss their other claims, which seek the same remedies based on different theories of liability (i.e., category #2);[9] and

(B) Insight will only pursue its $19,000 compensatory damages claim (i.e., category #3) if a jury trial is required on at least one other issue (i.e., Insight will not demand a jury trial solely on its $19,000 compensatory damages

---

[9] Plaintiffs would dismiss their other claims once the ruling on equitable relief was final (i.e., any appeal periods had expired or the ruling had been upheld on appeal).

claim).

Through this proposal, all of Plaintiffs' claims could be fully resolved through the single motion for injunctive relief, which Plaintiffs have filed concurrently herewith. As discussed in Section V.A, the City is not entitled to a jury trial on Plaintiffs' request for injunctive relief nor on the City's DJA Counterclaim (which only seeks equitable relief).

## IV. ARGUMENT

### A. There is No Right to a Jury Trial on Any Party's Request for Equitable Relief

There is no federal right to a jury trial on claims for equitable relief. See Cherry v. City Coll. of San Francisco, No. C 04-04981 WHA, 2006 WL 249519, at *1 (N.D. Cal. Jan. 31, 2006) ("there is no right to a jury trial, because only declaratory relief, injunctive relief, and attorney's fees remain, all equitable issues"); Synoptek, LLC v. Synaptek Corp., No. SACV1601838CJCJCGX, 2018 WL 3359017, at *12 (C.D. Cal. June 4, 2018) ("[n]either party has a right to a trial by jury on claims for equitable relief."); see, e.g., Anti-Monopoly, Inc. v. Gen. Mills Fun Grp., 611 F.2d 296, 308 (9th Cir. 1979) ("district judge plainly erred in concluding that questions relating to the validity of the MONOPOLY trademark raised legal issues, although both parties sought only equitable relief"); Acad. of Motion Picture Arts & Scis. v. GoDaddy, Inc., No. CV 10-3738-AB (CWX), 2015 WL 12697732, at *2 (C.D. Cal. Apr. 10, 2015) ("There is no right to a jury trial for claims that seek only equitable remedies" such as a claim for "injunctive relief"). In fact, the City agrees that the Court must determine "appropriate equitable relief, if any" through a motion hearing (rather than a jury trial). ECF No. 203, 37:2-3.

However, the City nonetheless claims that it is entitled to a jury trial with respect to equitable relief on two claims. First, even though liability on Plaintiffs' failure to accommodate claim has been established through partial summary judgment, the City contends a jury trial is needed before the Court can determine

equitable relief this claim. ECF No. 203, 24:8-9 (Area of Disagreement #2). Second, even though the City has stipulated that its DJA Counterclaim only seeks equitable relief (i.e., not damages) (ECF No. 203, 23:13-14 [Stipulation #5]), the City contends a jury trial is needed on this claim. ECF No. 203, 24:13-15 (Area of Disagreement #4). For all of Plaintiffs' *other* claims (for which liability has not yet been established), the City has stipulated that "equitable relief should be determined by the Court through a post-trial motion if liability on any claim is established by the jury." ECF No. 203, 23:23 – 24:1 (Stipulation #7).

The City is not entitled to a jury trial on claims for equitable relief. The Federal Rules of Civil Procedure do not allow for a jury to determine matters for which no federal right to a jury exists unless all parties consent and the court allows it. FRCP 39(c)(2). That cannot be the case here. Neither Insight nor Ms. Doe have consented to the trial of equitable issues by a jury.

At most, a court may elect to try any issue for which no right to a jury trial exists with an ***advisory*** jury. FRCP 39(c)(1). But there is no requirement that the Court grant a party's request for an advisory jury. And here, using an advisory jury would be neither efficient nor helpful for any of the injunctive relief in this case. .

### B. **Bifurcation is Appropriate Here to Avoid a Difficult Question by First Dealing With an Easier, Dispositive Issue**

Using an advisory jury would be particularly inefficient with respect to the reasonable accommodation claim, since so much of the rest of the case will be resolved if Plaintiffs obtain injunctive relief on their reasonable accommodation claim. Rule 42(b) of the Federal Rules of Civil Procedure grants the Court broad authority to bifurcate (or hold "separate trials") on "one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for "convenience, to avoid prejudice, or to expedite and economize."  A "favored purpose of bifurcation" is to "avoid[] a difficult question by first dealing with an easier, dispositive issue." Danjaq, 263 F.3d at 961 (district judge did not abuse its discretion bifurcating equitable issue

(laches) from liability and deciding equitable issue first); see also Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 170 (9th Cir. 1989) ("Dollar Systems") ("the district judge acted within his authority in bifurcating the legal and equitable claims pursuant to Fed.R.Civ.P. 42, and in trying Avcar's equitable claims for rescission to the court"). Plaintiffs' bifurcation proposal would accomplish this. As in Danjaq, the Parties have an opportunity to fully resolve all of Plaintiffs' remaining claims through a single motion. Plaintiffs' proposed Motion for Injunctive Relief will decide an "easier, dispositive issue" (i.e., Plaintiffs' request for injunctive relief on their failure to accommodate claim) before the Parties, the Court, and a jury expend significant time resources deciding a number of more "difficult questions" (i.e., Plaintiffs' other claims based on alternate theories of liability, Insight's request for $19,000 in compensatory damages, and the City's DJA Counterclaim).

### C. There Are No "Common Issues" Between Legal and Equitable Claims

The Seventh Amendment to the United States Constitution limits bifurcation when there are "common issues" between legal and equitable claims. Fed. R. Civ. Proc. 42(b). But so long as the right to a jury trial is preserved for any legal claims, a Court has discretion to bifurcate proceedings to decide equitable claims before legal claims. See, e.g., Danjaq, 263 F.3d at 961–63; Dollar Systems, 890 F.2d at 170. Here, Plaintiffs' bifurcation proposal does not create any risk that any Party's right to a jury trial will be lost through prior determination of Plaintiffs' equitable claim. See, e.g., Dairy Queen, Inc. v. Wood, 369 U.S. 469, 473 (1962) (improperly striking demand for jury trial in its entirety because Court deemed legal claims "incidental" to equitable claims).

Under Plaintiffs' bifurcation proposal, each Party would retain their right to a jury trial, if needed, on any legal claims (which are limited to liability on Plaintiffs' remaining claims and Insight's request for compensatory damages). In deciding Plaintiffs' equitable relief on their failure to accommodate claim, the Court would not

need to make any factual determinations that are "common" to any of the remaining legal claims. As in Danjaq, 263 F.3d at 961–63, the Court can conduct a hearing on equitable issues that is "sensitive of counterclaimants' right to a jury trial" on any remaining legal issues. See, e.g., Bassilios v. City of Torrance (C.D. Cal., Jan. 22, 2016, No. CV1403059ABJEMX) 2016 WL 1273167, at *1 ("Bassilios") (granting motion for preliminary injunction after order granting partial summary judgment); Huezo v. Los Angeles Community College Dist. (C.D. Cal. 2008) 672 F.Supp.2d 1045 ("Huezo") (same).

### D. The Procedural Posture of This Action Lends Itself to Bifurcation

In the Joint Report (ECF No. 203, 13:10–14:1), the City proposed that this action should proceed in the same sequence as Ohio House, LLC v. City of Costa Mesa (USDC Case No. 8:19-cv-01710-JVS-GJS) (currently on appeal — 9th CCA Case No. 22-56181) ("Ohio House") where the Court conducted a jury trial on liability before making determinations on equitable relief. But unlike this action, Ohio House had not established liability on any of its claims through partial summary judgment. See Ohio House ECF No. 245 (summary judgment ruling). Without any liability determination (which needed to be tried by a jury in Ohio House), the Court could not make pre-trial determinations on equitable relief. Unsurprisingly, none of the parties to the Ohio House action asked the Court to do this.

The procedural posture of this case is the same as Bassilios, 2016 WL 1273167 (USDC Case No. 2:14-cv-03059-AB-JEM) and Huezo, 672 F.Supp.2d 1045 (USDC Case No. 2:04-cv-09772-MMM-JWJ) where partial summary judgment established liability on at least one of the plaintiffs' claims before trial. In Bassilios (as here), the Court entered partial summary judgment on liability on Ms. Bassilios's failure to accommodate claim. Bassilios, 166 F. Supp. 3d 1061. Before trial, the Court resolved Ms. Bassilios's request for equitable relief (specifically, declaratory and injunctive relief) through a motion hearing. Bassilios, 2016 WL 1273167. After the Court decided equitable relief, it conducted a jury trial on Ms. Bassilios's claim for damages

1  (which was substantially higher than the approximately $19,000 in compensatory
2  damages Insight is seeking here). <u>Bassilios</u>, ECF No. 164. <u>Huezo</u> followed the same
3  sequence, except the parties settled Mr. Huezo's damages claim after the Court
4  granted equitable relief. <u>Huezo</u>, ECF No. 108.

### E. **Bifurcation is Warranted For Convenience, to Avoid Prejudice, and to Expedite and Economize Resolution of This Action**

The factors set forth in Rule 42(b) of the Federal Rules of Civil Procedure all favor bifurcation — "convenience, to avoid prejudice, or to expedite and economize." Through Plaintiffs' bifurcation proposal, all of Plaintiffs' claims could be fully resolved in a single motion without the need for a jury trial or a bench trial. If a jury trial is needed on remaining legal issues, those issues would be substantially narrowed, which would streamline and shorten the trial and reduce the risk of jury confusion. In contrast, the City's proposal guarantees that this action cannot be resolved without protracted litigation that will dramatically increase legal costs for all parties.

The City holds a vastly superior economic position to Plaintiffs. Insight has been fighting for more than eight years to save its housing. This protracted battle has been extraordinarily taxing for Insight. Beatificato Decl., ¶¶ 11-18. To date, Insight has incurred **nearly $1 million** in legal costs, of which, **nearly $100,000** were incurred after the Court entered its summary judgment ruling. Beatificato Decl., ¶¶ 16, 27. The uncertainty over the future of Insight's housing has resulted in lost business opportunities and hindered Insight's ability to expand its services and reach. <u>Id.</u>, at ¶ 25. For Ms. Doe, the uncertainty of whether Insight's housing (or comparable housing) can be there when she needs it is detrimental to her mental health and sense of well-being. Doe Decl., ¶¶ 11-20; ECF No. 147-1 (Doe MSJ Declaration, ¶¶ 13-16). The City, on the other hand, has litigated this case aggressively and has proven it has the political will to keep the litigation going indefinitely. According to records available on the City's website, through June of 2022, the City had paid almost

$10 million to defend its group home ordinances in this litigation and other legal actions.[10] Patterson Decl., ¶ 13. Without bifurcation, the City can win this legal battle simply by waging a war of attrition.

## V. CONCLUSION

For all of the reasons set forth above, Plaintiffs respectfully request the Court enter an order granting bifurcation to allow Plaintiffs' motion for injunctive relief to be decided before a bench or jury trial on any of the other remaining issues.

Dated: October 3, 2024

RUTAN & TUCKER, LLP
ALISHA PATTERSON

By: */s/ Alisha Patterson*
Alisha Patterson

Attorneys for Plaintiff and Counter-Defendant, INSIGHT PSYCHOLOGY AND ADDICTION, INC. and Counter-Defendants MARY HELEN BEATIFICATO and GERALD GROSSO

Dated: October 3, 2024

DISABILITY RIGHTS CALIFORNIA

By: */s/ Autumn Elliott (with permission)*
Autumn Elliott
Zeenat Hassan

Attorneys for Plaintiff JANE DOE

---

[10] Because the City has only posted records through June of 2022, this figure cannot include most of the legal expenses the City incurred in this action.