1  Mary Helen Beatificato, Esq. (State Bar No. 220936)
   Insight Psychology and Addiction, Inc.
2  4000 Birch Street, Suite 112
   Newport Beach, CA 92660
3  Telephone:  (949) 216-3851
   Facsimile:   (949) 467-9945
4
   Alisha Patterson (State Bar No. 274630)
5  apatterson@rutan.com
   RUTAN & TUCKER, LLP
6  18575 Jamboree Road, 9th Floor
   Irvine, CA  92612
7  Telephone:  714-641-5100
   Facsimile:   714-546-9035
8
   Attorneys for Plaintiff and Counter-Defendant
9  INSIGHT PSYCHOLOGY AND ADDICTION,
   INC. and Counter-Defendants MARY HELEN
10 BEATIFICATO and GERALD GROSSO

11 [Additional Attorneys Listed on Next Page]

12              UNITED STATES DISTRICT COURT

13         CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| 14  INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation, and JANE DOE, an individual, | Case No. 8:20−cv−00504−MEMF−JDE |
| 15 | Judge:  Honorable Maame Ewusi-Mensah Frimpong |
| 16 | Ctrm:   8B |
| 17              Plaintiffs, | **PLAINTIFFS' AND COUNTER-DEFENDANTS' JOINT OPPOSITION TO CITY'S EX PARTE APPLICATION FOR CLARIFICATION ON SCHEDULING ORDER AND REQUEST FOR STAY PENDING NOVEMBER 20, 2024 MEDIATION** |
| 18      vs. | |
| 19 CITY OF COSTA MESA, a municipal corporation; and DOES 1-10, inclusive, | |
| 20              Defendants. | |
| 21 | |
| 22 CITY OF COSTA MESA, a municipal corporation, | Date Action Filed:  March 12, 2020
Trial Date:            February 24, 2025 |
| 23              Counter-Plaintiff, | |
| 24       vs. | |
| 25 INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation; MARY HELEN BEATIFICATO, an individual; GERALD GROSSO, an individual; and ROES 1-50, | |
| 26 | |
| 27 | |
| 28 | |
|              Counter-Defendants. | |

2499/035905-0001
21268531.1 a10/03/24

-1-

Case No. 8:20-cv-00504 MEMF−JDE
JOINT OPPOSITION TO CITY'S EX PARTE
APP. FOR CLARIFICATION AND STAY

**ADDITIONAL ATTORNEYS**

Autumn M. Elliott (State Bar No. 230043)
Zeenat Hassan (State Bar No. 294138)
DISABILITY RIGHTS CALIFORNIA
350 S. Bixel Street, Suite 290
Los Angeles, CA 90017
Tel.: (213) 213-8000
Fax: (213) 213-8001
Autumn.Elliott@disabilityrightsca.org
Zeenat.Hassan@disabilityrightsca.org

Christopher Brancart (State Bar No. 128475)
BRANCART & BRANCART
P. O. Box 686
Pescadero, CA 94060
Tel.: (650) 879-0141
Fax: (650) 879-1103
cbrancart@brancart.com

Attorneys for PLAINTIFF JANE DOE

Plaintiff and Counter-Defendant Insight Psychology and Addiction, Inc. ("Insight"), Plaintiff Jane Doe ("Ms. Doe") (collectively, "Plaintiffs") and Counter-Defendants Mary Helen Beatificato and Gerald Grosso (collectively, "Counter-Defendants"), and submit this Joint Opposition to Defendant and Counter-Plaintiff City of Costa Mesa's ("City") Ex Parte Application Requesting Clarification and a Stay (the "Application"). ECF No. 207. Ex parte applications are "solely for extraordinary relief" and must meet the requirements set forth in Local Rule 7-19. Civil Standing Order, § XII. The City's Application does not meet these requirements and is defective in several other respects. For the reasons outlined below, Plaintiffs and Counter-Defendants oppose the City's Ex Parte Application Requesting Clarification and a Stay.

## I. There is No Urgency

There is no "immediacy" or "urgency" that is not of the City's own making. The City has known that Plaintiffs planned to file motions for bifurcation and injunctive relief ***since May 10, 2024***. ECF No. 203-2, pp. 6-8 (email outlining bifurcation proposals). Plaintiffs outlined their proposed motions in the Parties' updated Joint Rule 26(f) Report, which they filed ***June 6, 2024***. ECF No. 196, pp. 23-27 (Sections H, N, and T). On ***June 17, 2024***, the Court entered the Civil Trial Order setting a Schedule of Pretrial and Trial Dates ("Schedule"). ECF No. 197, p. 4. The Schedule gave the parties ***more than five months*** to complete mediation, which the parties have been free to do at any time (through November 27, 2024). Id. ***The parties mutually agreed to schedule mediation for November 20, 2024*** — six days before the last day to hear motions (November 14, 2024). Id. If the City wanted more time and space between mediation and the last day to hear motions, Plaintiffs and Counter-Defendants would have been happy to schedule mediation sooner. The City never requested this.

/ / /

/ / /

## II. The Civil Trial Order Does Not Require Leave to File Motions

The Application objects that "the Court had not already granted leave to Plaintiffs to file the motions that they were requesting in the Joint Report." ECF 207, 3:25–4:1. But the Civil Trial Order does not say leave is required to file these motions. ECF No. 197. It simply set November 14, 2024 as the last date for motion hearings (over the City's opposition). ECF No. 197, p. 4.

Elsewhere, the Court has been clear when leave *is* required to file a motion. The Civil Trial Order provides that leave of Court is required to file more than five motions in limine. ECF No. 197, 7:14-15. The Court's Civil Standing Order is similarly clear when leave of Court is required in other circumstances. See, e.g., Civil Standing Order § VIII.C (leave required to exceed page limits); § IX.D (leave required for more than one motion for summary judgment or summary adjudication); § IX.F (leave required to file documents under seal). The City has not pointed to any comparable language in any Order that indicates leave of Court was required to file the Motions for Bifurcation and Injunctive Relief.

## III. Bifurcation will Result in Significant Cost Savings

The Application erroneously contends that "Plaintiffs' counsel could not explain, how it would be more cost-effective for them to file additional motions…." ECF No. 207, 5:4-9. Plaintiffs have explained many times that ***their bifurcation proposal gives the parties and the Court the opportunity to fully resolve all of Plaintiffs' claims through a single motion*** (i.e., the Motion for Injunctive Relief) without the need for a jury trial or bench trial. See, e.g., ECF No. 203, pp. 4-6; ECF No. 203-1, p. 10 ("We are having trouble understanding why it would be in any of our best interests to go through a full jury trial to adjudicate a very small compensatory damages claim and alternate theories of liability that may never need to be litigated. If Plaintiffs get the relief they are seeking through their failure to accommodate claim, they gain nothing more by adjudicating alternate theories of liability."). ***The costs of a single motion are a fraction of the costs of a jury trial***.

### IV. A Stay Would Be Prejudicial to Plaintiffs

The Application erroneously contends that "Plaintiffs suffer no prejudice from a stay" because "they are still operating fully their business without impediment as the City is not performing code enforcement against Plaintiffs and has not since this action began." ECF No. 207, 5:23-25. The Application provides very short quotes from correspondences from this morning where counsel for Plaintiffs (Alisha Patterson) described the harm Plaintiffs are experiencing while this action is pending. In those correspondences, counsel for Insight explained:

> You are also wrong that "Plaintiffs will suffer no prejudice from a stay." Insight is not "operating fully their business without impediment." I wish you would listen to what we have told you and try to put yourself in Ms. Beatificato's and Ms. Doe's positions. As long as the City contends that Insight's housing is unlawful, it is operating under a cloud of uncertainty. The City might not be "performing code enforcement" on Insight's housing right now, but Insight and Ms. Doe have no guarantee that the City will continue to abstain from this. For Insight, this uncertainty has resulted in lost business opportunities and prevented it from growing or expanding its Costa Mesa offerings. For Ms. Doe, the prospect that Insight's housing will no longer be there when she needs it provokes intense anxiety. For their financial, business, and emotional well-being, Plaintiffs need to know this litigation is progressing towards resolution. All of this will be outlined in detail in the motions Plaintiffs are filing today.

Counsel for Ms. Doe agreed:

> Ms. Patterson is correct that a stay is prejudicial to Ms. Doe, given the distress that the uncertainty around Insight's housing has caused Ms. Doe thus far. Ms. Doe also opposes the request.

A true and correct copy of this email chain in included with this Opposition as **Exhibit 1**.

### V. The <u>Ohio House</u> Appeal Will Not Impact the Proposed Motions

The Application erroneously contends that unspecified issues in Plaintiffs' anticipated Motions for Bifurcation and Injunctive Relief "are already being decided by the Ninth Circuit in the pending appeal of the Ohio House v. Costa Mesa matter." ECF No. 207:14-22. Plaintiffs are not aware of a single issue in the pending <u>Ohio House</u> appeal that would impact on Plaintiffs' anticipated Motions for Bifurcation and Injunctive Relief, and conspicuously, the Application does not identify any. If the City contends the Ninth Circuit's decision in the <u>Ohio House</u> appeal will change the outcome of Plaintiffs' motions in this action, the City can raise that concern in its opposition to the motions. The law is fluid and, at any given time, any party could point to a pending appeal that theoretically might impact a court's ruling on a motion. If this were a valid basis to stay proceedings, no case would ever get fully resolved.

### VI. The City's Ex Parte Notice Was Deficient

The Application claims the City provided verbal notice of this Ex Parte Application during the Local Rule 7-3 conference Plaintiffs had arranged for their anticipated Motions for Bifurcation and Injunctive Relief but that "Plaintiffs' counsel attempted to prevent such notice as not the reason for the conference." ECF No. 207, 6:9-17. Plaintiffs dispute this. Plaintiffs' counsel did not try to "prevent" counsel from the City from providing notice. Instead, Plaintiffs' counsel disagreed that the notice the City provided was adequate under Local Rule 7-19.1 because, at the time of the conference, the City did not know what date it would be filing the Application (other to say "sometime next week") and did not provide any specific information about the substance of the request (e.g., which Court-ordered deadlines the City might ask to be stayed or the City's proposal for what would happen to trial date and its associated deadlines). Counsel for Insight (Ms. Patterson) circulated an email summarizing the conference. A true and correct copy of that email (and the emails that followed) is

attached hereto as **Exhibit 2**. Counsel for the City claims Ms. Patterson's summary "misrepresented what occurred on the call" and is "inaccurate." ECF No. 207, 6:26-28. The City did not respond to Ms. Patterson's requests for clarification on what she "misrepresented." Exhibit 2.

Shortly after midnight today, counsel for the City emailed a draft of its Application to counsel for Plaintiffs and Counter-Defendant with a message that "I intend to file it today, October 3, 2024, by noon." See Exhibit 1. Although this email provided only hours of advance notice on the day of a large filing, counsel for Insight reviewed the draft and commented that it was still deficient because it did not say "(1) which dates, specifically, the City is asking the Court to stay; or (2) how long of a stay the City is requesting." Id. Counsel for both Insight and Ms. Doe also explained why a stay would be prejudicial for their clients. Id. Counsel for the City responded that the Application was asking the Court to "stay everything pending mediation." Id. Counsel for Insight confirmed that an indefinite stay (with no clear end date) would be prejudicial for Insight for all of the reasons discussed above and for the reasons that will be discussed in Plaintiffs' Motions. Id.

* * *

For all of the reasons set forth above, Plaintiffs and Counter-Defendants respectfully request the Court deny the City's Ex Parte Application.

Dated: October 3, 2024

RUTAN & TUCKER, LLP
ALISHA PATTERSON

By: /s/ Alisha Patterson
Alisha Patterson

Attorneys for Plaintiff and Counter-Defendant, INSIGHT PSYCHOLOGY AND ADDICTION, INC. and Counter-Defendants MARY HELEN BEATIFICATO and GERALD GROSSO

| | |
|---|---|
| Dated: October 3, 2024 | DISABILITY RIGHTS CALIFORNIA |
| | By: */s/ Autumn Elliott (with permission)* |
| | Autumn Elliott |
| | Zeenat Hassan |
| | Attorneys for Plaintiff JANE DOE |