UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   8:20-cv-00504-MEMF-JDE                                      Date: October 31, 2024

Title   *Insight Psychology and Addiction, Inc. v. City of Costa Mesa*

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order DENYING Motion to Bifurcate and Without Prejudice and GRANTING Application to Stay [ECF Nos. 207, 208], STAYING Action, and Setting Hearing Date on Motion for Injunctive Relief**

The following motions are currently pending before the Court: (1) Defendants' Ex Parte Application for Clarification of the Court's Previous Order and for a Stay of the Action (ECF No. 207); (2) Plaintiffs' Motion for Bifurcation (ECF No. 208); and (3) Plaintiffs' Motion for Injunctive Relief (ECF No. 210). The Court deems the first two of these items—Defendants' Ex Parte Application (ECF No. 207) and Plaintiffs' Motion for Bifurcation (ECF No. 208)— appropriate for resolution without oral argument. *See* C.D. Cal. L.R. 7-15. For the reasons stated herein, the Court GRANTS the Ex Parte Application (ECF No. 207) and DENIES the Motion for Bifurcation (ECF No. 208).

**Procedural History**

The Court issued an Order granting in part the parties' respective cross motions for summary judgment on March 20, 2024. *See* ECF No. 194. The Court issued a Civil Trial Order ("CTO") setting case deadlines on June 17, 2024. *See* ECF No. 197. In the CTO, the Court noted that the parties disagreed regarding whether trial as to remaining issues should be bifurcated and ordered the parties to meet and confer on the issue. *See id.* at 2. The Court also noted that Plaintiffs had indicated that there were some "purely legal issues" yet to be decided, but that it was not clear to the Court what those issues were, and so the Court ordered the parties to meet and confer on what legal issues remained. *See id.* The Court ordered the parties to file a status report on these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   8:20-cv-00504-MEMF-JDE                                            Date: October 31, 2024

Title     *Insight Psychology and Addiction, Inc. v. City of Costa Mesa*

and other issues after conferring. *See id.* at 2–3. The Court set a deadline for dispositive motions but explained that whether motions would be heard was subject to the parties' responses on the various issues described above. *See id.* at 3.

The parties filed a status report on July 15, 2024. *See* ECF No. 203.

Defendants filed the instant Ex Parte Application on October 3, 2024. *See* ECF No. 207. Defendants noted that Plaintiffs intended to file multiple motions and sought clarification regarding whether this was permitted by the Court's CTO, and also sought a stay of the action pending a mediation set for November 20, 2024. *See id.* Plaintiffs oppose the Ex Parte Application. *See* ECF No. 212.

Plaintiffs filed two motion on October 3, 2024: a Motion for Bifurcation and a Motion for Injunctive Relief. *See* ECF Nos. 208, 210. Plaintiffs also filed related Requests for Judicial Notice. *See* ECF Nos. 209, 211. Defendants oppose both the Motion for Bifurcation and the Motion for Injunctive Relief. *See* ECF Nos. 214, 215.

**Motion for Bifurcation (ECF No. 208)**

Plaintiffs request that the Court determine first whether Plaintiffs are entitled to equitable relief as to their claims for failure to accommodate, and then later decide all other issues if necessary. *See* ECF No. 208. The parties agree that the Court has established liability with respect to Plaintiffs' claims for failure to accommodate. *See* ECF No. 203 at 4 (Plaintiffs' position is that the Court "has already established liability on Plaintiffs' failure to accommodate claim), 36 (Defendants' position is that all of Plaintiffs' claims and Defendants' counterclaims remain for determination, "except as to reasonable accommodation liability"); *see also* ECF No. 194 at 41–43 (Court's ruling on this issue).

It appears to the Court, as Plaintiffs suggest (*see* ECF No. 203 at 14) that resolving the outstanding request for equitable relief as to this claim in Plaintiffs' favor would likely resolve other issues. If the Court grants this equitable relief, Plaintiffs have indicated that they will dismiss their other claims and not seek damages. *See* ECF No. 203 at 14. That would leave only Defendants' counterclaims, which would not be subject to jury trial, as the Unfair Practices Act claim has been dismissed (*see* ECF Nos. 88, 90) and the Declaratory Judgment Act claim would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:20-cv-00504-MEMF-JDE                                                Date: October 31, 2024

Title   *Insight Psychology and Addiction, Inc. v. City of Costa Mesa*

not be tried by jury. Thus, it might serve the interests of judicial economy to decide first whether Plaintiffs are entitled to the equitable relief they seek as to failure to accommodate.

However, it appears that if the Court *does not* grant Plaintiffs the equitable relief that they seek as to the failure to accommodate claim, then Plaintiffs would not dismiss their other claims, and a jury trial would be required. So long as there are issues for the jury, a court is generally required to allow the jury to make its own findings of fact without first holding a bench trial and making findings of fact as to equitable relief that would then bind the jury and usurp its fact finding role. *See Snider v. Consolidation Coal Co.*, 973 F.2d 555, 559 (7th Cir. 1992) ("When a lawsuit involves both legal and equitable claims, the legal claims must be decided by the jury before the court resolves the equitable claims. This ordering of events is required so that the judge's decision with respect to the equitable claims does not bind the jury's decisionmaking ability with regard to factual issues common to both the legal and equitable claims, thereby undermining the guarantees of the Seventh Amendment." (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 334 (1979)). Thus, so long Plaintiffs are pursuing some claims that might require a jury trial, the Court is not inclined to first make findings of fact (beyond the undisputed facts found at summary judgment) and determine whether Plaintiffs are entitled to equitable relief, as the Court might need to allow the jury to make its own findings and then rely on the jury's findings.[1]

The Court understands that Plaintiffs' counsel is not in currently in position to dismiss all of the claims that could require jury trial and is only prepared to conditionally dismiss based on whether the Court grants the equitable relief. In light of this, and for the reasons described above, the Court finds that hearing the equitable relief issue first would not serve the interests of judicial

---

[1] The Court's understanding is that Plaintiffs have two procedurally different requests related to injunctive relief—they request first (via the Motion for Injunctive Relief) that the Court grant injunctive relief *based on the current record*, arguing that the findings of fact the Court made at the summary judgment stage entitled Plaintiffs to injunctive relief; and request in the alternative (via the Motion for Bifurcation) that to the extent that the Court finds that further findings of fact are required, that the Court hold a bench trial as to issues related to injunctive relief before holding a jury trial if necessary on other issues. *See* ECF No. 208 at 8 (explaining that the Court may order "separate trials" on different issues). Thus, while the Court finds that it would not be economical and would be potentially inappropriate to hold a bench trial as to equitable relief first while issues for jury trial remain, it does not follow from this finding that the Court cannot grant Plaintiffs' Motion for Injunctive relief based on the facts already found undisputed at summary judgment. The Court will hold the Motion for Injunctive Relief in abeyance and is not deciding it here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   8:20-cv-00504-MEMF-JDE                                   Date: October 31, 2024

Title   *Insight Psychology and Addiction, Inc. v. City of Costa Mesa*

economy or be proper. For this reason, the Motion for Bifurcation (ECF No. 208) is DENIED WITHOUT PREJUDICE.

**Application for Stay (ECF No. 207)**

Defendants request a stay pending a mediation set for November 20, 2024. *See* ECF No. 207. For reasons unrelated to the issues raised in the Ex Parte Application, the Court is unavailable for a hearing on Plaintiffs' Motion for Injunctive Relief on the currently scheduled date of November 14, 2024, and thus the Court was planning to continue the hearing to November 21, 2024, or some later date. In light of the fact that the Court intends to hear the Motion for Injunctive Relief after the date of the scheduled mediation, the Court finds that a stay would be efficient in order to give the parties the opportunity to resolve the claims. Thus, pursuant to the Court's inherent power, the Court will stay this action. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

For these reasons, the Court GRANTS the Ex Parte Application for a Stay (ECF No. 207). The Court finds it unnecessary to reach the other issues raised in the Application. The Court ORDERS the action STAYED.

The parties are ORDERED to file a status report regarding the outcome of the mediation within three (3) days of its conclusion. The Court will hold a hearing on the Motion for Injunctive Relief on December 12, 2024, at 10:00 am. Counsel should take notice of this new date.

|  | : |
|---|---|
| **Initials of Preparer** | DBE |