1
2
3
4
5
6

**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
  severett@everettdorey.com
Samantha E. Dorey, SBN 281006
  sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
  clee@everettdorey.com
2030 Main Street, Suite 1200
Irvine, California 92614
Phone: 949-771-9233
Fax: 949-377-3110

7
8
9
10
11
12

**JONES & MAYER**
Kimberly Hall Barlow, Esq., SBN 149902
khb@jones-mayer.com
Bruce A Lindsay, Esq., SBN 102794
bal@jones-mayer.com
Monica Choi Arredondo, Esq. SBN 215847
mca@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

13
14

Attorneys for Defendant and Counter-
Plaintiff, CITY OF COSTA MESA

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

15

## UNITED STATES DISTRICT COURT

16

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

17
18
19
20
21
22
23

INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation,

       Plaintiff,

       vs.

CITY OF COSTA MESA, a municipal corporation; and DOES 1-10, inclusive,

       Defendant.

24
25
26
27
28

CITY OF COSTA MESA, a municipal corporation,

       Counter-Plaintiff,

       vs.

INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California

**Case No. 8:20-cv-00504-MEMF-JDE**

Assigned to the Hon. Maame Ewusi-Mensah Frimpong

**DEFENDANT CITY OF COSTA MESA'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS BASED ON RECENT (DECEMBER 2024) NEW NINTH CIRCUIT LAW**

*[Filed Concurrently with Declaration of Christopher D. Lee; Separate Declaration of Compliance with Local Rule 7-3; and [Proposed] Order]*

Hearing Date:  February 13, 2025
Time:        10:00 a.m.
Courtroom:   8B

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS BASED ON NEW LAW

corporation; MARY HELEN
BEATIFICATO, an individual;
GERALD GROSSO, an individual; and
ROES 1-50,

Counter-Defendants.

Action Filed:     March 12, 2020
Trial Date:       October 27, 2025

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 13, 2025[1] at 10:00 a.m. in Courtroom 8B of the above-entitled court, located at First Street United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, or as soon thereafter as the matter may be heard, Defendant and Counter-Plaintiff City of Costa Mesa ("the City") will and hereby does move this Court pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 54(b) and Local Rule 7-18 for reconsideration and reversal of the partial summary judgment granted to Plaintiff Insight Psychology and Addiction, Inc. ("Insight") and Jane Doe (collectively, "Plaintiffs") on Plaintiffs' Motion for Partial Summary Judgment [see Dkt. 194 (Order on Plaintiffs' Motion) attached to the Declaration of Christopher D. Lee ("Lee Decl.") as Exhibit "2"], based on new controlling Ninth Circuit law.

The basis for this Motion includes that on December 4, 2024, the Ninth Circuit issued a published Opinion in the case of *The Ohio House, LLC v. City of Costa Mesa*, Appellate Case No. 22-56181 [attached to the Lee Decl. as Exhibit

---

[1] The City's counsel offered to stipulate with Plaintiffs' counsel to an extended briefing schedule, including two weeks for an Opposition and two weeks for a Reply and hearing on February 27, 2025, but Plaintiffs' counsel rejected and refused, and opposed the City's *Ex Parte* Application that again offered such schedule. Therefore, the City moves forward on the standard briefing schedule under the Local Rules. Plaintiffs' counsel has also had much of the City's arguments (in its *Ex Parte* Application) since December 26, 2024 and cannot reasonably claim prejudice in having to comply with the standard Local Rules briefing schedule.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-777-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

"1"], completely upholding the validity of the City's Group Home Regulations, and upholding the jury verdict and Judge Selna's post-trial rulings in favor of the City, including especially finding that the City properly denied a reasonable accommodation request based on fundamental alteration grounds based on the same evidence that the City submitted in the Motion for Summary Judgment pleadings in this action, but which resulted in partial summary judgment on the issue of reasonable accommodation being granted to Plaintiffs in this action.  [Lee Decl. at ¶ 2; Exhibit "1"]  Alternatively, this Court failed to consider material facts, also supported by the new Ninth Circuit law, that warranted denial of partial summary judgment.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on January 6, 2025.  Counsel were unable to resolve the dispute.  Specifically, the City's counsel met and conferred fully in compliance with Local Rule 7-3 with Insight's counsel, Alisha Patterson, with Plaintiff Mary Helen Beatificato, and with Jane Doe's counsel, Autumn Elliott, through video conference and discussed the substance of the contemplated Motion and any potential resolution.  Plaintiffs' counsel specifically agreed that the parties had satisfied their obligations under Local Rule 7-3.  [Separate Declaration of Compliance with Local Rule 7-3 at ¶ 2]

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Christopher D. Lee and the Exhibits attached thereto, the Separate Declaration of Compliance with Local Rule 7-3, the complete court files and records in this action and all matters as may be properly considered by this Court in ruling on this Motion.

1  DATED:  January 16, 2025          EVERETT DOREY LLP

2

3

4                                     By: _____

5                                          Seymour B. Everett, III
                                           Samantha E. Dorey
6                                          Christopher D. Lee
                                           Attorneys for Defendant and Counter-
7                                          Plaintiff, CITY OF COSTA MESA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................................................. 1

II.     RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT IS AUTHORIZED BY RULE 54 AND THE COURT'S INHERENT POWER AT ANY TIME BEFORE FINAL JUDGMENT .............................. 3

III.    THE ORDER GRANTING PARTIAL SUMMARY JUDGMENT WAS PREMISED ON "FUNDAMENTAL ALTERATION" NOT APPLYING AND NO EVIDENCE, BOTH OF WHICH are CONTRADICTED BY NEW NINTH CIRCUIT LAW ................................... 4

IV.     THE CITY'S EVIDENCE SUPPORTING THE NEW NINTH CIRCUIT LAW UPHOLDING FUNDAMENTAL ALTERATION WAS SUCCINCT BUT MORE THAN SUFFICIENT, AND MATCHES THE CITY'S EVIDENCE IN THIS CASE ................................... 7

V.      THE NINTH CIRCUIT UPHELD THE CITY'S GROUP HOME REGULATIONS AND DENIAL OF REASONABLE ACCOMMODATION ON FUNDAMENTAL ALTERATION GROUNDS ON THE SAME EVIDENCE THE CITY SUBMITTED IN THIS ACTION ................................................................................. 10

VI.     THERE IS A CHANGE OF LAW THAT MAKES IT CLEAR THAT THE MATERIAL FACTS DID NOT WARRANT PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS REGARDING REASONABLE ACCOMMODATION AND FUNDAMENTAL ALTERATION ................................................................................. 13

VII.    ALTERNATIVELY, THIS COURT'S FAILURE TO CONSIDER MATERIAL FACTS FURTHER WARRANTS RECONSIDERATION ............................................................................. 15

VIII.   ALTHOUGH NOT DIRECTLY AT ISSUE FOR RECONSIDERATION OF THE GRANT OF PARTIAL SUMMARY JUDGMENT, ADDITIONAL STATEMENTS IN THIS COURT'S ORDER CONFLICT WITH NEW NINTH CIRCUIT LAW ...................... 18

IX.     CONCLUSION ..................................................................................... 19

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS BASED ON NEW LAW

# TABLE OF AUTHORITIES

**Page**

## CASES

*City of L.A. v. Santa Monica BayKeeper*
  254 F.3d 882 (9th Cir. 2001) ................................................................................. 3

*Credit Suisse First Boston Corp. v. Grunwald*
  400 F.3d 1119 (9th Cir. 2005) ............................................................................... 3

*Pnc Bank v. Prime Lending, Inc.*
  2013 U.S. Dist. LEXIS 33297, at *10-13 (E.D. Wash. Mar. 11, 2013) ........... 4

*Tanner Motor Livery, Ltd. v. Avis, Inc.*
  316 F.2d 804 (9th Cir. 1963) ................................................................................. 3

*United States v. Martin*
  226 F.3d 1042 (9th Cir. 2000) ............................................................................... 4

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS
BASED ON NEW LAW

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

## I.    __INTRODUCTION__

On March 20, 2024, upon consideration of both the City's Motion for Summary Judgment [Dkt. 140] and Plaintiffs' Motion for Partial Summary Judgment [Dkt. 144], this Court issued an Order [Dkt. 194] granting partial summary judgment to Plaintiffs on their reasonable accommodation claims.  [Dkt. 194 at 43:22-44:2, attached as Exhibit "2" to the Lee Decl.]

However, there has now been such a direct and unequivocal change of law that mandates a different analysis, and more importantly a different result, with regard to granting of partial summary judgment on Plaintiffs' reasonable accommodation claims.  Specifically, on December 4, 2024, the Ninth Circuit issued a published Opinion in the case of *The Ohio House, LLC v. City of Costa Mesa*, Appellate Case No. 22-56181, completely upholding the validity of the City's Group Home Regulations – finding them actually beneficial to disabled persons and group home operators – and upholding the jury verdict and Judge Selna's post-trial rulings in favor of the City, including especially finding that the City properly denied a reasonable accommodation request based on fundamental alteration grounds based on the same evidence that the City submitted in the Motion for Summary Judgment pleadings in this action, but which resulted in partial summary judgment on the issue of reasonable accommodation being granted to Plaintiffs in this action.  [See the Ninth Circuit's Opinion attached to the Lee Decl. as Exhibit "1"; Lee Decl. at ¶ 2]

Further, the City's same evidence as in this action on summary judgment – the Group Home Regulations themselves and essentially the same testimony of Jennifer Le – was the City's **only** evidence in the Ohio House trial as to the City's fundamental purpose of zoning and the City's fundamental alteration defense.  [Lee Decl. at ¶ 4]  In Ohio House, there was no studies of impacts of granting or not granting the reasonable accommodation, no data about the secondary effects, no expert testimony on the issue, etc.  [Lee Decl. at ¶ 4]  The evidence established the purpose for the City's Group Home Regulations (from the regulations themselves)

and that Ohio House requested a reasonable accommodation for exemption from the 650-foot separation requirement or the regulations as a whole because it was within 650 feet of one other facility (exact same as Insight here).  [Lee Decl. at ¶ 4]

But still, such evidence was more than sufficient for judgment for the City on the reasonable accommodation claim as found by both the jury and Judge Selna, and further, such evidence was enough for the Ninth Circuit to find that the City's fundamental alteration defense to the reasonable accommodation claim was valid and supported by sufficient evidence.  As the City argued in this case and Ohio House, the purposes of the regulations themselves along with a commonsense theoretical analysis of whether there would be a fundamental alteration is more than sufficient evidence to support a finding by the jury that there would have been a fundamental alteration, as confirmed by the jury and the new Ninth Circuit law.  If such evidence was sufficient to support judgment for the City, it necessarily was more than enough evidence to at least create a question of fact to survive summary judgment.  This is especially true given the law requiring all inferences be drawn in favor of the City on Plaintiffs' Motion for Partial Summary Judgment.

The new law here is not the normal circumstances of a new published appellate case in entirely different factual circumstances involving different parties, maybe in a different District, maybe dealing with different laws/facts/etc. (which would still support reconsideration if the case had a relevant legal pronouncement).  To the contrary, the new Ninth Circuit law is directly about this same City, about these same Group Home Regulations, about these same circumstances (including a denial of a reasonable accommodation request to disregard the City's 650-foot separation requirement based on a single separation conflict), about these same fundamental alteration arguments, and about the same evidence including the same text of the regulations and the same testimony by the same witness (Jennifer Le).  In these same circumstances, the Ninth Circuit's holdings are clearly controlling and directly applicable.  This case is the quintessential candidate for this Court to

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS BASED ON NEW LAW

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

exercise its inherent power and powers under Rule 54(b) to reconsider its Order granting partial summary judgment and instead deny summary judgment in its entirety as to Plaintiffs.

## II. RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT IS AUTHORIZED BY RULE 54 AND THE COURT'S INHERENT POWER AT ANY TIME BEFORE FINAL JUDGMENT

Federal Rules of Civil Procedure ("FRCP") Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." FRCP 54(b). The Ninth Circuit has "long recognized 'the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory.'" Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005) (quoting Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 809 (9th Cir. 1963)).

"The general rule regarding the power of a district court to rescind an interlocutory order is as follows: 'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient.' [Citations.]" City of L.A. v. Santa Monica BayKeeper, 254 F.3d 882, 885 (9th Cir. 2001). "A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." Id. at 886. "*The power to vacate judgments was conceded by the common law to all its courts*. Within its proper limitations it is a power inherent in all courts of record and independent of statute. *It may be exercised by the court either of its own motion* or on motion or suggestion by a party or interested person." Id. at 887.

"The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000).

"[C]ourts have adopted the following conditions in determining whether a motion for reconsideration may be granted:

1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;

2) There are new material facts that happened *after* the Court's decision;

**3) There has been a change in the law that was decided or enacted *after* the Court's decision; or**

**4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.**"

Pnc Bank v. Prime Lending, Inc., 2013 U.S. Dist. LEXIS 33297, at *10-13 (E.D. Wash. Mar. 11, 2013) (emphasis added).

Local Rule 7-18, governing motions for reconsideration, states that that a motion for reconsideration may be made on the grounds of "the emergence of new material facts or a change of law occurring after the Order was entered, or [] a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."

## III. THE ORDER GRANTING PARTIAL SUMMARY JUDGMENT WAS PREMISED ON "FUNDAMENTAL ALTERATION" NOT APPLYING AND NO EVIDENCE, BOTH OF WHICH are CONTRADICTED BY NEW NINTH CIRCUIT LAW

In the Order, this Court noted that "Insight submitted a request for reasonable accommodation from the City (Application No. RA-19-06) to address the alleged

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS BASED ON NEW LAW

conflict with the separation requirement" and "Plaintiffs alleged that through the various appeals, the City improperly denied Insight's reasonable accommodation request seeking to waive the 650-foot separation requirement . . . ."  [Dkt. 194 at 3:6-9 (citing FAC ¶¶ 69, 81, 83, 85, 91, 93-97)]  This Court further found that "Insight submitted an application for a reasonable accommodation asking the City to either: (1) waive the 650 feet separation requirement for Insight's housing; or (2) determine that Insight's housing is not within the purview of the City's group home regulations."  [Dkt. 194 at 18:18-20]  Further, this Court found that the City denied the request based on the 650-foot separation requirement and denied all appeals. [Dkt. 194 at 18:20-19:3]

With respect to reasonable accommodation, and specifically the "fundamental alteration" argument, the Order states that:

> Next, the City contends that Insight's requested accommodation was not "reasonable" because it would constitute a "fundamental alteration" of the ordinances.  But the "fundamental alteration" test propounded by the City does not appear to be found in any authority that is binding on this Court.  *See* MSJ at 36-37 (citing only Eighth and Eleventh Circuit cases, as well as District of Maryland cases).  The question in the Ninth Circuit is whether the accommodation is reasonable, or alternatively, whether it would work an undue hardship on the defendant. . . .  The City has not pointed to any evidence demonstrating that the accommodation was not reasonable, nor any evidence that it would result in an undue hardship.
> [Dkt. 194 at 34:1-10]

The Order then states in the context of granting partial summary judgment to Plaintiffs that:

> The burden then shifts to the City to show that the requested accommodation was not necessary, not reasonable, or would cause undue hardship.  Because the City relied solely on the fundamental

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS BASED ON NEW LAW

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1  alteration argument and the idea that it cannot waive the separation

2  requirement—as doing so would undermine its argument that the

3  separation argument is fundamental—the City declined to present any

4  *evidence* to controvert Insight's evidence that its request

5  accommodation was reasonable and necessary, nor did it present any

6  evidence that the requested accommodation would cause undue

7  hardship.  It has therefore failed to create a genuine issue of material

8  fact.

9  Accordingly, Insight is entitled to summary judgment on the reasonable

10  accommodation claims.

11  [Dkt. 194 at 43:22-44:2]

12  This Court disregarded the City's fundamental alteration argument on the

13  basis that it "does not appear to be found in any authority that is binding on this

14  Court" and the "question in the Ninth Circuit is whether the accommodation is

15  reasonable, or alternatively, whether it would work an undue hardship on the

16  defendant."  The new Ninth Circuit law establishes that the fundamental alteration

17  defense does apply in this Circuit and is binding on this Court.

18  Furthermore, the Ninth Circuit held that the City's exact same evidence as in

19  this action on summary judgment – the Group Home Regulations themselves and

20  essentially the same testimony of Jennifer Le – which was the City's **only** evidence

21  in the Ohio House trial as to the City's fundamental purpose of zoning and the City's

22  fundamental alteration defense, was sufficient for the Ninth Circuit to find that the

23  City's fundamental alteration defense to the reasonable accommodation claim was

24  valid and supported by sufficient evidence.  If such evidence was sufficient to

25  support judgment for the City, it necessarily was more than enough evidence to at

26  least create a question of fact to survive summary judgment.  This is especially true

27  given the law requiring all inferences be drawn in favor of the City on Plaintiffs'

28

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT
FOR PLAINTIFFS BASED ON NEW LAW

1  Motion for Partial Summary Judgment.[2]

2  **IV.    THE CITY'S EVIDENCE SUPPORTING THE NEW NINTH CIRCUIT**

3  **LAW UPHOLDING FUNDAMENTAL ALTERATION WAS**

4  **SUCCINCT BUT MORE THAN SUFFICIENT, AND MATCHES THE**

5  **CITY'S EVIDENCE IN THIS CASE**

6  The only evidence, although still sufficient, that was introduced by the City in

7  the Ohio House trial as to the fundamental purpose of the Group Home Regulations

8  and as to the issue that a reasonable accommodation request to forego the separation

9  requirement would fundamentally alter the Group Home Regulations zoning

10  scheme, was: (1) the Ordinances and CMMC, and (2) the testimony of Jennifer Le.

11  [Lee Decl. at ¶ 5; see Joint Admitted Exhibit List – Dkt. 452 in Ohio House attached

12  as Exhibit "3" to the Lee Decl.]

13  In the Order in this case, this Court granted the City's Request for Judicial

14  Notice ("RJN"), which sought judicial notice of "numerous sections of its municipal

15  code [and Ordinances]."  [Dkt. 194 at 4:18-5:5]  The Municipal Code Sections and

16  Ordinances are a significant portion of the exact same evidence supporting the Ohio

17  House verdict, judgment and Ninth Circuit Opinion.  Specifically, the City's RJN

18  included Costa Mesa Municipal Code ("CMMC") §§ 13-6 (Definitions), 13-30

19  (Land Use Matrix), 13-200.60 (Purpose), 13-200.61 (Applicability), 13-200.62

20  (Reasonable Accommodations—Procedure), 13-200.63 (Severability), 13-310 and

21  13-320 (both articulating the purpose of the Ordinances is "to preserve the

22  residential character of single-family residential neighborhoods and to further the

23

---

24  [2] Plaintiffs' burden on their Motion for Partial Summary Judgment was to prove that

25  there was no genuine issue of material fact, in conjunction with the law that this

26  Court "must view the facts and draw inferences in the manner most favorable to the non-moving party" and this Court "must still review the record and determine that

27  there are no disputes of material fact before granting summary judgment to either

28  party."  [See Dkt. 194 at 6:20-8:22]

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT
FOR PLAINTIFFS BASED ON NEW LAW

purposes of the FEHA, the FHAA and the Lanterman Act by, among other things: (1) ensuring that group homes are actually entitled to the special accommodation and/or additional accommodation provided under the Costa Mesa Municipal Code and not simply skirting the city's boarding house regulations; (2) limiting the secondary impacts of group homes by reducing noise and traffic, preserving safety and providing adequate on street parking; (3) providing an accommodation for the handicapped that is reasonable and actually bears some resemblance to the opportunities afforded non-handicapped individuals to sue and enjoy a dwelling unit in a single-family neighborhood; and (4) to provide comfortable living environments that will enhance the opportunity for the handicapped and for the recovering addicts to be successful in their programs"), 13-311 through 13-313, 13-321 through 13-324, 9-370 through 9-378, 13-202, 13-204, and Ordinances 14-13, 15-11, and 17-05. (Collectively referred to herein as "Group Home Regulations")  [See Dkt. 141 (RJN) and Exhibits 4-33 attached to the RJN]

As described in detail below, the Ninth Circuit cited directly and primarily to the Ordinances and CMMC, and then the testimony of Jennifer Le that "echoed" the language of the Ordinances and CMMC, when the Ninth Circuit held that the jury had sufficient evidence to find a fundamental alteration.

The trial testimony of Jennifer Le was essentially the same as her Declaration in this case (but of course longer given the trial setting, which would of course be the case here as well at trial).  For instance, Ms. Le testified in the Ohio House trial as to the purpose of the regulations:

> Well, I think anytime there were clusters of group homes, the City tended to receive complaints in those areas regarding traffic, parking, noise, smoking.  But also, just sort of the City was concerned about changes in residential character of neighborhoods as homes transition to a sue that was more commercial or institutional as opposed to residential.

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS BASED ON NEW LAW

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

1    . . .

2    I think that the City recognized that group homes and sober-living

3    homes provided a beneficial service, and the intention wasn't to shut

4    everything down.  The intention was to adopt an ordinance that would

5    allow the City to spread them out a little bit so that we would not be

6    seeing the complaints and impacts that we were seeing.

7    . . .

8    Do you remember the reason for the denials of the permits?

9    Yes.  It was primarily that granting the exception would result in a

10   fundamental alteration of the City's zoning plan because of the

11   separation requirement.

12   [See Testimony of Jennifer Le (day 8 trial transcript) at 134:21-135:2, 146:8-

13   14, 149:23-150:22, 180:1-182:4, attached as Exhibit "4" to the Lee Decl.]

14   In her Declaration in this case, Ms. Le declared as to the purpose of the

15   regulations:

16   Among the City's legitimate, nondiscriminatory reasons for the

17   Ordinances and Group Home Regulations are "to preserve the

18   residential character" of the residential zones, "to free the handicapped

19   [] from institutional style living," to reduce "overcrowding, inordinate

20   amounts of second-hand smoke," "noise and traffic," and to promote

21   safety and well-being of both the clients of group homes as well as the

22   community.

23   . . .

24   The City has not granted a CUP under the Group Homes Regulations if

25   the 650 foot separation requirement was not met, nor could it because

26   the separation requirement is a requirement that must be met to grant a

27   CUP.

28   [See Declaration of Jennifer Le (Dkt. 140-1) at ¶¶ 12, 15, attached to the Lee

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT
FOR PLAINTIFFS BASED ON NEW LAW

1  Decl. as Exhibit "5"]

2  **V.     THE NINTH CIRCUIT UPHELD THE CITY'S GROUP HOME**

3  **REGULATIONS AND DENIAL OF REASONABLE**

4  **ACCOMMODATION ON FUNDAMENTAL ALTERATION**

5  **GROUNDS ON THE SAME EVIDENCE THE CITY SUBMITTED IN**

6  **THIS ACTION**

7  On December 4, 2024, the Ninth Circuit issued a published Opinion in the

8  case of *The Ohio House, LLC v. City of Costa Mesa*, Appellate Case No. 22-56181,

9  completely upholding the validity of the City's Group Home Regulations, and

10  upholding the jury verdict and Judge Selna's post-trial rulings in favor of the City,

11  including especially finding that the City properly denied a reasonable

12  accommodation request based on fundamental alteration grounds based on the same

13  evidence that the City submitted in the Motion for Summary Judgment pleadings in

14  this action, but which resulted in partial summary judgment on the issue of

15  reasonable accommodation being granted to Plaintiffs in this action.  [See the Ninth

16  Circuit's Opinion attached to the Lee Decl. as Exhibit "1"]

17  The Ninth Circuit noted that the City "denied Ohio House's request for a

18  reasonable accommodation or waiver of the separation requirement."  [Exhibit "1" at

19  page 3[3]]  The Ninth Circuit found that "(1) the City's reasonable-accommodations

20  ordinance is not facially inconsistent with the FHA; and (2) the jury had an

21  evidentiary basis for finding that Ohio House's requested accommodation—granting

22  an exception to the separation requirement—was unreasonable.  Because the jury

23  ultimately reached the correct outcome, it was harmless error for the district court to

24

25  _____

26  [3] The Opinion had a cover page that caused two different page numbers to appear on each page, one out of 69 total pages and one out of 70.  The cover page is removed

27  from the Exhibit and page numbers references are to the number out of 69 pages.

28

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT
FOR PLAINTIFFS BASED ON NEW LAW

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1  submit this purely legal issue to the jury."  [Exhibit "1" at page 4]

2      The Ninth Circuit found that the City's purpose for the Group Home

3  Regulations was to address overconcentration, residential character, secondary

4  impacts, and "increased 'institutionalization,'" and as support the Ninth Circuit cited

5  **directly to the Ordinances, CMMC, and the language therein as evidence of the**

6  **City's purpose for the regulations.**  [See Exhibit "1" at pages 9-12 citing the

7  Ordinances and CMMC itself and excepts directly from the Ordinances 14-13, 15-

8  11 (R2 regulations), and 17-05 (see same Ordinances attached as Exhibits "6," "7,"

9  and "8," to the City's RJN in this case, Dkt. 141-3 through 141-5)]  The Ordinances

10  were among the succinct evidence for the City's fundamental purposes (and which

11  constituted the only evidence along with the CMMC and Jennifer Le's testimony) in

12  the Ohio House trial.  [Lee Decl. at ¶ 3; see Joint Admitted Exhibit List – Dkt. 452

13  in Ohio House attached as Exhibit "2" to the Lee Decl.]

14      Similarly, the Ninth Circuit found that the "evidence that the City was

15  motivated by legitimate, non-discriminatory goals" was the language of the

16  Ordinances themselves (again citing language from the Ordinances) and the

17  testimony of "Jennifer Le [that] echoed that 'the City was concerned about changes

18  in residential character of neighborhoods as homes transitioned to a use that was

19  more commercial or institutional as opposed to residential' and further explained

20  that '[g]enerally when you have a cluster of group homes or when you have higher-

21  than-average persons per household . . . you can have increased traffic, increased

22  parking.  There tends to be increased complaints due to noise, those types of things."

23  [Exhibit "1" at pages 41-42]  Further, "[l]ogistical and aesthetic disturbances that

24  may arise due to changes in traffic patterns, availability of parking, and increased

25  noise levels are legitimate concerns for any city and are **central to the goals of**

26  **municipal zoning.**"  [Exhibit "1" at page 42-43]  Based on such evidence (the

27  language of the Ordinances and testimony of Jennifer Le), the Ninth Circuit held

28  that the "jury could have concluded that the City's challenged zoning regulations

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT
FOR PLAINTIFFS BASED ON NEW LAW

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

1  were intended to address these problems and did not indicate the City has

2  discriminatory animus towards the disabled."  [Exhibit "1" at page 43]

3        The Ninth Circuit also recognized that "nuisance laws alone could not

4  accomplish the full array of objectives that the City sought to achieve.  Take, for

5  example, the City's desire to avoid institutionalization and 'ensure that handicapped

6  persons have the opportunity to live in normal residential surroundings and enjoy a

7  dwelling in a manner similar to the way a dwelling is enjoyed by the non-

8  handicapped.'  Nuisance laws . . . would do little to prevent overconcentration of

9  group-living facilities in residential areas.  Nuisance laws simply are not an

10 alternative means for ensuring that [disabled persons] have an equal opportunity to

11 live in residential rather than institutionalized neighborhoods."  [Exhibit "1" at page

12 27]

13       Specifically with respect to reasonable accommodation, the Ninth Circuit held

14 "the jury lawfully could have found that the requested accommodation was

15 unreasonable because it was unnecessary for disabled individuals to be able to reside

16 in the dwelling of their choosing **and because the separation requirement was**

17 **fundamental to the City's zoning scheme.**"  [Exhibit "1" at pages 45-46]  The

18 Ninth Circuit addressed the separate issue of "the City's assertion that it was not

19 obligated to grant an exception to its separation requirement because doing so would

20 fundamentally alter its zoning scheme."  [Exhibit "1" at page 54]  The Ninth Circuit

21 held that "[t]he district court concluded that in light of the evidence presented 'the

22 jury could have concluded that granting the request could have constituted a

23 fundamental change in the City's zoning scheme and thus the accommodation was

24 unreasonable.'  This was not error."  [Exhibit "1" at page 55]  The Ninth Circuit

25 cited to the Eleventh Circuit law (cited by the City in this case), <u>Schwarz v. City of</u>

26 <u>Treasure Island</u>, as "helpful guidance" on what is "essential" to zoning and

27 "fundamental alteration."  [Exhibit "1" at pages 56-57]

28       The Ninth Circuit held that "the jury had an evidentiary basis on which to find

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT
FOR PLAINTIFFS BASED ON NEW LAW

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

that Ohio House's requested accommodation was unreasonable because it would cause a 'fundamental alteration' of the City's zoning scheme.  As previously explained, there is evidence in the record that the City enacted its challenged regulations governing group homes located in residential zones out of concern about 'overconcentration of sober living units in any area' and to ensure that 'disabled persons recovering from addiction can reside in a comfortable residential environment versus in an institutional setting.'  The jury could have reasonably concluded that the separation requirement from which Ohio House sought an exception is fundamental to achieving these goals. . . .  [T]he jury here reasonably could have found that the separation requirement is fundamental to the City's zoning policy governing residential areas.  Thus, the jury reasonably applied the principle recognized in <u>Schwarz</u> that 'ordering a municipality to waive a zoning rule ordinarily would cause a 'fundamental alteration' of its zoning scheme if the proposed use was incompatible with surrounding land uses. . . .  For all these reasons, we affirm the district court's denial of judgment as a matter of law on Ohio House's reasonable accommodation claim."  [Exhibit "1" at pages 57-59]

## VI. <u>THERE IS A CHANGE OF LAW THAT MAKES IT CLEAR THAT THE MATERIAL FACTS DID NOT WARRANT PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS REGARDING REASONABLE ACCOMMODATION AND FUNDAMENTAL ALTERATION</u>

As stated above, the Ninth Circuit recently published new law directly regarding the City's same Group Home Regulations at issue in this case and the same issue of the City's same fundamental alteration defense and same evidence at issue in this case, with respect to the same claim for reasonable accommodation at issue in this case.

In this Court's Order granting partial summary judgment to Plaintiffs, this Court specifically stated: "Next, the City contends that Insight's requested

-13-

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS BASED ON NEW LAW

accommodation was not 'reasonable' because it would constitute a 'fundamental alteration' of the ordinances.  But the 'fundamental alteration' test propounded by the City does not appear to be found in any authority that is binding on this Court.  *See* MSJ at 36-37 (citing only Eighth and Eleventh Circuit cases, as well as District of Maryland cases).  The question in the Ninth Circuit is whether the accommodation is reasonable, or alternatively, whether it would work an undue hardship on the defendant."  [Dkt. 194 at 34:1-6]

This Court's Order was expressly premised on the Ninth Circuit law not being in line with other Circuits regarding the fundamental alteration test.  That professed gap in Ninth Circuit law has now unequivocally been filled by the Ninth Circuit in favor of the City, which specifically cited and adopted the same Eleventh Circuit law that the City relied on and which this Court held was not binding on it.  The Ninth Circuit law now is that the evidence by the City justified its fundamental alteration defense and the denial of the reasonable accommodation claim.  There has now been such a direct and unequivocal change of law that mandates a different analysis, and more importantly a different result, with regard to granting of partial summary judgment on Plaintiffs' reasonable accommodation claim.

Directly consistent with the new Ninth Circuit law, the City's evidence (Ordinances, CMMC, and testimony of Jennifer Le) is enough to support the City's fundamental alteration defense – that granting a reasonable accommodation of the 650-foot separation requirement would result in a fundamental alteration of the City's zoning – and to warrant judgment in favor of the City.  It necessarily follows that such same evidence and defense is more than enough to at least create a question of material fact sufficient to survive summary judgment, especially given the law mandating all inferences be drawn in favor of the City.

It is important to note that the Ninth Circuit's Opinion does not distinguish between what type of disabled person resides in the group home as to the fundamental alteration that arises from the requested accommodations.  Nor does it

-14-

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS BASED ON NEW LAW

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

make any logical sense to do so.  The purposes of the Group Home Regulations (to address overconcentration of multi-adult group living facilities, secondary effects, character of the residential neighborhood, institutionalization of disabled persons, and to protect the disabled persons and the community) are not dependent on what "type" of disabled clients a large facility of dozens of adults in a residential property serves.  It is a complete red herring and non-sensical for Plaintiffs' to argue that they are "different" from Ohio House because that was sober living and they are mental health, in terms of the effect on the purposes of the Group Home Regulations. Whatever their clientele's primary disability is does not change the fact that if the City was forced to allow Plaintiffs' large multi-adult facility to be concentrated together with other large multi-adult facilities, it would fundamentally alter and significantly deteriorate the purpose of the zoning.

This case of new law is the quintessential candidate for this Court to exercise its inherent power and powers under Rule 54(b) to reconsider its Order granting partial summary judgment and instead deny summary judgment as to Plaintiffs entirely.

## VII.   ALTERNATIVELY, THIS COURT'S FAILURE TO CONSIDER MATERIAL FACTS FURTHER WARRANTS RECONSIDERATION

This Court seemingly failed to recognize or consider that the City's evidence included its regulations of group homes in the R2 (multifamily) zone.  In its Order, this Court stated: "the City points to the regulation of boardinghouses in R1 zones. Insight' project is in the R2 (multifamily) zone [citation], so the regulation of boardinghouses in a different zone is irrelevant. . . .  The City has failed to point to portions of the zoning code that apply to group homes in the multifamily districts." [Dkt. 194 at 25:5-11]  This is not accurate, as the City attached as evidence and specifically referred to the "Group Home Regulations," which include those regulations that are specifically applicable to the R2 multifamily zone, including Ordinances 15-11 (Exhibit "7" to RJN) and 17-05 (Exhibit "8" to RJN), and CMMC

-15-

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS BASED ON NEW LAW

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

§§ 13-6 (Exhibit "4" to RJN), 13-30 (Exhibit "5" to RJN), 13-200.60 through 13-200.63 (Exhibits "9" through "12" to RJN), 13-320 (Purpose in the CMMC Chapter labeled Group Homes in the R2-MD, R2-HD and R3 Residential Zones) (Exhibit "17" to RJN), 13-321 through 13-325 (all in the CMMC Chapter labeled Group Homes in the R2-MD, R2-HD and R3 Residential Zones) (Exhibits "18" through "23" to RJN), and 9-370 through 9-378 (in the Article regulating licenses for Group Homes that are in the R2 zone and specifically referencing the R2-MD, R2-HD, R3 zones) (Exhibits "24" through "31" to RJN). The City specifically referenced such R2 zone specific regulations in its definition and references to "Group Home Regulations." [See e.g., Dkt. 152 (City's Opposition to Plaintiffs' Motion) at 8:26-28, fn. 2]

This Court also disregards the evidence of the City's purpose of the Group Home Regulations, stating that "City-UF 16 relies on Exhibits "4" through "31" of the City's request for judicial notice . . . . The evidence cited by the City demonstrates that these are rationales that were provided in the recitals of the ordinances, not that the recitals are true." [Dkt. 194 at 22:20-23, fn. 6] However, not only did the City rely on the Group Home Regulations, but also on the Declaration of Jennifer Le (which the Order does not reference in the above statement), who was the personally knowledgeable representative of the City (including 30b-6) and who declared the "legitimate, nondiscriminatory reasons for the Group Home Regulations are 'to preserve the residential character,' 'to free the handicapped [] from institutional style living,' to reduce 'overcrowding, inordinate amounts of second-hand smoke,' 'noise and traffic,' and to promote safety and well-being of both the clients of group homes as well as the community." [See Dkt. 143 (City's Separate Statement) at 7:12-23; Dkt. 140-1 (Declaration of Jennifer Le) at ¶¶ 3, 12] This Court later referenced its same previous footnote: "As noted above in a previous footnote, the evidence cited by the City demonstrates that these are rationales that were provided in the recitals of the ordinances, that the recitals are

-16-

true." [Dkt. 194 at 37:25-28, fn. 19]

The summary judgment standard required that this Court "must view the facts and draw inferences in the manner most favorable to the non-moving party." The clear inference (not to mention the actual facts) that can and is required to be drawn in favor of the City from the City's regulations and representative, Jennifer Le, which both state the City's fundamental purpose of its regulations, is that such statements are true. This Court's finding that the evidence (language of the Ordinances and Ms. Le's Declaration) did not support the truth of the statements therein is a misapplication of the summary judgment standards and a failure to consider material facts.

Regardless, the same evidence – the Group Home Regulations themselves and the testimony of Jennifer Le – was the City's only evidence in the Ohio House trial as to the City's fundamental purpose of zoning and the City's fundamental alteration defense, and it was more than sufficient for judgment and for the Ninth Circuit to find that the City's fundamental alteration defense to the reasonable accommodation claim was valid and supported by sufficient evidence. If such evidence was sufficient to support judgment for the City, it necessarily was more than enough evidence to at least create a question of fact to survive summary judgment. This is especially true given the law requiring inferences be drawn in favor of the City on summary judgment. It also necessarily follow that given such evidence was present in the summary judgment pleadings in this case, this Court must have failed to properly consider it in finding the opposite of the Ohio House jury and the Ninth Circuit.

Therefore, this Court should further exercise its inherent power and powers under Rule 54(b) to reconsider its Order granting partial summary judgment and instead deny summary judgment as to Plaintiffs entirely.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS BASED ON NEW LAW

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

## VIII. ALTHOUGH NOT DIRECTLY AT ISSUE FOR RECONSIDERATION OF THE GRANT OF PARTIAL SUMMARY JUDGMENT, ADDITIONAL STATEMENTS IN THIS COURT'S ORDER CONFLICT WITH NEW NINTH CIRCUIT LAW

This Court's Order makes several statements along the lines that the City's Group Home Regulations are discriminatory, which statements are now directly inconsistent with the new Ninth Circuit controlling law. As this case progresses to trial, the Ninth Circuit law overrides several of the statements in this Court's Order and such Ninth Circuit law should be applied hereinafter.

For instance, the Order states that "[t]he regulations create barriers (namely separation, use permit, and operator's permit requirements) for providers of shared housing for the disabled that the City does not place on providers of single and multi-family housing for the general population, which the City also permits by right in its residential zones." [Dkt. 194 at 23:19-23] Further, the Order states that with respect to the City's argument "that the group home ordinances are actually beneficial to the disabled—when compared to other boardinghouses," "at best, the City's arguments who over-discrimination, which is itself prohibited." [Dkt. 194 at 24:22-25:1] The Order states that "the City has failed to show that the ordinances at issue do not provide for less favorable treatment for the disabled." [Dkt. 194 at 26:5-6] To the contrary, the Ninth Circuit has now held and made clear that the City's Group Home Regulations actually provide benefits, less barriers and more opportunities to the disabled, do not provide for less favorable treatment, and are not "over-discrimination," but instead that they are indeed completely valid. [See Exhibit "1," including at pages 22-26]

Similarly, the Order rejects the City's argument "that the Group Home Regulations are optional beneficial exceptions to the City's Boardinghouse

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT
FOR PLAINTIFFS BASED ON NEW LAW

Regulations," including characterizing the choice of an applicant to apply the Group Home Regulations or the Boardinghouse Regulations as a choice "to perjure themselves." [Dkt. 194 at 26:17-27:14, fn. 13]  To the contrary, the Ninth Circuit has now held and made clear that the City's position of choice is perfectly viable pursuant to the language of the Group Home Regulations and allows applicants to choose which set of regulations they want to be subject to.  [See Exhibit "1," including at pages 22-26]  Of course, all applicants did and would continue to choose the Group Home Regulations because they are indeed more beneficial than the regulations that apply to non-disabled persons.

The Order states that "the City has not shown that the restrictions here are *rationally related* to the interests it has identified." [Dkt. 194 at 37:16-19]  To the contrary, the Ninth Circuit has now held and made clear that first, they are not restrictions but instead are beneficial exceptions that benefit disabled persons[4], and second, the City's Group Home Regulations are not only related to the purposes of the City but are fundamental and cannot be replaced with such things as generally-applicable nuisance ordinances.  [See Exhibit "1," including at pages 22-27]

## IX.    **CONCLUSION**

The Ninth Circuit has now directly addressed the City's Group Home Regulations and determined that they are valid, beneficial to disabled persons and group homes, that the City did not discriminate, and that upholding the regulations including denying accommodation requests seeking to ignore the separation requirement is fundamental to the legitimate zoning purposes of the City.  The City's zoning regulations are commonsense and designed to benefit and protect disabled

---

[4] It is hard to imagine how benefits to disabled persons are "motivated by irrational, vague, and undifferentiated negative attitudes and fears," as this Court found.  [Dkt. 194 at 37:20-38:1]

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

persons and the community at large, which includes those same disabled persons. The City had and continues to have one of the largest concentrations of group homes in the country and the City supports good operators of group homes.  The City did not violate the law as to Plaintiffs and certainly did not illegally deny Plaintiffs' reasonable accommodation request, as the new Ninth Circuit law makes clear.  The City at least deserves a chance to present to a jury its position and, like the jury in Ohio House, the City expects that such jury will agree that the City did nothing wrong here.  This Court's grant of partial summary judgment improperly deprived the City of its right to a jury trial, and it is now clear that such partial summary judgment should be reconsidered and denied, so that the City's rights are restored.

DATED:  January 16, 2025            EVERETT DOREY LLP

By: _____
    Seymour B. Everett, III
    Samantha E. Dorey
    Christopher D. Lee
    Attorneys for Defendant and Counter-
    Plaintiff, CITY OF COSTA MESA

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS BASED ON NEW LAW

File No. 1029-16

# PROOF OF SERVICE

**Insight Psychology and Addiction Inc. v. City of Costa Mesa**
**Case No. 8:20-cv-00504-JVS-(JDEx)**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 2030 Main Street, Suite 1200, Irvine, CA 92614.

On January 16, 2025, I served true copies of the following document(s) described as

**DEFENDANT CITY OF COSTA MESA'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS BASED ON RECENT (DECEMBER 2024) NEW NINTH CIRCUIT LAW**

I served the documents on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address nshannon@everettdorey.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 16, 2025, at Irvine, California.

/s/ Nydia Shannon
Nydia Shannon

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

File No. 1029-16

**SERVICE LIST**
**Insight Psychology and Addiction Inc. v. City of Costa Mesa**
**Case No. 8:20-cv-00504-JVS-(JDEx)**

Mary Helen Beatificato, Esq.                  ***Attorney for Plaintiff***
INSIGHT PSYCHOLOGY AND                    INSIGHT PSYCHOLOGY AND
ADDICTION, INC.                           ADDICTION, INC.
4000 Birch Street, Suite 112
Newport Beach, California 92660
Phone: (949) 216-3851
Email: mh@nsightrecovery.com

Alisha Patterson
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:  714-641-5100
apatterson@rutan.com

Autumn M. Elliott, Esq. (SBN 230043)      ***Attorneys for Plaintiff***
Zeenat Hassan (SBN 294138)                JANE DOE
Disability Rights California
350 S Bixel Street, Suite 290
Los Angeles, CA 90017
Telephone: (213) 213-8000
Autumn.Elliott@disabilityrightsca.org
Zeenat.Hassan@disabilityrightsca.org

Christopher Brancart
BRANCART & BRANCART
P.O. Box 686
Pescadero, CA 94060
Phone: (650) 879-0141
Email: cbrancart@brancrart.com
mdahl@brancart.com

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

-2-                     Case No. 8:20-cv-00504-MEMF-JDE

CITY'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT
FOR PLAINTIFFS BASED ON NEW LAW