**From:** Autumn Elliott
**To:** Patterson, Alisha; Christopher Lee; Dall, Heather
**Cc:** "mh@nsightrecovery.com"; Zeenat Hassan; Chris Brancart; Seymour Everett; Nydia Shannon; Ashley Anderson; Kristal Mauro
**Subject:** RE: Ex Parte Notice RE: Insight v. City of Costa Mesa - Modify Scheduling Order, Reinstate Motion for Reconsideration and Continue Motion for Injunction
**Date:** Friday, January 31, 2025 10:13:25 AM
**Attachments:** image002.png
image003.png

---

Ms. Doe will also be opposing this request, for the same reasons.

If the City and Insight's counsel discuss this matter by phone, please conference me in at (213)213-8125. My cell is 202-420-1813 if I am away from my desk when you call.

---

**From:** Patterson, Alisha <APatterson@rutan.com>
**Sent:** Friday, January 31, 2025 10:07 AM
**To:** Christopher Lee <clee@everettdorey.com>; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Dall, Heather <HDall@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>; Kristal Mauro <kmauro@everettdorey.com>
**Subject:** RE: Ex Parte Notice RE: Insight v. City of Costa Mesa - Modify Scheduling Order, Reinstate Motion for Reconsideration and Continue Motion for Injunction

**ALERT / Third-Party Email from outside DRC** - Do not click links or open attachments unless you recognize the sender's email address and know the content is safe.

Mr. Lee - Thank you for providing a copy of the City's ex parte application and proposed order. I cannot speak for Ms. Doe's counsel, but Insight will be opposing this request.

I appreciate that you now acknowledge many errors on the City's part, but at the end of the day, the City's mistakes have put us in a position where there is no way for the Court to hear the City's motion for reconsideration without either: (1) a shortened briefing/hearing schedule on the City's motion; or (2) a third continuance of the hearing on Plaintiffs' motion for injunctive relief. Both options are prejudicial to Plaintiffs. The path you are proposing will cause more delays and/or impose additional costs and burdens on Plaintiffs. You are asking for lenience to so the Court can hear a motion with numerous procedural and substantive defects.

I have not had time to fully digest the City's ex parte application, but at first blush, it does not comply with Section VII.L of the Court's Civil Trial Order (ECF 197). It is also unclear how it can be proper to file an ex parte application that simply repeats the same requests the City made (or could

have made) in its December 26 ex parte application (which the Court denied).

Those are my initial concerns. If you would like to have a telephone call to discuss, my cell is (530) 400-8447.

**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



_____

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

---

**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Friday, January 31, 2025 12:54 AM
**To:** Patterson, Alisha <APatterson@rutan.com>; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Dall, Heather <HDall@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>; Kristal Mauro <kmauro@everettdorey.com>
**Subject:** Ex Parte Notice RE: Insight v. City of Costa Mesa - Modify Scheduling Order, Reinstate Motion for Reconsideration and Continue Motion for Injunction

Counsel,

I intend to file the Ex Parte Application discussed below (and attached) January 31, 2025. The substance of the application, relief sought, and answers to your questions below are in the proposed filing attached hereto.

The City is requesting modification of the Scheduling Order, reinstatement of the Motion for Reconsideration (or leave to re-file it), the briefing schedule to be however long Plaintiffs want to oppose as long as the hearing date is before or simultaneously with the Motion for Injunction (and to continue the Motion for Injunction to accommodate). Only alternatively would the City request leave to file a separate noticed Motion to Modify the Scheduling Order (if necessary),

and in such event to then reinstate or allow re-filing of the Motion for Reconsideration with however long Plaintiffs want to oppose as long as the hearing date is before or simultaneous with the Motion for Injunction (and to continue the Motion for Injunction to accommodate). The earliest theoretical hearing date for the Motion for Reconsideration could be February 27, 2025, but likely Plaintiffs want longer to oppose.

**CHRISTOPHER LEE**
PARTNER
**EVERETT DOREY** LLP

2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Patterson, Alisha <APatterson@rutan.com>
**Sent:** Thursday, January 30, 2025 7:26 PM
**To:** Christopher Lee <clee@everettdorey.com>; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Dall, Heather <HDall@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

This is heading in an unproductive direction. If we were on the same page or if we thought the relief the City was seeking was proper (e.g., a joint request for a trial continuance where all of the parties are on board with the trial being continued), our response would be different. You are asking Plaintiffs to stipulate to relief that is either improper or contrary to Plaintiffs' interests (or both). Insight's answer is "no."

**<u>Alisha Patterson</u>**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic

Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

---

**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Thursday, January 30, 2025 6:55 PM
**To:** Patterson, Alisha <APatterson@rutan.com>; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Dall, Heather <HDall@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Before I address the remainder of your email, can I ask in all your years of litigation practice, have you ever stipulated to continue a trial?  You understand that a trial continuance requires court approval, correct?  But you still stipulated, correct?



CHRISTOPHER LEE
PARTNER
EVERETT DOREY LLP

2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Patterson, Alisha <APatterson@rutan.com>
**Sent:** Thursday, January 30, 2025 6:28 PM
**To:** Christopher Lee <clee@everettdorey.com>; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Dall, Heather <HDall@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Mr. Lee - I still haven't had a chance to confer with Ms. Doe's counsel, so I am still only speaking on behalf of Insight. I will let Ms. Doe's counsel speak for themselves.

I disagree that Plaintiffs were unreasonable during mediation. The biggest obstacle to settlement was the City's confidence that the Court would reverse its summary judgment ruling based on the Ninth Circuit's *Ohio House* decision. Despite that, I thought we were making good progress with Judge Sanders. After mediation ended, I followed up with the City's designated point person (Ms. Barlow) to continue negotiations. To date, she has not responded to me at all.

It is unclear to me how the brief stay pending mediation barred the City from starting the process of meeting and conferring on its anticipated motion for reconsideration. If the *Ohio House* decision was going to be an obstacle to settlement for the City, it would have been productive to discuss that before we all spent a considerable time and money on private mediation.

Turning to the City's current predicament, I will reiterate that, even if Insight had been willing to stipulate previously or would be willing to stipulate now, the relief the City is seeking **requires Court approval**. We don't have the authority to stipulate to amend a pretrial filing deadline. We don't have authority to stipulate to shorten the Court's briefing schedule, especially if the schedule the City is proposing reduces the Court's time to review our papers (which is what you previously asked us to stipulate to). If you are asking the other parties to join the City in a request for relief from these deadlines and procedural requirements, the answer from Insight is "no."

On the City's anticipated ex parte application, you acknowledge you have not yet provided the date you plan to file the application. At a minimum, Local Rule 7-19 requires that information for the notice to be effective. We all have full plates. In additional to being required by Local Rule 7-19, we appreciate the professional courtesy of advance notice of the timing of the City's filing so we can block of time in our schedules to review it and prepare a response, if needed.

With respect to your notice of the substance of the application (which is also required by Local Rule 7-19), you indicate the City will be asking for a third continuance of the hearing on Plaintiffs' motion and leave to file the motion for consideration, but you have not provided any details about the specific relief the City will be seeking or the grounds for such relief. For example:

- What date are you proposing for the continued hearing on Plaintiffs' Motion for Injunctive Relief?
- How many separate motions will the City be filing?
- If the City is filing more than one motion, will the City ask that its motions be heard on the same date? Different dates?
- What date(s) are you proposing for the hearing(s) on the City's motion(s)?
- What briefing schedule(s) are you proposing for the City's motion(s)? Will the briefing schedule comply with the Court's Standing Order, or will the City request approval of a shortened briefing schedule?

The answers to all of these questions will impact our costs, workload, and schedules.

I will need to coordinate separately with Ms. Beatificato and Ms. Doe's counsel to provide our mutual availability for a Local Rule 7-3 conference.

**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663

apatterson@rutan.com | www.rutan.com



Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Thursday, January 30, 2025 5:02 PM
**To:** Patterson, Alisha <APatterson@rutan.com>; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Dall, Heather <HDall@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Counsel,

The Court stayed litigation pending mediation. The City hoped that Plaintiffs would be reasonable during mediation, and that this matter might be resolved, but Plaintiffs were not, thereby forcing further litigation. A few days after the unsuccessful mediation and lifting of the stay, the City began the process of meeting and conferring about the intended Motion for Reconsideration. That is diligence, including once I became aware of the Court's striking of the Motion, I am reaching out to remedy the issue, which is further diligence. The good cause is that the Motion is justified, and warrants consideration on the merits, based on the reasons outlined in the Motion.

Your refusal to stipulate potentially will just cause more delays and costs. The issue with reconsideration is not frivolous, but is very important and should be decided on its merits. If you had previously stipulated, the Court may very well be hearing both motions on February 27.

You state that I should comply with ex parte notice under Local Rule 7-19 and the Court's

Standing Order but you don't describe what you actually want.

The Standing Order states:
"XII. Ex Parte Applications Counsel are reminded that ex parte applications are solely for extraordinary relief. Applications that do not meet the requirements set forth in Local Rule 7-19 will not be considered. Sanctions may be imposed for misuse of ex parte applications. The parties may request a hearing along with a hearing date in the briefing. However, by default there will be no hearings on ex parte applications unless the Court sets one."

I don't see any additional notice requirements.  Please direct me what notice requirement you want me to comply with in the Order.

Local Rule 7-19.1 states:
"L.R. 7-19.1 Notice of Application. It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."

The notice is "the date and substance" and to try "orally to advise."  I informed you of the substance – continue the Motion for Injunction to allow for hearing on the Motion for Reconsideration either before or simultaneously, modify the scheduling order to allow the Motion to be heard, and/or allow the City to file a Motion to Modify the Scheduling Order to allow the Motion for Reconsideration to be heard and continue the Motion for Injunction to allow both the Motion to Modify and the Motion for Reconsideration to be heard.  The date, I will let you know once prepared and ready to file.   What more do you want – to be "orally advised" of the same thing?  Then please provide a time you are available for a call.

Please also provide a date and time for a 7-3 conference.



**CHRISTOPHER LEE**
PARTNER

2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Patterson, Alisha <APatterson@rutan.com>

**Sent:** Thursday, January 30, 2025 4:33 PM
**To:** Christopher Lee <clee@everettdorey.com>; Autumn Elliott
<Autumn.Elliott@disabilityrightsca.org>; Dall, Heather <HDall@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan
<Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour
Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley
Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR
7-3)

Thank your for reaching out Mr. Lee - I can't speak for Ms. Doe/DRC, but here are my initial
responses (on behalf of Insight only).

1. The procedural hurdles are not the only problems with the City's Motion for Reconsideration.
   From a procedural standpoint, the City's Motion raised a number of issues you did not
   disclose in the prefiling conference. From a substantive standpoint, the Motion did not
   provide any valid basis for the Court to reconsider its summary judgment ruling.

2. Even if all the parties were on the same page, extending the Civil Trial Order's final deadline to
   hear motions requires Court approval. Insight will not stipulate to this request and questions
   how the City could make the requisite showings of "good cause" and "due diligence" under
   Section VII.L of the Civil Trial Order. As an example, the Ninth Circuit's *Ohio House* decision
   was issued December 4th, but the City did not request availability from the other parties to
   meet and confer on the City's motion for reconsideration until nearly 11pm on Sunday
   December 22nd (shortly before offices closed for the holidays). If the City planned to file a
   motion for reconsideration, it had ample time to start this process in early-December.

3. Insight will not stipulate to continuing the hearing on Plaintiffs' Motion for Injunctive Relief.
   Plaintiffs' Motion was timely-filed and has been fully briefed since October of last year. The
   hearing on Plaintiffs' Motion has already been continued twice. Insight will oppose further
   delays. If you would like to know why, I encourage you to review the declarations submitted
   by Ms. Beatificato and Ms. Doe in support of Plaintiffs' Motion that outline the harm Plaintiffs
   have experienced and are continuing to experience while this litigation is pending and the
   status of Insight's housing remains uncertain.

4. If the City intends to file an *Ex Parte* Application, please provide notice that complies with
   Local Rule 7-19 and Section XII of the Court's Standing Order.

5. Prefiling conferences are mandatory under Local Rule 7-3. They are not optional based on
   whether we think they need them. Even if we could stipulate to waive this requirement, I
   wouldn't agree to this. If everyone participates in good faith, prefiling conferences are helpful
   in understanding and narrowing the issues that need to be resolved by the Court. If the City
   plans to file any motions for any reason, please arrange a time for a meaningful Local Rule 7-3
   conference to discuss all of the issues that the City will raise in its motion(s).

More globally, before the City files anything else, I hope your office will take the time to thoroughly review the Local Rules, and Judge Frimpong's Standing Order, and Civil Trial Order (ECF 197, as modified by ECF 232). The City's procedural mistakes and unnecessary law and motion drives up costs for all of us and results in delays that are avoidable with reasonable diligence and civility. Our offices have just spent the past two weeks putting together a thoughtful opposition to the City's untimely and procedurally and substantively improper Motion for Reconsideration. If the City follows through on its plans to file an additional *ex parte* application and one or more additional motions, it will compound these costs and delays. For all of our sakes, I hope you will carefully consider whether the City has a valid basis to go down this road.

**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



_____
Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Thursday, January 30, 2025 2:09 PM
**To:** Patterson, Alisha <APatterson@rutan.com>; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Dall, Heather <HDall@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Counsel,

In response to the Court's Order striking the City's Motion for Reconsideration based on the deadline in the scheduling order to hear motions and the improper timing of the hearing, will you stipulate to extending the time to hear motions in the scheduling order?

Separately, will you stipulate to continuing the hearing on Plaintiffs' Motion for Injunction in

order to allow time to have the Motion for Reconsideration re-filed and heard either before or simultaneously?

If you are not willing to stipulate, we will be filing an Ex Parte Application to seek such relief and/or for a continuance of the Motion for Injunction to allow a noticed motion to have the scheduling order modified to allow for hearing of a re-filed Motion for Reconsideration.

Please let me know if you will stipulate, whether you request a call regarding the identified Ex Parte Application ahead of time, and whether you need a 7-3 conference on the proposed alternative Motion to Modify the Scheduling Order.

**CHRISTOPHER LEE**
PARTNER
**EVERETT** DOREY LLP

2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Thursday, December 26, 2024 2:42 PM
**To:** Patterson, Alisha <APatterson@rutan.com>; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Dall, Heather <HDall@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Counsel,

We will be filing today our Ex Parte Application to continue Plaintiffs' Motion for Injunction to allow determination of the City's Motion for Reconsideration.

Are you available January 6, 2025 at 8:30 am to meet and confer under Local Rule 7-3 with regards to the City's Motion for Reconsideration?

**CHRISTOPHER LEE**
PARTNER

2030 Main Street
Suite 1200
Irvine CA 92614



D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Patterson, Alisha <APatterson@rutan.com>
**Sent:** Monday, December 23, 2024 4:31 PM
**To:** Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Christopher Lee <clee@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Thank you! Heather - Can you please accept the tracked changes, clean up the formatting, and handle the filing?

**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663

apatterson@rutan.com | www.rutan.com



Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**From:** Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>
**Sent:** Monday, December 23, 2024 4:28 PM
**To:** Patterson, Alisha <APatterson@rutan.com>; Christopher Lee <clee@everettdorey.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley

Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Yes, you have our permission to e-sign and file.

---

**From:** Patterson, Alisha <APatterson@rutan.com>
**Sent:** Monday, December 23, 2024 4:25 PM
**To:** Christopher Lee <clee@everettdorey.com>; Autumn Elliott
<Autumn.Elliott@disabilityrightsca.org>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan
<Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour
Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley
Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

> **ALERT / Third-Party Email from outside DRC** - Do not click links or
> open attachments unless you recognize the sender's email address
> and know the content is safe.

Thank you. Autumn, Zeenat, and Chris B. - Assuming tracked changes are accepted, is this version acceptable to Ms. Doe? If yes, can you please respond to this email confirming we have your permission to e-sign and file?


**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



_____
Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

---

**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Monday, December 23, 2024 4:20 PM

**To:** Patterson, Alisha <[APatterson@rutan.com](mailto:APatterson@rutan.com)>; Autumn Elliott
<[Autumn.Elliott@disabilityrightsca.org](mailto:Autumn.Elliott@disabilityrightsca.org)>
**Cc:** 'mh@nsightrecovery.com' <[mh@nsightrecovery.com](mailto:mh@nsightrecovery.com)>; Zeenat Hassan
<[Zeenat.Hassan@disabilityrightsca.org](mailto:Zeenat.Hassan@disabilityrightsca.org)>; Chris Brancart <[cbrancart@brancart.com](mailto:cbrancart@brancart.com)>; Seymour
Everett <[severett@everettdorey.com](mailto:severett@everettdorey.com)>; Nydia Shannon <[nshannon@everettdorey.com](mailto:nshannon@everettdorey.com)>; Ashley
Anderson <[aanderson@everettdorey.com](mailto:aanderson@everettdorey.com)>; Dall, Heather <[HDall@rutan.com](mailto:HDall@rutan.com)>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR
7-3)

You can file this version.



**CHRISTOPHER LEE**
PARTNER

2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: [clee@everettdorey.com](mailto:clee@everettdorey.com)
[www.EverettDorey.com](http://www.EverettDorey.com)

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If
you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required
to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the
message is stored.

**From:** Patterson, Alisha <[APatterson@rutan.com](mailto:APatterson@rutan.com)>
**Sent:** Monday, December 23, 2024 4:12 PM
**To:** Christopher Lee <[clee@everettdorey.com](mailto:clee@everettdorey.com)>; Autumn Elliott
<[Autumn.Elliott@disabilityrightsca.org](mailto:Autumn.Elliott@disabilityrightsca.org)>
**Cc:** 'mh@nsightrecovery.com' <[mh@nsightrecovery.com](mailto:mh@nsightrecovery.com)>; Zeenat Hassan
<[Zeenat.Hassan@disabilityrightsca.org](mailto:Zeenat.Hassan@disabilityrightsca.org)>; Chris Brancart <[cbrancart@brancart.com](mailto:cbrancart@brancart.com)>; Seymour
Everett <[severett@everettdorey.com](mailto:severett@everettdorey.com)>; Nydia Shannon <[nshannon@everettdorey.com](mailto:nshannon@everettdorey.com)>; Ashley
Anderson <[aanderson@everettdorey.com](mailto:aanderson@everettdorey.com)>; Dall, Heather <[HDall@rutan.com](mailto:HDall@rutan.com)>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR
7-3)

Mr. Lee - This version is not acceptable to Insight. I cannot sign on to a joint report that effectively
serves as an ex parte application to postpone the hearing on Insight's motion. It is getting late in the
day. My suggestion is that we either:

1. File a joint report that apprises the Court that mediation has concluded, and we did not settle.
   If the City would like the report to also request a 3+ month trial continuance, that is fine with
   Plaintiffs, but it is outside the scope of what is due today, so we are fine with leaving out that
   request if it means we can get a report on file that complies with ECF 226 by the deadline.
2. Plaintiffs will file a report apprising the Court that mediation has concluded, and we did not
   settle. I would need to confirm with Ms. Doe's counsel, but for the sake of efficiency, I would
   prefer the Plaintiffs' report include the request to continue the trial for 3+ months (since we
   all seem to be on the same page on that).

Please let us know which option you prefer. Out of respect for my support staff, I would like to get this resolved before close of business today so they are not working after hours that day before Christmas Eve.

**Alisha Patterson**

18575 Jamboree Road, 9<sup>th</sup> Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



_____

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

---

**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Monday, December 23, 2024 3:42 PM
**To:** Patterson, Alisha <APatterson@rutan.com>; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Then I have revised to make it a unilateral request by the City and note that Plaintiffs object at this time.  Let me know if this version is acceptable.



CHRISTOPHER LEE
PARTNER

2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com

www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Patterson, Alisha <APatterson@rutan.com>
**Sent:** Monday, December 23, 2024 3:32 PM
**To:** Christopher Lee <clee@everettdorey.com>; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Mr. Lee - I don't have authorization from my client to stipulate to (or jointly ask the Court to) continue the hearing on Plaintiffs' Motion for Injunctive Relief. With most offices shutting down for the holiday tomorrow, this is a very busy day for me and Ms. Beatificato. We need time to discuss your proposal before Insight can agree to anything. I have accepted the changes I have authority to accept and rejected the rest. I'm not necessarily ruling out the stipulation. We just need time to talk it over.

I have accepted the change about the LR 7-3 taking place the week of January 6th, but I cannot accept the other changes. Will you sign off on the attached version (with tracked changes incorporated) so we can get this filed? Ms. Elliott - Is this version acceptable to Ms. Doe?

**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



_____
Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**From:** Christopher Lee <clee@everettdorey.com>

**Sent:** Monday, December 23, 2024 3:20 PM
**To:** Patterson, Alisha <[APatterson@rutan.com](mailto:APatterson@rutan.com)>; Autumn Elliott
<[Autumn.Elliott@disabilityrightsca.org](mailto:Autumn.Elliott@disabilityrightsca.org)>
**Cc:** 'mh@nsightrecovery.com' <[mh@nsightrecovery.com](mailto:mh@nsightrecovery.com)>; Zeenat Hassan
<[Zeenat.Hassan@disabilityrightsca.org](mailto:Zeenat.Hassan@disabilityrightsca.org)>; Chris Brancart <[cbrancart@brancart.com](mailto:cbrancart@brancart.com)>; Seymour
Everett <[severett@everettdorey.com](mailto:severett@everettdorey.com)>; Nydia Shannon <[nshannon@everettdorey.com](mailto:nshannon@everettdorey.com)>; Ashley
Anderson <[aanderson@everettdorey.com](mailto:aanderson@everettdorey.com)>; Dall, Heather <[HDall@rutan.com](mailto:HDall@rutan.com)>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR
7-3)

Here is a track-change revised report with the City's request built in.  Please let me know if this is
acceptable.  It seeks to continue the Motion for Injunctive Relief to February 27, 2025, to allow the
parties to meet and confer the week of January 6, 2025, the City to file the Motion for
Reconsideration by January 16, 2025, and two weeks for Oppositions and two weeks for Reply and
two weeks for hearing.



**CHRISTOPHER LEE**
PARTNER
EVERETT DOREY LLP

2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: [clee@everettdorey.com](mailto:clee@everettdorey.com)
[www.EverettDorey.com](http://www.EverettDorey.com)

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If
you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required
to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the
message is stored.

**From:** Patterson, Alisha <[APatterson@rutan.com](mailto:APatterson@rutan.com)>
**Sent:** Monday, December 23, 2024 3:17 PM
**To:** Christopher Lee <[clee@everettdorey.com](mailto:clee@everettdorey.com)>; Autumn Elliott
<[Autumn.Elliott@disabilityrightsca.org](mailto:Autumn.Elliott@disabilityrightsca.org)>
**Cc:** 'mh@nsightrecovery.com' <[mh@nsightrecovery.com](mailto:mh@nsightrecovery.com)>; Zeenat Hassan
<[Zeenat.Hassan@disabilityrightsca.org](mailto:Zeenat.Hassan@disabilityrightsca.org)>; Chris Brancart <[cbrancart@brancart.com](mailto:cbrancart@brancart.com)>; Seymour
Everett <[severett@everettdorey.com](mailto:severett@everettdorey.com)>; Nydia Shannon <[nshannon@everettdorey.com](mailto:nshannon@everettdorey.com)>; Ashley
Anderson <[aanderson@everettdorey.com](mailto:aanderson@everettdorey.com)>; Dall, Heather <[HDall@rutan.com](mailto:HDall@rutan.com)>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR
7-3)

Since the request is coming from the City for the City's anticipated motion, I expected your office
would draft a stipulation for us to review (assuming everyone is on board). I'm not sure we will get
the stipulation figured out today. Mary Helen has been tied up in meetings, so we haven't had a
chance to discuss it. The joint report is due today, and I don't want to miss the deadline. My
assistant is hoping to attend a church service, so we would be very grateful if you could review and
sign off on the joint report so we can get this housekeeping item taken care of.

**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663

apatterson@rutan.com | www.rutan.com



_____

Privileged And Confidential Communication.

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

---

**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Monday, December 23, 2024 3:07 PM
**To:** Patterson, Alisha <APatterson@rutan.com>; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

What about the suggestion by Autumn to continue the hearing on the Motion for Injunction? Are you agreeable? If you are already using this report to seek a continuance of trial, why not that?



2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Patterson, Alisha <APatterson@rutan.com>
**Sent:** Monday, December 23, 2024 2:58 PM
**To:** Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Christopher Lee

<clee@everettdorey.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan
<Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour
Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley
Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR
7-3)

Thank you so much Autumn! Mr. Lee - Is this acceptable to your office?

**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



_____

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic
Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged
information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic
message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution,
or use of the contents of the information received in error is strictly prohibited.

**From:** Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>
**Sent:** Monday, December 23, 2024 2:33 PM
**To:** Patterson, Alisha <APatterson@rutan.com>; Christopher Lee <clee@everettdorey.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan
<Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour
Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley
Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR
7-3)

You have permission to sign for DRC.

Best wishes to all for a joyful holiday season.

**From:** Patterson, Alisha <APatterson@rutan.com>
**Sent:** Monday, December 23, 2024 2:25 PM
**To:** Christopher Lee <clee@everettdorey.com>; Autumn Elliott
<Autumn.Elliott@disabilityrightsca.org>

**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

> **ALERT / Third-Party Email from outside DRC** - Do not click links or open attachments unless you recognize the sender's email address and know the content is safe.

Good afternoon all - Ms. Beatificato has been tied up in meetings, so I have not had a chance to discuss the proposed stipulation with her. In the meantime, our joint report on the status of mediation is **due today**. Since it is becoming clear we will not have the motion(s) resolved before our February 24, 2025 trial date (and its associated pretrial deadlines), we are proposing a 3+ month trial continuance. If this is acceptable, please let us know we have your permission to e-sign and file. My assistant is hoping to get out early today for a church service, so if you are able to respond promptly, we would greatly appreciate it.


**Alisha Patterson**

18575 Jamboree Road, 9<sup>th</sup> Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



_____

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

---

**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Monday, December 23, 2024 12:39 PM
**To:** Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Patterson, Alisha <APatterson@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR

7-3)

I would be amenable to continuance and having them scheduled to be heard together.  But if that is the agreement, I would want to file a stipulation this week.  Let me know.



**CHRISTOPHER LEE**
PARTNER

**EVERETT DOREY** LLP

2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>
**Sent:** Monday, December 23, 2024 12:27 PM
**To:** Christopher Lee <clee@everettdorey.com>; Patterson, Alisha <APatterson@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

DRC is not available December 26 or 27. We are generally available the week of January 6. We propose that the parties meet and confer the week of January 6, and ask Judge Frimpong to continue the hearing on Plaintiffs' motion for injunctive relief so that Plaintiffs' motion and the City's motion may be heard together.

**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Monday, December 23, 2024 12:15 PM
**To:** Patterson, Alisha <APatterson@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Chris Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

I am not agreeable to artificial delays to preclude the City from filing its Motion, pursuant to an improper use of the Local Rule 7-3, 7-day limit.  Especially when I already know Plaintiffs' position and you already know the City's position, and the meet and confer will not result in changed positions.  Thus, if you are not willing to meet and confer even when you stated you are available, then we will move forward with filing the Motion.  I remain willing to continue to meet and confer after the Motion is filed, but I am not allowing you to force the City to delay for several weeks its filing, especially given the pending Motion for Injunction date and my request for your position on continuing that Motion date, which you failed to respond to.

| **CHRISTOPHER LEE** | 2030 Main Street |
| PARTNER | Suite 1200 |
| **EVERETT** DOREY LLP | Irvine CA 92614 |
| | D: 949.774.2006 |
| | M: 818.571.5085 |
| | F: 949.377.3110 |
| | E: clee@everettdorey.com |
| | www.EverettDorey.com |

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Patterson, Alisha <APatterson@rutan.com>
**Sent:** Monday, December 23, 2024 11:50 AM
**To:** Christopher Lee <clee@everettdorey.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; 'Autumn Elliott' <Autumn.Elliott@disabilityrightsca.org>; 'Zeenat Hassan' <Zeenat.Hassan@disabilityrightsca.org>; 'Christopher Brancart' <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Thank you for the suggestion. I offered to be available if the date and time works for everyone, but scheduling this conference between the Christmas and New Years holidays is very inconvenient for me and my family, so respectfully, I am not interested in committing to a conference on 12/26 or 12/27 unless everyone who needs to be there is available.

**Alisha Patterson**

18575 Jamboree Road, 9^(th) Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

---

**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Monday, December 23, 2024 11:16 AM
**To:** Patterson, Alisha <APatterson@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; 'Autumn Elliott' <Autumn.Elliott@disabilityrightsca.org>; 'Zeenat Hassan' <Zeenat.Hassan@disabilityrightsca.org>; 'Christopher Brancart' <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

I would prefer to have the meet and confer this Thursday with you and Ms. Beatificato. If DRC/Ms. Elliott think they also needs to have one later, which I don't necessarily anticipate, we can schedule that separate one for later.

**CHRISTOPHER LEE**
PARTNER

**EVERETT DOREY** LLP

2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Patterson, Alisha <APatterson@rutan.com>
**Sent:** Monday, December 23, 2024 11:12 AM
**To:** Christopher Lee <clee@everettdorey.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; 'Autumn Elliott' <Autumn.Elliott@disabilityrightsca.org>; 'Zeenat Hassan' <Zeenat.Hassan@disabilityrightsca.org>; 'Christopher Brancart' <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>; Dall, Heather <HDall@rutan.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Good morning Mr. Lee - I have not been able to speak with Ms. Doe's counsel. Ms. Beatificato and I

are out of office all next week. Ms. Beatificato and I are available Thursday or Friday of this week (12/26 and 12/27), but DRC's offices are closed those dates so I anticipate this will not work for Ms. Elliott or Ms. Hassan. Can we look at dates the week of January 6th.


**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



_____

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.


**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Sunday, December 22, 2024 10:38 PM
**To:** Patterson, Alisha <APatterson@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; 'Autumn Elliott' <Autumn.Elliott@disabilityrightsca.org>; 'Zeenat Hassan' <Zeenat.Hassan@disabilityrightsca.org>; 'Christopher Brancart' <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Counsel,

Please let me know your availability in the next week for a meet and confer, via call, on the City's anticipated Motion for Reconsideration of the Court's grant of Partial Summary Judgment to Plaintiffs.

Please also indicate whether you will oppose an ex parte application to continue the hearing on Plaintiffs' Motion for Injunction in order to allow the Court to rule on the City's Motion for Reconsideration first as it addresses the basis for Plaintiffs' Motion, and if granted would render Plaintiffs' Motion moot/unsubstantiated.

**CHRISTOPHER LEE**
PARTNER

2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006



M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Patterson, Alisha <APatterson@rutan.com>
**Sent:** Wednesday, October 2, 2024 10:11 AM
**To:** Christopher Lee <clee@everettdorey.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; 'Autumn Elliott' <Autumn.Elliott@disabilityrightsca.org>; 'Zeenat Hassan' <Zeenat.Hassan@disabilityrightsca.org>; 'Christopher Brancart' <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Good morning Chris – Before we finalize Plaintiffs' motions, I wanted to circle back to make sure we have an accurate understanding of the City's positions. In your last email, you indicated that I "misrepresented what occurred on the call and what [you] said." I invited you to provide clarification on what I "misrepresented" and did not get any response. If you think my email misrepresents the City's positions (or anything else), it would be valuable to have clarification before we proceed with our motions.

**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



_____
Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

_____

**From:** Patterson, Alisha
**Sent:** Thursday, September 26, 2024 7:39 PM

**To:** Christopher Lee <clee@everettdorey.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; 'Autumn Elliott'
<Autumn.Elliott@disabilityrightsca.org>; 'Zeenat Hassan' <Zeenat.Hassan@disabilityrightsca.org>;
'Christopher Brancart' <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>;
Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR
7-3)

If we have misunderstood the City's positions on Plaintiffs' anticipated motions, we would
appreciate clarification.


**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



_____
Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic
Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged
information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic
message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution,
or use of the contents of the information received in error is strictly prohibited.


**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Thursday, September 26, 2024 7:29 PM
**To:** Patterson, Alisha <APatterson@rutan.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; 'Autumn Elliott'
<Autumn.Elliott@disabilityrightsca.org>; 'Zeenat Hassan' <Zeenat.Hassan@disabilityrightsca.org>;
'Christopher Brancart' <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>;
Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR
7-3)

As has been your and your team's consistent practice, you have misrepresented what occurred on
the call and what I said.

**CHRISTOPHER LEE**
PARTNER

2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006



M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Patterson, Alisha <APatterson@rutan.com>
**Sent:** Thursday, September 26, 2024 7:21 PM
**To:** Christopher Lee <clee@everettdorey.com>
**Cc:** 'mh@nsightrecovery.com' <mh@nsightrecovery.com>; 'Autumn Elliott' <Autumn.Elliott@disabilityrightsca.org>; 'Zeenat Hassan' <Zeenat.Hassan@disabilityrightsca.org>; 'Christopher Brancart' <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Good evening Chris – By this email, I am confirming that we met and conferred via zoom this afternoon for approximately 30 minutes. Ashley, Autumn, Zeenat, Chris B., and Mary Helen also attended the video conference.

We discussed Plaintiffs' anticipated **motion to bifurcate** and **motion for injunctive relief**. You indicated the City intends to oppose both of these motions. We went over the outline of the proposed injunctive relief Plaintiffs circulated in the email below. You indicated that:

1. The City's position is that Plaintiffs are not entitled to any relief whatsoever on their failure to accommodate claim (e.g., When we asked you what relief the City believes Plaintiffs are entitled to for establishing liability on their failure to accommodate claim, you said "Nothing!"); and
2. The City's position is that Plaintiffs' request for injunctive relief cannot address enforceability of the parts of the City's Reasonable Accommodation Ordinance we identified in our email below because, in the City's view, this would amount to a facial challenge.

During our discussion of Plaintiffs' anticipated motions, you indicated the City plans to file **one or more ex parte applications requesting a stay and clarification on whether the parties are entitled to file motions**. This was a surprise to us. Initially, you disputed that you are required to provide advance notice or meet and confer with us on ex parte applications. After we directed you to Local Rule 7-19.1, you told us you believed you had met its requirements by informing us that the City plans to file ex parte applications during our discussion of Plaintiffs' anticipated motions.

**We disagree that you have adequately apprised us of the substance of the City's ex parte applications**. For example, other than the motion-hearing deadline, it is not clear which Court-ordered deadlines the City will ask to be stayed. If the motion hearing deadline is stayed, what is the City's proposal for what will happen to trial date and its associated deadlines? You also did not tell us when you plan to file the ex parte applications (other than to say you believed it would be

"sometime next week"). If you would like to finish this discussion once you have more information to share, I will make myself available for a call.

On a personal note, I am still rattled by how toxic today's video conference was. In my experience, the LR 7-3 meet and confer process is a productive step that allows us to narrow and streamline the issues we bring to the Court. Even if we disagree, I hope you can appreciate the value in discussing our positions before we bring disputes to the Court. On our end, it would be helpful to understand where the City is coming from. We want to find common ground where possible. Personal attacks are not conducive to this (e.g., calling me "disingenuous" and accusing Ms. Beatificato of lying about which attorneys her company has consulted with). I think in-person conferences (or at least video conference where you turn your camera on) would encourage civility. I cannot imagine you would have said the things you said today if we had been in a face-to-face meeting. If you have other suggestions, it behooves us all to find a more productive way to meet and confer on case management and law and motion.

**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



_____

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**From:** Patterson, Alisha
**Sent:** Wednesday, September 25, 2024 6:33 PM
**To:** Christopher Lee <clee@everettdorey.com>
**Cc:** mh@nsightrecovery.com; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Christopher Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** RE: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Good evening Chris – In advance of our meet and confer tomorrow, we wanted to provide an overview of the relief Plaintiffs would be seeking in their anticipated motion for injunctive relief.

**Injunctive Relief Requested:**

1. Insight's Housing:

   a. Within 30 days of entry of the Court's order, the City's Development Services Director must approve Insight's request for a reasonable accommodation to allow Insight to continue providing its housing.

   b. The City cannot require Insight to obtain any further City approvals to continue providing its housing, such as a conditional use permit, a special use permit, or an operator's permit.

   c. The City must treat Insight's housing like any other multifamily housing. This means that if Insight's housing becomes a problem, the City can enforce its nuisance and noise ordinances (and any other part of the City's Municipal Code, Zoning Code, etc.), but the City cannot institute code enforcement or nuisance abatement proceedings solely on the basis that Insight is a "group home" or that Insight does not have a conditional use permit or operator's permit.

2. The Major Issues to be Addressed in the City's Reasonable Accommodation Ordinance (in Article 15 of Title 13, starting at Section 13-200.60) are:

   a. Application Submittal Requirements: Eliminate the provisions that require applicants to provide "Any other information that the director reasonably determines is necessary for evaluating the request for reasonable accommodation" (§ 13-200.62(b)(3)) and "Any other information that the hearing officer reasonably concludes is necessary to determine whether the findings required by subsection (e) of this section can be made" ((§ 13-200.62(b)(7)). These provisions are too open-ended. The State's housing laws (e.g., SB 330) require the City to provide a checklist of what it requires for a complete application.

   b. Appeals of Director Decisions:

      i. Specify that only aggrieved ***applicants*** have standing to appeal the director's decision on a reasonable accommodation request (i.e., a member of the public cannot appeal the director's approval of a reasonable accommodation request and members of the City Council cannot "call up" the director's decision for review) (§ 13-200.62(d)). The appeal procedure should not provide a pathway for a third party with animus, fear, or prejudice about people with disabilities to delay or derail the City's approval of an accommodation request.

      ii. Remove the requirement that appeals be subjected to a duly-noticed public hearing (§ 13-200.62(d)). The City's appeal procedure in Chapter IX of Title 2 of the CMMC (starting at Section 2-300) only requires public noticing for appeals when the underlying decision needed public noticing. The City does not require public noticing for the director's determination on reasonable accommodations, so it is inconsistent with the City's appeal procedure to require public noticing for appeals (CMMC § 2-308).

   c. Grounds for Approving/Denying Requests: Remove "considerations" (§ 13-200.62(e) and (g)) and "findings" (§ 13-200.62(f)) that improperly shift the burden to the

Exhibit 1, Page 29

applicant or allow the director to deny a request on grounds that are inconsistent with the FHA and ADA. NOTE – The "considerations" in § 13-200.62(e) and (g) overlap with the "findings" in § 13-200.62(f), which makes it more difficult for applicants to understand how the City will make its decision.

i.   Do not put the burden on **the applicant** to establish the accommodation is not:

    a.   an "undue financial or administrative burden" (§ 13-200.62(f)(3)).

    b.   a direct threat to health and safety of people and property (§ 13-200.62(f)(5)).

    c.   a fundamental alteration in the nature of the City's zoning program (§ 13-200.62(f)(8) & (g)).

It is **the City's burden** to establish one or more of these, and as a practical matter, these requirements are asking applicants to prove a negative.

ii.   Remove considerations and findings that imply it is proper to deny a request for an accommodation solely on the basis that:

    a.   the accommodation is inconsistent with "a City program, such as the City's zoning scheme" or the "City's General Plan" (§ 13-200.62(e)(2), (g)(3)). The purpose of reasonable accommodations is to allow for these deviations.

    b.   "the accommodation would result in a substantial increase in traffic or insufficient parking" (§ 13-200.62(g)(2)).

    c.   "the requested accommodation would create an institutionalized environment due to the number of and distance between facilities that are similar in nature or operation" (§ 13-200.62(g)(4)). This "consideration" is problematic because, as we learned through Insight's experience, the City views any type of group housing as "institutional" even if it has the name number of residents as the housing the City would otherwise consider to be a "single family housekeeping unit."

iii.   Remove considerations and findings that are improper under the Fair Housing Act, including:

    a.   "The requested accommodation is consistent with surrounding uses in scale and intensity of use" (§ 13-200.62(f)(4)).

    b.   "If economic viability is raised by the applicant as part of the applicant's showing that the requested accommodation is necessary, then a finding that the requested accommodation is necessary to make facilities of a similar nature or operation economically viable in light of the particularities of the relevant market and market participants generally, not just for that particular applicant" (§ 13-200.62(f)(6)). Requiring an applicant to provide a feasibility study or market study as a condition of approving a disability-related accommodation is incredibly expensive and onerous. Declining to undertake this burden cannot be a basis for denial.

    c.   "Whether the existing supply of facilities of a similar nature and

operation in the community is sufficient to provide individuals with a disability an equal opportunity to live in a residential setting" (§ 13-200.62(f)(7)). As an example, if other homes in the City had wheelchair ramps, the City could use this "consideration" as a basis to deny a resident's request to build a wheelchair ramp at the resident's own home (i.e., the City could determine the resident should move to another home that already has a wheelchair ramp). That hopefully sounds absurd in the context of wheelchair ramps, but the City used the same logic to deny Insight's request (i.e., there are other group homes in the City, so Insight and its residents don't need a group home on the property where Insight was already providing housing).

We look forward to discussing this with you tomorrow.

**Alisha Patterson**

18575 Jamboree Road, 9<sup>th</sup> Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com



_____

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

---

**From:** Patterson, Alisha
**Sent:** Monday, September 23, 2024 11:44 PM
**To:** Christopher Lee <clee@everettdorey.com>
**Cc:** mh@nsightrecovery.com; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Christopher Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** Re: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Thank you Chris! I just sent a calendar invite!

Sent from my iPhone

On Sep 23, 2024, at 11:36 PM, Christopher Lee <clee@everettdorey.com> wrote:


I am available Thursday at 2pm.


**CHRISTOPHER LEE**
PARTNER
<image002.png>

2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Patterson, Alisha <APatterson@rutan.com>
**Sent:** Monday, September 23, 2024 7:58 PM
**To:** Christopher Lee <clee@everettdorey.com>
**Cc:** mh@nsightrecovery.com; 'Autumn Elliott' <Autumn.Elliott@disabilityrightsca.org>; 'Zeenat Hassan' <Zeenat.Hassan@disabilityrightsca.org>; 'Christopher Brancart' <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Slomsky <aslomsky@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** FW: Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Good evening Chris – I am following up to see if any of the following dates or times would work for a meet and confer on Insight's anticipated motions. Our deadline to meet and confer is this Thursday.

1. Tomorrow before 9:45am, noon-3pm, and 5-6pm (by phone or video conference only)
2. Wednesday before noon or after 2:30pm
3. Thursday any time

Please let me know what time and date works for you and I will get the calendar invitation out!

**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com

<u>&lt;image003.png&gt;</u>

_____

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

---

**From:** Patterson, Alisha
**Sent:** Friday, September 20, 2024 4:36 PM
**To:** clee@everettdorey.com
**Cc:** mh@nsightrecovery.com; Autumn Elliott <Autumn.Elliott@disabilityrightsca.org>; Zeenat Hassan <Zeenat.Hassan@disabilityrightsca.org>; Christopher Brancart <cbrancart@brancart.com>; Seymour Everett <severett@everettdorey.com>; Seymour Everett <severett@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Ashley Slomsky <aslomsky@everettdorey.com>; Ashley Anderson <aanderson@everettdorey.com>
**Subject:** Insight v. City of Costa Mesa - Request to Meet and Confer on Anticipated Motions (LR 7-3)

Good afternoon Chris – Our deadline to file moving papers in the Insight v. Costa Mesa action is approaching. We are requesting we schedule a time before next Friday to meet and confer pursuant to Local Rule 7-3 and Section V.III.A of Judge Frimpong's Standing Order on two motions Insight anticipates filing:

1. A motion to bifurcate proceedings to allow the Court to resolve Plaintiffs' request for injunctive relief on Plaintiffs' failure to accommodate claim (for which liability was established through summary adjudication) before resolving the issues that require a trial.
2. A motion for injunctive relief on Plaintiffs' failure to accommodate claim.

The issues to be raised in the motions, as well as the law and evidence relevant to those issues, are outlined in Plaintiffs' sections of our Joint Report. (ECF 197, attached for ease of reference.) This action could be fully resolved without the need for a jury trial or a bench trial. **<u>Plaintiffs have previously offered to stipulate that, if the Court grants full equitable relief on their failure to accommodate claim, Plaintiffs will dismiss all of their other claims</u>** (which effectively seek the same relief based on different theories of liability). Given the Court's determination that the City is liable for failure to accommodate, this is a cost-effective approach that benefits all parties.

My availability next week for an in-person meeting, video conference, or a call is listed below:
4. Monday before 9am, 10am-1:30pm, and after 2:30pm

5. Tuesday before 9:45am, noon-1pm, and 5-6pm (by phone or video conference only)
6. Wednesday before noon or after 2:30pm
7. Thursday any time

We look forward to your response.

**Alisha Patterson**

18575 Jamboree Road, 9th Floor | Irvine, CA 92612
O. (714) 641-5100 | D. (714) 662-4663
apatterson@rutan.com | www.rutan.com
<image003.png>

_____

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Any inadvertent disclosure does not waive the attorney-client privilege. Thank you**

**The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Any inadvertent disclosure does not waive the attorney-client privilege. Thank you**

**The information in this transmittal (including attachments, if any) is privileged**

and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Any inadvertent disclosure does not waive the attorney-client privilege. Thank you

The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Any inadvertent disclosure does not waive the attorney-client privilege. Thank you