```
 1  Mary Helen Beatificato, Esq. (State Bar No. 220936)
    Insight Psychology and Addiction, Inc.
 2  4000 Birch Street, Suite 112
    Newport Beach, CA 92660
 3  Telephone:  (949) 216-3851
    Facsimile:  (949) 467-9945
 4
    Alisha Patterson (State Bar No. 274630)
 5  apatterson@rutan.com
    RUTAN & TUCKER, LLP
 6  18575 Jamboree Road, 9th Floor
    Irvine, CA  92612
 7  Telephone:  714-641-5100
    Facsimile:  714-546-9035
 8
    Attorneys for Plaintiff and Counter-Defendant
 9  INSIGHT PSYCHOLOGY AND ADDICTION,
    INC. and Counter-Defendants MARY HELEN
10  BEATIFICATO and GERALD GROSSO
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation, and JANE DOE, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF COSTA MESA, a municipal corporation; and DOES 1-10, inclusive,<br><br>    Defendants.<br><hr><br>CITY OF COSTA MESA, a municipal corporation,<br><br>    Counter-Plaintiff,<br><br>vs.<br><br>INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation; MARY HELEN BEATIFICATO, an individual; GERALD GROSSO, an individual; and ROES 1-50,<br><br>    Counter-Defendants. | Case No. 8:20-cv-00504 MEMF-JDE<br><br>Judge:  Honorable Honorable Maame Ewusi-Mensah Frimpong<br>Ctrm:  8B<br><br>***EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE TRIAL DATE, FINAL PRETRIAL CONFERENCE, AND ASSOCIATED PRETRIAL DEADLINES IF THE CITY'S MOTION FOR RECONSIDERATION (ECF NO. 233) IS STILL PENDING ON AUGUST 1, 2025; DECLARATION OF ALISHA PATTERSON**<br><br>[Filed Concurrently with Proposed Order]<br><br>Date Action Filed:  March 12, 2020<br>Trial Date:           October 27, 2025 |

///

# NOTICE OF *EX PARTE* APPLICATION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff and Counter-Defendant Insight Psychology and Addiction, Inc. and Counter-Defendants Mary Helen Beatificato and Gerald Grosso (collectively "Insight Parties"), hereby apply *ex parte* for an order modifying the Civil Trial Order (ECF[1] No. 232) to continue the Trial Date (currently set for October 27, 2025), Final Pretrial Conference (currently set for October 8, 2025), and deadlines for Trial Filings (currently set for September 10 and 24, 2025) if the Motion for Reconsideration filed by Defendant and Counter-Plaintiff City of Costa Mesa ("City") (ECF No. 233) is still pending on August 1, 2025.

Insight Parties do not wish to delay the resolution of this litigation and are prepared to move forward with the current trial date and associated pretrial deadlines, but the Court's ruling on the City's pending Motion for Reconsideration will impact the number and scope of the issues to be resolved at the trial. To meet the current pretrial deadlines (the first of which is August 29, 2025, per Local Rule 16-2), Insight Parties will need to devote significant time and resources to trial preparation (e.g., preparing jury instructions, drafting motions in limine, subpoenaing witnesses, etc.) in early August of 2025. If a ruling on the City's Motion for Reconsideration will not be available before August 1, 2025, Insight respectfully requests the Court modify the Civil Trial Order to continue the Trial Date to a date that is at least three (3) months after the Court issues its ruling on the City's pending Motion.

This *ex parte* application is made in accordance with Local Rule 7-19 following notice to counsel for the City via e-mail on June 30, 2025. *See* Declaration of Alisha Patterson in Support of *Ex Parte* Application ("Patterson Decl."), ¶ 4.

/ / /

/ / /

---

[1] "ECF" refers to the Court's Case Management/Electronic Case Files (CM/ECF) system.

Pursuant to Local Rule 7-19, the name, address, telephone number, and email address of counsel for the City is as follows:

> EVERETT DOREY LLP
> Seymour B. Evertt, III
> severett@everettdorey.com
> Samantha E. Dorey
> sdorey@everettdorey.com
> Christopher D. Lee
> clee@everettdorey.com
> 2030 Main Street, Suite 1200
> Irvine, California 92614
> Telephone: (949) 771-9233
> Fax: (949) 377-3110
>
> JONES & MAYER
> Kimberly Hall Barlow
> khb@jones-mayer.com
> 3777 North Harbor Boulevard
> Fullerton, California 92835
> Telephone: (714) 446-1400
> Fax: (714) 446-1448

The name, address, telephone number, and email address of counsel for the Plaintiff Jane Doe ("Ms. Doe") is as follows:

> DISABILITY RIGHTS CALIFORNIA
> Andrea Rodriguez (State Bar No. 290169)
> Zeenat Hassan (State Bar No. 294138)
> 530 B Street, Suite 400
> San Diego, CA 92101
> Tel.: (619) 814-8503
> Fax: (619) 239-7906
> Andrea.Rodriguez@disabilityrightsca.org
> Zeenat.Hassan@disabilityrightsca.org
>
> LAW OFFICE OF AUTUMN ELLIOTT
> Autumn M. Elliott (State Bar No. 230043)
> 325 N. Larchmont Blvd., Ste. 307
> Los Angeles, CA 90004

1  Tel: (213) 500-9494
2  autumn@elliottimpact.com

3  BRANCART & BRANCART
4  Christopher Brancart (State Bar No. 128475)
   P. O. Box 686
5  Pescadero, CA 94060
   Tel.: (650) 879-0141
6  Fax: (650) 879-1103
7  cbrancart@brancart.com

8

9  The other parties do not oppose the requested relief. On June 30, 2025, counsel
10 for the City (Christopher Lee) informed counsel for Insight Parties (Alisha Patterson)
11 that "We agree/join with the request for a continuance of trial and trial-related
12 deadlines." Patterson Decl., ¶ 5. On July 1, 2025, counsel for Ms. Doe (Autumn
13 Elliott) informed counsel for Insight (Ms. Patterson) that Ms. Doe does not oppose
14 the requested relief. *Id.*, at ¶ 6.

15 This application is made pursuant to Rule 16(b)(4) of the Federal Rules of Civil
16 Procedure, Local Rule 16-9, Section VII.L of the Civil Trial Order (ECF 197), and
17 Local Rule 7-19, and is based on this application, the accompanying memorandum of
18 points and authorities, the concurrently filed declaration of Alisha Patterson, all
19 pleadings papers, and records on file, and such further written and oral argument as
20 this Court may receive in connection with this application.

21

22 Dated: July 1, 2025                    RUTAN & TUCKER, LLP
                                          ALISHA PATTERSON
23

24                                        By:  */s/ Alisha Patterson*
                                               Alisha Patterson
25                                             Attorneys for Plaintiff and Counter-
                                               Defendant, INSIGHT
26                                             PSYCHOLOGY AND ADDICTION,
                                               INC. and Counter-Defendants MARY
27                                             HELEN BEATIFICATO and
                                               GERALD GROSSO
28

# MEMORANDUM OF POINTS AND AUTHORITIES

Rule 16(b)(4) of the Federal Rules of Civil Procedure allow for continuances of pretrial and/or trial dates "for good cause and with the judge's consent." *See also* Local Rule 16-9. Section VII.L of the Civil Trial Order (ECF[2] 197) allows requests for a continuance of pretrial and/or trial dates to be made by stipulation or application supported by a declaration setting forth the reasons for the requested relief. Through this *ex parte* application, Plaintiff and Counter-Defendant Insight Psychology and Addiction, Inc. ("Insight") and Counter-Defendants Mary Helen Beatificato and Gerald Grosso (collectively "Insight Parties") respectfully request that, if a ruling on the Motion for Reconsideration (ECF No. 233) filed by Defendant and Counter-Plaintiff City of Costa Mesa ("City") is not available before August 1, 2025, that the Court continue the Trial Date to a date that is at least three (3) months after the Court issues its ruling on the City's pending Motion. The other parties do not oppose this request. Declaration of Alisha Patterson in Support of *Ex Parte* Application ("Patterson Decl."), ¶ 2-4.

## Brief Procedural Background

Insight filed this action on March 12, 2020 asserting claims under federal and state disability discrimination and fair housing laws. ECF No. 1. Plaintiff Jane Doe ("Doe") joined the action when Insight and Ms. Doe (collectively, "Plaintiffs") filed a First Amended Complaint on August 7, 2020. ECF No. 28. The City filed a counterclaim, the operative version of which is currently the City's Third Amended Counterclaim (ECF No. 59), as narrowed by the Court's two orders on Plaintiffs' Second Motion to Dismiss and Strike. ECF Nos. 88-90.

On March 20, 2024, the Court entered an order that, among other things, granted partial summary judgment for Plaintiffs establishing liability on Plaintiffs' reasonable accommodation claims. ECF No. 194, pp. 41-44. The remedy for

---

[2] "ECF" refers to the Court's Case Management/Electronic Case Files (CM/ECF) system.

Plaintiffs' reasonable accommodation claims has yet to be determined. ECF No. 240, p. 3. With the exception of claims brought under California's Unruh Civil Rights Act, liability for Plaintiffs' claims for disparate treatment (based on both intentional discrimination and methods of administration) and disparate impact and Plaintiffs' constitutional claims under Section 1983 (equal protection and due process) remain at issue. ECF No. 194. The City's counterclaim also remains at issue. *Id.*

On January 16, 2025, the City filed a Motion for Reconsideration asking the reconsider its ruling establishing liability on Plaintiffs' reasonable accommodation claims. ECF No. 233. On January 31, 2025, the Court entered an order striking the City's Motion as untimely. ECF No. 234. The City applied *ex parte* requesting leave of Court to file its untimely Motion for Reconsideration (ECF No. 235), and the Court granted that request on March 4, 2025. ECF No. 240. The Court accepted the Motion for Reconsideration the City had filed on January 16, 2025, set a briefing schedule, and indicated the Court would only hold a hearing on the Motion if needed. ECF 240, p. 11, ¶ 3. The City's Motion for Reconsideration has been fully briefed since April 1, 2025. ECF 233 (motion); ECF 245 (opposition); ECF 246 (reply). The outcome of the pending Motion for Reconsideration will determine whether a trial is needed on Plaintiffs' reasonable accommodation claims.

**Trial & Pretrial Deadlines**

A jury trial in this action is scheduled for October 27, 2025. ECF No. 232. The Final Pretrial Conference is scheduled for October 8, 2025. *Id.* Under Local Rule 16-2, lead trial counsel for all parties must meet in person on or before August 29, 2025 (i.e., at least 40 days before the Final Pretrial Conference) to, among other things, stipulate to undisputed facts, disclose trial exhibits and witnesses, disclose contentions of law and fact, attempt to resolve evidentiary objections, and exhaust all possibilities of settlement. After that, trial filings are due on September 10 and 24, 2025.

/ / /

/ / /

**Good Cause & Due Diligence for Trial Continuance**

The Insight Parties have a strong interest in keeping the scheduled trial and pretrial dates certain. However, all parties would benefit from a ruling on the City's pending Motion of Reconsideration before they start the substantial amount of work needed to prepare for trial (e.g., drafting jury instructions, preparing witnesses, drafting memoranda of law and contentions of fact, etc.). A ruling on the pending Motion will impact the number and scope of issues to be tried. At a minimum, the ruling with determine whether liability on Plaintiffs' reasonable accommodation claims needs to be tried.

Counsel for the Insight Parties conservatively estimate that they will need approximately thirty (30) to prepare for the Local Rule 16-2 conference of counsel, which is currently scheduled for August 29, 2025. Patterson Decl., ¶ 2. If there is a ruling on the pending Motion for Reconsideration by August 1, 2025, the Insight Parties will have sufficient time to prepare for a trial on all remaining issues based on the current schedule. *Id.*, at ¶ 2. If, however, the City's Motion for Reconsideration is still pending as of August 1, 2025, the Insight Parties (and presumably, the other parties) will need to proceed with trial preparation with uncertainty as to whether Plaintiffs' reasonable accommodation claims need to be tried. *Id.*, at ¶ 3. At a minimum, this uncertainty will impact trial exhibits, witnesses, jury instructions, and contentions of law and fact. *Id.*, at ¶ 3. The Insight Parties also anticipate resolution of the Motion for Reconsideration will impact the final settlement negotiations required by Local Rule 16-2.9. *Id.*, at ¶ 3.

\* \* \*

For all of the above reasons, the Insight Parties respectfully submit that, if a ruling is not available on the City's Motion for Reconsideration by August 1, 2025, good cause exists to continue the Trial Date to a date that is at least three (3) months after the Court issues its ruling on the Motion (and continue the Final Pretrial

Conference and pretrial filing deadlines). The City joins this request, and Ms. Doe does not oppose this request. Patterson Decl., ¶¶ 2-4.

Dated: July 1, 2025

RUTAN & TUCKER, LLP
ALISHA PATTERSON

By: */s/ Alisha Patterson*
Alisha Patterson
Attorneys for Plaintiff and Counter-Defendant, INSIGHT PSYCHOLOGY AND ADDICTION, INC. and Counter-Defendants MARY HELEN BEATIFICATO and GERALD GROSSO

# DECLARATION OF ALISHA PATTERSON

I, Alisha Patterson, declare as follows:

1. I am an attorney at the law firm of Rutan & Tucker, LLP, counsel of record for in this action. I am a member in good standing of the State Bar of California and have been admitted to practice before this Court. I make this Declaration in support of Plaintiff and Counter-Defendant Insight Psychology and Addiction, Inc. ("Insight") and Counter-Defendants Mary Helen Beatificato and Gerald Grosso (collectively, "Insight Parties")'s *Ex Parte* Application for an Order Continuing the Trial Date, Final Pretrial Conference, and Associated Pretrial Deadlines if the City's Motion for Reconsideration (ECF No. 233) is Still Pending on August 1, 2025. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

## Good Cause & Due Diligence for Trial Continuance

2. I conservatively estimate that counsel for Insight Parties (my office and Ms. Beatificato) will need approximately thirty (30) to prepare for the Local Rule 16-2 conference of counsel, which must occur on or before August 29, 2025. If there is a ruling on the pending Motion for Reconsideration by August 1, 2025, I expect Insight Parties will have sufficient time to prepare for a trial on all remaining issues based on the current schedule.

3. If the City's Motion for Reconsideration is still pending as of August 1, 2025, my office and Ms. Beatificato will need to proceed with trial preparation with uncertainty as to whether Plaintiffs' reasonable accommodation claims need to be tried. Among other things, this uncertainty will impact trial exhibits, witnesses, jury instructions, and contentions of law and fact. I also anticipate resolution of the Motion for Reconsideration will impact the final settlement negotiations required by Local Rule 16-2.9.

/ / /

Rutan & Tucker, LLP
attorneys at law

2728/035905-0001
22433396.1 a07/01/25

-9-

Case No. 8:20-cv-00504 MEMF−JDE
EX PARTE APPLICATION &
DECLARATION OF ALISHA PATTERSON

**Declaration Re: *Ex Parte* Notice**

4.  On or about June 30, 2025, I notified counsel for Defendant and Counter-Plaintiff City of Costa Mesa ("City") and counsel for Plaintiff Jane Doe ("Ms. Doe") of the date and substance of this proposed *ex parte* application. Specifically, on June 30, 2025 at 6:37 p.m., I emailed a draft of this *ex parte* application to counsel for the City (Christopher Lee, Seymour Everett, Samantha Dorey, and Kimberly Barlow) and counsel for Ms. Doe (Autumn Elliott, Zeenat Hassan, Andrea Rodriguez, Christopher Brancart, and Elizabeth Brancart) and my transmittal email informed counsel that Insight Parties intended to file the *ex parte* application by close of business on July 2, 2025.

5.  On June 30, 2025, at approximately 7:19 p.m. counsel for the City (Christopher Lee) responded by email that "We agree/join with the request for a continuance of trial and trial-related deadlines."

6.  On July 1, 2025, at approximately 2:06 p.m., counsel for Ms. Doe (Autumn Elliott) responded by email that Ms. Doe does not oppose the requested relief.

Executed on July 1, 2025, at Claremont, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
ALISHA PATTERSON

Rutan & Tucker, LLP
attorneys at law

2728/035905-0001
22433396.1 a07/01/25

-10-

Case No. 8:20-cv-00504 MEMF−JDE
EX PARTE APPLICATION &
DECLARATION OF ALISHA PATTERSON