**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
  severett@everettdorey.com
Samantha E. Dorey, SBN 281006
  sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
  clee@everettdorey.com
2030 Main Street, Suite 1200
Irvine, California 92614
Phone: 949-771-9233
Fax: 949-377-3110

**JONES & MAYER**
Kimberly Hall Barlow, Esq., SBN 149902
khb@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendant and Counter-Plaintiff, CITY OF COSTA MESA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF COSTA MESA, a municipal corporation; and DOES 1-10, inclusive,<br><br>        Defendant. | **Case No. 8:20-cv-00504-MEMF-JDE**<br><br>Assigned to the Hon. Maame Ewusi-Mensah Frimpong<br><br>**DEFENDANT CITY OF COSTA MESA'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER TO CONTINUE TRIAL AND ALLOW CITY TO FILE A MOTION FOR SUMMARY JUDGMENT BASED ON NEW SUPREME COURT LAW LIMITING THE SCOPE OF UNIVERSAL INJUNCTIONS** |
| CITY OF COSTA MESA, a municipal corporation,<br><br>        Counter-Plaintiff,<br><br>    vs.<br><br>INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation; MARY HELEN BEATIFICATO, an individual; GERALD GROSSO, an individual; and | Action Filed:    March 12, 2020<br>Trial Date:    October 27, 2025 |

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4930-3574-1025.1

-1-                    8:20-cv-00504-MEMF-JDE

CITY'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER TO CONTINUE
TRIAL AND ALLOW CITY TO FILE MOTION FOR SUMMARY JUDGMENT

ROES 1-50,

                Counter-Defendants.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**I.**        **INTRODUCTION AND FACTUAL BACKGROUND**

        **A.**      **Insight Has Voluntarily Shut Down And Abandoned Its Damages Claims, And Plaintiffs' Remaining Requests For Universal Injunctions Fail As A Matter Of New June 2025 Supreme Court Law Limiting Universal Injunctions**

On August 14, 2025, Plaintiff Insight Psychology and Addiction, Inc.'s counsel informed the City's counsel that "The mental health housing that was the subject of this litigation no longer exists, and Insight does not have any other housing in Costa Mesa.  Please note – Insight is not abandoning its requests for declaratory relief or injunctive relief.  If granted, the equitable relief Insight seeks would ensure that if Insight **or other housing providers** want to provide mental health housing in Costa Mesa in the future, they will not encounter the same discriminatory and unlawful obstacles Insight encountered in connection with the Subject Housing. . . .  Insight is abandoning its request for damages."  Insight voluntarily shut down its housing and no longer is operating in the City and abandoned its claim for damages in this action.  But it is still seeking universal injunctive relief broadly as to all non-parties to this lawsuit.

Plaintiff Jane Doe's basis for standing (as challenged by the City in Motions to Dismiss early in this action) was that she may want to return to Insight's "unique, one-of-a-kind housing" at some point in the future.  That basis no longer exists.  The relief she sought was an injunction against the City from shutting down Insight's existing housing.  That relief is moot and no longer available.  Thus, she has no standing to continue in this litigation.  The City's counsel attempted to clarify with Jane Doe's counsel what any additional basis of standing was given the changed

CITY'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER TO CONTINUE TRIAL AND ALLOW CITY TO FILE MOTION FOR SUMMARY JUDGMENT

1  circumstances and what relief beyond a universal injunction that Jane Doe was now

2  seeking in this action.  However, Plaintiff Jane Doe's counsel refused and/or failed

3  to answer the question.  Jane Doe (based on her Joint Motion for Injunction) is now

4  seeking a broad universal injunction to force the City to amend its regulations so as

5  to apply broadly to all third parties.

6        However, based on new Supreme Court precedent, Trump v. CASA, Inc., 145

7  S.Ct. 2540 (June 27, 2025), federal district courts no longer have authority to issue

8  universal injunctions beyond the those necessary to afford relief to just the named

9  plaintiffs in an action.  Here, Plaintiffs are now seeking only universal injunctive

10 relief only for non-plaintiffs.  Based on the new Supreme Court law, this Court

11 should determine as a matter of law prior to trial that Plaintiffs' requests for

12 universal injunctive relief are inappropriate and unavailable.  Given that the

13 requested universal injunctive relief is no longer available as a matter of law, and

14 given that such relief is the only remaining request by Plaintiffs, their claims are

15 moot and they lack standing to continue to litigate this action.  This Court deciding

16 the pure question of law as to the scope of available injunctive relief under new

17 Supreme Court law prior to trial, as well as mootness and standing, which may

18 obviate the need for or greatly reduce the scope of trial, and will greatly preserve

19 judicial resources of the Court and all parties.

20        Therefore, the City requests leave to file a Motion for Summary Judgment or

21 alternatively Partial Summary Judgment, against Plaintiffs, including their requests

22 for universal injunctions and as to the mootness of their claims for relief and their

23 lack of standing to continue to litigate this action.  Given the timing for briefing and

24 hearing such a motion, as well as rendering a decision on such motion, a trial

25 continuance of at least six months is warranted.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

### B. Judicial Resources Would Be Greatly Preserved By Continuing Trial To Allow The Parties To Explore And/Or Exhaust Settlement Or Mediation Efforts

After this Court granted the City's Motion for Reconsideration [Dkt. 248] on August 11, 2025, the parties have agreed to continue settlement negotiations and the City's counsel attempted to schedule another mediation session with Judge Glenda Sanders, Ret. of JAMS, with whom the parties previously mediated. Judge Sanders currently has availability to mediate on October 2, 3, 17, 20 and 21. However, Plaintiffs' counsel have refused to participate in another mediation, while offering to continue to informally negotiate settlement. The City would prefer a mediation or settlement conference.

Moreover, even if a tentative settlement proposal is agreed-upon, the City, as a public entity, is legally required to have any settlement approved by the City Council in the normal course of public hearings, which would not be able to be agendized and scheduled until weeks after.

However, given the trial is set for October 27, 2025, the parties are entering the pre-trial period in which the parties will be required to expend significant time and cost to prepare for trial, which costs could be avoided if the parties reached a settlement. Therefore, in order to preserve judicial resources and allow the parties sufficient time to explore and/or exhaust settlement efforts, a trial continuance of at least three months is warranted.

### C. The City's Lead Trial Counsel Will Be Engaged In Trials And Unable To Fully Prepare And Participate In Trial In This Matter

The City's lead trial counsel, Seymour Everett, is set to be engaged in trial starting on August 25, 2025, in Orange County Superior Court, Case No. 30-2022-01287702, and thereafter on September 30, 2025 in Kern County Superior Court, Case No. BCV-19-102513, until past the October 27, 2025 trial date scheduled in this matter. The Kern County matter was already partially tried to a mistrial

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

4930-3574-1025.1

CITY'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER TO CONTINUE TRIAL AND ALLOW CITY TO FILE MOTION FOR SUMMARY JUDGMENT

previously, due to a medical emergency for the plaintiffs' counsel during trial, and was reset for a second trial on September 30, 2025. Thus, it is very likely that it will go to trial again. As such, Mr. Everett is very likely not available both for the trial date set in this matter of October 27, 2025 and to conduct the necessary pre-trial conferences, filings, and preparation. Without a continuance of trial in this matter, the City would be prejudiced in not having its lead trial counsel of choice fully available for trial. Therefore a trial continuance of at least three months is warranted.

## II. THE CITY'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY PARTIAL SUMMARY JUDGMENT IS NOT FRIVOLOUS, AND INDEED THE CITY BELIEVES IT SHOULD BE GRANTED ON THE MERITS, AND THE CITY REQUESTS AT LEAST AN OPPORTUNITY FOR IT TO BE HEARD

The City's purpose in requesting the relief for leave to file a Motion for Summary Judgment or alternatively Partial Summary Judgment herein is to have what it believes is a meritorious Motion be heard on the merits.

### A. New Supreme Court Law Limits Universal Injunctions

On June 27, 2025, the United States Supreme Court held that "universal injunctions" "likely exceed the equitable authority that Congress has granted to federal courts." Trump v. CASA, Inc., 145 S. Ct. 2540, 2548 (2025). The Supreme Court's reference to "universal injunctions" meant when "district courts assert[ed] the power to prohibit enforcement of a law or policy against *anyone*." Id. "The issue before [the Supreme Court was] one of remedy: whether, under the Judiciary Act of 1789, federal courts have equitable authority to issue universal injunctions." Id. at 2550. The Supreme Court held: "A universal injunction can be justified only as an exercise of equitable authority, yet Congress has granted federal courts no such power." Id.

The Supreme Court described historically that the powers of injunctions were

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

CITY'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER TO CONTINUE TRIAL AND ALLOW CITY TO FILE MOTION FOR SUMMARY JUDGMENT

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

"to restrain the actions of *particular* officers against *particular* plaintiffs" and not to those "who were not parties to any proceedings, who were not before the court[,] and who had sought no relief." See id. at 2551-2552 (citations omitted).  Further, "'[n]either declaratory nor injunctive relief,' we have said, 'can directly interfere with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs.'" Id. at 2552 (citation omitted).

Furthermore, principles of "complete relief" do not "justif[y] the award of relief to nonparties . . . ." Id. at 2556-2557.  "[I]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief *to the plaintiffs*." Id. at 2557 (citation omitted).  Moreover, "to say that a court *can* award complete relief is not to say that it *should* do so.  Complete relief is not a guarantee—it is the maximum a court can provide." Id. at 2558.  Justice Thomas in his concurrence further explains that "in some circumstances, a court *cannot* award complete relief" and "[i]n some cases, traditional equitable limits will require courts and plaintiffs to make do with less than complete relief." Id. at 2564 (concurrence opinion).  Relief must be limited to that which "reaches only the plaintiffs" unless it is "all but impossible" to do so. Id. at 2565 (concurrence opinion).  "Courts may not use the complete-relief principle to revive the universal injunction." Id.

Here, Plaintiffs' only claim for injunctive relief specific to themselves was "The City must allow Insight to continue to provide shared housing for people with disabilities **in its current location** as a reasonable accommodation.  The City is prohibited from requiring Insight to obtain any further City approvals for providing the same type of housing **at its current location**, including but not limited to any conditional use permits, special use permits, or operator's permits." [Plaintiffs' Motion for Injunctive Relief, Proposed Order (Dkt. 210-6)]  However, Insight has now voluntarily shut down and no longer has any claim for injunctive relief as to the subject housing that was the basis of this action.  Such requested relief is moot and no longer available.  Nor is it ripe to argue some hypothetical, speculative future

CITY'S *EX PARTE* APPLICATION TO SET SCHEDULING ORDER TO CONTINUE
TRIAL AND ALLOW CITY TO FILE MOTION FOR SUMMARY JUDGMENT

1  dispute with the City as to a different location might warrant relief here.  As

2  Plaintiffs have continuously argued, each request for a reasonable accommodation

3  (for instance for a future different location) requires a case-by-case analysis.

4  ### B.    Plaintiffs' Claims Are Moot And They Lack Standing

5  "[T]he 'irreducible constitutional minimum' of standing consists of three

6  elements. [Citation]  The plaintiff must have (1) suffered an injury in fact, (2) that is

7  fairly traceable to the challenged conduct of the defendant, and (3) **that is likely to**

8  **be redressed by a favorable judicial decision**.  [Citations]  The plaintiff, as the

9  party invoking federal jurisdiction, bears the burden of establishing these

10  elements. [Citation] . . . ."  <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. 1540, 1547 (2016)

11  (emphasis added).  "To establish injury in fact, a plaintiff must show that he or she

12  suffered 'an invasion of a legally protected interest' that is 'concrete and

13  particularized' and **'actual or imminent, not conjectural or hypothetical.'**"  <u>Id.</u> at

14  1548 (emphasis added).

15  Plaintiffs do not have standing to seek the relief they now seek, i.e. universal

16  injunctive relief against the City to force the City to amend its regulations and

17  practices as to all persons, not just the named Plaintiffs.  Even as to themselves, they

18  further lack standing to seek injunctive relief against future injury.  As to future

19  injury, Plaintiffs have the burden of establishing that they are "immediately in

20  danger of sustaining some direct injury as the result of the challenged . . .

21  conduct."  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-02, 103 S. Ct. 1660, 75

22  L. Ed. 2d 675 (1983) (internal quotation marks and citation omitted).  Plaintiffs

23  cannot seek injunctive relief by relying on past injury to satisfy the injury

24  requirement, but instead must show a likelihood that they will be injured in the

25  future.  <u>Id.</u> at 105.  Such threat of future injury must be "real and immediate," as

26  opposed to "merely conjectural or hypothetical."  <u>Shaywitz v. Am. Bd. of Psychiatry</u>

27  <u>& Neurology</u>, 675 F.Supp.2d 376, 382 (S.D.N.Y. 2009).

28  In the ADA context, standing also requires Ms. Doe to show that she actually

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233  ♦FAX 949-377-3110

CITY'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER TO CONTINUE
TRIAL AND ALLOW CITY TO FILE MOTION FOR SUMMARY JUDGMENT

intends to return to the facility where she allegedly suffered some injury.  See Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F.3d 939, 953 (9th Cir. 2011).  In Harty v. Greenwich Hosp. Grp., LLC, 536 F. App'x 154, 155 (2d Cir. 2013), the court held that the plaintiff lacked standing because his "complaint does not evidence any concrete plan to [return and] stay overnight in [the city] in the future."  In Harty v. W. Point Realty, Inc., 2020 U.S. Dist. LEXIS 141893, at *9 (S.D.N.Y. Aug. 7, 2020), the court held "allegations of 'a bare procedural violation, divorced from any concrete harm,' cannot 'satisfy the injury-in-fact requirement of Article III.'  See Spokeo, Inc. v. Robins, 136 S. Ct. at 1549."  Id. at *9.

Here, Plaintiffs no longer have any cognizable future harm that is "real and immediate" as opposed to "merely conjectural or hypothetical," that could be redressed by a favorable judicial decision.  Plaintiffs have abandoned voluntarily the subject housing and claims for damages, and only seek improper and precluded universal injunctions.  All relief they seek is unavailable as a matter of law, and thus, this action is moot and should be dismissed.

This Court need not rule on the merits of the summary judgment in order to grant the relief requested herein.  See Badami v. Christiansen, No. 8:22-cv-01918-FWS-KES, 2023 U.S. Dist. LEXIS 195359, at *5-6 (C.D. Cal. Oct. 15, 2023) (granting modification of scheduling order in order to allow a motion for reconsideration on a summary judgment ruling be heard).

## III.    THERE IS GOOD CAUSE TO MODIFY THE SCHEDULING ORDER

"Under Federal Rule of Civil Procedure 16, a scheduling order 'may be modified only for good cause and with the judge's consent.'  Fed. R. Civ. P. 16(b)(4).  Rule 16(b)'s 'good cause' standard 'primarily considers the diligence of the party seeking the amendment.'  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  'The key determination is whether the subject deadline 'cannot reasonably be met despite the diligence of the party seeking the extension."  Desio v. State Farm Mut. Auto. Ins. Co., 339 F.R.D. 632, 638 (D. Nev.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1  2021) (quoting <u>Johnson</u>, 975 F.2d at 609).  'The focus of the inquiry is upon the

2  moving party's reasons for seeking modification.'  <u>Johnson</u>, 975 F.2d at 609."

3  <u>Badami v. Christiansen</u>, No. 8:22-cv-01918-FWS-KES, 2023 U.S. Dist. LEXIS

4  195359, at *3-4 (C.D. Cal. Oct. 15, 2023) (granting *ex parte* application for

5  modification of scheduling order in order to allow a motion for reconsideration on a

6  summary judgment ruling be heard).

7      In <u>Badami</u>, the moving party also filed an *ex parte* application to extend the

8  scheduling order motion hearing cutoff date in order to allow the motion for

9  reconsideration to be heard.  <u>Id.</u>  The motion for reconsideration was premised on

10  events that happened too close to the motion hearing cutoff date to allow the moving

11  party to have filed a timely motion for reconsideration, but the moving party

12  attempted to move for reconsideration and to modify the scheduling order in a

13  timely manner.  <u>Id.</u>  The court held that the moving party "has sufficiently

14  demonstrated good cause to modify the Scheduling Order so that the Motion for

15  Reconsideration may be heard" and granted the modification on the *ex parte*

16  application.  <u>Id.</u> at *6.

17      The City's counsel has attempted to act diligently and not to delay in this

18  matter.  The granting of the City's Motion for Reconsideration occurred on August

19  11, 2025, and given the change in circumstances, thereafter the parties' counsel met

20  and conferred regarding potential for another mediation session to attempt to resolve

21  this matter informally.  While Plaintiffs' counsel agreed to try to continue to settle

22  this matter, they would not agree to a trial continuance, thereby causing the City to

23  have to seek such relief through this Application.

24      Further, Plaintiffs' counsel had not informed the City's counsel until August

25  14 and 15, 2025, that Insight's housing had been voluntarily closed and is no longer

26  existing, and that Plaintiffs were now only (or mainly) requesting universal

27  injunctions as to non-parties.  The new Supreme Court law limiting universal

28  injunctions was only decided recently in June 2025.

4930-3574-1025.1                                   -9-                8:20-cv-00504-MEMF-JDE

CITY'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER TO CONTINUE
TRIAL AND ALLOW CITY TO FILE MOTION FOR SUMMARY JUDGMENT

1    The requested trial continuance and requested leave to file a Motion for
2    Summary Judgment are premised on these recent developments, and designed to
3    preserve judicial resources for the Court and all parties.  Within a week of learning
4    of the changed circumstances, the City sought the relief herein to attempt to preserve
5    judicial resources and narrow the issues for any trial.

6    The City's counsel also gave oral and written notice of intent to file this *Ex*
7    *Parte* Application to amend the Scheduling Order and continue the trial.  The City's
8    counsel attempted to work diligently and did not purposefully delay in any manner,
9    taking actions within days of changed circumstances.  Like in <u>Badami</u>, the City here
10   requests a finding of good cause to modify the Scheduling Order and continuing the
11   trial and allowing a Motion for Summary Judgment or alternatively Partial
12   Summary Judgment to be heard.

13   **IV.   *EX PARTE* NOTICE**

14   On August 19, 2025, the City's counsel gave oral and written notice of this *Ex*
15   *Parte* Application to all other counsel, including notice of the substance and the
16   date.  Plaintiffs' counsels' information pursuant to Local Rule 7-19 are:

17   Mary Helen Beatificato, Esq. (State Bar No. 220936)
     Insight Psychology and Addiction, Inc.
18   4000 Birch Street, Suite 112
     Newport Beach, CA 92660
19   Telephone:   (949) 216-3851
     Facsimile:   (949) 467-9945
20
     Alisha Patterson (State Bar No. 274630)
21   apatterson@rutan.com
     RUTAN & TUCKER, LLP
22   18575 Jamboree Road, 9th Floor
     Irvine, CA 92612
23   Telephone:  714-641-5100

24

25

26

27

28

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4930-3574-1025.1

CITY'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER TO CONTINUE
TRIAL AND ALLOW CITY TO FILE MOTION FOR SUMMARY JUDGMENT

1  Facsimile:    714-546-9035

2  Autumn M. Elliott, SBN 230043
   Zeenat Hassan, SBN 294138
3  DISABILITY RIGHTS CALIFORNIA
   350 S. Bixel Street, Suite 290
4  Los Angeles, CA 90017
   Tel.: (213) 213-8000
5  Fax: (213) 213-8001
   Autumn.Elliott@disabilityrightsca.org
6  Zeenat.Hassan@disabilityrightsca.org

7  Christopher Brancart, SBN 128475
   BRANCART & BRANCART
8  P. O. Box 686
   Pescadero, CA 94060
9  Tel.: (650) 879-0141
   Fax: (650) 879-1103
10 cbrancart@brancart.com

11        Pursuant to Local Rule 7-19.1, the City's counsel under oath advises this

12 Court that they called and left a voicemail, and sent an email to Plaintiffs' counsel to

13 give notice of this Application, including sending an initial draft of this Application

14 and the accompanying Proposed Order, and Plaintiffs' counsel responded and

15 informed that they oppose this Application.

16 **V.    CONCLUSION**

17        The City requests that the Scheduling Order be modified to continue the trial

18 by at least three to six months, and that leave be granted to the City to file a Motion

19 for Summary Judgment or Partial Summary Judgment and a briefing schedule be set

20 to allow for determination of such Motion prior to pre-trial procedures and

21 obligations and costs are incurred.

22

23

24

25

26

27

28

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

CITY'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER TO CONTINUE
TRIAL AND ALLOW CITY TO FILE MOTION FOR SUMMARY JUDGMENT

1  DATED:  August 20, 2025          EVERETT DOREY LLP

2

3

4                                    By: _____

5                                         Seymour B. Everett, III
                                          Samantha E. Dorey
6                                         Christopher D. Lee
                                          Attorneys for Defendant and Counter-
7                                         Plaintiff, CITY OF COSTA MESA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

CITY'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER TO CONTINUE
TRIAL AND ALLOW CITY TO FILE MOTION FOR SUMMARY JUDGMENT

File No. 1029-16

# PROOF OF SERVICE

### Insight Psychology and Addiction Inc. v. City of Costa Mesa
### Case No. 8:20-cv-00504-JVS-(JDEx)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of .  My business address is 2030 Main Street, Suite 1200, Irvine, CA 92614.

On August 20, 2025, I served true copies of the following document(s) described as

**DEFENDANT CITY OF COSTA MESA'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER TO CONTINUE TRIAL AND ALLOW CITY TO FILE A MOTION FOR SUMMARY JUDGMENT BASED ON NEW SUPREME COURT LAW LIMITING THE SCOPE OF UNIVERSAL INJUNCTIONS**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 20, 2025, at Irvine, California.

`

_____
Nydia Shannon

2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4930-3574-1025.1

8:20-cv-00504-MEMF-JDE

PROOF OF SERVICE

File No. 1029-16

1

2

**SERVICE LIST**
**Insight Psychology and Addiction Inc. v. City of Costa Mesa**
**Case No. 8:20-cv-00504-JVS-(JDEx)**

3

4

5

6

7

Mary Helen Beatificato, Esq.
INSIGHT PSYCHOLOGY AND
ADDICTION, INC.
4000 Birch Street, Suite 112
Newport Beach, California 92660
Phone: (949) 216-3851
Email: mh@nsightrecovery.com

*Attorney for Plaintiff*
INSIGHT PSYCHOLOGY AND
ADDICTION, INC.

8

9

10

Alisha Patterson
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:  714-641-5100
apatterson@rutan.com

11

12

13

14

Autumn M. Elliott, Esq. (SBN 230043)
Law Office of Autumn Elliott
Autumn@elliottimpact.com
325 N. Larchmont Blvd., Suite 307
Los Angeles, CA 90004
(213) 500-9454

*Attorneys for Plaintiff*
JANE DOE

15

16

17

Zeenat Hassan (SBN 294138)
Disability Rights California
350 S Bixel Street, Suite 290
Los Angeles, CA 90017
Telephone: (213) 213-8000
Zeenat.Hassan@disabilityrightsca.org

18

19

20

21

Christopher Brancart
BRANCART & BRANCART
P.O. Box 686
Pescadero, CA 94060
Phone: (650) 879-0141
Email: cbrancart@brancrart.com
mdahl@brancart.com

22

23

24

25

26

27

28

2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4930-3574-1025.1

2