Mary Helen Beatificato, Esq. (State Bar No. 220936)
Insight Psychology and Addiction, Inc.
4000 Birch Street, Suite 112
Newport Beach, CA 92660
Telephone:   (949) 216-3851
Facsimile:    (949) 467-9945

Alisha Patterson (State Bar No. 274630)
apatterson@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone:   714-641-5100
Facsimile:    714-546-9035

Attorneys for Plaintiff and Counter-Defendant
INSIGHT PSYCHOLOGY AND ADDICTION,
INC. and Counter-Defendants MARY HELEN
BEATIFICATO and GERALD GROSSO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation, and JANE DOE, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF COSTA MESA, a municipal corporation; and DOES 1-10, inclusive,<br><br>　　　　　Defendants.<br>_____<br>CITY OF COSTA MESA, a municipal corporation,<br><br>　　　　　Counter-Plaintiff,<br><br>　　vs.<br><br>INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation; MARY HELEN BEATIFICATO, an individual; GERALD GROSSO, an individual; and ROES 1-50,<br><br>　　　　　Counter-Defendants.<br>/ / / | Case No. 8:20−cv−00504−MEMF−JDE<br><br>Honorable Maame Ewusi-Mensah Frimpong<br>Courtroom 8B<br><br>**OPPOSITION OF PLAINTIFF AND COUNTER-DEFENDANT INSIGHT PSYCHOLOGY AND ADDICTION, INC. AND COUNTER-DEFENDANTS MARY HELEN BEATIFICATO AND GERALD GROSSO TO THE *EX PARTE* APPLICATION OF DEFENDANT AND COUNTER-PLAINTIFF CITY OF COSTA MESA TO MODIFY SCHEDULING ORDER TO CONTINUE TRIAL AND ALLOW CITY TO FILE A MOTION FOR SUMMARY JUDGMENT BASED ON NEW SUPREME COURT LAW LIMITING THE SCOPE OF UNIVERSAL INJUNCTIONS**<br><br>Date Action Filed:  March 12, 2020<br>Trial Date:             October 27, 2025 |

## I. INTRODUCTION

This case has been pending for more than five years. Trial is currently set for October 27, 2025, ***a date the Court set on January 13, 2025 and which has remained fixed for over seven months***. ECF 232. Immediately after the Court ruled on Defendant and Counter-Plaintiff City of Costa Mesa ("City" or "Costa Mesa")'s Motion for Reconsideration (ECF 248), on August 11, 2025, counsel for Plaintiff and Counter-Defendant Insight Psychology and Addiction, Inc. ("Insight") (Alisha Patterson) emailed counsel for all parties to coordinate the scheduling of the parties' mandatory Local Rule ("L.R.") 16-2 conference. Hearing no response from counsel for the City, Ms. Patterson emailed the City's counsel again on August 14, 2025 to request their availability for the conference. At that time, Ms. Patterson also advised the other parties that Insight intended to pare down and streamline its claims to ensure the most efficient and expedited resolution. Specifically, Insight advised the City that it intended to abandon its request for damages as well as abandon some of its claims based on theories of liability that are complex and/or are heavily dependent on expert testimony (e.g., "disparate impact"). Insight disclosed these intentions more than a year ago when the parties were preparing their Joint Report for Civil Trial Order. ECF 203, p. 4, lines 15-18. Without any request for damages, Insight will have eliminated the need for a jury trial, and without claims based on a "disparate impact" theory of liability, Insight will have eliminated the need for extensive expert witness testimony. This case is ready for a short bench trial. The City, however, continues to deploy delay tactics rather than allow this Court to resolve this dispute on the merits.

Insight and Counter-Defendants Mary Helen Beatificato and Gerald Grosso ("Ms. Beatificato" and "Dr. Grosso," respectively) strenuously oppose the City's *ex parte* application to continue the trial and allow the City to file a second Motion for Summary Judgment challenging the scope of injunctive relief Insight and Plaintiff Jane Doe (collectively, "Plaintiffs") are seeking. A trial continuance to allow more

law and motion will not preserve judicial resources. It will do the opposite. There is no "good cause" for a trial continuance.

## II. LEGAL STANDARDS

Ex parte applications are solely for "extraordinary relief." Civil Standing Order, p. 18, § XII. "Ex parte relief is only justified where 'there is a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief.'" *Adler v. Church & Dwight Co. Inc.*, No. 520CV02067MEMFSPX, 2022 WL 22308443, at *1 (C.D. Cal. Nov. 7, 2022), quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). "A party seeking ex parte relief must establish: (1) why a motion cannot be calendared in a regular manner; (2) that they will be irreparably prejudiced if motion is heard in accord with regular procedures; and (3) that the requesting party is without fault in creating the crisis that requires ex parte relief or that the crisis was due to excusable neglect." *Id.* A trial continuance requires "a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied." Civil Standing Order, p. 18, § XIII. The City has not made (and cannot make) any of these showings here.

## III. TIMELINE

| Date(s) | Event |
|---|---|
| January 13, 2025 | This Court scheduled the trial in this action for October 27, 2025. ECF 232. *The City did not object to this date.* |
| March 4, 2025 | This Court allowed the City to file a Motion for Reconsideration of the Court's Summary Judgment Ruling. ECF 240. *The trial date remained on calendar for October 27, 2025. ECF 232.* |
| April 21, 2025 | In Mr. Everett's[1] Kern County action (Case No. BCV-19- |

---

[1] The City's Ex Parte Application indicates Seymour Everett is the City's preferred lead trial counsel.

| Date(s) | Event |
|---|---|
| | 102513), the Kern County Superior Court conducted an ex parte hearing to specially set trial. The Kern County trial was set for September 30, 2025. *The City has not provided any evidence that Mr. Everett objected to the Kern County trial date on the basis that it created a scheduling conflict with the trial date in this action, which had been set months before and was still on calendar for October 27, 2025.* |
| May 12, 2025 | In Mr. Everett's Orange County action (Court Case No. 30-2022-01287702), the Orange County Superior Court conducted a motion hearing to continue the trial. The Orange County trial was continued to August 25, 2025. *Again, the City has not provided any evidence that Mr. Everett objected to the Orange County trial date on the basis that it created a scheduling conflict with the trial date in this action, which had been set months before and was still on calendar for October 27, 2025.* |
| July 1, 2025 | Insight filed an *Ex Parte* Application requesting a trial continuance if the City's Motion for Reconsideration was still pending as of August 1, 2025. ECF 247. *The City met and conferred with Insight on this request and joined the request. The City did not disclose any scheduling conflict with the October 27, 2025 trial date.* |
| August 11, 2025 | This Court ruled on the City's Motion for Reconsideration (ECF 248) and denied Insight's *Ex Parte* Application because there was no "good cause" for a trial continuance. ECF 249. *The City did not disclose any scheduling conflict with the |

| Date(s) | Event |
|---|---|
|  | October 27, 2025 trial date. |
| August 11, 2025 | Insight's counsel (Ms. Patterson) emailed counsel for the other parties to schedule the L.R. 16-2 conference. The City's counsel (Mr. Everett) called Ms. Patterson to ask if Insight would stipulate to a trial continuance to allow time for a fourth round of mediation. *Mr. Everett did not disclose any scheduling conflict with the October 27, 2025 trial date.* |
| August 14, 2025 | Insight's counsel (Ms. Patterson) emailed counsel for the City a second time to request availability for the L.R. 16-2 conference. Ms. Patterson informed counsel for all parties that Insight intended to pare down the action by abandoning its request for damages and claims based on theories of liability that were either complex and/or required extensive expert testimony. *The City's counsel did not respond.* |
| August 18, 2025 | Insight's counsel (Ms. Patterson) emailed counsel for the City a third time to request availability for the L.R. 16-2 conference. The City's counsel did not provided availability and, instead, asked if Plaintiffs would stipulate to a trial continuance to allow time for a fourth round of mediation. Both Plaintiffs declined. *The City's counsel did not disclose any scheduling conflict with the October 27, 2025 trial date.* |
| August 19, 2025 at 10:06 a.m. | Insight's counsel (Ms. Patterson) emailed counsel for the City to notify them that Plaintiffs had scheduled the L.R. 16-2 conference for Wednesday August 27th. |
| August 19, 2025 at 7:12 p.m. | Counsel for the City (Mr. Lee) emailed counsel for the other parties with *Ex Parte* notice. **This is the first time City's** |

| Date(s) | Event |
|---|---|
| | *counsel raised the alleged scheduling conflict for the October 27, 2025 trial date.* |
| August 25, 2025 | Trial date in Mr. Everett's Orange County action (Court Case No. 30-2022-01287702). |
| August 29, 2025 | Summary judgment hearing in Mr. Everett's Kern County action (Case No. BCV-19-102513). |
| September 30, 2025 | Trial date in Mr. Everett's Kern County action (Case No. BCV-19-102513). Trial estimate is 20 days. |
| October 2, 3, 17, 20 and 21, 2025 | The dates the City proposes for a fourth round of mediation in this action. ECF 251, p. 4, lines 7-8. |
| October 27, 2025 | Trial date in this action. ECF 232. |

## IV. ARGUMENT

### A. The City's "War of Attrition" Cannot Moot Insight's Claims

The City does not want this case to proceed to trial. Although the City may have prevailed in *Ohio House, LLC v. City of Costa Mesa* (9th Cir. 2025) 135 F.4th 645 (the "*Ohio House* action"), the law and the facts are not on the City's side in Insight's action. Instead of allowing this case to be resolved expeditiously on the law and facts, the City has waged a "war of attrition" that has dredged on for more than five years. The City has used every tool at its disposal to drive up costs and postpone resolution of this litigation as long as possible.

Meanwhile, Insight's goal has always been to resolve this litigation quickly and cost effectively. To streamline and simplify this action, Insight notified the City that Insight will abandon its modest request for damages ($19,000 in City deposits), and Insight will abandon its claims based on theories of liability that are either complex or heavily-dependent on expensive expert testimony (e.g., "disparate impact"). The only claims that remain are straightforward. There is no right to a jury trial on any of

them. ***This action can be resolved through a short bench trial.*** The City has not provided any valid reason this pared down action cannot be tried on the October 27th trial date that has been on everyone's calendar since January 13th of this year. ECF 232.

Even though the City's "war of attrition" violates this Court's Civility and Professionalism Guidelines,[2] it has been highly effective. Insight is a minority owned small business. It has been fighting the City for nearly a decade — almost four years in the City's administrative proceedings (starting in August of 2016) and more than five years in this legal action (filed in March of 2020). This protracted battle has depleted Insight's resources. Insight has incurred more than $1 million in legal expenses in this litigation, not including the professional time Insight's owner and general counsel (Ms. Beatificato) has devoted to this dispute. The ongoing litigation and cloud of uncertainty over the future of Insight's mental health housing has resulted in numerous lost business opportunities. For all of these reasons, Insight made the difficult decision to close its mental health housing while this litigation is pending. It simply could not afford to do both.

The fact that Insight's housing did not survive a nearly-decade long legal battle with the City is not surprising, given the extraordinary expense and delay caused by the City's "war of attrition" and it most certainly does not "moot" Plaintiffs' claims. If the City violated fair housing and disability discrimination laws, the City can (and should) be held accountable through declaratory and injunctive relief. There is still a desperate need for mental health housing in Costa Mesa and the larger region. Insight's former (and future) residents — including Ms. Doe — still need this housing. Insight intends to meet this need by resuming providing mental health housing in Costa Mesa once this litigation is resolved. If the City is not held accountable for any of the discriminatory practices it subjected Insight to, there is very little hope Insight

---

[2] E.g., Paragraph A.1 of the Civility and Professionalism Guidelines state "We will advise our clients that we will not pursue conduct that is intended primarily to harass or drain the financial resources of the opposing party."

(or any other housing provider) will be able to provide mental health housing in Costa Mesa in the future.

### B. The Court Has Already Ruled There Is No "Good Cause" for a Trial Continuance

On July 1, 2025, Insight filed an *Ex Parte* Application asking the Court for a continuance if the City's Motion for Reconsideration had not been decided by August 1, 2025. ECF 247. On August 11, 2025, the Court ruled on the City's Motion (ECF 248) and denied Insight's request for a trial continuance (ECF 249) because a continuance was no longer needed — the Court ruled on the City's Motion with sufficient time for the parties to prepare for trial on October 27, 2025. Specifically, the Order denying Insight's *Ex Parte* Application states: "Given that the City's Motion concerned only one set of claims, and given the time remaining before the parties are required to submit their pretrial filings, there is no good cause to modify the Civil Trial Order." ECF 249, p. 2, lines 3-5. If there was "no good cause to modify the Civil Trial Order" as of August 11th, there is certainly no "good cause" to do so now that Insight has pared down its claims and remedies to streamline and simply this action.

### C. The Remote Possibility of Settlement Through Informal Negotiations is Not "Good Cause" for a Trial Continuance

Insight has worked diligently to resolve this action through settlement. It participated in three rounds of mediation — one with a panel mediator (Malcolm S. McNeil) in October of 2021 and two with a private mediator (Hon. Judge Glenda Sanders, retired) in December of 2024 and April of 2025. Private mediation is extraordinarily expensive. Even with a panel mediator, mediation is labor-intensive and costly. Insight must pay its outside counsel to draft a mediation brief and to prepare for and attend the mediation. These mediation efforts have not been successful. Because of this, Insight respectfully declined the City's request to participate in a fourth round of mediation. Insight made it clear that it is open to

informal settlement negotiations *that do not require a continuance of the trial date* and invited the City to make a settlement offer. The City has not done so.

Importantly, the City has no settlement authority without approval of the City Council. Under the Ralph M. Brown Act, the City Council can only provide settlement authority through an agendized action — usually in closed session — at a City Council meeting. See, e.g., Cal. Gov. Code § 54956.9. The City Council's regularly scheduled meetings are the first and third Tuesday of every month (often with special meetings on other dates). If the City wanted to resume settlement negotiations, one would expect to see this legal action agendized for discussion on a publicly-available City Council agenda so the City Council could provide the City's counsel with settlement authority. That has not happened here. The last time the City Council agendized a discussion of this litigation was after the last round of mediation in May 20, 2025. To justify a trial continuance, the City contends it wants to resume settlement negotiations, but its actions speak louder than its words. The City's legal counsel has not sought settlement authority from the City Council for resumed settlement negotiations.

### D. The City's Purported Scheduling Conflict is Not "Good Cause" for a Trial Continuance

The current trial date was set by this Court on January 13, 2025. ECF 232. However, the City now claims for the first time that its lead trial counsel, Mr. Everett, is unavailable for trial because Mr. Everett "will be engaged in trial starting on August 25, 2025, in Orange County Superior Court Case No. 30-2022-01287702, and thereafter on September 30, 2025 in Kern County Superior Court, Case No. BCV-19-102513." ECF 215, p. 4, lines 24-27. However, this contention collapses under scrutiny.

///
///
///

### 1. The City's Trial Counsel is Available for Mediation in October, But Not For Trial

First, although the City claims Mr. Everett "is very likely" to be in trial in Kern County from September 30, 2025 through the October 27, 2025 for a trial date in this action (ECF 125, p. 4, lines 24-28), the City's application simultaneously indicates the City's counsel (presumably Mr. Everett, if the City is pursuing another round of mediation in good faith) would be available for mediation "October 2, 3, 17, 20 and 21." ECF 251, p. 4, lines 7-8. It is difficult to reconcile how Mr. Everett could be available for mediation between October 2nd through October 21st, but not available for trial on October 27th, because of trials that start August 25th and September 30th.

### 2. The Kern County Trial May Never Occur

The publicly-available docket for the Kern County action indicates that a motion for summary judgment is currently pending with a hearing scheduled for August 29, 2025. (Screen grab pasted below.) If the Kern County action might be resolved through the pending summary judgment proceedings that are not scheduled to be heard until August 29th, it seems unlikely the Kern County action will go to trial approximately one month later on September 30th. The City's *Ex Parte* Application neglects to disclose that a motion for summary judgment is currently pending with a hearing scheduled for August 29th in the Kern County action.

| Kern County Superior Court Case No. BCV-19-102513 |
|---|
| 08/29/2025 Motion for Summary Judgment / Adjudication<br><br>Judicial Officer<br>Clark, Thomas S.<br><br>Hearing Time<br>8:30 AM<br><br>Comment<br>06/09 Def: CL Knox's Motion for Summary Judgment; |

/ / /

/ / /

Furthermore, the publicly-available docket for the Kern County action indicates the trial will start September 30th and is expected to last 20 days. (Screen grab pasted below.) If the trial goes forward on September 30th (which seems unlikely for the reasons stated above) and the 20-day trial estimate is accurate, the trial in the Kern County action will conclude by October 24th.



Although this timing might not be ideal for Mr. Everett, he is one of many attorneys at a very large firm, and it should be possible for Mr. Everett to handle two back-to-back trials. If it is not possible for Mr. Everett to handle back-to-back trials, then the diligent course of action would have been to raise this conflict in connection with the scheduling of the Kern County trial.

### 3. The City Unreasonably Delayed Notifying the Court & Parties of its Conflict

Lastly, based on the publicly-available dockets, the trials in the Orange County action and the Kern County action were set in April and May of 2025, respectively, at the request of or with consent of the parties. (Screen grabs pasted below.)

Kern County Superior Court Case No. BCV-19-102513

04/21/2025 Ex Parte Application / Petition

Comment
Cross-Complainant Ali Alnajar dba 7-Day Mini Mar's Ex parte application to specially set trial on Alnajar Cross-Complaint or in the alt., to clarify the order of bifurcation

///

| | Orange County Superior Court Case No. 30-2022-01287702) |
|---|---|
| | 536  JURY TRIAL CONTINUED TO 08/25/2025 AT 10:30 AM IN THIS DEPARTMENT PURSUANT TO PARTY'S MOTION.   05/12/2025   NV |

As of April and May of 2025, the trial in this action had already been on calendar for four and five months, respectively. ECF 232 (i.e., October 27, 2025 trial scheduled on January 13, 2025). Even if this scheduling conflict is genuine (which Insight questions for the reasons set for the above), a trial continuance requires a showing of "diligence" on the part of the City. Civil Standing Order, p. 18, § XIII. For at least three reasons, the City has not (and cannot) make a showing of "diligence" here.

First, the City has not provided any evidence that it objected to the Orange County and Kern County trials being scheduled for dates that — the City now contends — conflict with the previously-scheduled trial in this action. To the contrary, those trial dates appear to have been set at the request (or with consent) of the parties, many months after this Court scheduled the trial in this action. ECF 232.

Second, prior to filing its July 1, 2025 *Ex Parte* Application (ECF 247), Insight's counsel met and conferred with counsel for the other parties to discuss the timing and logistics of trial preparation and ascertain whether the other parties supported or opposed Insight's request for a trial continuance if pretrial dates overlapped with the City's pending Motion for Reconsideration. The City's lead trial counsel (Seymour Everett) was part of this discussion. At no point during this discussion did the City's counsel ever disclose that Mr. Everett had any conflicts with the October 27th trial date.

Finally, even after the Court denied Insight's July *Ex Parte* Application on August 11th (ECF 249), the City's counsel still said nothing about Mr. Everett's alleged scheduling conflict. Instead, Mr. Everett contacted Insight's counsel (Ms. Patterson) to ask if Insight would agree to a fourth round of mediation and "stipulate

to a trial continuance."[3] Mr. Everett did not disclose that he was allegedly unavailable for trial October 27th. It was only after Plaintiffs declined to "stipulate to a trial continuance" and participate in a fourth round of mediation that the City first raised the alleged scheduling conflict. If the scheduling conflict is genuine, diligence required counsel for the City to raise it much earlier. The Court should view the newly-raised scheduling conflict for what it is: another attempt to delay trial.

### E.  Insight is Not Seeking a "Universal Injunction"

The City's *Ex Parte* Application falsely claims "Plaintiffs are now seeking only universal injunctive relief only for non-plaintiffs." ECF 251, p. 3, lines 9-10. That is not correct. Plaintiffs have both been harmed by the City's violation of fair housing and disability discrimination laws. Plaintiffs are seeking traditional declaratory and injunctive relief ***for themselves*** that may incidentally provide benefits to others who are not parties to this action. See, e.g., ECF 219, p. 5, line 11 through p. 6, line 3. The fact that other housing providers and their residents might incidentally benefit from Plaintiffs' success in this action does not mean Plaintiffs are seeking a "universal injunction" and does not preclude the Court from providing the traditional declaratory and/or injunctive Plaintiffs seek.

The recent United States Supreme Court decision the City relies on does not change the law on liability (which is the subject of the trial) and expressly recognizes that "party-specific injunctions sometimes 'advantag[e] nonparties.'" *Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2557 (2025), quoting *Trump v. Hawaii*, 585 U.S. 667, 717 (THOMAS, J., concurring);[4] see also *Vasquez Perdomo v. Noem*, No. 2:25-CV-05605-MEMF-SP, 2025 WL 1915964, at *17, n. 21 (C.D. Cal. July 11, 2025)

---

[3]  Insight recognizes that the parties can jointly ***request*** a trial continuance, but the parties cannot "***stipulate***" to continue a trial without "good cause" and approval of the Court.

[4]  The procedural posture of *Trump v. CASA, Inc.* is very different from this case. There, several District Courts granted the plaintiffs' requests for ***nationwide*** temporary restraining orders and preliminary injunctions ***before*** liability was established. Here, Plaintiffs are seeking declaratory and injunctive relief for themselves ***after*** liability is established that, if granted, may incidentally benefit third parties.

(Frimpong, J.) ("Because the requested injunction is only District-wide and not nationwide, the Court finds Defendants' concerns unavailing."). This new authority is not a valid basis for a trial continuance, nor a second Motion for Summary Judgment. If the City contends the scope of the permanent injunctive relief Plaintiffs are seeking is too broad, the appropriate time to resolve that dispute is after liability is established on one or more of Plaintiffs' claims in post-trial proceedings on equitable relief.

## V. CONCLUSION

The City's application is procedurally improper, substantively meritless, and strategically timed to delay resolution of this case. *Trump v. CASA, Inc.* does not moot Plaintiffs' claims or justify derailing trial preparation. Any disputes over the scope of equitable relief can be addressed post-trial. And the City's claimed scheduling conflicts and mediation requests are inconsistent and unconvincing. After five years of litigation and three failed mediations, Plaintiffs are entitled to have their claims decided on the merits without further delay. Insight, Ms. Beatificato, and Dr. Grosso respectfully request that the Court deny the City's *Ex Parte* Application in its entirety and maintain the current October 27, 2025 trial date.

Dated: August 21, 2025

RUTAN & TUCKER, LLP
ALISHA PATTERSON

By: */s/ Alisha Patterson*
Alisha Patterson
Attorneys for Plaintiff and Counter-Defendant, INSIGHT PSYCHOLOGY AND ADDICTION, INC. and Counter-Defendants MARY HELEN BEATIFICATO and GERALD GROSSO