Autumn M. Elliott (California State Bar No. 230043)
LAW OFFICE OF AUTUMN ELLIOTT
325 North Larchmont Boulevard, Suite 307
Los Angeles, California 90004
Telephone: (213) 500-9454
Email: autumn@elliottimpact.com

Andrea Rodriguez (California State Bar No. 290169)
Zeenat Hassan (California State Bar No. 294138)
DISABILITY RIGHTS CALIFORNIA
530 B Street, Suite 400
San Diego, California 92101
Telephone: (619) 814-8503
Facsimile: (619) 239-7906
Email: andrea.rodriguez@disabilityrightsca.org
        zeenat.hassan@disabilityrightsca.org

Christopher A. Brancart (California State Bar No. 128475)
BRANCART & BRANCART
P.O. Box 686
Pescadero, California 94060
Telephone: (650) 879-0141
Facsimile: (650) 879-1103
Email: cbrancart@brancart.com

Attorneys for Plaintiff JANE DOE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation, and JANE DOE, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF COSTA MESA, a municipal corporation,<br><br>Defendant. | Case No.: 8:20-cv-00504-MEMF-JDE<br><br>**PLAINTIFF JANE DOE'S OPPOSITION TO DEFENDANT CITY OF COSTA MESA'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER TO CONTINUE TRIAL AND ALLOW CITY TO FILE A MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed:          **March 12, 2020**<br>Final Pretrial Conference: **October 8, 2025**<br>Trial Date:            **October 27, 2025** |
| CITY OF COSTA MESA, a municipal corporation,<br><br>Counter-Plaintiff,<br><br>v.<br><br>INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation, et al.<br><br>Counter-Defendants. | |

Plaintiff Jane Doe opposes Defendant City of Costa Mesa's ("City") *Ex Parte* Application to Modify Scheduling Order to Continue Trial and Allow City to File a Motion for Summary Judgment Based on New Supreme Court Law Limiting the Scope of Universal Injunctions (the "Application"), Dkt. No. 251, because the City has failed to establish good cause for continuing the trial.

The City's contention that a continuance will give the parties more time to explore settlement options before trial does not establish good cause. On October 31, 2024, the Court granted the City's ex parte application and stayed this case "in order to give the parties the opportunity to resolve the claims." Minute Order, Dkt. No. 223. The parties reported to the Court that they engaged in mediation on December 19, 2024 but were unable to settle the case. Dkt. No. 227. On January 14, 2025, the Court continued the trial to its present date, October 27, 2025. Dkt. No. 232. In April 2025, the parties returned to mediation but were once again unable to agree upon settlement terms. While Ms. Doe remains willing to discuss settlement in good faith with the City, there is no reason to believe that settlement in this case would be facilitated by an additional continuance.

Mr. Everett's schedule likewise does not establish good cause. The City does not describe any efforts that Mr. Everett made to resolve his scheduling issues before now. In fact, the City does not even contend that the Court scheduled the trial in this case *after* the superior court scheduled the trials in Mr. Everett's other cases.

The City proposes that the Court continue the trial in this case to allow it to file a motion regarding nationwide injunctions, since the Supreme Court recently made clear that district courts have no power to award such universal relief. *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025). But a universal injunction is a highly specific and unique form of equitable relief that has never been sought by any plaintiff in this case. *See*, *e.g.*, Plaintiffs' Joint Motion for Injunctive Relief, Dkt. No. 210, at pp. 11-23 (explaining how the City's discriminatory practices directly harm Insight and Ms. Doe; describing in detail the injunctive relief sought; and providing the legal authority for the Court's ability to grant the requested injunctive relief). Accordingly, there is no good cause to permit the City to submit an additional motion for summary judgment to determine the effect of the *Trump v. CASA* ruling in this case, or to delay the trial so that the City may do so.

/ / /

*Insight v. City of Costa Mesa.*, Case No. 8:20-cv-00504-MEMF-JDE
PLAINTIFF JANE DOE'S OPPOSITION TO CITY'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER

Nor is there good cause to continue the trial in order to adjudicate the issue of standing for injunctive relief before trial. While the City's contentions regarding Ms. Doe's standing have no merit (the City cites, for instance, to cases concerning standing requirements for plaintiffs alleging access barriers in stores and other places of public accommodation, Application at 7:28-8:9), the Court has already determined that any further injunctive relief will be adjudicated after trial:

> [W]ith respect to the broader, permanent injunction the plaintiffs seek, the Court finds it appropriate to consider all of the facts presented in the case (the "totality of circumstances") in order to determine whether the balance of hardships favors Insight and Doe and whether an injunction is in the public interest. *See La Quinta*, 762 F.3d at 880. The Court may issue a broader permanent injunction after trial but will not issue one at this time.

Dkt. No. 240 at 8. The appropriate time for the City to make its arguments about whether or not Plaintiffs have established standing for any particular type of injunctive relief is therefore the post-trial equitable relief phase of this litigation.

Ms. Doe also concurs with the Opposition filed by Insight. For the reasons set forth in that Opposition and for all of the reasons set forth above, Ms. Doe respectfully requests this Court deny the City's *Ex Parte* Application.

Dated: August 21, 2025                    Respectfully submitted:

LAW OFFICE OF AUTUMN ELLIOTT

*/s/ Autumn M. Elliott*
Autumn M. Elliott
Attorneys for Plaintiff JANE DOE

DISABILITY RIGHTS CALIFORNIA

*/s/ Andrea Rodriguez*
Andrea Rodriguez
Zeenat Hassan
Attorneys for Plaintiff JANE DOE

/ / /

2

*Insight v. City of Costa Mesa.*, Case No. 8:20-cv-00504-MEMF-JDE
PLAINTIFF JANE DOE'S OPPOSITION TO CITY'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER

BRANCART & BRANCART

*/s/ Christopher A. Brancart*
Christopher A. Brancart
Attorneys for Plaintiff JANE DOE

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

3