Mary Helen Beatificato, Esq. (State Bar No. 220936)
Insight Psychology and Addiction, Inc.
4000 Birch Street, Suite 112
Newport Beach, CA 92660
Telephone:  (949) 216-3851
Facsimile:   (949) 467-9945

Alisha Patterson (State Bar No. 274630)
apatterson@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone:  714-641-5100
Facsimile:   714-546-9035

Attorneys for Plaintiff and Counter-Defendant
INSIGHT PSYCHOLOGY AND ADDICTION,
INC. and Counter-Defendants MARY HELEN
BEATIFICATO and GERALD GROSSO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation, and JANE DOE, an individual,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CITY OF COSTA MESA, a municipal corporation; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. 8:20−cv−00504−MEMF−JDE<br><br>Honorable Maame Ewusi-Mensah Frimpong<br>Courtroom 8B<br><br>**INSIGHT PSYCHOLOGY AND ADDICTION, INC'S STATUS REPORT FOLLOWING L.R. 16-2 CONFERENCE**<br><br>Date Action Filed:  March 12, 2020<br>Trial Date:             October 27, 2025 |
| CITY OF COSTA MESA, a municipal corporation,<br><br>          Counter-Plaintiff,<br><br>     vs.<br><br>INSIGHT PSYCHOLOGY AND ADDICTION, INC., a California corporation; MARY HELEN BEATIFICATO, an individual; GERALD GROSSO, an individual; and ROES 1-50,<br><br>          Counter-Defendants. | |

Plaintiff and Counter-Defendant Insight Psychology and Addiction, Inc. ("Insight") submits this Status Report to inform the Court of four disagreements that arose during the Local Rule ("L.R.") 16-2 Meeting of Counsel Before Final Pretrial Conference ("L.R. 16-2 Conference") on August 27, 2025 that will impact the trial (scheduled for October 27, 2025).

1. **<u>Disagreement Re: Plaintiffs' Abandonment of Claims</u>**.

In accordance with L.R. 16-4.6, Insight is abandoning its claim for damages, which seeks a refund of the approximately $19,000 Insight paid the City for application processing deposits. Insight is also abandoning its claims based on "disparate impact" and "methods of administration" theories of liability. Insight is not abandoning its claims based on "disparate treatment," "failure to accommodate," and § 1983 (equal protection and due process).

Plaintiff Jane Doe ("Ms. Doe") is abandoning her claims based on a "disparate impact" theory of liability to the extent they require statistical proof, but Ms. Doe is retaining all theories available under the Americans with Disabilities Act ("ADA").

Plaintiffs are both seeking declaratory and injunctive relief for the claims they are not abandoning.

The City contends that, under FRCP 41, Plaintiffs cannot "dismiss" claims without the City's consent,[1] and the City does not consent to Insight's "dismissal" of its damages claim. The City contends Insight's damages claim remains in the action, even if Insight is no longer seeking damages. Plaintiffs dispute that Insight's damages claim remains in the action after Insight abandons it in accordance with L.R. 16-4.6. The City does not object to the "abandonment" or "dismissal" of claims based on "disparate impact" or "methods of administration."

2. **<u>Disagreement Re: Right to a Jury Trial</u>**.

Plaintiffs contend that, without Insight's damages claim, the relief the parties

---

[1] Plaintiffs disagree that they are "dismissing" claims under FRCP 41 (which applies to "dismissal of actions"). Plaintiffs are abandoning claims in accordance with L.R. 16-4.6.

are seeking is purely equitable. Because there are no remaining legal claims, there is no right to a jury trial. FRCP 39(a). There are no claims or issues for a jury to try. This action can be resolved via bench trial.

The City contends that, once Plaintiffs request a jury trial, they cannot unilaterally withdraw that request. The City contends it has a Seventh Amendment right to a jury trial, regardless of whether there are any remaining legal claims.

3. **Disagreement Re: Facts Established for Trial**.

The "Findings of Fact" section in the Court's Amended Summary Judgment Ruling says "The Court finds that the following material facts are established for trial under Federal Rules of Civil Procedure 56(a) and (g)." ECF 250, page 15, lines 2-3.

The City disagrees that the facts in Section III of the Amended Summary Judgment Ruling are established for trial. At the L.R. 16-2 Conference, the City indicated it plans to seek clarification or reconsideration from the Court on which facts are established for trial.

Plaintiffs disagree that the Summary Judgment Ruling is unclear about which facts are established for trial. The Amended Summary Judgment Ruling is clear that the facts outlined in Section III are "established for trial."

4. **Disagreement Re: Trial Continuance**.

The City is proceeding under the assumption that the Court will grant the contested trial continuance the City requested through its pending *Ex Parte* Application. ECF 251. At the L.R. 16-2 Conference, the City indicated the October 27, 2025 trial would "need" to be continued based on anticipated unavailability of the City's lead trial counsel (Seymour Everett). Although the City had four attorneys and one intern attend the L.R. 16-2 Conference, no one from the City's legal team was prepared to meaningfully discuss the range of subjects L.R. 16-2 requires the parties to "meet and confer" on. The City had not yet prepared its exhibit list or witness lists (which the City was required to provide at the Conference pursuant to L.R. 16-2.3, 16-2.4, and 16.2.5) and the City has not committed to do so until September 3, 2025.

1  The Local Rules require all of the parties to coordinate with each other on trial
2  preparation. Plaintiffs are concerned that it will be difficult to comply with
3  coordinated trial preparation requirements without the City's timely cooperation.

Dated: August 29, 2025                              RUTAN & TUCKER, LLP

                                                    By: */s/ Alisha Patterson*
                                                        Alisha Patterson

                                                    Attorneys for Plaintiff and Counter-Defendant, INSIGHT PSYCHOLOGY AND ADDICTION, INC. and Counter-Defendants MARY HELEN BEATIFICATO and GERALD GROSSO